IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 05-349-GMS |
| BAXTER INTERNATIONAL INC., and BAXTER HEALTHCARE CORPORATION, | ) ) ) ) | **Demand for Jury Trial** |
| Defendants. | ) ) ) | |
| BAXTER HEALTHCARE CORPORATION | ) ) | |
| Counterclaimant, | ) ) ) | |
| v. | ) ) | |
| TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC., | ) ) ) ) | |
| Counterdefendants. | ) ) | |

**REPLY TO DEFENDANTS' COUNTERCLAIMS TO PLAINTIFFS' AMENDED AND SUPPLEMENTAL COMPLAINT**

Plaintiffs and Counterdefendants Talecris Biotherapeutics, Inc. ("Talecris") and Bayer Healthcare LLC ("Bayer") (collectively, "Plaintiffs"), through their respective counsel, as and for their Reply to the counterclaims of Defendant and Counterclaimant Baxter Healthcare Corporation ("Baxter HC") and Defendant Baxter International Inc. ("Baxter Int'l") (collectively, "Baxter") allege as follows:

470353

## REPLY TO BAXTER HC'S COUNTERCLAIMS

1.      Upon information and belief, admitted that Baxter HC is a corporation organized and existing under the laws of the State of Delaware. Talecris and Bayer are without knowledge or information sufficient to form a belief as to the truth of Baxter HC's remaining averments and therefore deny the same.

2.      Admitted.

3.      Admitted that Bayer is a limited liability company organized and existing under the laws of the State of Delaware, having its principle place of business at 511 Benedict Avenue, Tarrytown, New York 10591. Except as expressly admitted, the averments of this paragraph are denied.

4.      Admitted that defendant Baxter HC attempts to plead an action under the Patent Laws of the United States and that this court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201 and 2202. Except as expressly admitted, the averments of this paragraph are denied.

5.      Admitted.

6.      Admitted.

7.      Denied.

8.      Admitted that Bayer is part of a worldwide pharmaceutical company having different divisions, including a Biological Products division. Except as expressly admitted, the averments of this paragraph are denied.

9. Talecris and Bayer are without knowledge or information sufficient to form a belief as to the truth of Baxter HC's averments and therefore deny the same, except they admit that one of the products relevant to this action is Baxter HC's intravenous human immune globulin product GAMMAGARD® Liquid.

10. Talecris and Bayer are without knowledge or information sufficient to form a belief as to the truth of Baxter HC's averments and therefore deny the same.

11. Talecris and Bayer are without knowledge or information sufficient to form a belief as to the truth of Baxter HC's averments and therefore deny the same.

12. Admitted that a controversy between Counterclaimant Baxter HC and Counterdefendants Talecris and Bayer exists relating to Baxter's GAMMAGARD® Liquid product and the process by which it is made. Except as expressly admitted, the averments of this paragraph are denied.

13. Admitted that United States patent application serial number 08/532,211, which issued as U.S. Patent No. 6,686,191 ("the '191 patent"), was filed on or about September 22, 1995, and that the '191 patent issued on February 3, 2004 and was assigned to Bayer. Except as expressly admitted, the averments of this paragraph are denied.

14. Talecris and Bayer incorporate by reference as if fully set forth herein each of their replies to paragraphs 1 through 13.

15. Admitted that Talecris and Bayer contend that Baxter HC and others infringe one or more claims of the '191 patent and, upon information and belief, that Baxter HC contends that it does not infringe any valid claim of the '191 patent. Admitted that Baxter HC contends that an actual controversy has arisen and now exists between Counterclaimant Baxter HC and Counterdefendants Talecris and Bayer with respect to Baxter HC's infringement of one or more

claims of the '191 patent. Except as expressly admitted, the averments of this paragraph are denied.

16. Admitted that a judicial determination of the respective rights of Talecris, Bayer, Baxter HC, and Baxter Int'l with respect to infringement of the '191 patent pursuant to 28 U.S.C. §§ 2201 and 2202 is necessary and appropriate under the circumstances. Except as expressly admitted, the averments of this paragraph are denied.

17. Talecris and Bayer incorporate by reference as if fully set forth herein each of their replies to paragraphs 1 through 16.

18. Admitted that Talecris and Bayer contend that the '191 patent is valid and, upon information and belief, that Baxter HC contends that the '191 patent is invalid. Admitted that Baxter HC contends that an actual controversy has arisen and now exists between Counterclaimant Baxter HC and Counterdefendants Talecris and Bayer with respect to validity of the '191 patent. Except as expressly admitted, Talecris and Bayer deny the averments of this paragraph.

