# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TALECRIS BIOTHERAPEUTICS, INC., and )
BAYER HEALTHCARE LLC, )
                                     )
      Plaintiff, )
                                       )
          v. )           C.A. No. 05-349-GMS
                                         )
BAXTER INTERNATIONAL INC., and )       <u>Jury Trial Demanded</u>
BAXTER HEALTHCARE CORPORATION, )
                                       )
      Defendants. )
                                       )

BAXTER HEALTHCARE CORPORATION )
                                       )
      Counterclaimant, )
                                       )
          v. )
                                         )
TALECRIS BIOTHERAPEUTICS, INC., and )
BAYER HEALTHCARE LLC, )
                                       )
      Counterdefendants. )
                                       )

## PROPOSED STIPULATED PROTECTIVE ORDER

WHEREAS, discovery in the above-entitled action ("Action") may involve the disclosure of certain documents, things and information in the possession, custody or control of a party that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and as further set forth below;

WHEREAS, the parties, through counsel, stipulate to the entry of this Protective Order to prevent unnecessary dissemination or disclosure of such confidential information;

WHEREAS, the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c), Fed. R. Civ. P. to protect against improper disclosure or use of confidential information produced or disclosed in this case.

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, as follows:

1.     **Scope of Protective Order**.  This Protective Order shall apply to all information, documents and things produced or within the scope of discovery in this Action, including, without limitation, all testimony adduced at depositions, documents or things produced in response to requests for the production of documents and things, answers to interrogatories, responses to requests for admission and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as hearing or trial transcripts, matters in evidence and any other information furnished, directly or indirectly, by or on behalf of any party to this Action or any third party to the extent such material is designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" in accordance with this Protective Order.

This Protective Order further shall apply to any such proceedings between the parties to this Action or their affiliates before the courts in Belgium in the matter of Belgium Patent EEB 0764447 and before the courts in the United Kingdom in the matter of European Patent (UK) No. 0 764 447 B1. All information, documents and things produced in this Action and in the aforesaid Actions in Belgium and the United Kingdom may be exchanged among persons eligible under paragraph 14, below.

2.     **Definitions**.  The terms "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" as used herein, shall mean the following:

(a)     "CONFIDENTIAL INFORMATION" shall mean material that a party claims in good faith to contain or disclose information relating to trade secrets or other confidential research, development or commercial information.

(b)     "HIGHLY CONFIDENTIAL INFORMATION" means CONFIDENTIAL INFORMATION that is of such sensitivity that a party reasonably believes that its disclosure to other parties could materially harm its business, and relates to business plans, competitive strategies and pending or abandoned patent applications that have not been made available to the public.

3.     **Third Parties under the Protective Order**.  If a third party provides discovery to any party in connection with this Action, and if the third party so elects, then the provisions of this Protective Order shall apply to such discovery and the parties will treat all information that is produced by such third party and designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in accordance with the terms of this Protective Order. Under such circumstances, the third party shall have the same rights and obligations under this Protective Order as held by the parties to this Action.

4.     **Marking Documents and Things**.  The parties and any third parties shall label or mark documents and things that constitute or contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION with the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION," respectively, or otherwise explicitly designate the materials as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and subject to the Protective Order.  Except as provided below, at least the first page of each document and each thing that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be

labeled or marked with the legend "CONFIDENTIAL INFORMATION" or "HIGHLY

CONFIDENTIAL INFORMATION" when the document or thing is produced to the party or

parties seeking discovery. Anything that cannot be so marked on its face shall be marked by

placing the appropriate legend on a container or package in which the thing is produced or on a

tag attached thereto. Each page of each document and each thing produced pursuant to discovery

in this Action shall bear a unique identifying number.

Documents and things produced without a legend designating the material confidential

shall not be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION subject to this Protective Order unless otherwise agreed by the parties or

ordered by the Court, or otherwise designated CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL in accordance with the provision of paragraph 8 of this Protective Order.

