IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | C. A. No. 05-349-GMS |
| v. | ) ) | JURY TRIAL DEMANDED |
| BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION, | ) ) ) ) | |
| Defendants | ) ) ) | |
| BAXTER HEALTHCARE CORPORATION, | ) ) | |
| Counterclaimant, | ) ) | |
| v. | ) ) | |
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, | ) ) ) | |
| Counterdefendants. | ) | |

**DEFENDANT BAXTER INTERNATIONAL INC.'S AND BAXTER HEALTHCARE CORPORATION'S FIRST NOTICE OF DEPOSITION TO BAYER HEALTHCARE, LLC PURSUANT TO FED.R.CIV.P. 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Baxter International Inc. and Defendant/Counterclaimant Baxter Healthcare Corporation (collectively "Baxter"), by and through their attorneys of record, will take the deposition of Plaintiff Bayer Healthcare, LLP ("Bayer") on September 12, 2006 commencing at 9:30 a.m. at the offices of Potter Anderson & Corroon, LLP, Hercules Plaza 1313 North Market Street, 6th Floor, Wilmington, Delaware 19899-0951. The deposition will be before a notary public, or other authorized person to administer oaths, will be recorded stenographically and/or by

video tape, will include the use of interactive real time transcription (e.g., Livenote), and will continue from day to day until completed.

Pursuant to Rule 30(b)(6) Bayer is directed to produce one or more of its officers, directors, managing agents, or other designated persons, to testify on its behalf as to the information known or reasonably available to Bayer pertaining to the following matters:

## DEFINITIONS

1. The term "you," "yours," or "Bayer" shall mean Plaintiff Bayer Healthcare, LLC and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures and other legal entities that are or were wholly or partially owned or controlled by you, either directly or indirectly and all past or present directors, principles, officers, owners, agents, representatives, attorneys and others acting for or on behalf of these same entities.

2. The term "refer," "relate," "relates," "relating" or "regarding" shall mean that something summarizes, demonstrates, constitutes, reflects, contains, studies, analyzes, considers, explains, mentions, shows, discusses, describes, comments upon, results from, lists, identifies, concerns, embodies, mentions, shows, discusses, describes, comments upon, results from, lists, identifies, concerns, embodies, evidences, states, alludes to, deals with, contradicts or is in any way pertinent to the subject.

3. The term "'191 patent" refers to U.S. Patent No. 6,686,191.

4. The term "document" or "documents" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and means any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible means by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or

reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice communications, fax messages, E-mail messages, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, purchase orders, invoices, requisitions, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure documents, patent applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers, journals, microfiche, microfilm, photographic film, surveys, forms, printed brochures or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had, or can obtain access. If the document bears any marks, including but not limited to initials, stamped indicia, comments or notations that are not part of the original text or photographic reproduction thereof, these should be provided in a separate copy of the document.

5. "Immunoglobulin product(s)" means any product containing immunoglobulin ("Ig") antibodies, including but not limited to one or more of IgA, IgD, IgE, IgG and IgM antibodies, notwithstanding whether regulatory approval was sought or obtained for such product.

6. The term "Gamimune" means the Gamimune®N S/D 5% and Gamimune®N S/D 10% products.

7. The term "Gamunex® means the Gamunex product sold by Talecris.

8. "Octapharma litigation" refers to Bayer Corporation and Bayer PLC v. Octapharma Ltd. CH 1997 B 6228.

9. Miscellaneous: "and" and "or" shall each be considered as either conjunctive or disjunctive, whichever is more inclusive in content. The terms "any" and "all" shall be considered to include "each and every." The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

## DEPOSITION CATEGORIES

1. Licenses, sales, assignments or offers to license, offers to sell, offers to assign or offers to purchase the '191 patent.

2. Experiments, data and information regarding the research and development of Gamimune.

3. Experiments, data and information regarding the research and development of Gamunex®.

4. Experiments, data and information regarding the research and development of past and present Bayer immunoglobulin products.

