EXHIBIT 1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN _____ DISTRICT OF _____ PENNSYLVANIA

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC.<br>V.<br><br>BAXTER INTERNATIONAL INC. and<br>BAXTER HEALTHCARE CORPORATION | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] 05-349-GMS<br>USDC, District of Delaware |

TO: BAYER CORPORATION
100 Bayer Road
Pittsburgh, PA 15205-9741

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Powers Garrison & Hughes, 600 Warner Center, 332 5th Avenue<br>Pittsburgh, PA 15222, (412) 263-2088 | DATE AND TIME<br>9/15/2006 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE Powers Garrison & Hughes, 600 Warner Center, 332 5th Avenue<br>Pittsburgh, PA 15222, (412) 263-2088 | DATE AND TIME<br>9/8/2006 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 8/23/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Priya Sreenivasan, TOWNSEND AND TOWNSEND AND CREW LLP, Two Embarcadero Center, 8th Floor, San Francisco, CA 94111, Telephone (415) 576-0200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

**Exhibit A**

## DEFINITIONS

1.       The term "you," "yours," or "Bayer" shall mean Bayer Corporation and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures and other legal entities that are or were wholly or partially owned or controlled by you, either directly or indirectly and all past or present directors, principles, officers, owners, agents, representatives, attorneys and others acting for or on behalf of these same entities.

2.       The term "refer," "relate," "relates," relating" or "regarding" shall mean that something summarizes, demonstrates, constitutes, reflects, contains, studies, analyzes, considers, explains, mentions, shows, discusses, describes, comments upon, results from, lists, identifies, concerns, embodies, mentions, shows, discusses, describes, comments upon, results from, lists, identifies, concerns, embodies, evidences, states, alludes to, deals with, contradicts or is in any way pertinent to the subject.

3.       The term "'191 patent" refers to U.S. Patent No. 6,686,191.

4.       The term "document" or "documents" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and means any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible means by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice communications, fax messages, E-mail messages, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, purchase orders, invoices, requisitions, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure documents, patent applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale

of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers, journals, microfiche, microfilm, photographic film, surveys, forms, printed brochures or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had, or can obtain access. If the document bears any marks, including but not limited to initials, stamped indicia, comments or notations that are not part of the original text or photographic reproduction thereof, these should be provided in a separate copy of the document.

5.      "Immunoglobulin product(s)" means any product containing immunoglobulin ("Ig") antibodies, including but not limited to one or more of IgA, IgD, IgE, IgG and IgM antibodies, notwithstanding whether regulatory approval was sought or obtained for such product.

6.      The term "Gamimune" means the Gamimune®N S/D 5% and Gamimune®N S/D 10% products.

7.      The term "Gamunex® means the Gamunex product sold by Talecris.

8.      "Octapharma litigation" refers to Bayer Corporation and Bayer PLC v. Octapharma Ltd. CH 1997 B 6228.

9.      Miscellaneous:  "and" and "or" shall each be considered as either conjunctive or disjunctive, whichever is more inclusive in content. The terms "any" and "all" shall be considered to include "each and every." The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

## DEPOSITION CATEGORIES

1.      Licenses, sales, assignments or offers to license, offers to sell, offers to assign or offers to purchase the '191 patent.

2.      Experiments, data and information regarding anticomplement activity (ACA) measurements of samples taken during the Gamimune purification and formulation process(es),

2

including but not limited to ACA measurements of samples taken before solvent/detergent treatment, after removal of solvents and detergents from the immunoglobulin solution, before incubation and after incubation.

3.    Experiments, data and information regarding ACA measurements of samples taken during the Gamunex® purification and formulation process(es), including but not limited to ACA measurements of samples taken before solvent/detergent treatment, after removal of solvents and detergents from the immunoglobulin solution, before incubation and after incubation.

4.    Processes and ACA levels of immunoglobulin products that were developed during the time period of the research and experiments for the '191 patent.

5.    Processes and ACA levels of any predecessor immunoglobulin products that were developed prior to Gamimune since 1980.

