# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 05-349-GMS |
| BAXTER INTERNATIONAL INC., and | ) |
| BAXTER HEALTHCARE CORPORATION, | ) **Jury Trial Demanded** |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| BAXTER HEALTHCARE CORPORATION | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| v. | ) |
| | ) |
| TALECRIS BIOTHERAPEUTICS, INC., and | ) |
| BAYER HEALTHCARE LLC., | ) |
| | ) |
| Counterdefendants. | ) |
| | ) |

### PLAINTIFFS' FIRST NOTICE OF DEPOSITION PURSUANT TO
### FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

Plaintiff and Counterdefendant Talecris Biotherapeutics, Inc. ("Talecris") and Counterdefendant Bayer Healthcare LLC ("Bayer"; collectively "Plaintiffs") by their attorneys, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, request that Defendant Baxter International, Inc. and Defendant and Counterclaimant Baxter HeathCare Corporation (collectively, "Baxter" or "Defendants") designate and produce for deposition one or more authorized representative(s) most knowledgeable of the matters below and who can testify to the same.

The deposition will commence at 9:30 a.m. on September 13, 2006, at the Hyatt Westlake Plaza, 880 S. Westlake Boulevard, Westlake Village, California, 91361 and shall continue from day to day until completed. Please be advised that this deposition may be recorded by videotape in addition to stenographic recording, and that real-time transcription (e.g. LiveNote) will be used.

## DEFINITIONS

Plaintiffs hereby incorporate by reference all definitions and instructions set forth in Plaintiffs' First and Second Sets of Requests for Documents and Things; Plaintiffs' First Set of Interrogatories (Nos. 1-8); and Plaintiffs' Second Set of Interrogatories (Nos. 9-13) as though fully set forth herein. The terms listed below shall be further defined as follows:

1. **"Baxter"** as used herein means Baxter International Inc. and/or any and all past or present employees, officers, board members, directors, representatives, attorneys, consultants, agents, contractors, subcontractors, accountants, predecessors in interest, successors in interest, affiliates, joint venturers, subsidiaries, including Baxter Healthcare Corporation, and all other related, parent or affiliated companies, whether foreign or domestic, and anyone acting or purporting to act, directly or indirectly, on the behalf of any of these companies.

2. **"communication"** or **"communications"** mean any communication regardless of the manner in which the communications took place, including but not limited to, face-to-face conversations, correspondence, electronic or computer mail, telephone calls, facsimile communications, or telegrams.

3. **"concerning"** in any form of the term shall mean referring to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter, or any part thereof, identified in a request.

4. **"Defendant"**, **"Defendants"**, **"you"**, and **"your"** shall mean Baxter, which in turn means Baxter International Inc. and/or Baxter Healthcare Corporation, and any present or former officers, directors, trustees, and employees thereof, and Baxter's predecessor company or companies, and other legal entities that are wholly or partially owned or controlled by Baxter (or either of them), as well as all other individuals or business entities in the employ of or otherwise acting or purporting to act on behalf of Baxter.

5. **"describe"** or **"description"** when used with respect to any act, action, accounting, activity, audit, practice, process, occurrence, occasion, course of conduct, happening, negotiation, relationship, scheme, communication, conference, discussion, development, service, transaction, instance, incident or event means provide the following information: its general nature; the time and place thereof; a chronological account setting forth each element thereof, what such element consisted of and what transpired as a part thereof; the identity of each person who performed any function or had any role in connection therewith (e.g., speaker, participant, contributor of information, witness) or who has any knowledge thereof together with a description of each such person's function, role or knowledge; the identity of each document which refers thereto or which was used, referred to or prepared in the course or as a result thereof; and identify each communication which was a part thereof or referred thereto. When used in connection with any calculation or computation, the terms "describe" or "description" mean provide the following information: an explanation of its meaning; an explanation of the manner in which it was derived; the identity of each person who performed any function with respect thereto and a description of his function; the identity of each document which refers thereto or which was used, referred to or prepared in the course of or as a result thereof; and the

identity of each communication which occurred in the course of the preparation thereof or which referred thereto.

