TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

PUBLIC VERSION

Palo Alto, California
Tel 650 326-2400

Walnut Creek, California
Tel 925 472-5000

San Diego, California
Tel 858 350-6100

Denver, Colorado
Tel 303 571-4000

Seattle, Washington
Tel 206 467-9600

San Francisco

Two Embarcadero Center
Eighth Floor
San Francisco
California 94111
Tel 415 576-0200
Fax 415 576-0300

Direct: (415) 273-7560
jggilliland@townsend.com

September 5, 2006

*VIA E-FILING*

Hon. Gregory M. Sleet
United States District Court
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

**FILED UNDER SEAL**

Re:    Talecris Therapeutics, Inc. v. Baxter International, Inc., et al.
       Defendants' Response to Plaintiffs' Motion to Disqualify Counsel
       Our File No.: 018652-004000US

Dear Judge Sleet:

Fourteen years ago Townsend and Townsend, the predecessor to defendants' lead defense counsel, represented Miles, Inc., a company that is not a party to this lawsuit, asserting a patent that is not the patent-in-suit here, against a product not accused here, sold by a company that is not a party here. On this extraordinarily thin reed Talecris Biotherapeutics and Bayer Healthcare LLC attempt to support a motion to disqualify Baxter International's lead counsel fifteen months after this lawsuit began and right in the middle of discovery. Yet Bayer has known for over three years that Townsend is Baxter's primary patent litigation counsel. This belated, highly prejudicial, and groundless motion should be denied.

## I.    The Applicable Law

Talecris incorrectly contends that Townsend has violated Delaware Rule of Professional Conduct 1.9(a) by representing a new client (Baxter) against a former client (Miles) on a "substantially related" matter and, therefore, should be disqualified from continuing to defend Baxter in this action. "[M]otions to disqualify are generally disfavored." *Captain Barbara Conley v. Colonel L. Aaron Chaffinch*, 431 F. Supp. 2d 494, 496 (D. Del. 2006); *Integrated Health Service of Cliff Manor, Inc. v. THCI Company, LLC.*, 327 Bankr. Rptr. 200, 204 (D. Del. 2005). Consequently, the party seeking disqualification must "clearly show[] that continued representation would be impermissible." *Integrated Health Service, supra, quoting Cohen v. Oasin*, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994); *Elonex I.P. Holdings, Ltd. v. Apple Computer, Inc.*, 142 F. Supp. 2d 579, 581 (D. Del. 2001).

To determine whether Rule 1.9(a) has been transgressed, this Court undertakes "a painstaking analysis of the facts" to determine: "(1) What is the nature and scope of the prior

TOWNSEND
  *and*
TOWNSEND
  *and*
  CREW
    LLP

Hon. Gregory M. Sleet
September 5, 2006
Page 2

representation at issue; (2) what is the nature of the present lawsuit against the former client; and (3) in the course of the prior representation might the client have disclosed to his attorney confidences which could be relevant to the present action and, in particular, could any such confidences be detrimental to the former client in the current litigation?" *Conley, supra,* 431 F. Supp. 2d at 496 – 497; *Integrated Health Service, supra,* 327 B. R. at 206 – 207, *quoting Satellite Fin. Planning Corp. v. First Nat'l Bank of Wilmington,* 652 F. Supp. 1281, 1282-83 (D. Del. 1987)(internal quotations omitted.)[1]  Disqualification is never automatic; rather, the Court has "wide discretion" to frame any sanctions to be "just and fair to all parties involved." *United States v. Miller,* 624 F. 2d 1198, 1201 (3d Cir. 1980).  Moreover, a motion to disqualify can be denied if the moving party has unduly delayed asserting the alleged conflict.  *Conley, supra,* 431 F. Supp. 2d at 498 – 499.  Here the facts of Townsend's prior representation, and the timing of this motion, both require that the motion be denied.

