IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION, <br><br> Defendants. | C. A. No. 05-349-GMS <br><br> JURY TRIAL DEMANDED |
| BAXTER HEALTHCARE CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Counterdefendants. | |

## NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, a subpoena, attached hereto as Exhibit 1, is being served on Gautam Mitra c/o Gabrielle Ciuffreda, Esq., Ropes & Gray LLP, 1251 Avenue of the Americas, New York, NY 10020.

        POTTER ANDERSON & CORROON LLP

OF COUNSEL:

| | |
|---|---|
| James G. Gilliland, Jr. <br> Susan M. Spaeth <br> Anne M. Rogaski <br> TOWNSEND and TOWNSEND and CREW LLP <br> 379 Lytton Avenue <br> Palo Alto, CA 94301 <br> (650) 326-2400 <br><br> Dated: September 12, 2006 <br> 749956 | By: /s/ Philip A. Rovner <br>     Philip A. Rovner (#3215) <br>     Hercules Plaza <br>     P.O. Box 951 <br>     Wilmington, DE 19899-0951 <br>     (302) 984-6000 <br>     E-mail: provner@potteranderson.com <br><br> *Attorneys for Defendant* <br> *Baxter International Inc. and* <br> *Defendant/Counterclaimant* <br> *Baxter Healthcare Corporation* |

# EXHIBIT 1

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MARYLAND

TALECRIS BIOTHERAPEUTICS, INC., et al
V.
BAXTER INTERNATIONAL INC. and
BAXTER HEALTHCARE CORPORATION

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-349-GMS, USDC, District of Delaware

TO: Gautam Mitra
510 Jacala Terrace
Rockville, MD 20850-7740

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Whittman Reporting, 15200 Shady Grove Road, Suite 350 Rockville, MD 20850, (301) 279-7599 | 9/15/2006, 9:30 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Whittman Reporting, 15200 Shady Grove Road, Suite 350 Rockville, MD 20850, (301) 279-7599 | 9/15/2006, 9:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorneys for Defendant Baxter International Inc. and Baxter Healthcare Corporation | 9/12/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Priya Sreenivasan, TOWNSEND AND TOWNSEND AND CREW LLP, Two Embarcadero Center, 8th Floor, San Francisco, CA 94111, Telephone (415) 576-0200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance. state district under case number

American LegalNet, Inc.
www.USCourtForms.com

## Exhibit A

## DEFINITIONS

1. The term "you," "yours," shall mean Gautam Mitra.

2. The term "refer," "relate," "relates," relating" or "regarding" shall mean that something summarizes, demonstrates, constitutes, reflects, contains, studies, analyzes, considers, explains, mentions, shows, discusses, describes, comments upon, results from, lists, identifies, concerns, embodies, mentions, shows, discusses, describes, comments upon, results from, lists, identifies, concerns, embodies, evidences, states, alludes to, deals with, contradicts or is in any way pertinent to the subject.

3. "Immunoglobulin product(s)" means any product containing immunoglobulin ("Ig") antibodies, including but not limited to one or more of IgA, IgD, IgE, IgG and IgM antibodies, notwithstanding whether regulatory approval was sought or obtained for such product.

4. Miscellaneous: "and" and "or" shall each be considered as either conjunctive or disjunctive, whichever is more inclusive in content. The terms "any" and "all" shall be considered to include "each and every." The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

## DOCUMENT REQUESTS

Please produce for inspection on September 15, 2006, the following documents in your possession, custody or control:

1. Publications, abstracts, posters, patents and/or presentations authored by you that relate to solvent/detergent treatment of immunoglobulins.

2. Publications, abstracts, posters, patents and/or presentations relating to solvent/detergent treatment of immunoglobulins in your possession that were authored by persons other than you and that were published or issued prior to September 22, 1995.

3. Publications, abstracts, posters, patents and/or presentations authored by you that relate to the measurement of anticomplement activity in immunoglobulins.

4. Publications, abstracts, posters, patents and/or presentations relating to measurement of anticomplement activity in immunoglobulins in your possession that were authored by persons other than you and that were published or issued prior to September 22, 1995.

5. Publications, abstracts, posters, patents and/or presentations authored by you that refer to low pH incubation of immunoglobulin solutions.

6. Publications, abstracts, posters, patents and/or presentations relating to low pH incubation of immunoglobulins in your possession that were authored by persons other than you and that were published or issued prior to September 22, 1995.

7. Documents sufficient to show the experimental data, laboratory results and reports regarding the publication entitled "Elimination of infections retrovirus during preparation of immunoglobulins" authored by G. Mitra, M.P. Wong, M.M. Mozen, J.S. Mc Dougal, J.A. Levy.

8. Documents sufficient to show the experimental data, laboratory results and reports regarding U.S. Patent No. 5,419,906.

60852343 v1

...

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED: | PLACE |
|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on \_\_\_\_\_

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

American LegalNet, Inc
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

American LegalNet, Inc.
www.USCourtForms.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on September 12, 2006, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Jeffrey B. Bove, Esq.
Mary W. Bourke, Esq.
Mark E. Freeman, Esq.
Jaclyn Mason, Esq.
Donna Hallowell
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
jbove@cblh.com, mbourke@cblh.com
mfreeman@cblh.com, jmason@cblh.com
dhallowell@cblh.com

I hereby certify that on September 12, 2006 I have sent by E-mail and Federal Express the foregoing documents to the following non-registered participants:

Bradford J. Badke, Esq.
Gabrielle Ciuffreda, Esq.
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020-1105
bradford.badke@ropesgray.com
gabrielle.ciuffreda@ropesgray.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com