# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TALECRIS BIOTHERAPEUTICS, INC., AND            )
BAYER HEALTHCARE LLC,                          )
                                               )
        PLAINTIFFS,                            )
                                               )
        V.                                     )          C.A. NO. 05-349-GMS
                                               )
BAXTER INTERNATIONAL INC., AND                 )          JURY TRIAL DEMANDED
BAXTER HEALTHCARE CORPORATION,                 )
                                               )
        DEFENDANTS.                            )
                                               )

## DECLARATION OF JAMES GIBLIN

I, James A. Giblin, declare as follows:

1. My current address is: 5 Sheryl Court, Pleasant Hill, CA 94523.

2. I am currently retired.

3. I am an attorney licensed to practice law in the states of California and Illinois.

4. I submit this declaration in support of Plaintiffs Motion to Disqualify Townsend and Townsend and Crew LLP and Susan Spaeth in the above captioned litigation.

5. I was employed as an attorney at Cutter Laboratories ("Cutter") beginning in 1977.

6. During my employment there, through a series of corporate transactions, Cutter was renamed Miles Laboratories, then Miles Inc. ("Miles") and finally Bayer Corporation ("Bayer").

7. I retired from Bayer in 2001.

8. In 1992 and 1993, I was employed as an Associate Patent Counsel for Miles.

9. In 1992 and 1993, the law firm of Townsend and Townsend and Crew LLP ("Townsend") was employed by Miles to represent it asserting infringement of

United States Letters Patent No. 4,396,608 (the "Tenold Patent") against, *inter alia*, Alpha Therapeutic Corporation (the "ATC Case").

10. The ATC Case was filed on or about May 29, 1992 and was resolved by settlement of the parties and stipulated dismissal entered in January 1993.

11. Attached as Exhibit A to this Declaration is a true and correct copy of the original *Complaint* filed by Townsend on behalf of Miles in the ATC Case.

12. Townsend provided Miles with two infringement opinion letters prior to filing the ATC Case.

13. Pursuant to the Protective Order, I was designated as the representative of Miles to be given access to confidential materials and to "closely monitor the progress of this action" on Mile's behalf.

14. Attached as Exhibit B to this Declaration is a true and correct copy of the *Protective Order* entered by the Court in the ATC Case.

15. The Tenold Patent issued in 1983 to Robert A. Tenold and was assigned to Cutter Laboratories.

16. Robert A. Tenold was in 1992 and 1993 an employee of Miles.

17. In 1992 and 1993, Susan Spaeth ("Spaeth") was an associate with the Townsend the firm.

18. Ms. Spaeth was personally involved in the preparation of Mile's responses to discovery requests for the ATC Case.

19. Ms. Spaeth personally provided detailed legal advice to Miles regarding searching for documents responsive to discovery in the ATC Case.


20. Ms. Spaeth was involved personally in identifying and instructing expert witnesses on behalf of Miles in the ATC Case.

21. Ms. Spaeth had access to and reviewed confidential technical documents relating to the Tenold Patent for the ATC Case. In particular, Ms. Spaeth investigated and collected Miles documents on the effect of ionic strength and/or pH on immune serum globulin anticomplement activity.

22. Ms. Spaeth had direct attorney client privileged communications with me.

23. Ms. Spaeth had direct attorney client privileged communications with Robert A. Tenold.

24. It is my recollection that Ms. Spaeth personally assisted in preparing Robert A. Tenold in anticipation of his deposition in the ATC Case.

25. In discovery responses prepared by Ms. Spaeth, witnesses relevant to issues in the ATC Case included, *intra alia*, myself, Gautram Mitra and Ralph Rousell.

26. Attached as Exhibit C to this Declaration is a true and correct copy of the *Stipulated Order Modifying Disclosure Date for Technical Experts*, signed by Ms. Spaeth on behalf of Miles in the ATC Case.

