# EXHIBIT 9

ORIGINAL

1 | TOWNSEND and TOWNSEND
   | ALBERT J. HILLMAN
2 | GUY W. CHAMBERS
   | MINAKSI BHATT
3 | One Market Plaza
   | Steuart Street Tower
4 | 20th Floor
   | San Francisco, CA 94105
5 | Telephone (415) 543-9600

6 | Attorneys for Plaintiff
   | MILES INC.

7

FILED

Aug 25  4 09 PM '92

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO DIST OF CA

16 X

8                IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | MILES INC.,                        ) CIVIL ACTION NO.
                                        ) C 92 1975 VRW
12 |                    Plaintiff,      )
                                        )
13 |      v.                            )
                                        )
14 | GREEN CROSS CORPORATION, a         )
    | Japanese Corporation, and ALPHA   ) SCHEDULING CONFERENCE
15 | THERAPEUTIC CORP., a California    ) STATEMENT OF MILES INC.
    | corporation,                      )
16 |                                    )
    |                    Defendants.    )
17 | _____)

18         This is a patent infringement action involving the

19 | pharmaceutical immune serum globulin, which helps the human immune

20 | system fight off certain infectious diseases (e.g., hepatitis).

   | Before the patented work by Plaintiff Miles Inc. ("Miles"), immune

21 | serum globulin was sold in powdered form and had to be reconstituted

22 | with water before use.   There was a need and desire for a liquid

   | immune serum globulin; however, early liquid forms of immune serum

23 | globulin were unstable and not suitable for intravenous injection.

24 | Mr. Robert Tenold of Cutter Laboratories, a division of Miles, found

25 | that the combination of low (acidic) pH and low buffer (salt) content

   | resulted in a stable, liquid product that could be intravenously

26 | injected despite its relatively strong acidic nature.   Mr. Tenold's

27 | immune system globulin invention and the process of making it are

28 | disclosed and claimed in the two patents-in-suit, U.S. Patent Nos.

   | 4,396,608 ("'608 patent") and 4,499,073 ("'073 patent").

SCHEDULING CONFERENCE STATEMENT                                -1-

1    The parties attempted to file a joint statement; however,
2  they were unable to present their respective positions within the
   page limitation and to agree on the content of the statement.
3  Miles respectfully submits its scheduling conference statement
4  pursuant to the Order Setting Scheduling Conference.
5  I.    Jurisdiction and Venue
6         Miles alleges that Defendants Alpha and Green Cross have
   been and are still infringing the '608 and '073 patents by making,
7  using, and selling and inducing the manufacture of a solution of
8  human intravenous immunoglobulin under the trademark Venoglobulin-S.
   This Court has subject matter jurisdiction of this action pursuant to
9  Title 35 and 28 U.S.C. § 1338(a).   Green Cross has acknowledged
10 receipt of a Japanese translation of the Amended Complaint and
11 Summons.  However, Green Cross, a Japanese corporation, contends that
   it is not subject to the Court's in personam jurisdiction as it does
12 not have sufficient contacts with the United States.   Miles believes
13 that Green Cross is subject to this Court's personal jurisdiction
14 since Green Cross Corporation has a place of business in New York
   City and is an alter ego of defendant Alpha.   The parties agree that
15 venue is proper in the Northern District of California as to
16 defendant Alpha pursuant to 28 U.S.C. § 1391(c) and 28 U.S.C. §
17 1400(b).
   II.   Pivotal Issues
18        The central issue is whether Defendants' product infringes
19 Miles' patents.  One limitation in the claims of the patents is a pH
20 range of "about 3.5 - 5.0."  An analytical report from Miles shows
   that Defendants' product has a pH of 5.3 in a solution advertised as
21 5%.  Miles' position is that a pH of 5.3 is literally encompassed by
22 the term "about" which precedes the claimed range of 3.5 - 5.0.  S.C.
23 Johnson & Son v. Carter-Wallace, Inc., 614 F. Supp. 1278, 1307-08,
   aff'd in part, 781 F.2d 198 (Fed. Cir. 1986); Flow-Rite of Tennessee
24 v. Sears, Roebuck & Co., Inc., 20 U.S.P.Q.2d 1361 (N.D. Ill. 1991).
25 Miles' analytical reports also show Defendants' product to have a pH
26 of 5.5 in a 1% saline (sodium chloride salt) solution; however, this
   data is not relevant to the patent claims, which call for a pH
27 measurement of a 5% solution of reduced ionic strength (reduced
28 salt).

