# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> BAXTER INTERNATIONAL INC., and ) <br> BAXTER HEALTHCARE CORPORATION, ) <br> ) <br> Defendants. ) | Civil Action No. 05-349-GMS |
| BAXTER HEALTHCARE CORPORATION, ) <br> ) <br> Counterclaimant, ) <br> ) <br> v. ) <br> ) <br> TALECRIS BIOTHERAPEUTICS, INC. and ) <br> BAYER HEALTHCARE LLC, ) <br> ) <br> Counterdefendants. ) | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-11)
TO PLAINTIFF AND COUNTERDEFENDANTS**

Pursuant to Federal Rule of Civil Procedure 33, Defendant and Counterclaimant Baxter Healthcare Corporation hereby requests that Plaintiff and Counterdefendant Talecris Biotherapeutics, Inc. and Counterdefendant Bayer HealthCare, LLC. respond to the following interrogatories within thirty (30) days of the service hereof. Each interrogatory herein is to be answered fully and in writing under oath within thirty (30) days after service of these interrogatories. In answering the interrogatories, Plaintiff and Counterdefendant Talecris Biotherapeutics, Inc. and Counterdefendant Bayer HealthCare, LLC. are requested to give full and complete answers based on personal knowledge, as

well as the knowledge of any agents, employees, investigators, attorneys, or other persons who may have obtained information on Talecris' or Bayer's behalf. The following definitions and instructions shall apply:

## DEFINITIONS

As used herein:

1. "TALECRIS" refers to Plaintiff and Counterdefendant Talecris Biotherapeutics, Inc. AND ALL predecessors, successors, subsidiaries, divisions, parents AND affiliates thereof, past OR present, joint ventures, AND other legal entities that are OR were wholly OR partially owned OR controlled by TALECRIS, either directly OR indirectly, AND ALL past OR present directors, principles, officers, owners, agents, representatives, attorneys AND others acting for OR on behalf of these same entities.

2. "BAYER" refers to Counterdefendant Bayer HealthCare, LLC. AND ALL predecessors, successors, subsidiaries, divisions, parents AND affiliates thereof, past OR present, joint ventures, AND other legal entities that are OR were wholly OR partially owned OR controlled by BAYER, either directly OR indirectly, including but not limited to Miles Laboratories, Inc. AND Cutter Laboratories, Inc., AND ALL past OR present directors, principles, officers, owners, agents, representatives, attorneys AND others acting for OR on behalf of these same entities.

3. "BAXTER" refers to Defendant and Counterclaimant Baxter Healthcare Corporation AND Defendant Baxter International Inc. collectively.

4. "PERSON(S)" means ANY natural person, corporation, proprietorship, partnership, joint venture, association, firm OR entity recognized in law, AND shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates,

assigns, predecessors AND successors of such person.

5. "PLAINTIFF/COUNTERDEFENDANTS" refers to TALECRIS AND BAYER collectively.

6. "THIRD PARTY" OR "THIRD PARTIES" means anyone other than TALECRIS, BAYER, OR BAXTER.

7. "YOU," "YOUR," OR "YOURS" refers to TALECRIS OR BAYER.

8. "ALL DOCUMENTS" means each AND every DOCUMENT that is known to YOU AND each AND every of such DOCUMENTS that can be located OR discovered by reasonably diligent efforts.

9. "COMMUNICATION" means ANY oral, electronic, OR written transmission of information from one PERSON to another, including but not limited to, discussions, conversations, negotiations, agreements, understandings, personal meetings, telephone conversations, facsimiles, letters, electronic mail, notes, memoranda, telegrams, advertisements OR other forms of information exchanged.

10. "DATE" means the exact day, month AND year, if ascertainable, AND if the exact day, month AND year are not ascertainable, then the best approximation thereof.

11. "DESCRIBE IN DETAIL" means to state AND describe, with specificity, each AND every fact, ultimate fact, circumstance, incident, act, omission, event, DATE, AND/OR legal contention RELATING TO the matter(s) inquired.

