# EXHIBIT A

Case 1:05-cv-00349-GMS    Document 168-2    Filed 11/03/2006    Page 1 of 3



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 124149 (D.Del.)
(Cite as: 2003 WL 124149 (D.Del.))

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
PHARMASTEM THERAPEUTICS, INC., Plaintiff,
v.
VIACELL INC., Cryo-Cell International, Inc.,
Corcell, Inc., Stemcyte, Inc., CBR
Systems, Inc. f/k/a Cord Blood Registry, Inc.,
Birthcells Technology, Inc.,
Nustem Technologies, Inc., and Bio-Cell, Inc.,
Defendants.
No. 02-148 GMS.

Jan. 13, 2003.

ORDER

SLEET, J.

*1 After considering the submissions of the parties and hearing oral argument on the matter, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the court construes the disputed claims of the patents-in-suit as follows:

U.S. Patent Nos. 5,004,681 and 5,192,553:
1. "hematopoietic stem cells"
"hematopoietic stem cells" is construed to mean "cells capable of effecting repopulation of blood and other hematopoeietic organs."
2. "cryopreservative"
"cryopreservative" is construed to mean "an agent capable of preserving at very low temperatures."
3. "cryopreservation," "cryopreserving," and "cryopreserved"
"cryopreservation," "cryopreserving," and "cryopreserved" are construed to mean "preserving at very low temperatures that may also include an additional agent capable of preserving the cells, blood components, or compositions."
4. "therapeutic composition"
"therapeutic composition" is construed to mean "a composition that is useful for the treatment or prevention of diseases or disorders."
5. "[stem cells] in an amount sufficient"

"[stem cells] in an amount sufficient" is construed to mean "in a quantity as much as is needed." [FN1]

FN1. Consistent with the court's oral ruling during the Markman hearing on January 10, 2003, the court will not address the defendants' indefiniteness argument at this stage of the proceedings. While the court recognizes that a determination of indefiniteness is necessarily intertwined to some degree with claim construction, it is clear that the court must first attempt to determine what a claim means before it can determine whether the claim is invalid for indefiniteness. See ASM America, Inc. v. Genus, Inc., 2002 WL 1892200, *15 (N.D.Cal. Aug. 15, 2002) (recognizing that claim construction must proceed before an indefiniteness challenge); see also Intervet America, Inc. v. Kee-Vet Labs., 887 F.2d 1050, 1053 (Fed.Cir.1989). The court's position at this time does not, however, represent an actual adjudication on the defendants' indefiniteness defense. At present, the court is merely holding that the claim is sufficiently definite to survive claim construction.
Finally, the court wishes to note that the defendants bear the burden of proving invalidity by clear and convincing evidence. See North American Vaccine, Inc. v. American Cyanamid Co., 7 F.3d 1571, 1579 (Fed.Cir.1993). The defendants have not, however, filed a motion seeking to invalidate the patents on indefiniteness grounds. Rather, they simply assert their arguments in their opposition claim construction brief. Such an approach is clearly an attempt at an end-run around the court's scheduling order regarding the filing of dispositive motions, and will not be sanctioned.

6. "derived"
"derived" is a commonly understood word and requires no additional construction.
7. "can proliferate within the host"
"can proliferate within the host" is construed to mean "capable of increasing in quantity."

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 124149 (D.Del.)
(Cite as: 2003 WL 124149 (D.Del.))

Page 2

Not Reported in F.Supp.2d, 2003 WL 124149 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 2004 WL 3333208 (Trial Motion, Memorandum and Affidavit) Reply of Stembanc, Inc. in Support of Motion to Dismiss Cbr Systems, Inc.'S First, Second, Third, Fourth, Fifth, and Sixth Counterclaims Pursuant to Fed. R. Civ. P. 12(b)(6) (Dec 15, 2004)Original Image of this Document (PDF)

• 2004 WL 3333205 (Trial Motion, Memorandum and Affidavit) CBR Systems, Inc.'s Opposition to Pharmastem Therapeutics, Inc.'s Motion to Dismiss CBR Systems, Inc.'s First, Second, Third, Fourth, Fifth, Sixth and Seventh Counterclaims Pursuant to Fed. R. Civ. P. 12(b)(6) (Nov. 19, 2004)Original Image of this Document (PDF)

• 2004 WL 3333201 (Trial Motion, Memorandum and Affidavit) Pharmastem Therapeutics, Inc.'s Motion to Dismiss Defendant CBR's First, Second, Third, Fourth, Fifth, Sixth and Seventh Counterclaims (Sep. 13, 2004)Original Image of this Document (PDF)

• 2004 WL 3333200 (Trial Pleading) Complaint for Patent Infringement (Jul. 28, 2004)Original Image of this Document (PDF)

• 2003 WL 23310808 (Verdict and Settlement Summary) (Oct. 29, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.