# EXHIBIT 1

1                    IN THE UNITED STATES DISTRICT COURT

2                    IN AND FOR THE DISTRICT OF DELAWARE

3                              -   -   -

4    TALECRIS BIOTHERAPEUTICS,        :        Civil Action
     INC.,                           :

5                                    :
               Plaintiff,            :

6                                    :
          v.                         :

7                                    :
     BAXTER INTERNATIONAL INC.       :

8    and BAXTER HEALTHCARE           :
     CORPORATION,                    :

9                                    :
               Defendants.           :        No. 05-349-GMS

10                             -   -   -

11
     BAXTER HEALTHCARE                :

12   CORPORATION,                     :
                                      :

13             Counterclaimant,       :
                                      :

14        v.                          :
                                      :

15   TALECRIS BIOTHERAPEUTICS,        :
     INC. and BAYER HEALTHCARE        :

16   LLC,                             :
                                      :

17             Counterdefendants.:

18                             -   -   -

19                      Wilmington, Delaware
                        Thursday, August 17, 2006

20                           10:00 a.m.
                           Teleconference

21                             -   -   -

22
     BEFORE:   HONORABLE GREGORY M. SLEET, U.S.D.C.J.

23

24

25

2

```
1   APPEARANCES:

2           JEFFREY B. BOVE, ESQ.,
            JACLYN MASON, ESQ., and
3           MARY BOURKE, ESQ.
            Connolly Bove Lodge & Hutz LLP
4                   -and-
            BRADFORD J. BADKE, ESQ., and
5           GABRIELLE CIUFFREDA, ESQ.
            Ropes & Gray
6           (New York, New York)

7                               Counsel for Plaintiff and
                                Counterdefendants
8
            PHILIP A. ROVNER, ESQ.
9           Potter Anderson & Corroon LLP
                    -and-
10          JAMES G. GILLILAND, ESQ., and
            SUSAN M. SPAETH, ESQ.
11          Townsend and Townsend & Crew
            (Palo Alto, CA)
12
                                Counsel for Defendants and
13                              Counterclaimant

14                          -   -   -

15

16          THE COURT:   Good morning, counsel.

17          Who is on the line for plaintiff today?

18          MR. BOVE:   Yes, Your Honor.   This is Jeff Bove.

19   I have with me in my office Jim Badke from Ropes & Gray.   I

20   have Gabrielle Ciuffrida on the phone from Ropes & Gray.

21   Also present with me is Jaclyn Mason, my associate at

22   Connolly Bove.   Dialing in from afar is Mary Bourke.

23          THE COURT:   Good morning.

24          For defendant.

25          MR. ROVNER:   Your Honor, this is Phil Rovner
```

1    fact that the document was repeatedly scheduled on the log.

2                    In this instance, the document scheduled did

3    appear in the files of the prosecuting attorney, Mr. Giblin.

4                    Mr. Giblin was permitted to testify generally,

5    so as not to vitiate privilege, that in fact it was his

6    practice, obviously, to review invention disclosures because

7    that is the first step in considering a patent application.

8                    Indeed, we believe and assert that that is

9    exactly what has occurred here.  The Federal Circuit has

10   indicated in the Spalding case at 203 F.3d 800 that these

11   types of records are routinely privileged, almost

12   presumptively privileged.  And of course we certainly assert

13   the Spalding case in support of this position.

14                    I wish to emphasize that to the best of our

15   knowledge, each fact asserted in the invention record has

16   otherwise been produced in this litigation.  In other words,

17   they are not being deprived of any facts by reason of the

18   proper assertion of privilege in these circumstances.

19                    What is particularly troubling is that Baxter

20   attempted to mark the invention disclosure during the

21   deposition of Mr. Giblin in an effort to use that document.

22   We do not think that is a proper use of a document under

23   Paragraph 12 of this Court's protective order.  But that is

24   an aside.

25                    The relief that we are seeking is return of the

8

1    document under the protective order.  We have offered to

2    supply an affidavit in order to substantiate each of the

3    elements of the privilege should the Court deem such

4    appropriate.

5                   And that is our essential position at this point

6    in time.

7                   THE COURT:  Mr. Gilliland, if you have the

8    information -- let me back up for a second.  Mr. Bove, I am

9    sorry, I didn't recognize your name when it was initially

10   pronounced.  Obviously, I know who you are.