19. Admitted that a judicial determination of the respective rights of Talecris, Bayer, Baxter HC, and Baxter Int'l with respect to the validity of the '191 patent is necessary and appropriate under the circumstances. Except as expressly admitted, the averments of this paragraph are denied.

**REPLY TO BAXTER HC'S PRAYER FOR RELIEF**

Talecris and Bayer deny that Baxter is entitled to any relief whatsoever, including the relief that Baxter HC requests in its counterclaims.

**FIRST AFFIRMATIVE DEFENSE**

1.     Baxter's Counterclaim fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2.     Talecris and Bayer repeat and reallege the allegations of their Amended and Supplemental Complaint. The claims of the '191 patent are valid and enforceable in all respects, and infringed by Baxter.

**TALECRIS' AND BAYER'S PRAYER FOR RELIEF**

**WHEREFORE**, Talecris and Bayer request that this Court enter judgment in favor of Talecris and against Baxter as follows:

1.     A judgment that Baxter International Inc.'s and Baxter Healthcare Corporation's GAMMAGARD® Liquid [Immune Globulin Intravenous (Human)], 10%, is made according to the processes claimed in the '191 patent, and that its importation into the United States and/or its offer for sale, sale, and/or use in the United States infringes, literally or under the doctrine of equivalents, one or more claims of the '191 patent;

2.     A judgment permanently enjoining Baxter International Inc. and Baxter Healthcare Corporation from making, using, selling, offering to sell, and importing into the United States GAMMAGARD® Liquid [Immune Globulin Intravenous (Human)], 10%, prior to the expiration date of the '191 patent;

3.     A judgment permanently enjoining Baxter International Inc. and Baxter Healthcare Corporation from inducing infringement of the '191 patent prior to the expiration date of the '191 patent;

5

4.      A judgment permanently dismissing with prejudice all counterclaims of Baxter Healthcare Corporation;

5.      Attorneys' fees in this action under 35 U.S.C. § 285;

6.      Costs and expenses in this action; and

7.      Such further and other relief as this Court may deem just and proper.

                                    Respectfully submitted,
                                    **CONNOLLY BOVE LODGE & HUTZ LLP**

                                By: /s/ Jeffrey B. Bove

Bradford J. Badke, Esquire              **Jeffrey B. Bove (#998)**
Gabrielle Ciuffreda, Esquire            **Mary W. Bourke (#2356)**
ROPES & GRAY LLP                      **Mark E. Freeman (#4257)**
1251 Avenue of the Americas          **Jaclyn M. Mason (#4737)**
New York, NY 10020-1105            1007 North Orange Street
                                                  P.O. Box 2207
*Of Counsel for Counterclaim*          Wilmington, DE  19899-2207
*Defendant Bayer Healthcare LLC*    (302) 658-9141

                                              *Attorneys for the Plaintiffs and*
                                              *Counterclaim Defendants*

DATED:  June 13, 2006

# CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following, and that the document is available for viewing and downloading from CM/ECF:

Philip A. Rovner, Esquire
Mary Ellen Stackel
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951

Susan M. Spaeth, Esquire
Townsend and Townsend and Crew LLP
379 Lytton Avenue
Palo Alto, CA 94301

I hereby certify that on June 13, 2006, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**By Hand Delivery & E-mail**

Philip A. Rovner, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951

**By Federal Express & E-mail**

Susan M. Spaeth, Esquire
Townsend and Townsend and Crew LLP
379 Lytton Avenue
Palo Alto, CA 94301

　　　　　　　　　　　　　　　　　　　　　　/s/ Jeffrey B. Bove
　　　　　　　　　　　　　　　　　　　　　Jeffrey B. Bove (#998)
　　　　　　　　　　　　　　　　　　　　　Mary W. Bourke (#2356)
　　　　　　　　　　　　　　　　　　　　　Mark E. Freeman (#4257)
　　　　　　　　　　　　　　　　　　　　　Jaclyn M. Mason (#4737)
　　　　　　　　　　　　　　　　　　　　　CONNOLLY BOVE LODGE & HUTZ LLP
　　　　　　　　　　　　　　　　　　　　　The Nemours Building
　　　　　　　　　　　　　　　　　　　　　1007 North Orange Street
　　　　　　　　　　　　　　　　　　　　　P.O. Box 2207
　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19899-2207
　　　　　　　　　　　　　　　　　　　　　(302) 658-9141

　　　　　　　　　　　　　　　　　　　　　*Attorneys for the Plaintiffs*
　　　　　　　　　　　　　　　　　　　　　*Counterclaim Defendants*

470353