Inspection of documents or things by any party shall be conducted by persons eligible

under paragraph 15, below. Such persons shall initially treat all information obtained during or

from any inspection as containing HIGHLY CONFIDENTIAL INFORMATION until such time

as copies of documents or things from the inspection are produced, and, thereafter, such produced

documents and things shall be treated in accordance with the confidentiality designation

appearing on the document or thing at the time of its production.

5.    **Marking Interrogatories, Requests for Admission and Testimony**. Any

response to written interrogatories or requests for admission or any testimony adduced at a

deposition upon written questions (or any portion of any of the foregoing) that constitutes or

contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION

shall be labeled or marked with the legend "CONFIDENTIAL INFORMATION" or "HIGHLY

CONFIDENTIAL INFORMATION" on the first page of that document near the caption by the

4

party providing the response or testimony.  Any response or testimony that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked on the first page with the appropriate legend when the response or testimony is served upon the party seeking discovery.  Responses or testimony served without a legend on the first page designating the material confidential shall not be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION subject to this Protective Order unless otherwise agreed by the parties or ordered by the Court, or designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in accordance with the provisions of paragraph 8 of this Protective Order.

6.     **Testimony of Current or Former Corporate Personnel**.  All testimony adduced at depositions or upon oral examination of any director, officer, employees or agent of the parties, whether current or former, and any testimony adduced at depositions or upon oral examination of the parties' consultants or experts, and any transcripts of the foregoing, will be presumptively treated as CONFIDENTIAL INFORMATION.  The parties agree to mark at least the first page of all copies of deposition transcripts with the legend "CONFIDENTIAL INFORMATION." This paragraph does not limit any party's right to challenge any presumptive designation or preclude a producing party from designating testimony or transcripts as HIGHLY CONFIDENTIAL INFORMATION.

7.     **Limitations on Attendance at Depositions**.  Counsel for a producing party may request that all persons other than the witness, the court reporter, counsel for the witness (if a non-party witness) and those individuals specified in paragraphs 14 and/or 15 leave the deposition room during the portion of the deposition that inquires about or discloses subject matter that counsel for the producing party deems to be CONFIDENTIAL INFORMATION or

HIGHLY CONFIDENTIAL INFORMATION.  If individuals other than those specified in the previous sentence fail to leave the deposition room during any portion of the deposition that inquires about or discloses what counsel for the producing party believes to be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, counsel for the producing party may seek relief from the appropriate Court and, pending resolution of its request for relief, instruct the witness not to answer questions relating to, or limit disclosure of, the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION at issue.

8.      **Inadvertent Production of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION**.  If a party inadvertently produces or provides discovery of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION without labeling or marking it as provided in this Protective Order, the producing party may give written notice to the receiving party or parties, within ten (10) business days after learning of the inadvertent production, that the document, thing or other discovery information, response or testimony is CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and should be treated as such in accordance with the provisions of this Protective Order.  The producing party will also provide copies of the properly marked information (*e.g.*, documents, discovery responses, transcripts, things, and/or all other information within the scope of this Protective Order).  Upon receipt of such notice and properly marked information, the receiving party or parties shall return said unmarked or incorrectly marked information to the extent practicable and not retain copies thereof, and shall undertake a best effort to correct any disclosure of such information contrary to the redesignation.  Prior to receipt of such notice, disclosure of such documents, things, information, responses and

testimony to persons not authorized to receive CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION shall not be deemed a violation of this Protective Order.

9.    **Limitations on Advice to Clients.**  Nothing in this Protective Order shall bar or

otherwise restrict any attorney from rendering advice to a party-client in this Action and in the

course thereof, relying upon such attorney's examination of CONFIDENTIAL INFORMATION

or HIGHLY CONFIDENTIAL INFORMATION; provided, however, that in rendering such

advice and in otherwise communicating with such client, the attorney shall not disclose any

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to

unauthorized persons.

10.    **No Expansion of Federal Rules of Civil Procedure**.  Nothing in this Protective

Order shall be implied to be an implied admission or construed to affect or govern the scope of

discovery in this Action, or to preclude any party from moving the Court for a further order

pursuant to Fed. R. Civ. P. 26(c), or any other provision of the Federal Rules of Civil Procedure.

Nothing contained in this Protective Order shall be construed to require production or disclosure

of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION

deemed by counsel for the party possessing such material to be protected from disclosure by the

attorney-client privilege or the attorney work product immunity, or other privilege or immunity,

so long as the withheld materials are identified in the manner required by the Federal Rules of

Civil Procedure by the producing party.   This Protective Order shall not preclude any party from

moving the Court for an order compelling production or disclosure of such material.

11.    **Discovery of Third Party Information.**  A producing party may redact the

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a third

party that is in its possession where the producing party is under an obligation not to disclose

such information, provided that the producing party shall identify the third party to the receiving

party and shall not impede discovery by the receiving party from said third party.

      12.    **Inadvertent Production of Privileged or Work Product Information.**  If a

producing party inadvertently or mistakenly produces information, documents or tangible things

in this Action, or in the aforesaid Actions in Belgium and the United Kingdom, that should have

been withheld subject to a claim of attorney-client privilege or work product immunity, or other

privilege or immunity, such production shall in no way prejudice or otherwise constitute a waiver

of, or estoppel as to, any claims of privilege or work-product immunity for such information.  In

such an event, the producing party shall request, in writing, within five (5) business days of

learning of such inadvertent or mistaken production, the return of all information for which a

claim of inadvertent or mistaken production is made.  Within five (5) business days of receiving a

written request to do so from the producing party, the receiving party shall return to the

producing party any documents or tangible items that the producing party represents are covered

by a claim of attorney-client privilege or work product immunity, or other privilege or immunity,

and were inadvertently or mistakenly produced.  The receiving party also shall destroy any extra

copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced

information; provided, however, that if the receiving party disagrees that the information is

protected from disclosure by the attorney-client privilege, work product immunity or other

privilege or immunity from discovery, it may move the Court for an order that such information

be produced, and may retain copies of the information, and any notes and summaries relating

thereto, pending resolution of its motion.  The party claiming the privilege or immunity shall

have the burden of proving that such privilege or immunity exists.  Notwithstanding the above,

recognizing the need for the parties to prepare for their cases based on the discovery that is

produced, if any information, document or tangible thing is used in a court hearing, deposition, as an exhibit to a motion, is referenced in an expert report or pretrial order, or is otherwise used openly in the case, any claim of inadvertent production must be made within fifteen (15) business days after such use.

13. **Use of Designated Materials.**  Material marked, labeled or otherwise designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION  as described in this Protective Order may be used in testimony at trial, offered into evidence at trial and/or hearings on motions, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this Action, and in the aforesaid Actions in Belgium and the United Kingdom, subject to the limitations and restrictions of this Protective Order and any further order regarding confidentiality that the Court may enter.  This Protective Order governs the use of such material at trial.  Such material shall remain confidential at trial, and during any appeals to this Action and the aforesaid Actions in Belgium and the United Kingdom and may not be used for any purpose or in any manner other than as permitted by this Protective Order or by further order of the Court.  At the request of a producing party, any person(s) not permitted access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under paragraphs 14 or 15 may be barred from attending any portion of trial, any motion hearing, or depositions at which CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is revealed, subject to any further order regarding confidentiality as this Court may enter.

14. **Access to CONFIDENTIAL INFORMATION**.  Material marked, labeled or otherwise designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION as described in this Protective Order shall be deemed and treated as such,

unless and until the Court rules to the contrary, and access thereto or disclosure thereof shall be limited, unless and until the Court rules that there may be further disclosure, to:

(a)     Outside counsel employed by the parties with responsibility for this action and their respective associates, clerks, legal assistants, stenographic and support personnel;

(b)     Designated in-house counsel for each party as follows:

(i)     For Baxter: Michael Schiffer, Chief Patent Counsel and Associate General Counsel, and Thomas Borecki, Senior Patent Litigation Counsel, both of Baxter Healthcare Corporation, so long as they continue in the employment of Baxter.

(ii)     For Talecris and Bayer: Randy Jones, Vice President and General Counsel, Legal and Public Affairs, Talecris Biotherapeutics, Inc., and Barbara Shimei, Director, Patent and Licensing, Bayer Pharmaceutical Corporation, so long as they continue in the employment of Talecris or Bayer, as the case may be.

(iii)     Should either party seek to substitute another in-house counsel for one of the individuals identified in paragraphs 14(b)(i) or 14(b)(ii) above, that party shall notify the other by serving an Undertaking in the form of the annexed Exhibit A, and the parties shall work in good faith to reach agreement. If the parties are unable to reach agreement, they shall proceed in accordance with paragraph 17 of this Protective Order.

(iv)     Designated in-house counsel shall sign an Undertaking in the form of annexed Exhibit A before obtaining access to material designated HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION. By signing such undertaking, in-house counsel are affirming (A) that they personally do not prosecute patent applications related to any intravenous immunoglobulin technology in the U.S. or elsewhere in the world, (B) that they do not participate in competitive pricing decisions concerning intravenous immunoglobulin

10

products, and (C) that they will maintain any HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION obtained under this Protective Order in a secure location not readily accessible to other party-employees. Such prohibitions will not restrict any designated in-house counsel from supervising other attorneys or agents who prosecute patent applications related to any intravenous immunoglobulin technology. If any designated in-house counsel does participate in competitive pricing decisions concerning intravenous immunoglobulin products, such counsel may still sign the Undertaking and be allowed access to all material produced under this Protective Order, except for any current financial data or summaries thereof.

(c)    European outside counsel employed by the parties with responsibility for the actions described in paragraph 1, above, and their respective associates, clerks, legal assistants, stenographic and support personnel;

(d)    Independent experts and consultants, including the employees thereof, who are retained or consulted by counsel for any party for the purpose of assisting counsel in the litigation, and subject to the provisions of paragraph 18 (but excluding any personnel regularly employed by a party or a competitor of a party and any person whose testimony will consist of lay opinions rather than expert opinions);

(e)    Any certified shorthand or court reporters operating video equipment at depositions retained to report a deponent's testimony in this case;

(f)    Third party contractors, including employees and agents thereof, involved solely in one or more aspects of organizing, filing, copying, coding, converting, sorting or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

(g)    The Court, including its clerks, reporters and staff;

(h)     Any interpreters, or any typists or transcribers used by the interpreter; and

(i)     Any jury consultants.

If counsel wish to disclose CONFIDENTIAL INFORMATION to any of the persons described in subparagraphs (b) through (f) or (h) through (i), counsel shall first obtain a signed Undertaking in the form of the annexed Exhibit A from each such person who would require access to material designated as CONFIDENTIAL INFORMATION. In the case of European outside counsel employed by the parties, an accounting firm acting as a consultant or an expert, an outside copying service, or an exhibit preparation service, or a jury consultant under subparagraphs (c), (d), (f) or (i), the Undertaking shall be signed by the company, firm or service retained by the party, and a single Undertaking by the company, firm or service shall be sufficient to cover all employees or other individuals paid by the consultant, firm or organization. Counsel retaining, or representing the party retaining, the persons described in subparagraphs (d) through (f) or (h) through (i) shall retain the original of each such signed Undertaking.

CONFIDENTIAL INFORMATION shall not be disclosed to any such outside consultant described in subparagraph (d) for a period of five (5) business days after serving the party providing discovery with the Undertaking referred to herein and a *curriculum vitae* of the outside consultant. Service of the Undertaking shall be made by e-mail with a confirmation copy by Federal Express or equivalent next-day delivery. No service shall be required for a jury consultant or interpreter (or their typist or transcriber). Counsel for the party providing discovery may, within a five (5) business day period, serve a notice of objection if a reasonable basis for such objection exists. If the notice is served, the CONFIDENTIAL INFORMATION will not be disclosed to such outside consultant. Within ten (10) days after service of the objection, if the parties are unable to reach any agreement over the disclosure of CONFIDENTIAL

INFORMATION to the expert or consultant, the objecting party may move the Court for an order denying disclosure of any CONFIDENTIAL INFORMATION to the outside expert or consultant as to which a notice of objection has been served.  If the objecting party files this motion, the CONFIDENTIAL INFORMATION shall not be disclosed to the outside expert or consultant until the Court rules or the parties agree that such disclosure may be made.  Failure to file such a motion shall operate as a waiver of this objection.

The recipient of any CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his/her/its own proprietary information.

15.    **Access to HIGHLY CONFIDENTIAL INFORMATION**.  HIGHLY CONFIDENTIAL INFORMATION shall only be disclosed to the individuals falling within subparagraphs (a) through (i) of paragraph 14.  The disclosure of HIGHLY CONFIDENTIAL INFORMATION is fully subject to the requirements and limitations set forth in paragraph 14 regarding the disclosure of CONFIDENTIAL INFORMATION.

16.    **Third Party Vendors**.  Counsel may use the services of third party vendors to perform computerized legal support and management services for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearing, trials, pleadings, exhibits marked by any party, briefs and accompanying affidavits and appendices, documents produced by any party, or a party's own attorney work product, all of which may contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  Such disclosure shall be made only on the following conditions:

(a)    Counsel desiring to disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to a vendor for the purposes of this paragraph shall first obtain a signed Undertaking, in the form of Exhibit A annexed hereto, from a representative of the vendor who may receive access to such material.  Counsel retaining the vendor shall retain the original of each such signed Undertaking.  Service of the Undertaking shall not be required.

(b)    The vendor shall return to the party's counsel all copies of transcripts or other documents containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION as soon as the information contained therein has been encoded and loaded into the computer.

(c)    The vendor shall provide limited and secured access to the information stored in the computer.  The vendor shall utilize and provide access codes only to those persons associated with the party retaining or employing the vendor and who are entitled, under this Protective Order, to have access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION such that only persons possessing the access codes can access the information stored in the computer.

17.    **Disclosure to Other Individuals.**  Disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be made to individuals not identified in paragraphs 14, 15 and/or 16, above, provided that:

(a)    If the parties, including any third parties, wish to provide access to or disseminate CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to any person not otherwise entitled to access under this Protective Order, the producing party or parties may, without leave of the Court, agree to allow such access.  In the

14

absence of an agreement, any party may move the Court for an Order that such person be given access thereto. If the motion is granted, such person may have access to the producing party's CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION after first signing an Undertaking in the form of the annexed Exhibit A. Counsel for the moving party shall retain the original of each such signed Undertaking. Service of the Undertaking shall not be required.

(b)    CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a producing party may also be disclosed to and/or used to examine, at deposition and at trial (or other court hearing): (i) an individual who either prepared, received or reviewed the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION prior to filing of this Action or previously had access or knowledge of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, as demonstrated by the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION itself or foundation testimony during a deposition or trial, and/or (ii) a currently employed officer, employee or expert of a producing party. A party may disclose or use in any manner or for any purpose, any information or documents from that party's own files that the party itself has designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

18.    **Disclosures Shall Not Be Used for Other Purposes.** Material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, including all information derived therefrom, and all copies, summaries, abstracts, excerpts, indices and descriptions of such material shall be held in confidence by the receiving party, shall be used only by persons permitted access to it under this Protective Order, shall not be disclosed by the

receiving party to any party or person not entitled under the terms of this Protective Order to have access to such material, shall not be used for any purpose other than in connection with this Action and the aforesaid Actions in Belgium and the United Kingdom, and shall not be used in any way for research, development, manufacture, patent prosecution, financial, commercial, marketing, regulatory, business or other competitive purpose.

19.     **Inadvertent Disclosure.**  If CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed or comes into the possession of any person not authorized to receive such information under this Protective Order, the party responsible for the disclosure shall:  (a) within five (5) business days inform the designating party of all pertinent facts relating to such disclosure, including the identity of the person to whom the inadvertent disclosure was made; (b) use its best efforts to obtain the prompt return of any such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and to bind such unauthorized person or party to the terms of this Protective Order; (c) within three (3) business days of the discovery of such disclosure, inform such unauthorized person or party of all provisions of this Protective Order; and (d) request such unauthorized person or party to sign the Undertaking in the form attached hereto as Exhibit A.  The executed agreement shall be served upon counsel of record for the producing party within five (5) business days of its execution by the person or party to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION was disclosed.  The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

20.     **Filing Under Seal.**  If any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is to be filed with the Court in connection with this Action, such material shall not be filed electronically and shall be filed

with the Clerk of the Court in sealed envelopes or containers prominently marked with the caption of the case and a general description of the contents of the envelope or container, or shall otherwise be filed under seal in accordance with any special filing requirements for documents ordered to be filed under seal under the Local Rules or practice of the court in which the information is filed.

In addition, any document that is to be filed with the Court and that contains or discloses CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be marked "FILED UNDER SEAL" on its cover page.  Material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and filed under seal shall be maintained in such manner as provided by the Court.

Unless the Court orders otherwise, attendance at a hearing or at a trial session in this Action at which material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will be used or disclosed shall be limited to individuals entitled to have access to such materials under the terms of this Protective Order.

21.     **Challenging Designations.**  The acceptance by any party of material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not constitute an admission or concession, or permit an inference that such material is, in fact, confidential.  Any receiving party may at any time request that the designating party cancel or modify the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation with respect to any document, object or information.  Such request shall be made to counsel for the designating party in writing, and shall particularly identify the designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that the receiving party contends is not confidential or not highly confidential and the reasons supporting

its contention.  If the designating party does not agree to remove the CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation within ten (10)

business days, then the party contending that such documents or material are not confidential may

request by motion that the Court remove such material from the restrictions of this Protective

Order.  On such a motion, the party asserting confidentiality shall have the burden of proving that

the material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION warrants protection under this Protective Order.

      22.    **Miscellaneous.**  This Protective Order shall not be construed to prevent any of the

parties, or any third party, from applying to the Court for relief or further or additional protective

orders, or from agreeing between or among themselves to modifications of this Protective Order,

subject to the approval of the Court.  The Protective Order shall not preclude the parties from

enforcing their rights against any third party not associated with this Action who is believed to be

violating their rights.  The personnel set forth in paragraphs 14 and 15 may be increased by

unanimous agreement of the parties to this Action without leave of the Court, or upon a showing,

subject to the approval of the Court, by either Plaintiffs or Defendants that such modification is

necessary.

      23.    **Survival of Obligations under Protective Order**.  With respect to any

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, this

Protective Order shall survive the final termination of this Action and the aforesaid Actions in

Belgium and the United Kingdom to the extent the information in such material is not or does not

become known to the public and continues to be binding upon all persons to whom

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is

disclosed hereunder.  Upon final termination of this Action, and the aforesaid Actions in Belgium

and the United Kingdom, including all appeals, receiving counsel may retain one copy or sample

of all material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION for reference in the event of disputes over the use or disclosure of such

material. Counsel may retain all papers filed with the Court, and may retain documents, things,

copies and samples to the extent they include or reflect the receiving attorney's work product.

Upon final termination of this Action, including all appeals, however, all other copies and

samples of material designated CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION (including all deposition transcripts and production

documents, other than trial exhibits or exhibits to papers filed with the Court) and any other

summaries, abstracts, excerpts, indices and descriptions of such material and information derived

from such material that are recorded in any tangible form, shall be: (i) assembled and returned

(except for any that may be retained by the Court) to the producing party; or, alternatively, (ii)

counsel for the receiving party may certify in writing the destruction thereof. Accordingly, upon

final termination of this Action, and the aforesaid Actions in Belgium and the United Kingdom,

no one other than counsel shall retain any copies or samples of any material designated

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. As to

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION stored in

computer databases or backup tapes or disks, the receiving party shall either (i) delete all such

CONFIDENTIAL INFORMATION, (ii) restrict access to such material with passwords, or (iii)

designate the information CONFIDENTIAL in a manner reasonably calculated to prevent

unauthorized access to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION.

24.    **Publicly Available Information.**  The restrictions and obligations set forth herein relating to material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by the parties to this Action and the aforesaid Actions in Belgium and the United Kingdom shall not apply to any information of the parties which:  (i) the producing or designating party or parties agree(s) should not be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; (ii) the producing or designating party or parties agree(s), or the Court rules, is already public knowledge; (iii) the producing or designating party or parties agree(s), or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees or agents in violation of this Protective Order, or (iv) the producing or designating party or parties agree(s), or the Court rules, has come or shall come into the receiving party's legitimate knowledge or possession independently of the producing party under conditions such that its use and/or public disclosure by the receiving party would not violate any obligation to an opposing party to this Action.  The restrictions and obligations set forth herein shall not prohibit discussions of any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION with any person who already has or obtains legitimate possession thereof.

Respectfully submitted,


/s/ Jeffrey B. Bove _____          /s/ Philip A. Rovner _____
Jeffrey B. Bove (#998)                   Philip A. Rovner (#3215)
Mary W. Bourke (#2356)                   POTTER ANDERSON & CORROON LLP
Mark E. Freeman (#4257)                  Hercules Plaza
Jaclyn M. Mason (#4737)                  P.O. Box 951
CONNOLLY BOVE LODGE & HUTZ LLP           Wilmington, DE 19899
The Nemours Building                     (302) 984-6000
1007 North Orange Street
Wilmington, DE 19801
(302) 658-9141

Bradford J. Badke                        James G. Gilliland, Jr.
Gabrielle Ciuffreda                      Susan M. Spaeth
ROPES & GRAY LLP                         Anne M. Rogaski
1251 Avenue of the Americas              TOWNSEND and TOWNSEND and
New York, NY 10020-1105                  CREW LLP
(212) 596-9000                           379 Lytton Avenue
                                         Palo Alto, CA 94301
                                         (650) 326-2400


*Attorneys for Plaintiffs*                *Attorneys for Defendants*
*and Counterdefendants*                   *and Counterclaimant*


  IT IS SO ORDERED THIS _____ DAY OF _____ 2006.


                         _____
                         Gregory M. Sleet, U.S. District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **TALECRIS BIOTHERAPEUTICS, INC., and**<br>**BAYER HEALTHCARE LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **C.A. No. 05-349-GMS** |
| | ) | |
| **BAXTER INTERNATIONAL INC., and** | ) | <u>**Jury Trial Demanded**</u> |
| **BAXTER HEALTHCARE CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | | |
| **BAXTER HEALTHCARE CORPORATION** | ) | |
| | ) | |
| **Counterclaimant,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **TALECRIS BIOTHERAPEUTICS, INC., and** | ) | |
| **BAYER HEALTHCARE LLC,** | ) | |
| | ) | |
| **Counterdefendants.** | ) | |
| | ) | |

## UNDERTAKING OF _____

I, _____, declare under penalty of perjury that:

I.           My present address is _____

II.          My present employer is _____,

and the address of my present employer is _____.

III.         My present occupation is _____.

IV.         I have received a copy of the Protective Order in this Action.  I have

carefully read and understand the provisions of the Protective Order.

V.        I will comply with all of the provisions of the Protective Order and hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of the enforcement of the Protective Order in this Action.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action and/or the Actions in Belgium and the United Kingdom set forth in Paragraph 1 of the Protective Order, any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, including the substance and any copy, summary, abstract, excerpt, index or description of such material, that is disclosed to me as well as any knowledge or information derived from any of the above mentioned items.

VI.        I will return all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party from whom I received such material, or by whom I am employed or retained, when requested to do so.  I acknowledge that return of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

VII.        I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court and that the parties, or either of them, may assert other remedies against me.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

Dated: _____, 200__                    /s/ _____
                                               Signature

476962

2