5. Processes for the manufacture of Gamimune; including but not limited to information on yield comparisons between Gamimune and other products.

6. Processes for the manufacture of Gamunex®; including but not limited to information on yield comparisons between Gamunex® and other products and the development of these processes.

7. Sales and marketing of Gamimune.

8. Sales and marketing of Gamunex®.

9. Quality assurance and quality control information for all of your immunoglobulin products, including but not limited to, Gamimune and Gamunex®.

10. Immunoglobulin products that were developed during the time period of the research and experiments for the '191 patent.

11. Any predecessor immunoglobulin products that were developed prior to Gamimune since 1980.

12. Regulatory information regarding the Biologics License Application ("BLA") and Product License Application ("PLA") for Gamimune, including interpretation of the Chemistry Manufacturing Controls ("CMC") or equivalent section(s) of the BLA and PLA.

13. Regulatory information regarding the CMC or equivalent section(s) of the Gamunex® BLA and PLA.

14. The Octapharma litigation, including but not limited to positions taken in that case by Octapharma and Bayer, documents exchanged, depositions taken and the outcome of the litigation.

15. Experiments and data relating to the '191 patent, including interpretation of information in laboratory notebooks.

16. Your supply of plasma and the past and present manufacturing capacity of Gamimune.

17. Manufacturing and supply of past and present immunoglobulin products by Talecris and Bayer

18. Talecris Biotherapeutics, Inc's acquisition of Bayer's plasma business.

19. Interpretation of your product lot numbers and an explanation of the correlation between lot numbers at various stages of the manufacturing process (including scale-up and

clinical lots) with the experimental data found in laboratory notebooks.

## DOCUMENT REQUESTS

To the extent not already produced, Bayer shall produce for inspection on September 8, 2006 the following documents:

1. All documents relating to licenses, sales, assignments or offers to license, offers to sell, offers to assign, offers to purchase the '191 patent.

2. All documents relating to processes for the manufacture of Gamimune, including information on yield comparisons between Gamimune and other products.

3. All documents relating to processes for the manufacture of Gamunex, including information on yield comparisons between Gamunex and other products and the development of these processes.

4. All documents regarding the sales and marketing of Gamunex, including but not limited to all Bayer presentations at the American Society of Hematology.

5. All documents regarding quality assurance and quality control for any Bayer immunoglobulin product, past or present, including but not limited to, Gamimune and Gamunex®.

6. All documents regarding the process(es) for manufacture of any immunoglobulin products that Bayer was developing during the time period of the research and experiments for the '191 patent, including but not limited to research and development of the process(es).

7. All documents regarding the process(es) for manufacture of any predecessor immunoglobulin products that Bayer developed prior to Gamimune and Gamunex® since 1980, including but not limited to research and development of the process(es).

8. All documents filed in, deposition transcripts for any depositions taken in,

6

documents pertaining to Octagam exchanged in, and documents regarding the resolution of, the Octapharma litigation.

9. All documents regarding your past or pressent supply of plasma and the manufacturing capacity of Gamimune.

10. All documents regarding the past and present manufacture and supply of all of your immunoglobulin products.

11. All documents regarding Talecris Biotherapeutics, Inc.'s acquisition of Bayer's plasma business, including but not limited to presentations, marketing documents, meeting minutes, financial statements and agreements.

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: August 18, 2006

746791

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant
Baxter International Inc. and
Defendant/Counterclaimant
Baxter Healthcare Corporation*

7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on August 18, 2006, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Jeffrey B. Bove, Esq.
Mary W. Bourke, Esq.
Mark E. Freeman, Esq.
Jaclyn Mason, Esq.
Donna Hallowell
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
jbove@cblh.com
mbourke@cblh.com
mfreeman@cblh.com
jmason@cblh.com
dhallowell@cblh.com

**BY FEDERAL EXPRESS AND E-MAIL**

Bradford J. Badke, Esq.
Gabrielle Ciuffreda, Esq.
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020-1105
bradford.badke@ropesgray.com
gabrielle.ciuffreda@ropesgray.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com