6.    Regulatory information regarding the Biologics License Application ("BLA") and Product License Application ("PLA") for Gamimune, including interpretation of the Chemistry Manufacturing Controls ("CMC") or equivalent section(s) of the BLA and PLA.

7.    Regulatory information regarding the CMC or equivalent section(s) of the Gamunex® BLA and PLA.

8.    The Octapharma litigation, including but not limited to positions taken in that case by Octapharma and Bayer regarding ACA, solvent/detergent treatment of immunoglobulins and low pH incubation of immunoglobulin solutions, documents exchanged pertaining to ACA, solvent/detergent treatment of immunoglobulins and low pH incubation of immunoglobulin solutions deposition testimony pertaining to ACA, solvent/detergent treatment of immunoglobulins and low pH incubation of immunoglobulin solutions and the outcome of the litigation.

9.    Experiments and data relating to the '191 patent, including interpretation of information in laboratory notebooks.

10.    Talecris Biotherapeutics, Inc's acquisition of Bayer Healthcare LLC's plasma

3

business.

11.     Interpretation of your product lot numbers and an explanation of the correlation between lot numbers at various stages of the Gamimune and Gamunex manufacturing processes (including scale-up and clinical lots) with the experimental data found in laboratory notebooks.

12.     Past, present and future plasma supply for all of your immunoglobulin products, including existing plasma supply contracts and/or any contracts with third parties to manufacture Gamimune 5% and 10%.

13.     Publications, abstracts, patents and poster presentations referring to low pH incubation for viral inactivation.

14.     Publications, abstracts, and poster presentations authored by Gary Jesmok referring or relating to immunoglobulins, ACA or solvent-detergent treatment for viral inactivation or low pH incubation of immunoglobulins, including but not limited to patents invented by Mr. Jesmok.

15.     Publications, abstracts, patents and poster presentations authored or by Ralph H. Rousell referring or relating to immunoglobulins, ACA, solvent-detergent treatment for viral inactivation or low pH incubation of immunoglobulins, including but not limited to patents invented by Mr. Rousell.

16.     Publications, abstracts, patents and poster presentations authored by Grace C. Tsay referring or relating to immunoglobulins , ACA, solvent-detergent treatment for viral inactivation or low pH incubation of immunoglobulins, including but not limited to patents invented by Ms. Tsay.

17.     Publications, abstracts, patents and poster presentations authored by Robert A. Tenold referring or relating to immunoglobulins, ACA, solvent-detergent treatment for viral inactivation or low pH incubation of immunoglobulins, including but not limited to patents invented by Mr. Tenold.

18.     Publications, abstracts, patents and poster presentations authored by Neal Cheung referring or relating to immunoglobulins, ACA, solvent-detergent treatment for viral inactivation

4

or low pH incubation of immunoglobulins, including but not limited to patents invented by Mr. Cheung.

19.    Publications, abstracts, patents and poster presentations authored by Gautam Mitra referring or relating to immunoglobulins, ACA, solvent-detergent treatment for viral inactivation or low pH incubation of immunoglobulins, including but not limited to U.S. Patent No. 5,419,906 and other patents invented by Mr. Mitra.

## DOCUMENT REQUESTS

Bayer shall produce for inspection on September 8, 2006 the following documents:

1.    Documents sufficient to show royalty rates for the '191 patent, including but not limited to licenses, sales, assignments or offers to license, offers to sell, offers to assign, offers to purchase the '191 patent.

2.    Documents sufficient to show the process(es) for manufacture of any predecessor immunoglobulin products that Bayer developed prior to Gamimune and Gamunex® since 1980.

3.    Documents sufficient to show the ACA measurements of samples taken during the Gamimune and Gamunex® purification and formulation process(es), including but not limited to ACA measurements of samples taken before solvent/detergent treatment, after removal of solvents and detergents from the immunoglobulin solution, before incubation and after incubation.

4.    Documents sufficient to show the experiments and data relating to the '191 patent.

5.    Documents sufficient to show the Octapharma process description for the Octagam® product, the Octagam® product specifications and Bayer's knowledge of the Octagam® process description and product specifications.

6.    Documents sufficient to show your past, present and future plasma supply for all of your immunoglobulin products, including existing plasma supply contracts and/or any contracts with third parties to manufacture Gamimune 5% and 10%.

7.    Documents sufficient to show Bayer's capacity between 1996 to 2004 to manufacture Gamimune.

8.    Documents sufficient to show your supply to the market of immunoglobulin products during the time period of 1992-2006.

9.    Documents sufficient to show the terms pursuant to which Talecris Biotherapeutics, Inc. acquired Bayer's plasma business, including but not limited to financial terms and valuations.

10.    Publications, abstracts and poster presentations referring to low pH incubation for viral inactivation published prior to September 22, 1995.

11.    Publications, abstracts, and poster presentations authored by Gary Jesmok referring or relating to immunoglobulins, ACA or solvent-detergent treatment for viral inactivation or low pH incubation of immunoglobulins, including but not limited to patents invented by Mr. Jesmok.

12.    Publications, abstracts, patents and poster presentations authored or by Ralph H. Rousell referring or relating to immunoglobulins, ACA, solvent-detergent treatment for viral inactivation or low pH incubation of immunoglobulins, including but not limited to patents invented by Mr. Rousell.

13.    Publications, abstracts, patents and poster presentations authored by Grace C. Tsay referring or relating to immunoglobulins , ACA, solvent-detergent treatment for viral inactivation or low pH incubation of immunoglobulins, including but not limited to patents invented by Ms. Tsay.

14.    Publications, abstracts, patents and poster presentations authored by Robert A. Tenold referring or relating to immunoglobulins, ACA, solvent-detergent treatment for viral inactivation or low pH incubation of immunoglobulins, including but not limited to patents invented by Mr. Tenold.

15.    Publications, abstracts, patents and poster presentations authored by Neal Cheung referring or relating to immunoglobulins, ACA, solvent-detergent treatment for viral inactivation or low pH incubation of immunoglobulins, including but not limited to patents invented by Mr. Cheung.

16.    Publications, abstracts, patents and poster presentations authored by Gautam

6

Mitra referring or relating to immunoglobulins, ACA, solvent-detergent treatment for viral inactivation or low pH incubation of immunoglobulins, including but not limited to U.S. Patent No. 5,419,906 and other patents invented by Mr. Mitra.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|

SERVED

| | | |
|---|---|---|

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# EXHIBIT 2

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF MARYLAND

TALECRIS BIOTHERAPEUTICS, INC., et al
V.
BAXTER INTERNATIONAL INC. and
BAXTER HEALTHCARE CORPORATION

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-349-GMS, USDC, District of
Delaware

TO:  Gautam Mitra
510 Jacala Terrace
Rockville, MD 20850-7740

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION<br>Whittman Reporting, 15200 Shady Grove Road, Suite 350<br>Rockville, MD 20850, (301) 279-7599 | DATE AND TIME<br>9/18/2006, 9:00 am |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects): See Exhibit A

| PLACE<br>Whittman Reporting, 15200 Shady Grove Road, Suite 350<br>Rockville, MD 20850, (301) 279-7599 | DATE AND TIME<br>9/11/2006, 9:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>8/23/2006 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Priya Sreenivasan, TOWNSEND AND TOWNSEND AND CREW LLP, Two Embarcadero Center, 8th Floor, San
Francisco, CA 94111, Telephone (415) 576-0200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

**Exhibit A**

**DEFINITIONS**

1.      The term "you," "yours," shall mean Gautam Mitra.

2.      The term "refer," "relate," "relates," relating" or "regarding" shall mean that something summarizes, demonstrates, constitutes, reflects, contains, studies, analyzes, considers, explains, mentions, shows, discusses, describes, comments upon, results from, lists, identifies, concerns, embodies, mentions, shows, discusses, describes, comments upon, results from, lists, identifies, concerns, embodies, evidences, states, alludes to, deals with, contradicts or is in any way pertinent to the subject.

3.      "Immunoglobulin product(s)" means any product containing immunoglobulin ("Ig") antibodies, including but not limited to one or more of IgA, IgD, IgE, IgG and IgM antibodies, notwithstanding whether regulatory approval was sought or obtained for such product.

4.      Miscellaneous:  "and" and "or" shall each be considered as either conjunctive or disjunctive, whichever is more inclusive in content.  The terms "any" and "all" shall be considered to include "each and every."  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

**DOCUMENT REQUESTS**

Please produce for inspection on September 11, 2006, the following documents in your possession, custody or control:

1.      Publications, abstracts, posters, patents and/or presentations authored by you that relate to solvent/detergent treatment of immunoglobulins.

2.      Publications, abstracts, posters, patents and/or presentations relating to solvent/detergent treatment of immunoglobulins in your possession that were authored by persons other than you and that were published or issued prior to September 22, 1995.

3.     Publications, abstracts, posters, patents and/or presentations authored by you that relate to the measurement of anticomplement activity in immunoglobulins.

4.     Publications, abstracts, posters, patents and/or presentations relating to measurement of anticomplement activity in immunoglobulins in your possession that were authored by persons other than you and that were published or issued prior to September 22, 1995.

5.     Publications, abstracts, posters, patents and/or presentations authored by you that refer to low pH incubation of immunoglobulin solutions.

6.     Publications, abstracts, posters, patents and/or presentations relating to low pH incubation of immunoglobulins in your possession that were authored by persons other than you and that were published or issued prior to September 22, 1995.

7.     Documents sufficient to show the experimental data, laboratory results and reports regarding the publication entitled "Elimination of infections retrovirus during preparation of immunoglobulins" authored by G. Mitra, M.P. Wong, M.M. Mozen, J.S. Mc Dougal, J.A. Levy.

8.     Documents sufficient to show the experimental data, laboratory results and reports regarding U.S. Patent No. 5,419,906.

60852343 v1

2

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |
| SERVED: | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

EXHIBIT 3

AO 88 (Rev. 10/2002) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

### Southern District of Florida

Case Number: [1]    05-349-GMS, District of Delaware

Talecris Biotherapeutics, Inc. and
Bayer Healthcare. LLC          Plaintiff

   v.

Baxter International Inc. and      Defendant
Baxter Healthcare Corporation

### SUBPOENA IN A CIVIL CASE

TO:  Ralph H. Rousell, 1905 Wingfield Dr., Longwood, Florida 32779-7010

G    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

G    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Klein Bury/U.S. Legal Support, 888 S.E. Third Avenue, Suite 201, Ft. Lauderdale, FL, (954) 463-2933 | 9/20/2006, 9:00 am |

G    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Same location as deposition. | 9/11/2006, 9:00 am |

G    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or
more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for
each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 8/23/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER    (415) 576-0200
Priya Sreenivasan, Townsend and Townsend and Crew, LLP, 2 Embarcadero Ctr, 8th Fl, San Francisco, CA 94111

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

**Exhibit A**

**DEFINITIONS**

1.    The term "you," "yours," shall mean Ralph Rousell.

2.    The term "refer," "relate," "relates," relating" or "regarding" shall mean that something summarizes, demonstrates, constitutes, reflects, contains, studies, analyzes, considers, explains, mentions, shows, discusses, describes, comments upon, results from, lists, identifies, concerns, embodies, mentions, shows, discusses, describes, comments upon, results from, lists, identifies, concerns, embodies, evidences, states, alludes to, deals with, contradicts or is in any way pertinent to the subject.

3.    "Immunoglobulin product(s)" means any product containing immunoglobulin ("Ig") antibodies, including but not limited to one or more of IgA, IgD, IgE, IgG and IgM antibodies, notwithstanding whether regulatory approval was sought or obtained for such product.

4.    Miscellaneous:  "and" and "or" shall each be considered as either conjunctive or disjunctive, whichever is more inclusive in content.  The terms "any" and "all" shall be considered to include "each and every."  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

**DOCUMENT REQUESTS**

Please produce for inspection on September 11, 2006, the following documents in your possession, custody or control:

1.    Publications, abstracts, posters, patents and/or presentations authored by you that relate to solvent/detergent treatment of immunoglobulins.

2.    Publications, abstracts, posters, patents and/or presentations relating to solvent/detergent treatment of immunoglobulins in your possession that were authored by persons other than you and that were published or issued prior to September 22, 1995.

3.    Publications, abstracts, posters, patents and/or presentations authored by you that relate to the measurement of anticomplement activity in immunoglobulins.

4.    Publications, abstracts, posters, patents and/or presentations relating to the measurement of anticomplement activity in immunoglobulins in your possession that were authored by persons other than you and that were published or issued prior to September 22, 1995.

5.    Publications, abstracts, posters, patents and/or presentations authored by you that refer to low pH incubation of immunoglobulin solutions.

6.    Publications, abstracts, posters, patents and/or presentations relating to low pH incubation of immunoglobulins in your possession that were authored by persons other than you and that were published or issued prior to September 22, 1995.

7.    Documents sufficient to show the experimental data, laboratory results and reports regarding the publication entitled "Anticomplement Activity and the Safety of Intravenous Immunoglobulin" authored by Ralph H. Rousell, Miriam D. Budinger, Douglas C. Keppler and Rae Victor.

60852369 v1

2

AO 88 (Rev. 10/2002) Subpoena in a Civil Case (Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SUBPOENA SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service true and correct.

Executed on _____

Date

Signature of Server

_____

Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;
(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the

place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.
(B)  If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT 4

✎ AO88  (Rev 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

TALECRIS BIOTHERAPEUTICS, INC. and
BAYER HEALTHCARE LLC,

V.

BAXTER INTERNATIONAL INC. and
BAXTER HEALTHCARE CORPORATION

### SUBPOENA IN A CIVIL CASE

Case Number:[1] 05-349-GMS
Pending in District of Delaware

TO:  Grace Tsay
1762 Oro Valley Cir #C1
Walnut Creek, California 94596-6157

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Townsend and Townsend and Crew, LLP, Two Embarcadero Center, 8th Floor, San Francisco, | 9/22/06, 9:00 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Townsend and Townsend and Crew, LLP, Two Embarcadero Center, 8th Floor, San Francisco, | 9/11/2006 |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 8/23/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Priya Sreenivasan, TOWNSEND AND TOWNSEND AND CREW LLP,
Two Embarcadero Center, San Francisco, CA 94111, (415) 576-0200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**Exhibit A**

**DEFINITIONS**

1.      The term "you," "yours," shall mean Grace C. Tsay.

2.      The term "refer," "relate," "relates," relating" or "regarding" shall mean that something summarizes, demonstrates, constitutes, reflects, contains, studies, analyzes, considers, explains, mentions, shows, discusses, describes, comments upon, results from, lists, identifies, concerns, embodies, mentions, shows, discusses, describes, comments upon, results from, lists, identifies, concerns, embodies, evidences, states, alludes to, deals with, contradicts or is in any way pertinent to the subject.

3.      "Immunoglobulin product(s)" means any product containing immunoglobulin ("Ig") antibodies, including but not limited to one or more of IgA, IgD, IgE, IgG and IgM antibodies, notwithstanding whether regulatory approval was sought or obtained for such product.

4.      Miscellaneous:  "and" and "or" shall each be considered as either conjunctive or disjunctive, whichever is more inclusive in content.  The terms "any" and "all" shall be considered to include "each and every."  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

**DOCUMENT REQUESTS**

Please produce for inspection on September 11, 2006, the following documents in your possession, custody or control:

1.      Publications, abstracts, posters, patents and/or presentations authored by you that relate to solvent/detergent treatment of immunoglobulins.

2.      Publications, abstracts, posters, patents and/or presentations relating to solvent/detergent treatment of immunoglobulins in your possession that were authored by persons other than you and that were published or issued prior to September 22, 1995.

3.     Publications, abstracts, posters, patents and/or presentations authored by you that relate to the measurement of anticomplement activity in immunoglobulins.

4.     Publications, abstracts, posters, patents and/or presentations relating to the measurement of anticomplement activity in immunoglobulins in your possession that were authored by persons other than you and that were published or issued prior to September 22, 1995.

5.     Publications, abstracts, posters, patents and/or presentations authored by you that refer to low pH incubation of immunoglobulin solutions.

6.     Publications, abstracts, posters, patents and/or presentations relating to low pH incubation of immunoglobulin solutions in your possession that were authored by persons other than you and that were published or issued prior to September 22, 1995.

60852354 v1

2

AO88 (Rev 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D :

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move, at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena, was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an uncertained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2002 © American LegalNet, Inc

# EXHIBIT 5

AO88  (Rev 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

TALECRIS BIOTHERAPEUTICS, INC. and
BAYER HEALTHCARE LLC,

**SUBPOENA IN A CIVIL CASE**

V.

BAXTER INTERNATIONAL INC. and
BAXTER HEALTHCARE CORPORATION

Case Number: [1] 05-349-GMS

Pending in District of Delaware

TO:    Paul K. Ng
       1008 Leland Drive
       Lafayette, CA 94549-4130

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Townsend and Townsend and Crew, LLP, Two Embarcadero Center, 8th Fl., San Francisco CA | 9/25/2006, 9:00 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Townsend and Townsend and Crew, LLP, Two Embarcadero Center, 8th Fl., San Francisco CA | 9/11/2006, 9:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 8/23/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Priya Sreenivasan, TOWNSEND AND TOWNSEND AND CREW LLP, Two Embarcadero Center, San Francisco, CA 94111, (415) 576-0200

(See Rule 45, Federal Rules of Civil Procedure. Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

2002 © American LegalNet. Inc.

## Exhibit A

### DEFINITIONS

1.      The term "you," "yours," shall mean Paul K. Ng.

2.      The term "refer," "relate," "relates," relating" or "regarding" shall mean that something summarizes, demonstrates, constitutes, reflects, contains, studies, analyzes, considers, explains, mentions, shows, discusses, describes, comments upon, results from, lists, identifies, concerns, embodies, mentions, shows, discusses, describes, comments upon, results from, lists, identifies, concerns, embodies, evidences, states, alludes to, deals with, contradicts or is in any way pertinent to the subject.

3.      "Immunoglobulin product(s)" means any product containing immunoglobulin ("Ig") antibodies, including but not limited to one or more of IgA, IgD, IgE, IgG and IgM antibodies, notwithstanding whether regulatory approval was sought or obtained for such product.

4.      Miscellaneous:  "and" and "or" shall each be considered as either conjunctive or disjunctive, whichever is more inclusive in content.  The terms "any" and "all" shall be considered to include "each and every."  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

### DOCUMENT REQUESTS

Please produce for inspection on September 11, 2006, the following documents in your possession, custody or control:

1.      Publications, abstracts, posters, patents and/or presentations authored by you that relate to solvent/detergent treatment of immunoglobulins.

2.      Publications, abstracts, posters, patents and/or presentations relating to solvent/detergent treatment of immunoglobulins in your possession that were authored by persons other than you and that were published or issued prior to September 22, 1995.

3.    Publications, abstracts, posters, patents and/or presentations authored by you that relate to the measurement of anticomplement activity in immunoglobulins.

4.    Publications, abstracts, posters, patents and/or presentations relating to measurement of anticomplement activity in immunoglobulins in your possession that were authored by persons other than you and that were published or issued prior to September 22, 1995.

5.    Publications, abstracts, posters, patents and/or presentations authored by you that refer to low pH incubation of immunoglobulin solutions.

6.    Publications, abstracts, posters, patents and/or presentations relating to low pH incubation of immunoglobulins in your possession that were authored by persons other than you and that were published or issued prior to September 22, 1995.

7.    Documents sufficient to show the experimental data, laboratory results and reports regarding the publication entitled "Process-Scale Purification of Immunoglobulin M Concentrate" authored by Paul K. Ng., Peter O'Rourke, John D. Anderson, Grace C. Tsay and Milton B. Dobkin.

60851142 v1

2

AO88  (Rev 1/94) Subpoena in a Civil  Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D :

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena, was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an uncertained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2002 © American LegalNet, Inc.