6. **"document"** means, in its broadest sense, all forms of recorded information in Baxter's actual or constructive possession, custody, or control including, but not limited to, any writing or recording of any type or description, whether written, printed, or recorded (mechanically, digitally, magnetically or electronically), or reproduced by hand, including, without limitation, any letters, correspondence, telegrams, memoranda, notes, records, reports, financial statements, statistical and financial records, minutes, memoranda, notice or notes of meetings, telephone or personal conversations or conferences or other communications, envelopes, interoffice, intra-office or intra-company communications, microfilm, microfiche, tape recordings, videotapes, photographs, bulletins, studies, plans, analyses, notices, computer records, runs, programs or software and any codes necessary to comprehend such records, runs, programs or software, books, pamphlets, illustrations, lists, forecasts, brochures, periodicals, diagrams, charts, graphs, indices, bills, statements, files, agreements, contracts, sub-contracts, completed forms, schedules, work sheets, data compilations, policies, amendments to policies or contracts, training manuals, operator's manuals, user's manuals, calendars, diaries, electronic mails (e-mails), test results, reports and notebooks, opinions or reports of consultants, and any other written, printed, typed, recorded, or graphic matter, of any nature, however produced or reproduced, including copies and drafts of such documents, and any and all handwritten notes or notations in whatever form. The term "documents" also includes all data or documentation that is stored in a computer or other storage device and can be printed on paper or tape, such as drafts of documents that are stored in a computer or word processor and information that has been inputted into a computer or other storage device, as well as disks or other materials on which the data or

documentation is found. Pursuant to the Federal Rules and as used herein, the term document includes any drafts or versions thereof, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears. Any copy of a document containing thereon or having attached thereto any alterations, notes, comments or other material which is not included in the original or other copies of such document shall be deemed a separate document.

7.  **"GAMMAGARD® Liquid"** means GAMMAGARD® Liquid Immune Globulin Intravenous (Human), 10% Solution, its equivalent known in the past, present or future by any other working name, code name, or term, its equivalent sold under any other trade name in the United States or in any foreign country, including but not limited to KIOVIG, and all immune globulin preparations exposed to solvent/detergent treatment during processing, finally packaged in liquid solution form, and intended to be suitable for intravenous administration, whether or not developed sufficiently that you or your agents have commenced any regulatory approval process or produced, marketed, sold, or offered for sale by Baxter or its agents, licensees, or distributors.

8.  "**immune globulin intravenous**" and "**IGIV**" mean an enriched immune globulin preparation isolated from human plasma intended [notwithstanding regulatory approval,] for intravenous administration to humans.

9.  "**known**" or "**knowledge**", as the term is used herein, shall include information which has been or can be obtained by any means whether or not the information now is in the possession, custody or control of Baxter.

10. **"the Litigation"** as used herein means the case of *Talecris Biotherapeutics, Inc. v. Baxter International Inc, et al.*, Civil Action No. 05-349-GMS (D. Del.).

11. "**the '191 patent**" shall mean U.S. Patent No. 6,686,191, and "**the '447 patent**" shall mean European Patent No. EP 0 764 447 B1. The term "patent-in-suit" shall mean the '191 patent.

12. "**person**" or "**persons**" means both natural persons and/or other business entities, associations, government agencies, or other organizations recognizable at law and the "acts" of a person, are defined to include the acts of directors, officers, owners, members, employees, agents, or attorneys acting on the person's behalf.

13. **"Plaintiffs"** means collectively Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC, and any and all of their subsidiaries, affiliates, officers, directors, employees, agents, or others acting on Plaintiffs' behalf.

14. "**prosecution**" shall mean or refer to proceedings before any patent office, either the United States Patent and Trademark Office (USPTO) or a foreign patent office, including the European Patent Office ("EPO"), in connection with the filing, examination and/or issuance of a particular patent or application.

15. "**prior art**" means all documents and things, patents, publications, disclosures, sales, offers for sale, public uses, prior inventions, derivation or other acts or occurrences that Baxter contends or may contend are prior art within the broadest possible meanings of 35 U.S.C. §§ 102 or 103.

16. "**publication**" or "**published**" mean any document printed, reproduced or duplicated by any method, where such document has been disseminated or otherwise made available to any person.

17. **"refer"**, **"referring"**, **"relate"** or **"relating"** mean information which:

    (a)    contains or comprises in whole or in part any communication -- including representations, requests, demands, and the like -- which is the subject matter of a request, or

    (b)    discusses, mentions, describes or evidences, whether directly or indirectly, in whole or in part, the subject matter of a request.

18.    "**solvent/detergent**" or "**S/D**" means an organic solvent, typically tri-n-butyl phosphate or TNBP, and a detergent, which includes but is not limited to one or more cholate salts, especially sodium cholate, polysorbate 80 or Tween 80, Triton X-100 and octoxynol 9, and methods comprising their exposure to any blood product or blood extract in order to inactivate certain viruses.

19.    **Miscellaneous**. "and" and "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in content. The terms "any" and "all" shall be considered to include "each and every." The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of a noun or pronoun so used, and vice versa.

## DEPOSITION CATEGORIES

1. Sales and marketing of GAMMAGARD® Liquid.
2. Baxter's supply of plasma and the past and present manufacturing capacity of GAMMAGARD® Liquid.
3. Manufacturing and supply of past and present IGIV products by Baxter.
4. Communications with any supplier or potential supplier of plasma, plasma extract, plasma fraction, or any other component, excipient, container, equipment or any other product used to manufacture GAMMAGARD® Liquid for sale in the United States.

5. Past, present or future sales in the United States and all foreign countries of GAMMAGARD® Liquid and KIOVIG, and profits derived from such sales.

6. Past, present or future market share in the United States and all foreign countries of GAMMAGARD® Liquid and KIOVIG.

7. Information, data or other things considered, used or relied upon in preparing financial plans, projections, forecasts or market analysis for GAMMAGARD® Liquid and KIOVIG.

8. Marketing or promotion of GAMMAGARD® Liquid and KIOVIG in the United States and foreign countries.

9. Any market survey, projection, analysis or study regarding the past, present or expected sales and/or use of products comprising one or more human IGIV products.

10. The decision by management to market GAMMAGARD® Liquid.

11. Baxter's contentions as to what is a reasonable royalty for the use of the inventions claimed in the '191 patent.


August 28, 2006

                                                                                     /s/ Jeffrey B. Bove

| | |
|---|---|
| Bradford J. Badke | Jeffrey B. Bove (#998) |
| Gabrielle Ciuffreda | Mary W. Bourke (#2356) |
| ROPES & GRAY LLP | Mark E. Freeman (#4257) |
| 1251 Avenue of the Americas | Jaclyn M. Mason (#4737) |
| New York, NY 10020-1105 | CONNOLLY BOVE LODGE & HUTZ LLP |
| (212) 596-9000 | The Nemours Building |
| | 1007 North Orange Street |
| | Wilmington, DE 19801 |
| *Attorneys for Bayer* | (302) 658-9141 |
| *Healthcare LLC* | |
| | *Attorneys for Talecris Biotherapeutics, Inc.* |
| | *and Bayer Healthcare LLC* |

# CERTIFICATE OF SERVICE

I, JEFFREY B. BOVE, ESQUIRE, do hereby certify that I caused a true copy of the foregoing document **PLAINTIFFS' FIRST NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**, to be served upon the below listed in the manner indicated on August 28, 2006.

**Via Hand Delivery and E-Mail**
Philip A. Rovner, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE  19899
(302) 984-6140

**Via Federal Express and E-Mail**
Susan Spaeth, Esquire
Townsend and Townsend and Crew LLP
379 Lytton Avenue
Palo Alto, CA 94301-1431
(415) 576-0200

By: ___/s/ Jeffrey B. Bove_____
    Jeffrey B. Bove, Esquire (# 998)

484377