**II.     Townsend's Prior Representation of Miles Was Not Substantially Related to the Current Litigation**

In the present lawsuit Talecris and Bayer Healthcare accuse Baxter of infringing U.S. Patent 6,686,191 issued to William Alonso in 2004 (the "Alonso Patent.")  The Alonso Patent is directed at a particular process for making intravenously administrable immunoglobulins which eliminates viruses by, first, treating the immunoglobulin solution with a solvent/detergent mix which causes an increase in undesirable anticomplement activity ("ACA") and, second, reducing the ACA in that solution to "an acceptable level suitable for intravenous administration" through incubation "under controlled conditions of time, pH, temperature, and ionic strength".  *See,* Talecris Ex. 6, Claim 1.  The Alonso Patent discusses at length the work done years earlier by R. A. Tenold relating to the reduction of ACA and G. Mitra relating to the reduction of viruses in immunoglobulin solutions.  *See, id.,* at Cover page, Drawing Sheet, Col. 2:26 – 31; Col. 9:66 – Col. 10:6; Col. 10:42 – 50; Col. 10: 67; Col 11: 11 – 12.  Both Tenold and Mitra obtained patents on their inventions and both patents are acknowledged on the face of the Alonso Patent being

---

[1] California law is similar.  *Cobra Solutions, City and County of San Francisco et al. v. Cobra Solutions,* 38 Cal 4th 839, 847 (2006) (*citing* Rules Prof. Conduct, rule 3-310(E)).  In determining whether a "substantial relationship" exists "a court must first determine whether the attorney had a direct professional relationship with the <u>former client</u> in which the attorney personally provided legal advice and services on a legal issue that is <u>closely related</u> to the legal issue in the present representation."  *Id.* (*citing Jessen v. Hartford Casualty Ins. Co.,* 111 Cal.App.4th 698, 710-711 (2003)) (emphasis added).  "'[T]he courts focus less on the meaning of the words "substantial" and "relationship" and look instead at the practical consequences of the attorney's representation of the former client.  The courts ask whether confidential information material to the current dispute would normally have been imparted to the attorney by virtue of the nature of the former representation.'"  *Pour Le Bebe, Inc. v. Guess? Inc.,* 112 Cal. App. 4th 810, 823 (2003) (*quoting H.F. Ahmanson & Co. v. Salomon Brothers, Inc.,* 229 Cal.App.3d 1445, 1453-1454 (1991)).

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Hon. Gregory M. Sleet
September 5, 2006
Page 3

asserted in this lawsuit. *Ibid.* The Alonso Patent also notes that A.R. Neurath, *et. al.*, were granted U.S. Patent No. 4,540,573 in 1985 for the solvent/detergent treatment process. *Id.,* Cover Page, Col. 1:42-53; Col. 11:7.

In 1992 Townsend was hired by Miles, Inc. to assert Tenold patent 4,396,608 against an immunoglobulin product called Venoglobulin–S sold in the U.S. by Alpha Therapeutic Corporation. That matter was not "substantially related" to the present lawsuit: Miles, Inc. is not a litigant here; the Tenold patent is not being asserted here; and, the accused product is not Venoglobulin–S or any product related to it.

Townsend's client in 1992 was Miles, Inc. Years later Miles became Bayer Corporation of Pittsburgh, Pennsylvania. Talecris Ex. 7. Bayer Corporation is <u>not a party</u> to the current litigation. Indeed, to obtain discovery from it in this lawsuit a third-party subpoena had to be served upon Bayer Corp. Gilliland Declaration, ¶ 11 and Ex. A (attached hereto as Exhibit 1). Therefore, Townsend is not appearing in an action against its former client. Bayer Healthcare LLC of Tarrytown, New York, is the assignee of the Alonso Patent and is the plaintiff here. Talecris Ex. 6, Cover Page. Bayer Healthcare LLC was <u>not a client</u> of Townsend. To prevail in this motion plaintiffs were obliged to show some prejudice to Townsend's former client, Bayer Corporation. *Conley, supra,* 431 F. Supp. 2d at 496 – 497. They have introduced no such evidence whatsoever.

The Tenold '608 patent which was asserted in the *Alpha Therapeutic* lawsuit does not claim any method of viral inactivation. Rather, its claims focus entirely on regulating the pH and ionic strength of the immunoglobulin solution as a way of reducing ACA and increasing the stability of the product. *See,* Talecris Ex. 4 at Col. 8:8 – 31; Col. 9:47 – Col. 10:51. The application leading to the '608 patent was filed in 1981, fourteen years before the Alonso Patent application was filed. The patent issued in 1983, twenty-one years before the Alonso Patent issued. *Compare,* Talecris Ex. 4, pg. 1 *with* Talecris Ex. 6, pg. 1. Indeed, the Tenold patent expired six years ago! To the extent Townsend attorneys learned anything of the research performed by Dr. Tenold, it was work done well more than a decade before the Alonso Patent application was filed and two decades before it issued.

Venoglobulin-S, the accused product in the *Alpha Therapeutic* case, while an immunoglobulin product, was quite different from the Baxter product accused of infringement in the current case. Venoglobulin-S did not have the solvent/detergent step referenced in the Alonso Patent, or the combination of steps recited in Claim 1, since the solvent/detergent process was not invented by Neurath *et. al.* until 1985, three years after the lawsuit. Of course, anything Townsend learned about Alpha Therapeutics' product is irrelevant to any issue in the current case.

Since the *Alpha Therapeutic* case involved different parties, different patents, and different accused products than the present lawsuit, Talecris has failed to prove that Townsend's

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

prior work was "substantially related" to the current lawsuit and there is no basis for the Court even to consider disqualification.

### III.    There Is No Reason To Infer That Townsend Learned Any Confidential Information From Miles

The Townsend partner in charge of the *Alpha Therapeutic* case, Albert Hillman, retired from Townsend more than ten years ago. *See,* Spaeth Declaration, ¶ 3 (attached hereto as Exhibit 2). Susan Spaeth, one of Baxter's attorneys here, worked on the matter as a third-year associate, but her involvement was quite limited since she was much more actively engaged in other work for other clients. *Ibid,* ¶¶ 4-5. Apparently the only pleading signed by her in the case was a stipulation for an extension of time. Talecris Ex. 1(C). Ms. Spaeth has no recollection of any information learned from Miles or Dr. Tenold or Mr. Giblin and she has no documents or files from the case. *Id.,* ¶¶ 6-7. Indeed, Townsend itself has no files or billing records from the case because it occurred so far in the past. Ex. 1, ¶¶ 6-8.

More fundamentally, the entire premise of Talecris' motion is flawed, since the relevance of the Tenold and Mitra patents as prior art is plainly obvious from the face of the Alonso Patent itself. Indeed, the file history of the application leading to the Alonso Patent is replete with references to Tenold and Mitra. Rather than burden the Court with the 100+ page file history, Baxter submits with this letter the Declaration of Brian Clarke (attached hereto as Exhibit 3), who has read through the entire file history and noted the 72 times the Tenold patent is mentioned and the 34 occasions on which the Mitra patent is mentioned. *See,* Ex. 3, ¶¶ 4 - 9. Public information is not confidential information. Likewise, Townsend learned the identity of Dr. Rousell through a standard search of published references which, again, are not secret. *Ibid,* ¶ 10. There is a great deal of prior art which calls into question the validity of the Alonso Patent. *See,* Talecris Ex. 3, pp. 5-6. Indeed, to invalidate the patent the art has to be public, which it is!

Finally, even if these references were not already public information it still does not follow that Townsend's work for Miles fourteen years ago would have led its lawyers to learn anything material to the present lawsuit. To the extent Alpha Therapeutic contested the validity of the Tenold patent, Townsend would have reviewed the work done in or before 1981 when the Tenold application was filed, *not* the state of the art fourteen years later when Alonso filed his application. Moreover, no one in the present case is contesting the validity of the Tenold patent so whatever Townsend learned about it is irrelevant. And Dr. Alonso's patent application was filed three years after Townsend completed its representation of Miles.

### IV.    Bayer's Undue Delay In Filing this Motion, and the Prejudice it Would Cause, Warrant Denial of the Request to Disqualify

REDACTED

TOWNSEND
and
TOWNSEND
and
CREW
LLP

# REDACTED

There is no doubt that Bayer and its counsel have known of Townsend's work for Baxter, and its prior work for Bayer, for many years. By delaying so long in raising the current conflict-of interest claim, plaintiffs have waived the opportunity to do so. *Conley, supra,* 431 F. Supp. 2d at 498 – 499.

Townsend has represented the Baxter's Bioscience unit in litigation matters for twelve years. Ex. 2, ¶ 12; Ex. 1, ¶ 10. It would be a great hardship to Baxter to require it to obtain new litigation counsel at this time. Thus is particularly true since the parties are in the middle of percipient witness depositions all over the world, *Markman* claim construction submissions are due in October, and experts are being selected now. Ex. 2, ¶¶ 12 - 13. If plaintiffs' motion is granted all of this work will halt, the due dates will have to be vacated and the trial date postponed. *Ibid.* In such circumstances, the Court should exercise its discretion and deny the motion to disqualify. *Elonex I.P. Holdings, Ltd., supra,* 142 F. Supp. 2d at 583-585.

## V.    Conclusion

No conflict of interest arises from Townsend's representation of a company that is not a litigant here, asserting a patent not asserted here, against a product not accused here. Even if there were a conflict plaintiffs' motion should be denied because the relevance of prior art publications is evident from the face of the Alonso Patent itself, plaintiffs unduly delayed in raising this issue and disqualification under these circumstances would decrease, not increase, public confidence in the integrity of these proceedings.

Sincerely yours,

James G. Gilliland, Jr.

JGG/sst
60856127 v1

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION,<br><br>Defendants. | Civil Action No.: 05-349-GMS<br><br><u>Jury Trial Demanded</u> |
| BAXTER HEALTHCARE CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Counterdefendants. | **PUBLIC VERSION** |

## DECLARATION OF JAMES G. GILLILAND, JR. IN RESPONSE TO PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL

I, James G. Gilliland, Jr., declare:

1.    I am Chairman of the law firm of Townsend and Townsend and Crew, LLP. I make this declaration of my personal knowledge.

2.    On January 1, 1993, the law firm of Townsend and Townsend merged with the law firm of Khourie, Crew & Jaeger, P.C. to form the law firm now known as Townsend and Townsend and Crew LLP (hereafter, "TTC.") I was a principal in the Khourie, Crew firm and joined TTC on January 1, 1993, as a result of the merger.

3.    Upon joining TTC I learned that Townsend and Townsend had not had a uniform central filing system or process. Some of the files were maintained centrally, others were maintained by individual lawyers. Whether or not the files in a matter were maintained centrally

1

depended upon the personal preferences of the individual attorneys who were working on a matter.

4.    In late 1994 or early 1995 TTC implemented a central filing requiring that all files, at least for litigation matters, be maintained in a central location.

5.    After the merger TTC implemented a new electronic time-keeping and billing system. TTC also has implemented a new accounting hardware and software system.

6.    On August 14, 2006, Jeffrey Bove, counsel for Talecris Biotherapeutics and Bayer Healthcare LLC, called me to state that his clients believed TTC had a conflict of interest in representing Baxter International and Baxter Healthcare in this litigation because of work Townsend and Townsend had done fourteen years ago before the merger with Khourie, Crew & Jaeger. Specifically, he said that Townsend and Townsend had represented Miles, Inc. in the lawsuit, *Miles, Inc. v. Alpha Therapeutic Corporation*, C92 1975 VRW (N.D. Cal.).

7.    After Mr. Bove's call I asked TTC's administrative staff to search the firm's records for any files pertaining to this lawsuit. I also asked for all time-keeping and billing records related to the matter.

8.    In response to my request I learned from TTC's Executive Director that TTC does not have any files from this lawsuit since the *Alpha Therapeutic* matter occurred so long ago. It appears the files were maintained personally by Al Hillman, a former partner in the firm who retired more than ten years ago. I also learned that TTC does not have any time-keeping or billing records for that matter, again because it occurred so long ago and prior to TTC's implementation of its new accounting systems.

9.    Townsend's records show that old files in its possession were returned to Bayer Corporation in 2002.

10.

# REDACTED

2

REDACTED

11.     Bayer Corporation is not a party to this lawsuit.  Indeed, to obtain discovery from Bayer Corporation it was necessary to serve a third-party subpoena. A copy of the proof of service of that subpoena is attached hereto as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 5th day of September, 2006, in San Francisco, California.

James G. Gilliland, Jr.

3

# EXHIBIT A

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| WESTERN | DISTRICT OF | PENNSYLVANIA |
|---|---|---|

TALECRIS BIOTHERAPEUTICS, INC.

V.

BAXTER INTERNATIONAL INC. and
BAXTER HEALTHCARE CORPORATION

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-349-GMS
USDC, District of Delaware

TO:  BAYER CORPORATION
      100 Bayer Road
      Pittsburgh, PA 15205-9741

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Powers Garrison & Hughes, 600 Warner Center, 332 5th Avenue Pittsburgh, PA 15222, (412) 263-2088 | DATE AND TIME 9/15/2006 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE  Powers Garrison & Hughes, 600 Warner Center, 332 5th Avenue Pittsburgh, PA 15222, (412) 263-2088 | DATE AND TIME 9/8/2006 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 8/23/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Priya Sreenivasan, TOWNSEND AND TOWNSEND AND CREW LLP, Two Embarcadero Center, 8th Floor, San Francisco, CA 94111, Telephone (415) 576-0200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | *August 24, 2006* | *100 Bayer Rd.* *Pittsburgh, PA 15205* |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| *Lisa Floro* | *Corporate to Registered Agent* |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| *Brenda Washburn* | *Process Server* |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    *August 25, 2006*
DATE

*Brenda Washburn*
SIGNATURE OF SERVER

*1501 Preble Ave*
ADDRESS OF SERVER

*Pittsburgh, PA 15233*

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmandemanding party to contest the claim.

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION, <br><br> Defendants. | Civil Action No.: 05-349-GMS <br><br> <u>Jury Trial Demanded</u> |
| BAXTER HEALTHCARE CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Counterdefendants. | **PUBLIC VERSION** |

## DECLARATION OF SUSAN M. SPAETH IN RESPONSE TO PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL

I, Susan M. Spaeth, declare:

1.      I am a partner at the law firm of Townsend and Townsend and Crew LLP and one of the counsel of record for defendants Baxter International Inc. and Baxter Healthcare Corporation. I make this declaration of my personal knowledge.

2.      In 1992 I was a third year associate at Townsend and Townsend, the predecessor to Townsend and Townsend and Crew. During that year I worked briefly on the lawsuit *Miles, Inc. v. Alpha Therapeutic Corporation*, C92 1975 VRW. I was one of two junior associates on the case. The partner in charge of the case was Albert Hillman; Guy Chambers was the second partner on the case and Minaski Bhatt was the other junior associate.

3.     Mr. Hillman retired from Townsend more than a decade ago. Minaski Bhatt left Townsend approximately fourteen years ago, in September 1992. Guy Chambers remains at Townsend but he does not provide legal services to Baxter and has had no involvement in the defense of this lawsuit.

4.     During 1992 I devoted little time to the *Alpha Therapeutic* matter. Rather, the focus of my work that year was spent assisting a different Townsend client, Bio-Rad Laboratories, in the pre-trial preparation, trial, post-trial and appeal of a patent infringement case. Trial was held in February and March, 1992, with all of the post-trial proceedings immediately thereafter. The verdict in that case was against our client, and our post-trial motions were denied, so I then turned to assisting with the appeal to the Federal Circuit. Our Opening Brief was filed in about June, 1992, and I worked on that brief as well as the Appendix that had to be submitted to the Court of Appeals. By the end of 1992 I was working virtually full time on the defense of an International Trade Commission exclusion proceeding against Townsend client Hyundai Semiconductor. To the extent I spent any portion of my time during 1992 working on the *Alpha Therapeutic* matter it was a small portion.

5.

REDACTED

2

REDACTED

6.    I have no files, notes, pleadings or other documents in my possession relating to the *Alpha Therapeutics* matter.  Nor do I have access to any such documents.

7.    I have no knowledge or recollection of learning anything during my limited work on the *Alpha Therapeutic* matter regarding the work of Miles, Inc. or Dr. Tenold.  Before discovery in this case began I did not know anything that is not publicly available information in the file history of the application for a patent filed by Dr. William Alonso.

8.

REDACTED

9.

REDACTED

3

10.

REDACTED

11.    At no time before August 9, 2006, did any person representing the interests of Bayer Corporation or Bayer Healthcare LLC ever state that Bayer was concerned that Townsend or I had a conflict of interest in this lawsuit.

12.    Townsend and I have represented Baxter in litigation matters continuously for the past twelve years; we have represented Baxter's Bioscience unit, the one involved in both this lawsuit and the *Aventis* case, since 1997.  It would be a great and undeserved hardship to the client to disqualify Townsend from continuing the defense of this action.  Moreover, this lawsuit has been pending for fifteen months.  The parties are in the midst of intensive depositions, taking a deposition almost every business day from mid-August through the end of September in the United States and Europe.  Indeed, I am signing this declaration in Vienna, Austria, because Talecris is currently taking the depositions of Baxter witnesses located here.

13.    Fact discovery ends on September 29, 2006.  The Final Joint Claim Chart submission of the parties is due October 13, 2006, and the *Markman* hearing is scheduled for December 14, 2006.  Opening expert reports are due January 10, 2007, so the parties are in the

4

midst of retaining those experts right now.  If Baxter is forced to hire new defense counsel all of these dates will have to be vacated and trial will have to be postponed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this _3/_ day of August, 2006, in Vienna, Austria.

Susan M. Spaeth

# EXHIBIT A

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT B

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION,<br><br>Defendants. | Civil Action No.: 05-349-GMS<br><br>Jury Trial Demanded |
| BAXTER HEALTHCARE CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Counterdefendants. | **PUBLIC VERSION** |

## DECLARATION OF BRIAN T. CLARKE

I, Brian T. Clarke, declare:

1.      I am an associate at the law firm of Townsend and Townsend and Crew LLP and one of the counsel of record for Defendant Baxter International Inc. and Defendant/Counterclaimant Baxter Healthcare Corporation (collectively "Baxter"). I make this declaration of my personal knowledge.

2.      I am a licensed attorney in the State of California, bar number 194234, and certified to practice before the United States Patent and Trademark Office, registration number 45,552.

3.      I have thoroughly reviewed Baxter Deposition Exhibit No. 1, a photocopy of the certified copy of the file history for U.S. Patent No. 6,686,191 ("the '191 Patent"), which is the

patent that Talecris and Bayer Healthcare are asserting in this lawsuit.

4.    I performed the review of the '191 Patent file history for the purpose of identifying the number of occurrences in that history of references to Tenold (Robert Tenold, inventor of U.S. Pat. No. 4,396,608), Mitra (Gautam Mitra, a named inventor of U.S. Pat. No. 4,762,714), or Giblin (James Giblin one of the prosecuting attorneys of the application that issued as the '191 Patent).

5.    The file history (including the specification) cites Tenold 72 times.

6.    The file history (including the specification) cites Mitra 34 times.

7.    The file history mentions Giblin 8 times.

8.    The number of times the file history cites Tenold and Mitra plainly reveals the significance of the Tenold and Mitra prior art patents.

9.    The file history also reveals Mr. Giblin's work as prosecuting attorney.

10.    I have investigated within Townsend and Townsend and Crew how we became aware of the prior work of Ralph Rousell (Rousell). Based on this investigation, it is my understanding that we became aware of Rousell by virtue of prior art searches conducted in connection with the defense of this lawsuit, not through our representation of Miles. That search revealed five articles authored or co-authored by R. H. Rousell regarding intravenous immunoglobulins and viral safety, anticomplementary activity, or both.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 5th day of September, 2006, in Palo Alto, California.

Brian T. Clarke

60856254 v1

2