Dated: August 24, 2006

James Giblin

**A**

JS 44
(Rev. 07/86)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

MILES INC.,
an Indiana corporation

**DEFENDANTS**    *VRW*

ALPHA THERAPEUTIC CORPORATION,
a California corporation  *9/4/92*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Alameda__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Los Angeles__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

VENUE: SAN FRANCISCO XX SAN JOSE__

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Albert J. Hillman, Esq. (415) 543-9600
TOWNSEND and TOWNSEND
One Market Plaza, Steuart Street Tower
San Francisco, CA  94105

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION**    (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**    (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION**    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Patent infringement under 35 U.S.C. § 271

**V. NATURE OF SUIT**    (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 Habeas Corpus | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | | | | | |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN**    (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $** 

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE _____    DOCKET NUMBER_____

DATE
May 29, 1992

SIGNATURE OF ATTORNEY OF RECORD
*Albert J. Hillman*

**UNITED STATES DISTRICT COURT**



```
 1 │ TOWNSEND and TOWNSEND
   │ Albert J. Hillman
 2 │ Gerald P. Dodson
   │ Minaksi Bhatt
 3 │ Steuart Street Tower
   │ One Market Plaza
 4 │ San Francisco, CA  94105
   │ Telephone:  (415) 543-9600
 5 │
   │ Attorneys for Plaintiff
 6 │
 7 │
 8 │
 9 │           IN THE UNITED STATES DISTRICT COURT
10 │         FOR THE NORTHERN DISTRICT OF CALIFORNIA
11 │
   │ MILES INC., an Indiana
12 │ corporation,                    C92 1975 VRW
13 │              Plaintiff,      )
   │                              )   Civil Action No.
14 │      v.                      )
   │                              )
15 │ ALPHA THERAPEUTIC CORPORATION, )
   │ a California corporation,     )   COMPLAINT
16 │                              )
   │              Defendant.       )
17 │ ─────────────────────────────)
18 │
19 │      1.   Plaintiff, MILES INC. ("MILES") is a corporation
20 │ duly organized and existing under the laws of the State of
21 │ Indiana, having a place of business at 4th and Parker Streets,
22 │ Berkeley, California 94701.
23 │      2.   On information and belief, Defendant ALPHA
24 │ THERAPEUTIC CORPORATION ("ALPHA") is a corporation duly organized
25 │ under the laws of the State of California, having a principal
26 │ place of business at 5555 Valley Boulevard, Los Angeles,
27 │ California 90032.
28 │ ///
```

COMPLAINT                         -1-

Jurisdiction

3.    This action arises under the Patent Laws of the United States, U.S.C. Title 35, §§ 100, et seq., as hereinafter more fully appears.

Claim For Relief

4.    On August 2, 1983, United States Letters Patent No. 4,396,608 was duly and legally issued to Plaintiff's wholly owned subsidiary, Cutter Laboratories of Berkeley, California. Subsequently the patent was assigned through corporate predecessors to Plaintiff Miles Inc.  Plaintiff has been and presently is the owner of said Letters Patent.  (Copy attached as Exhibit A.)

5.    On February 12, 1985 United States Letters Patent No. 4,499,073 was duly and legally issued to Plaintiff's wholly owned subsidiary, Cutter Laboratories of Berkeley, California. Subsequently the patent was assigned through corporate predecessors to Plaintiff Miles Inc.  Plaintiff has been and presently is the owner of said Letters Patent.  (Copy attached as Exhibit B.)

6.    Defendant has been and still is infringing both of said Letters Patents by making, using and selling a solution of human intravenous immunoglobulin under the mark Venoglobulin®-S.

7.    Plaintiff and its predecessors have placed the required statutory notices on all human intravenous immunoglobulin solutions manufactured and sold by them under said Letters Patents.

///

COMPLAINT                    -2-

1        8.   On information and belief, Defendant has at all

2   times relevant herein acted with full and actual notice and

3   knowledge of Plaintiff's patent rights and in willful, deliberate

4   violation and infringement of the same.

5        9.   The willful and deliberate nature of each of

6   Defendant's infringement of Plaintiff's patents makes this case

7   exceptional within the meaning of 35 U.S.C. § 285, and Plaintiff

8   is entitled to recover from Defendant its costs of this suit,

9   including reasonable attorneys' fees.

10       WHEREFORE, Plaintiff demands an injunction against

11   continued infringement, damages, and an assessment of interest,

12   prejudgment interest, attorneys' fees and costs against

13   Defendant.

14

15                                TOWNSEND and TOWNSEND

16

17   Dated:  May 29, 1992          By

18                             Albert J. Hillman
                                Attorneys for Plaintiff

19   AJH/mcd
     B\127972.C

20

21

22

23

24

25

26

27

28

COMPLAINT            -3-

**B**

1   TOWNSEND and TOWNSEND
    ALBERT J. HILLMAN
2   GUY W. CHAMBERS
    MINAKSI BHATT
3   One market Plaza
    Steuart Street Tower
4   20th Floor
    San Francisco, CA  94105
5   Telephone (415) 543-9600

6   Attorneys for Plaintiff
    MILES, INC.
7

8   THELEN, MARRIN, JOHNSON & BRIDGES
    ROBERT B. PRINGLE
9   Two Embarcadero Center
    San Francisco, California 94111
10  (415) 392-6320

11  SUGHRUE, MION, ZINN, MACPEAK & SEAS
    Howard Bernstein
12  Louis Gubinsky
    Mark Boland                         *30*
13  Scott Daniels
    2100 Pennsylvania Avenue, N.W.
14  Washington, D.C. 20037
    (202) 293-7060
15
    Attorneys for Defendant
16  Alpha Therapeutic Corporation

17              IN THE UNITED STATES DISTRICT COURT

18          FOR THE NORTHERN DISTRICT OF CALIFORNIA

19

20  MILES INC.,                      )    Civil Action No.
                                     )    92 1975 VRW
21              Plaintiff,           )
                                     ) STIPULATED PROTECTIVE ORDER
22                                   )
                                     )
23          v.                       )
                                     )
24  ALPHA THERAPEUTIC CORPORATION et al.,  )
                                     )
25              Defendants.          )
                                     )
26
27

COPIES MAILED TO PARTIES OF RECORD

-1-

STIPULATED PROTECTIVE ORDER

FILED

SEP 23  11 24 PM '92

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO DIST OF CA

OCT 02 1992

ENTERED IN CASE DOCKET _____, 19

1  WHEREAS, the parties to this litigation are engaged in a

2  discovery program which involves the production of documents and

3  things, and the taking of testimony by oral deposition from both

4  party and nonparty witnesses;

5  WHEREAS, Confidential Information may be produced by a party

6  and nonparty;

7  WHEREAS, such party and nonparty may have need to apply to the

8  Court for an order limiting the disclosure of such Confidential

9  Information; and

10  WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure

11  provides that a protective order may be issued by the Court to

12  protect, among other things, trade secret or other confidential

13  information;

14  THEREFORE, IT IS HEREBY STIPULATED AND AGREED TO AS FOLLOWS:

15  1.  Documents, things or other information provided by any

16  party or nonparty as part of discovery in this action or at trial

17  may be designated by such party or nonparty as either "Confidential"

18  or "Special Confidential."  As a general guideline, materials

19  designated as "Confidential" shall be those things contemplated by

20  Rule 26(c)(7) of the Federal Rules of Civil Procedure which has not

21  been made public, which the provider of the material regards as

22  proprietary financial information, proprietary business information

23  or proprietary technical information, and which has enough

24  confidential value that while they may be disclosed to the parties

25  in accordance with the terms of this Protective Order, for purposes

26  of this action, they must nonetheless be protected against

27  disclosure to third parties.

28

STIPULATED PROTECTIVE ORDER

1    Confidential information may include, but is not limited to,

2    trade secrets, research and development information, business

3    proposals and strategies, balance sheet information, invoices, price

4    lists, financial statements, lists of present or prospective

5    customers, contracts and other business and technical arrangements

6    with third parties. By contrast, materials designated as "Special

7    Confidential" shall be only those Confidential materials which are

8    of such a highly proprietary and confidential nature that they must

9    be protected from disclosure to anyone except a carefully selected

10   group of people as set forth herein who are closely associated with

11   the prosecution of this action.

12   2.   Any party or nonparty wishing to come within the

13   provisions of this Protective Order shall designate in writing the

14   documents, information or portion thereof which it considers

15   confidential.   In the instance of documents, the items can be

16   designated by a mark of "Confidential-Subject to Protective Order"

17   or "Special Confidential-Subject to Protective Order" on the

18   document.

19   In the case of interrogatory answers or responses to requests

20   for admissions and the information contained therein, designation

21   may be made by placing on the pages containing the Confidential or

22   Special Confidential information the legend "Confidential-Subject

23   to Protective Order" or "Special Confidential-Subject to Protective

24   Order."

25   In the case of tangible items, designation may be made by

26   visibly marking the item "Confidential-Subject to Protective Order"

27   or "Special Confidential-Subject to Protective Order."

28
                                  -3-

STIPULATED PROTECTIVE ORDER

1    Should files or records be produced for inspection, no marking

2   need be made by the provider in advance of the inspection. For

3   purposes of the inspection, all files and records so produced shall

4   be considered as marked "Special Confidential-Subject to Protective

5   Order." Thereafter, upon selection of specified documents for

6   copying by the inspecting party, the provider shall mark as

7   "Confidential-Subject to Protective Order" or "Special Confidential-

8   Subject to Protective Order" the copies as may contain Confidential

9   information or Special Confidential information at the time the

10  copies are produced to the inspecting party. Except as otherwise

11  provided herein, the producing party (i.e., provider) shall make

12  such confidentiality designations at the time of production. Any

13  other party then has five (5) business days after such production

14  to designate further documents as confidential from the group

15  produced.

16    3.    In the instance of deposition testimony, the provisions of

17  this Protective Order may be invoked in a timely manner by the

18  witness under deposition, or counsel by giving adequate warning on

19  the record of such invocation to counsel for the other parties.

20  When such designation of Confidential or Special Confidential

21  information is made those portions of the deposition involving such

22  information will be taken with no one present except (1) those

23  persons who are authorized to have access to such information in

24  accordance with paragraphs 5 and 6 of this Order, (2) the reporter,

25  and (3) the witness whose deposition is being taken, who may see a

26  document identified as Confidential or Special Confidential at that

27  time only if that witness has previously seen, or has been sent the

28

-4-

STIPULATED PROTECTIVE ORDER

1   document.  The witness under deposition or counsel shall also have

2   the right within ten (10) days of receiving a transcript of the

3   deposition to designate or change the level of designation of the

4   transcript or portions thereof.  Prior to such designation or

5   expiration of the ten (10) day period, the entire deposition

6   transcript shall be deemed Special Confidential.

7       4.  Information designated as "Confidential" or "Special

8   Confidential" shall be kept confidential, shall be used only in

9   connection with this litigation and not for any business,

10  competitive, governmental, or other purpose whatsoever.  Further,

11  such information shall not be given, shown, made available,

12  disclosed or otherwise communicated in any manner to anyone except

13  as provided in this Order.  Copies of designated documents shall be

14  made only to the extent necessary to enable counsel to prepare this

15  action for trial and conduct trial.

16      All Confidential and Special Confidential information shall be

17  retained by outside counsel and none shall be stored at any facility

18  of the parties.

19      All Confidential and Special Confidential information protected

20  under this Order shall be disclosed at trial or hearing only before

21  those persons authorized in paragraphs 5 and 6 of this Order.

22      5.  Documents, deposition testimony, or other materials

23  designated as "Confidential," as well as any copies or excerpts

24  therefrom, or analyses or reports which pertain thereto, may be made

25  available only to:

26          a.  Attorneys of record for the parties, along with their

27      associates, of counsel, co-counsel and clerical personnel to

28                                  -5-

STIPULATED PROTECTIVE ORDER

1   whom it is necessary that the material be shown for purposes of

2   this litigation;

3        b.    Judges, Jurors, Magistrates, Discovery Referees, law

4   clerks and other clerical personnel of the Court before whom

5   this action is pending;

6        c.    Independent    experts,    consultants    or    testing

7   laboratories not associated directly or indirectly with a

8   party, who are employed or retained for the purposes of

9   furnishing technical or expert services or to give testimony

10  with respect to the subject matter of this action and who are

11  qualified pursuant to the provisions of paragraph 7;

12       d.    The author(s) of the designated material or anyone

13  shown to have been a recipient;

14       e.    Directors, officers and employees of the parties

15  themselves to whom it is necessary that the material be shown

16  for purposes of this litigation and who are qualified pursuant

17  to the provisions of paragraph 7; and

18       f.    Actual or potential witnesses in connection with the

19  depositions or examinations of such individuals, or for the

20  preparation thereof, may be shown specific items of Confidential

21  information concerning which such individuals may have knowledge or

22  information, or may reasonably be expected to have knowledge or

23  information, and who are qualified pursuant to the provisions of

24  paragraph 7.

25       6.    Documents, deposition testimony, or other material

26  designated as "Special Confidential," as well as any copies or

27  excerpts therefrom, or analyses or reports which pertain thereto,

28

-6-

STIPULATED PROTECTIVE ORDER

1   may be made available only to:

2         a.   Attorneys of record for the parties, along with their

3   associates, of counsel, co-counsel and clerical personnel to

4   whom it is necessary that the material be shown for purposes of

5   this litigation;

6         b.   Judges, Jurors, Magistrates, Discovery Referees, law

7   clerks and other clerical personnel of the Court before whom

8   this action is pending;

9         c.   Independent experts, consultants or testing

10  laboratories not associated directly or indirectly with a party

11  to whom it is necessary that the material be shown for purposes

12  of this litigation, who are employed or retained for the

13  purposes of furnishing technical or expert services or to give

14  testimony with respect to the subject matter of this action,

15  and who are qualified pursuant to the provisions of paragraph

16  7;

17        d.   The author(s) of the designated material or anyone

18  shown to have been a recipient;

19        e.   One representative for each of the parties to this

20  action who will be responsible for closely monitoring the

21  progress of this action on the party's behalf.  The initial

22  representatives will be James Giblin, of Miles, Inc. and Edward

23  Colton of Alpha Therapeutic Corp.

24     7.   Prior to any disclosure pursuant to paragraphs 5 and 6

25  hereof, except disclosures pursuant to paragraphs 5(b) and 6(b)

26  above, counsel making the disclosure shall obtain a written

27  Affidavit in the form attached hereto as Appendix A from each person

28

                            -7-

STIPULATED PROTECTIVE ORDER

1  to whom disclosure is made, acknowledging that the document,
2  information or tangible item has been designated as Confidential or
3  Special Confidential information as the case may be and is subject
4  to this Protective Order, that the person has read this Protective
5  Order and understands it, that such person agrees to comply with and
6  be bound by this Protective Order, and that such person is aware
7  that contempt sanctions may be entered for violation of this
8  Protective Order.    Further, any party seeking to disclose any
9  material designated as "Confidential" or "Special Confidential" to
10  an independent expert, independent consultant, independent testing
11  laboratory, or director, officer or employee of a party or actual
12  or potential witnesses in connection with their deposition or
13  examination or preparation thereof shall first qualify such person
14  by providing any party or nonparty who designated the material and
15  all opposing counsel with:    (a) the name of the person, (b) the
16  present employment status of the person, and (c) the Affidavit of
17  the type attached to this Protective Order as Appendix A.    Within
18  five (5) days of the receipt of this information, the designating
19  party or nonparty may object to the proposed disclosure and schedule
20  a "meet and confer" conference, which may be telephonic, with the
21  requesting party to attempt to resolve the dispute.    If the dispute
22  cannot be resolved at the "meet and confer" conference, the
23  objecting party may file a motion for a protective order within ten
24  (10) days of the parties' conference to be heard at the Court's
25  earliest normal motion date available.    No disclosure shall be made
26  until any such motion has been decided.

27      All signed Affidavits shall be maintained through the

28

-8-

STIPULATED PROTECTIVE ORDER

conclusion of this action. The burden of establishing the need for excluding persons from access to Confidential or Special Confidential information under the terms of this Protective Order shall be on the objecting party.

Notwithstanding the foregoing, the provisions of paragraph 3 hereof shall take precedence with respect to material designated at a deposition as Confidential or Special Confidential and the witness has previously seen or has been sent the document.

8.   Any party or nonparty who wishes to file material with the Court which is designated under this Protective Order must file such designated material in a sealed envelope or other sealed container marked on the outside with the title of this action and a statement substantially in the following form:

> **"CONFIDENTIAL" [OR "SPECIAL CONFIDENTIAL"]**
> This document is subject to a PROTECTIVE ORDER and may not be examined or copied except in compliance with that order.

9.   If, at any time during the preparation for trial or during the trial of this action, counsel for any party believes that counsel for any other party or nonparty is unreasonably designating certain material as "Confidential" or "Special Confidential," or believes that it is necessary to disclose designated information to persons other than those permitted by this Protective Order, the objecting counsel shall first "meet and confer" with counsel for the designating party to try to informally resolve the dispute. If the dispute cannot be resolved informally, the objecting counsel may make an application to the Court requesting that specifically identified documents, information, and/or deposition testimony be

-9-

STIPULATED PROTECTIVE ORDER

1  excluded from the provisions of this Protective Order or be
2  available to specified other persons under stated conditions.

3      10.  The restrictions set forth in this Order will not
4  apply to information which is known to the receiving party or the
5  public before the date of its disclosure to the receiving party, or
6  which becomes known to the public after the date of its disclosure
7  to the receiving party, provided that such information does not
8  become publicly known by any act or omission of the receiving party,
9  its employees or agents which would be in violation of this
10 Protective Order.    If such public information is designated as
11 "Confidential" or "Special Confidential," the receiving party must
12 inform the producing party of the pertinent circumstances before the
13 restrictions of this Order will become inapplicable.

14     11.  This Protective Order will be without prejudice to
15 the right of any party or nonparty to oppose production of any
16 information on the ground of attorney/client privilege, work product
17 immunity or any other protection, privilege or basis provided under
18 the law.

19     12.  Copies  of  all  "Confidential"  and  "Special
20 Confidential" materials shall be returned to the producing party at
21 the termination of this action or at the option of the provider
22 destroyed, except that one copy of documents or exhibits filed with
23 the Court and work product may be retained in counsel's files
24 provided such work product, documents and exhibits are marked with
25 the title of this action and "CONFIDENTIAL - Subject to Protective
26 Order" or "SPECIAL CONFIDENTIAL - Subject to Protective Order" as
27 the case may be and be segregated from non-confidential materials.

28

-10-

STIPULATED PROTECTIVE ORDER

1   The provisions of this Protective Order insofar as they restrict

2   disclosure, communication of and use of Confidential and Special

3   Confidential information produced hereunder shall continue to be

4   binding after the conclusion of this action.

5         13.   This Protective Order shall not prevent any party

6   from applying to the Court for relief therefrom, or from applying

7   to the Court for further or additional protective orders, or from

8   agreeing between themselves to modify or vacate this Protective

9   Order, subject to the approval of the Court.

10

11                                    TOWNSEND and TOWNSEND

12

13  Dated: *September 15, 1992*        By: _____

14                                        Guy W. Chambers
                                          Attorneys for Plaintiff
15                                        MILES, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28                                    -11-

STIPULATED PROTECTIVE ORDER

1

2                                          THELEN, MARRIN, JOHNSON & BRIDGES

3

4    Dated: _September 22, 1992_       By _____
                                            Robert Pringle
5

6                                          SUGHRUE, MION, ZINN,
                                             MACPEAK & SEAS
7

8    Dated: _September 14, 1992_       By _____
                                            Howard L. Bernstein
9

10                                         Attorneys for Defendant
                                           ALPHA THERAPEUTIC CORP.
11

12          IT IS SO ORDERED.

13   Dated: _9.23.92_                  _____

14                                         JUDGE of the U.S. District Court

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                         -12-

STIPULATED PROTECTIVE ORDER

1

## PROTECTIVE ORDER ACKNOWLEDGEMENT

2

3      I, _____, state that I have read the

4   "Stipulated Protective Order" in the case of Miles, Inc. v. Green

5   Cross Corporation and Alpha Therapeutic Corp., Civil Action No. C92

6   1975 VRW (N.D. Cal.), that I understand the provisions prohibiting

7   the disclosure or use of confidential information for any purpose

8   or in any manner not connected with this case, and that I agree to

9   abide by and be bound by its terms.

10

11

12

13   Dated:_____         _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                -13-

STIPULATED PROTECTIVE ORDER

**C**

```
 1  TOWNSEND and TOWNSEND
    ALBERT J. HILLMAN
 2  GUY W. CHAMBERS
    MINAKSI BHATT
 3  One market Plaza
    Steuart Street Tower
 4  20th Floor
    San Francisco, CA  94105
 5  Telephone (415) 543-9600

 6  Attorneys for Plaintiff
    MILES, INC.
 7

 8  THELEN, MARRIN, JOHNSON & BRIDGES
    ROBERT B. PRINGLE
 9  Two Embarcadero Center
    San Francisco, California 94111
10  (415) 392-6320

11  SUGHRUE, MION, ZINN, MACPEAK & SEAS
    Howard Bernstein
12  Louis Gubinsky
    Mark Boland
13  Scott Daniels
    2100 Pennsylvania Avenue, N.W.
14  Washington, D.C. 20037
    (202) 293-7060
15
    Attorneys for Defendant
16  Alpha Therapeutic Corporation
```

FILED

Oct 20  6 04 PM '92

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO DIST OF CA

3/16

```
17           IN THE UNITED STATES DISTRICT COURT

18         FOR THE NORTHERN DISTRICT OF CALIFORNIA

19

20  MILES INC.,                    )    Civil Action No.
                                   )    92 1975 VRW
21              Plaintiff,         )
                                   )
22                                 )  STIPULATED ORDER MODIFYING
                                   )  DISCLOSURE DATE FOR
23         v.                      )  TECHNICAL EXPERTS
                                   )
24  ALPHA THERAPEUTIC CORPORATION et al.,  )
                                   )
25                                 )
                                   )
26              Defendants.        )
                                   )
27
```

COPIES MAILED TO
PARTIES OF RECORD

-1-

STIPULATED ORDER MODIFYING
DISCLOSURE DATE FOR TECHNICAL EXPERTS

1    The parties, through their attorneys, hereby stipulate to
2  the following modification of the disclosure date for technical
3  experts:

4    1.    The complete statement and disclosure of each party's
5  technical expert, required by the Court's Order For Pretrial
6  Preparation, shall be served on all other parties on or before
7  Monday, November 2, 1992.

8    2.    The complete statement and disclosure of each party's
9  other experts shall be served on all other parties on or before
10  Friday, October 16, 1992, as originally ordered in the Court's Order
11  For Pretrial Preparation.

12    3.    The complete statement and disclosure of each party's
13  rebuttal technical expert, required by the Court's Order For
14  Pretrial Preparation, shall be served on all parties on or before
15  Wednesday, December 2, 1992 and the complete statement and
16  disclosure of each party's rebuttal experts, on other than technical
17  matters, shall be served on all other parties on or before November
18  16, 1992, as originally ordered in the Court's Order For Pretrial
19  Preparation.

20  TOWNSEND and TOWNSEND

21  Dated: _October 8, 1992_    By: _Susan M. Spaeth_
                                    Susan M. Spaeth
22
23  Attorneys for Plaintiff MILES INC.

     THELEN, MARRIN, JOHNSON & BRIDGES
24
25  Dated: _October 8, 1992_    By: _____
                                    Robert B. Pringle
26

27

28                                    -2-

STIPULATED ORDER MODIFYING
DISCLOSURE DATE FOR TECHNICAL EXPERTS

1

2        SUGHRUE, MION, ZINN, MACPEAK & SEAS

3
    Date:_____    By:_____
4                                    Howard L. Bernstein

5        Attorneys for Defendant
         ALPHA THERAPEUTIC CORP.
6

7        IT IS SO ORDERED.

8    Date: 10.16.92        By:_____
                                United States District Court Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                            -3-

STIPULATED ORDER MODIFYING
DISCLOSURE DATE FOR TECHNICAL EXPERTS