SCHEDULING CONFERENCE STATEMENT                                    -2-

1    Although Miles contends that the literal infringement issue
2  is dispositive, in the alternative, Miles asserts that the
   Defendants' product infringes under the doctrine of equivalents. A
3  pH of 5.3 has the same function, performs in the same way, and
4  produces the same result, namely, product stability, to fully meet
5  the three legal elements necessary for a finding of equivalency.
   III. Attorney Fees, Costs and Interest
6    Miles believes that Defendants knew of its patents and
7  attempted to avoid infringement by adjusting their pH just outside
8  the pH range claimed in the patents. Former employees of Miles, who
   are employed by defendant Alpha, may have assisted in the development
9  of Defendants' product. The willful and deliberate nature of the
10 Defendants' infringement of Miles' patents makes this case
11 exceptional within the meaning of 35 U.S.C. § 285, and Miles is
   therefore entitled to recover from both Defendants its costs of this
12 suit, including reasonable attorney fees. Attorneys fees will be
13 calculated on an hourly basis, based upon the daily time records of
14 the attorneys. Costs will be determined based upon the monthly bills
   sent to the clients. Counsel for Miles has advised Miles that it
15 will incur significant fees, costs, and interest, if this matter goes
16 to trial.
17 IV.  Damage Claims
18   Miles will seek lost profits, or in the alternative,
   reasonable royalties. As there are only two companies in the market,
19 Miles' lost profits will be equal to Alpha's sales multiplied by
20 Miles' gross profit margin. In the alternative, Miles will seek
   damages equal to at least a royalty of 25%, which is reasonable in
21 this industry.
22 V.   Settlement or Other Disposition
23   The principals have met since the complaint was filed, but
   did not engage in settlement discussions. Miles' position is that
24 the Defendants are infringing its patents, and Miles wants them to
25 stop. The parties are only able to agree that they are very far
26 apart and that the prospects of settlement are poor.
   VI.  Disclosure and Discovery
27   It is Miles' position that formal discovery cannot commence
28 until after the September 4, 1992 Scheduling Conference. The Court's

SCHEDULING CONFERENCE STATEMENT                                    -3-

1  Order Setting Scheduling Conference provides that the parties are
2  required to make basic fact disclosure before engaging in formal
3  discovery.  Miles has done so by (1) giving Defendants copies of its
   analytical reports showing infringement; (2) giving Defendants a
4  claims chart with Miles' contentions of how each element of the
5  infringed claims is met by the accused product; and (3) a list of
   Miles employee names and addresses who have factual information
6  pertinent to Miles' claims.  Additional materials to be produced
7  shortly are being gathered.
8         Miles' goal in the first round of discovery is to
   identify the people who developed Defendants' product and to fully
9  determine the precise nature of the product and its method of
10 production.  Miles' first round of discovery will include requests
11 for admissions, interrogatories, document requests, and depositions.
   Depositions will include: (1) the Alpha scientists who developed its
12 product; (2) Alpha sales people; and (3) the ex-Miles employees, who
13 are now employed by Alpha.  Miles will also take the Rule 30(b)(6)
14 deposition of Green Cross by telephone in Japan in order to oppose
   Green Cross's challenge to the personal jurisdiction of the Court.
15 An additional deposition of Green Cross personnel in the United
16 States may be needed.  Miles' damage discovery will include Alpha's
17 sales and profit margins, which are relevant to lost profits.  Miles
   will also engage in expert discovery.
18 VII. Motions
19        Miles will file a partial summary judgment motion of
20 infringement after the first round of discovery is completed.
21        The parties agree that it is in the interests of both
   parties and will conserve judicial resources to stay discovery on the
22 damages issue and bifurcate the damages issue for a separate trial.
23 The parties will file a joint motion with a proposed order for the
   Court's consideration.
24 Dated:    August 25, 1992          Respectfully submitted,
25                                    TOWNSEND AND TOWNSEND
26
27                                    By Albert J. Hillman
                                       Albert J. Hillman
28                                     Attorneys for Plaintiff
                                       MILES INC.

SCHEDULING CONFERENCE STATEMENT                              -4-

1

2                    <u>PROOF OF SERVICE BY COURIER AND REGULAR MAIL</u>

3          I am a citizen of the United States and am employed in the

4   City and County of San Francisco, State of California; am over

5   the age of eighteen years; and am not a party to the above-

6   entitled case.  My business address is One Market Plaza, Steuart

7   Street Tower, 20th Floor, San Francisco, California  94105.

8          On August 25, 1992, I served the attached SCHEDULING

9   CONFERENCE STATEMENT on the parties in said action, by depositing

10  a true copy thereof in the United States First-Class mail at

11  San Francisco, California, enclosed in a sealed envelope, with

12  the postage thereon fully prepaid, addressed as follows:

13                         Howard L. Bernstein
                           SUGHRUE, MION, ZINN,
14                           MACPEAK & SEAS
                           Suite 800
15                         2100 Pennsylvania Avenue, N.W.
                           Washington, D.C. 20037-3202
16

17  and by having the same hand-delivered to:

18                         Robert B. Pringle
                           THELEN MARRIN JOHNSON & BRIDGES
19                         Suite 2200
                           Two Embarcadero Center
20                         San Francisco, CA  94111-3995

21         I declare under penalty of perjury that the foregoing

22  is true and correct.  Executed on August 25, 1992 at San

23  Francisco, California.

24                              _____
                                     Julie Taylor Clough
25

26

27

28