12. "DOCUMENT" OR "DOCUMENTS" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure AND means ANY written, printed, recorded OR graphic matter, computer memory, computer tapes AND

diskettes, tapes, films, photographs, drawings, OR ANY other tangible means by which information is contained, stored OR displayed, of every kind OR description, however produced OR reproduced, whether draft OR final, original OR reproduction, signed OR unsigned, AND regardless of whether approved, signed, sent, received, redrafted, OR executed, including without limitation written AND electronic COMMUNICATIONS, letters, correspondence, notes, memoranda of telephone conversations OR meetings, diaries, desk calendars, interoffice COMMUNICATIONS, fax messages, E-mail messages, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, purchase orders, invoices, requisitions, studies, summaries, analyses, statistical AND financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure DOCUMENTS, patent applications AND drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers, journals, microfiche, microfilm, photographic film, surveys, forms, printed brochures OR material similar to ANY of the foregoing, however denominated, by whomever prepared, AND to whomever addressed, which are in YOUR possession, custody OR control OR to which YOU have, have had, OR can obtain access. If the DOCUMENT bears ANY marks, including but not limited to initials, stamped indicia, comments OR notations that are not part of the original text OR photographic reproduction thereof, these should be provided in a separate copy of the document.

13.  "IDENTIFY" when used in conjunction with a DOCUMENT OR other THING means to specify the DOCUMENT OR THING in sufficient detail to permit BAXTER to locate said DOCUMENT OR THING.

14. "IDENTIFY" when used in conjunction with a PERSON means to provide the name, current OR last known address, AND telephone number of the PERSON, AND current OR last known employer, position title, AND relationship of the PERSON to ANY party herein.

15. "IMMUNOGLOBULIN PRODUCT" means ANY product containing immunoglobulin ("Ig") antibodies, including but not limited to one OR more of IgA, IgD, IgE, IgG, AND IgM antibodies, notwithstanding whether regulatory approval was sought OR obtained for such product.

16. "PERTAINING TO," "PERTAIN TO," "RELATING TO," AND "RELATE TO" mean constituting, consisting of, relating to, referring to, evidencing, supporting, contradicting, reflecting, OR resulting from the matter specified.

17. "PRIOR ART" means ALL DOCUMENTS, THINGS, patents, publications, disclosures, sales, offers for sale, public uses, prior inventions, derivation OR other acts OR occurrences that are or could be considered prior art within the broadest possible meaning of 35 U.S.C. §§ 102 OR 103.

18. "RELATED PATENT(S)" OR "RELATED APPLICATION(S)" means ANY patent claiming priority to the European Patent Office Application Number 96 114 439 filed September 10, 1996 OR U.S. Patent Application No. 08/532,211 filed September 22, 1995, whether foreign OR domestic, including ANY letters patent, reissued patent, reexamination certificate, Supplementary Protection Certificate, OR inventor's certificate, OR ANY patent application claiming priority to European Patent Office Application Number 96 114 439 filed September 10, 1996 OR U.S. Patent Application No. 08/532,211 filed September 22, 1995, whether foreign OR domestic,

including ANY regular patent application, ANY continuation, continuation-in-part, OR divisional application, ANY reissue application, ANY reexamination application, OR ANY extension of ANY of these.

19. "THE '191 PATENT" refers to U.S. Patent No. 6,686,191.

20. "THING" OR "THINGS" means ANY tangible object other than a DOCUMENT including but not limited to objects of every kind AND nature, as well as prototypes, samples, models, drafts, OR specimens thereof.

21. Miscellaneous: "AND" AND "OR" shall each be considered as either conjunctive OR disjunctive, whichever is more inclusive in content. The terms "ANY" AND "ALL" shall be considered to include "each and every." The singular form of a noun OR pronoun shall be considered to include within its meaning the plural form of the noun OR pronoun so used, AND vice versa.

## INSTRUCTIONS

1. In lieu of IDENTIFYING a DOCUMENT when identification is requested, a copy of the DOCUMENT may be attached to YOUR response to these interrogatories in accordance with Federal Rule of Civil Procedure 33(d). If ANY of the PLAINTIFF/COUNTERDEFENDANTS elects to avail itself of the procedure authorized by Rule 33(d) for answering interrogatories, BAXTER requests that YOU, for each interrogatory so answered, specify by production number the particular DOCUMENTS responsive to that specific interrogatory, AND, for each DOCUMENT, specify its source (*e.g.*, from which files it was taken), AND its author, recipients, AND DATE of preparation, if not apparent from the face of the DOCUMENT. If ANY DOCUMENTS are withheld from production under said rule because of an alleged privilege, the

PLAINTIFF/COUNTERDEFENDANTS withholding such DOCUMENTS shall, nonetheless, IDENTIFY each such DOCUMENT by providing the information required above, AND shall fully state the nature of the privilege claimed AND reason why each DOCUMENT is being withheld.

2. This First Set of Interrogatories is deemed to be continuing AND must be supplemented as required by the Federal Rules of Civil Procedure. If, after responding to these interrogatories, the PLAINTIFF/COUNTERDEFENDANTS obtain OR become aware of ANY further information responsive to this First Set of Interrogatories, YOU are required to provide BAXTER with such additional information as required by the Federal Rules of Civil Procedure.

3. In the event the PLAINTIFF/COUNTERDEFENDANTS withhold ANY information on the basis that it is privileged, subject to work product immunity, OR otherwise excludable from discovery, YOU are requested to list such information, DOCUMENTS, COMMUNICATIONS, OR THINGS not produced OR disclosed, grouped by interrogatory number, AND to state the following information: (a) the type of DOCUMENT OR THING withheld (*e.g.*, letter, memorandum, contract); (b) its title; (c) its DATE; (d) its subject matter; (e) its number of pages; (f) the name, address, AND present occupation of the PERSON(S) now in possession of it; (g) the name, present address, AND occupation at the time of preparation of the PERSON(S) who prepared it; (h) the name, present address, AND occupation at the time of dissemination of the addressee(s) who had access thereto; (i) a statement of the grounds for refusal to answer such interrogatory; AND such other particulars as would enable BAXTER to assess the applicability of the asserted privilege OR protection. *See* Federal Rule of Civil Procedure

26(b)(5).

4. Unless the parties otherwise agreed in writing, PLAINTIFF/ COUNTERDEFENDANTS are requested to produce ALL electronic data responsive to these requests translated, as necessary, into useable form. For ALL data compilations responsive to these requests, YOU are requested to produce an exact duplicate of such data on a computer disk that can be read by a common spreadsheet program, as well as a hard-copy version of such data. In addition, YOU are requested to provide a detailed description of how the data are stored, including the format in which they were saved, the name of each field, AND the number of records.

5. If ANY interrogatory is objected to as overly broad OR unduly burdensome, answer those portions of the interrogatory which are unobjectionable AND specifically IDENTIFY the respect in which the request is allegedly overly broad OR burdensome, respectively.

6. ALL questions regarding the meaning OR interpretation of these interrogatories should be directed to the undersigned counsel.

### INTERROGATORIES (NOS. 1-11)

**INTERROGATORY NO. 1:**

IDENTIFY each PERSON who has served OR is serving as an officer, director, OR manager of the PLAINTIFF/COUNTERDEFENDANTS having responsibility for research, development, formulation, clinical trial(s), obtaining regulatory licensure, pilot/scale-up, manufacturing, testing, quality control, quality assurance, marketing, distribution, sale, offer for sale, licensing, AND importation into the United States of ANY IMMUNOGLOBULIN PRODUCT during the period January 1, 1980, to the

present, AND for each such PERSON state the time periods during which such PERSON held such position(s), AND a description of the responsibilities of such PERSON in that position.

**INTERROGATORY NO. 2:**

Separately for each alleged invention of THE '191 PATENT, IDENTIFY AND DESCRIBE IN DETAIL each product AND each process of the PLAINTIFF/ COUNTERDEFENDANTS, manufactured OR used at ANY scale, that YOU contend embodies, incorporates, OR includes the subject matter claimed by THE '191 PATENT OR that YOU contend was made by a process that embodies, incorporates, OR includes the subject matter claimed by THE '191 PATENT.

**INTERROGATORY NO. 3:**

DESCRIBE IN DETAIL ALL facts PERTAINING TO the first sale OR offer for sale of each product that YOU contend embodies, incorporates, OR includes the subject matter described OR claimed by THE '191 PATENT OR that YOU contend was made by a process that embodies, incorporates, OR includes the subject matter described OR claimed by THE '191 PATENT, including but not limited to the DATE(S) such sale OR offer for sale occurred, the PERSON(S) who made each such sale OR offer for sale, the PERSON(S) to whom such sale OR offer for sale was made, AND the circumstances surrounding each sale OR offer for sale.

**INTERROGATORY NO. 4:**

DESCRIBE IN DETAIL ALL facts PERTAINING TO the first public use OR demonstration of each product OR process that YOU contend embodies, incorporates, OR includes the subject matter described OR claimed by THE '191 PATENT OR that

YOU contend was made by a process that embodies, incorporates, OR includes the subject matter described OR claimed by THE '191 PATENT, including but not limited to the DATE(S) that each such public use OR demonstration occurred, the PERSON(S) who made each such public use OR demonstration, the PERSON(S) to whom each such public use OR demonstration was made, AND the circumstances surrounding each such public use OR demonstration.

**INTERROGATORY NO. 5:**

DESCRIBE IN DETAIL YOUR contentions, if ANY, that the non-obviousness of the alleged invention(s) of THE '191 PATENT is supported by secondary considerations of non-obviousness, including but not limited to commercial success, long-felt need, copying by others, prior failure by others, licensing, OR unexpected results AND state the complete factual bases that support such contentions.

**INTERROGATORY NO. 6:**

IDENTIFY which claim(s) of THE '191 PATENT YOU contend have been infringed OR are currently infringed by the activities, products, methods, OR processes of ANY PERSON(S), including but not limited to BAXTER, AND for each identified claim, DESCRIBE IN DETAIL ALL facts PERTAINING TO the each specific activity, product process, OR method of use that YOU contend has infringed OR currently infringes the identified claim(s).

**INTERROGATORY NO. 7:**

For each element of every claim of THE '191 PATENT that YOU contend has been infringed OR is currently infringed by activities, products, methods, OR processes of BAXTER, DESCRIBE IN DETAIL YOUR construction of that element AND the

factual support for YOUR proposed constructions, including IDENTIFYING the "intrinsic" AND/OR "extrinsic" evidence YOU will rely upon to support YOUR construction.

**INTERROGATORY NO. 8:**

IDENTIFY each PERSON(S) who performed, directed, OR supervised the laboratory experiment(s) resulting in the data disclosed in THE '191 PATENT AND RELATED PATENT(S) OR RELATED APPLICATION(S) AND for each such PERSON state which experiment(s) the PERSON performed, directed, OR supervised, DESCRIBE IN DETAIL the capacity in which the PERSON participated in each experiment, AND IDENTIFY ALL DOCUMENTS that RELATE TO such experiment(s) including but not limited to reports, summaries of data, analyses of data, AND laboratory notebooks.

**INTERROGATORY NO. 9:**

DESCRIBE IN DETAIL the results of the laboratory experiments resulting in the data disclosed in THE '191 PATENT AND RELATED PATENT(S) OR RELATED APPLICATION(S), including but not limited to data not included in THE '191 PATENT AND RELATED PATENT(S) OR RELATED APPLICATION(S).

**INTERROGATORY NO. 10:**

DESCRIBE IN DETAIL the method(s) used to measure anticomplement activity for ALL anticomplement activity data disclosed in THE '191 PATENT AND specify which method was used for each measurement of anticomplement activity disclosed in THE '191 PATENT.

**INTERROGATORY NO. 11:**

IDENTIFY each PERSON who was consulted AND/OR supplied information in connection with the preparation of ANY of the PLAINTIFF/COUNTERDEFENDANTS' responses, whether OR not such information is included in YOUR responses.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

TOWNSEND AND TOWNSEND AND CREW LLP
James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: April 5, 2006
726734

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com

Attorneys for Defendant/Counterclaimant
Baxter Healthcare Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on April 5, 2006, true and correct copies of the within document were served on the following counsel of record at the addresses and in the manner indicated:

**BY HAND DELIVERY AND E-MAIL**

Jeffrey B. Bove, Esq.
Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
jbove@cblh.com
mbourke@cblh.com

**BY FEDERAL EXPRESS AND E-MAIL**

Bradford J. Badke, Esq.
Gabrielle Ciuffreda, Esq.
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020-1105
bradford.badke@ropesgray.com
gabrielle.ciuffreda@ropesgray.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com