11                  Is it the case that there was data missing from

12   the document in question?  Are you asserting that that data

13   is in possession of Baxter?

14                  MR. BOVE:  Absolutely, Your Honor.

15                  THE COURT:  Mr. Gilliland, why don't you reply,

16   specifically starting out addressing that assertion.

17                  MR. GILLILAND:  Thank you, Your Honor.  Yes.

18                  I believe that it is correct that in the lab

19   notebooks of another inventor, the test data exists which in

20   this case, Your Honor, it is a case about a way of refining

21   immunoglobulins from blood.  And it is a process patent.

22   And the alleged invention is that a factor called

23   anticomplement activity, which is bad for you, is caused by

24   a solvent detergent treatment used during the process --

25                  THE COURT:  That is a lot of details that I

1    don't need, I don't think, at this point, to resolve this

2    dispute.

3            What I am trying to get at is, let's just assume

4    for purposes of argument for a moment that I have concluded

5    that the question is a close call.  And that being the case,

6    if you already have the information that you seek, why

7    should this Court, under the circumstances of a close call,

8    make the call in your favor?

9            MR. GILLILAND:  Here is the answer to that

10   question, Your Honor.

11            We need to try to determine why that information

12   that did not get into the patent application, and Dr. Alonso

13   is the named inventor, and he has in his memo this

14   particular document, that data, obviously, without that memo

15   from the inventor, it's going to be difficult, if not

16   impossible, for us to ask the question and to determine what

17   happened to that data and why it was omitted.  It is in the

18   lab notebook of another inventor --

19            THE COURT:  Let me interrupt for a second.  What

20   issue in the case does the answer to that question go to?

21   Is there some type of inequitable conduct claim here?  What

22   does that go to?

23            MR. BOVE:  Your Honor, there is no inequitable

24   conduct claim presently in this case.

25            THE COURT:  Mr. Gilliland, what issue is that

1    conduct such as would vitiate the privilege.  We think it is

2    pretty clear this document ought to be returned and no use

3    made of it.

4               THE COURT:  I am going to order the document

5    returned, and further, that the document itself, not data,

6    because Mr. Bove concedes you already have the data, Baxter,

7    but within the context of the litigation the document itself

8    with reference to the data may not be used.

9               I am going to make that order without prejudice,

10   Mr. Gilliland, to you asking the Court to revisit this issue

11   should you deem it appropriate within the context of perhaps

12   a later asserted inequitable conduct defense.

13              MR. GILLILAND:  Thank you, Your Honor.  I think

14   what I understand the Court's ruling to be, that Baxter will

15   return all copies it has of the document but Mr. Bove and

16   his firm will hold onto their copies.

17              THE COURT:  Yes.

18              MR. GILLILAND:  Thank you.  We will do that.

19              THE COURT:  Next issue for Baxter was the

20   plaintiff's deficient document production.

21              MR. GILLILAND:  Your Honor, there are a couple

22   of issues regarding discovery.  I will try to hit a couple

23   of them, because we are right in the middle of depositions.

24   There is one occurring after this call up there in Delaware.

25              I will just hit a hit a couple of top-line

## Donna C. Hallowell

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Thursday, August 17, 2006 12:28 PM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-00349-GMS Talecris Biotherapeutics Inc. v. Baxter International Inc. et al "Telephone Conference" |

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

District of Delaware

Notice of Electronic Filing

The following transaction was received from mmm, entered on 8/17/2006 at 12:28 PM EDT and filed on 8/17/2006

Case Name:  Talecris Biotherapeutics Inc. v. Baxter International Inc. et al
Case Number:      1:05-cv-349 <https://ecf.ded.uscourts.gov/cgi-bin/DktRpt.pl?34913>
Filer:
Document Number:

Docket Text:
Minute Entry for proceedings held before Judge Gregory M. Sleet: Discovery (first) Telephone Conference held on 8/17/2006. (Court Reporter Kevin Maurer.) (mmm)

The following document(s) are associated with this transaction:

1:05-cv-349 Notice will be electronically mailed to:

Jeffrey B. Bove     jbove@cblh.com, dhallowell@cblh.com; dkt@cblh.com

Philip A. Rovner     provner@potteranderson.com, mstackel@potteranderson.com; nmcmenamin@potteranderson.com; iplitigation@potteranderson.com

Susan M. Spaeth     smspaeth@townsend.com, avmorjig@townsend.com

1:05-cv-349 Notice will be delivered by other means to: