# EXHIBIT 6

**AMENDMENTS TO THE
FEDERAL RULES OF CIVIL PROCEDURE**

**Rule 16.    Pretrial Conferences;    Scheduling;
Management**

\* \* \* \* \*

**(b) Scheduling and Planning.** Except in categories of
actions exempted by district court rule as
inappropriate, the district judge, or a magistrate judge
when authorized by district court rule, shall, after
receiving the report from the parties under Rule 26(f)
or after consulting with the attorneys for the parties
and any unrepresented parties by a scheduling
conference, telephone, mail, or other suitable means,
enter a scheduling order that limits the time

    **(1)** to join other parties and to amend the
pleadings;

    **(2)** to file motions; and

    **(3)** to complete discovery.

2        FEDERAL RULES OF CIVIL PROCEDURE

The scheduling order also may include

**(4)** modifications of the times for disclosures under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted;

**(5)** provisions for disclosure or discovery of electronically stored information;

**(6)** any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production;

**(7)** the date or dates for conferences before trial, a final pretrial conference, and trial; and

**(8)** any other matters appropriate in the circumstances of the case.

The order shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant. A schedule shall not be

FEDERAL RULES OF CIVIL PROCEDURE          3

modified except upon a showing of good cause and by

leave of the district judge or, when authorized by local

rule, by a magistrate judge.

\* \* \* \* \*

### Committee Note

The amendment to Rule 16(b) is designed to alert the court to the possible need to address the handling of discovery of electronically stored information early in the litigation if such discovery is expected to occur.  Rule 26(f) is amended to direct the parties to discuss discovery of electronically stored information if such discovery is contemplated in the action.  Form 35 is amended to call for a report to the court about the results of this discussion.  In many instances, the court's involvement early in the litigation will help avoid difficulties that might otherwise arise.

Rule 16(b) is also amended to include among the topics that may be addressed in the scheduling order any agreements that the parties reach to facilitate discovery by minimizing the risk of waiver of privilege or work-product protection.  Rule 26(f) is amended to add to the discovery plan the parties' proposal for the court to enter a case-management or other order adopting such an agreement.  The parties may agree to various arrangements.  For example, they may agree to initial provision of requested materials without waiver of privilege or protection to enable the party seeking

4        FEDERAL RULES OF CIVIL PROCEDURE

production to designate the materials desired or protection for actual production, with the privilege review of only those materials to follow. Alternatively, they may agree that if privileged or protected information is inadvertently produced, the producing party may by timely notice assert the privilege or protection and obtain return of the materials without waiver. Other arrangements are possible. In most circumstances, a party who receives information under such an arrangement cannot assert that production of the information waived a claim of privilege or of protection as trial-preparation material.

An order that includes the parties' agreement may be helpful in avoiding delay and excessive cost in discovery. *See Manual for Complex Litigation (4th)* § 11.446. Rule 16(b)(6) recognizes the propriety of including such agreements in the court's order. The rule does not provide the court with authority to enter such a case-management or other order without party agreement, or limit the court's authority to act on motion.

**Rule 26. General Provisions Governing Discovery; Duty of Disclosure**

**(a) Required Disclosures; Methods to Discover Additional Matter.**

**(1) Initial Disclosures.** Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the

FEDERAL RULES OF CIVIL PROCEDURE            5

extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

**(A)** the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

**(B)** a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

\* \* \* \* \*

6        FEDERAL RULES OF CIVIL PROCEDURE

**(b) Discovery Scope and Limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

\* \* \* \* \*

**(2) Limitations.**

**(A)** By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

**(B)** A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought

FEDERAL RULES OF CIVIL PROCEDURE          7

must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(C)** The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that:    (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

8      FEDERAL RULES OF CIVIL PROCEDURE

discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

\* \* \* \* \*

**(5) Claims of Privilege or Protection of Trial-Preparation Materials.**

**(A) Information Withheld.**  When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-

FEDERAL RULES OF CIVIL PROCEDURE            9

preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

**(B)  Information Produced.**  If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.    A

10      FEDERAL RULES OF CIVIL PROCEDURE

receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The producing party must preserve the information until the claim is resolved.

\* \* \* \* \*

**(f) Conference of Parties; Planning for Discovery.** Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of

FEDERAL RULES OF CIVIL PROCEDURE          11

the case, to make or arrange for the disclosures required by Rule 26(a)(1), to discuss any issues relating to preserving discoverable information, and to develop a proposed discovery plan that indicates the parties' views and proposals concerning:

**(1)** what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

**(2)** the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

**(3)** any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

12     FEDERAL RULES OF CIVIL PROCEDURE

**(4)** any issues relating to claims of privilege or of protection as trial-preparation material, including — if the parties agree on a procedure to assert such claims after production — whether to ask the court to include their agreement in an order;

**(5)** what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**(6)** any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

\* \* \* \* \*

### Committee Note

**Subdivision (a).**  Rule 26(a)(1)(B) is amended to parallel Rule 34(a) by recognizing that a party must disclose electronically stored information as well as documents that it may use to support its claims or defenses.  The term "electronically stored information" has the same broad meaning in Rule 26(a)(1) as in Rule 34(a).  This amendment is consistent with the 1993 addition of Rule 26(a)(1)(B).  The term "data

FEDERAL RULES OF CIVIL PROCEDURE        13

compilations" is deleted as unnecessary because it is a subset of both documents and electronically stored information.

**Subdivision (b)(2).** The amendment to Rule 26(b)(2) is designed to address issues raised by difficulties in locating, retrieving, and providing discovery of some electronically stored information. Electronic storage systems often make it easier to locate and retrieve information. These advantages are properly taken into account in determining the reasonable scope of discovery in a particular case. But some sources of electronically stored information can be accessed only with substantial burden and cost. In a particular case, these burdens and costs may make the information on such sources not reasonably accessible.

It is not possible to define in a rule the different types of technological features that may affect the burdens and costs of accessing electronically stored information. Information systems are designed to provide ready access to information used in regular ongoing activities. They also may be designed so as to provide ready access to information that is not regularly used. But a system may retain information on sources that are accessible only by incurring substantial burdens or costs. Subparagraph (B) is added to regulate discovery from such sources.

Under this rule, a responding party should produce electronically stored information that is relevant, not privileged, and reasonably accessible, subject to the (b)(2)(C) limitations that apply to all

14      FEDERAL RULES OF CIVIL PROCEDURE

discovery. The responding party must also identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. The identification should, to the extent possible, provide enough detail to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources.

A party's identification of sources of electronically stored information as not reasonably accessible does not relieve the party of its common-law or statutory duties to preserve evidence. Whether a responding party is required to preserve unsearched sources of potentially responsive information that it believes are not reasonably accessible depends on the circumstances of each case. It is often useful for the parties to discuss this issue early in discovery.

The volume of — and the ability to search — much electronically stored information means that in many cases the responding party will be able to produce information from reasonably accessible sources that will fully satisfy the parties' discovery needs. In many circumstances the requesting party should obtain and evaluate the information from such sources before insisting that the responding party search and produce information contained on sources that are not reasonably accessible. If the requesting party continues to seek discovery of information from sources identified as not reasonably accessible, the parties should discuss the burdens and costs of accessing and retrieving the information, the needs that may establish good cause for requiring all or part

of the requested discovery even if the information sought is not reasonably accessible, and conditions on obtaining and producing the information that may be appropriate.

If the parties cannot agree whether, or on what terms, sources identified as not reasonably accessible should be searched and discoverable information produced, the issue may be raised either by a motion to compel discovery or by a motion for a protective order.  The parties must confer before bringing either motion.  If the parties do not resolve the issue and the court must decide, the responding party must show that the identified sources of information are not reasonably accessible because of undue burden or cost.  The requesting party may need discovery to test this assertion.  Such discovery might take the form of requiring the responding party to conduct a sampling of information contained on the sources identified as not reasonably accessible; allowing some form of inspection of such sources; or taking depositions of witnesses knowledgeable about the responding party's information systems.

Once it is shown that a source of electronically stored information is not reasonably accessible, the requesting party may still obtain discovery by showing good cause, considering the limitations of Rule 26(b)(2)(C) that balance the costs and potential benefits of discovery.  The decision whether to require a responding party to search for and produce information that is not reasonably accessible depends not only on the burdens and costs of doing so, but also on whether those burdens and

16        FEDERAL RULES OF CIVIL PROCEDURE

costs can be justified in the circumstances of the case. Appropriate considerations may include: (1) the specificity of the discovery request; (2) the quantity of information available from other and more easily accessed sources; (3) the failure to produce relevant information that seems likely to have existed but is no longer available on more easily accessed sources; (4) the likelihood of finding relevant, responsive information that cannot be obtained from other, more easily accessed sources; (5) predictions as to the importance and usefulness of the further information; (6) the importance of the issues at stake in the litigation; and (7) the parties' resources.

The responding party has the burden as to one aspect of the inquiry — whether the identified sources are not reasonably accessible in light of the burdens and costs required to search for, retrieve, and produce whatever responsive information may be found. The requesting party has the burden of showing that its need for the discovery outweighs the burdens and costs of locating, retrieving, and producing the information. In some cases, the court will be able to determine whether the identified sources are not reasonably accessible and whether the requesting party has shown good cause for some or all of the discovery, consistent with the limitations of Rule 26(b)(2)(C), through a single proceeding or presentation. The good-cause determination, however, may be complicated because the court and parties may know little about what information the sources identified as not reasonably accessible might contain, whether it is relevant, or how valuable it may be to the litigation. In such cases, the parties may need some

FEDERAL RULES OF CIVIL PROCEDURE          17

focused discovery, which may include sampling of the sources, to learn more about what burdens and costs are involved in accessing the information, what the information consists of, and how valuable it is for the litigation in light of information that can be obtained by exhausting other opportunities for discovery.

The good-cause inquiry and consideration of the Rule 26(b)(2)(C) limitations are coupled with the authority to set conditions for discovery. The conditions may take the form of limits on the amount, type, or sources of information required to be accessed and produced. The conditions may also include payment by the requesting party of part or all of the reasonable costs of obtaining information from sources that are not reasonably accessible. A requesting party's willingness to share or bear the access costs may be weighed by the court in determining whether there is good cause. But the producing party's burdens in reviewing the information for relevance and privilege may weigh against permitting the requested discovery.

The limitations of Rule 26(b)(2)(C) continue to apply to all discovery of electronically stored information, including that stored on reasonably accessible electronic sources.

**Subdivision (b)(5).** The Committee has repeatedly been advised that the risk of privilege waiver, and the work necessary to avoid it, add to the costs and delay of discovery. When the review is of electronically stored information, the risk of waiver, and the time and effort required to avoid it, can

18    FEDERAL RULES OF CIVIL PROCEDURE

increase substantially because of the volume of electronically stored information and the difficulty in ensuring that all information to be produced has in fact been reviewed. Rule 26(b)(5)(A) provides a procedure for a party that has withheld information on the basis of privilege or protection as trial-preparation material to make the claim so that the requesting party can decide whether to contest the claim and the court can resolve the dispute. Rule 26(b)(5)(B) is added to provide a procedure for a party to assert a claim of privilege or trial-preparation material protection after information is produced in discovery in the action and, if the claim is contested, permit any party that received the information to present the matter to the court for resolution.

Rule 26(b)(5)(B) does not address whether the privilege or protection that is asserted after production was waived by the production. The courts have developed principles to determine whether, and under what circumstances, waiver results from inadvertent production of privileged or protected information. Rule 26(b)(5)(B) provides a procedure for presenting and addressing these issues. Rule 26(b)(5)(B) works in tandem with Rule 26(f), which is amended to direct the parties to discuss privilege issues in preparing their discovery plan, and which, with amended Rule 16(b), allows the parties to ask the court to include in an order any agreements the parties reach regarding issues of privilege or trial-preparation material protection. Agreements reached under Rule 26(f)(4) and orders including such agreements entered under Rule 16(b)(6) may be considered when a court determines whether a waiver has occurred. Such

agreements and orders ordinarily control if they adopt procedures different from those in Rule 26(b)(5)(B).

A party asserting a claim of privilege or protection after production must give notice to the receiving party. That notice should be in writing unless the circumstances preclude it. Such circumstances could include the assertion of the claim during a deposition. The notice should be as specific as possible in identifying the information and stating the basis for the claim. Because the receiving party must decide whether to challenge the claim and may sequester the information and submit it to the court for a ruling on whether the claimed privilege or protection applies and whether it has been waived, the notice should be sufficiently detailed so as to enable the receiving party and the court to understand the basis for the claim and to determine whether waiver has occurred. Courts will continue to examine whether a claim of privilege or protection was made at a reasonable time when delay is part of the waiver determination under the governing law.

After receiving notice, each party that received the information must promptly return, sequester, or destroy the information and any copies it has. The option of sequestering or destroying the information is included in part because the receiving party may have incorporated the information in protected trial-preparation materials. No receiving party may use or disclose the information pending resolution of the privilege claim. The receiving party may present to the court the questions whether the information is privileged or protected as trial-preparation material,

20        FEDERAL RULES OF CIVIL PROCEDURE

and whether the privilege or protection has been waived. If it does so, it must provide the court with the grounds for the privilege or protection specified in the producing party's notice, and serve all parties. In presenting the question, the party may use the content of the information only to the extent permitted by the applicable law of privilege, protection for trial-preparation material, and professional responsibility.

If a party disclosed the information to nonparties before receiving notice of a claim of privilege or protection as trial-preparation material, it must take reasonable steps to retrieve the information and to return it, sequester it until the claim is resolved, or destroy it.

Whether the information is returned or not, the producing party must preserve the information pending the court's ruling on whether the claim of privilege or of protection is properly asserted and whether it was waived. As with claims made under Rule 26(b)(5)(A), there may be no ruling if the other parties do not contest the claim.

**Subdivision (f).** Rule 26(f) is amended to direct the parties to discuss discovery of electronically stored information during their discovery-planning conference. The rule focuses on "issues relating to disclosure or discovery of electronically stored information"; the discussion is not required in cases not involving electronic discovery, and the amendment imposes no additional requirements in those cases. When the parties do anticipate disclosure or discovery of electronically stored information, discussion at the

FEDERAL RULES OF CIVIL PROCEDURE        21

outset may avoid later difficulties or ease their resolution.

When a case involves discovery of electronically stored information, the issues to be addressed during the Rule 26(f) conference depend on the nature and extent of the contemplated discovery and of the parties' information systems. It may be important for the parties to discuss those systems, and accordingly important for counsel to become familiar with those systems before the conference. With that information, the parties can develop a discovery plan that takes into account the capabilities of their computer systems. In appropriate cases identification of, and early discovery from, individuals with special knowledge of a party's computer systems may be helpful.

The particular issues regarding electronically stored information that deserve attention during the discovery planning stage depend on the specifics of the given case. *See Manual for Complex Litigation (4th)* § 40.25(2) (listing topics for discussion in a proposed order regarding meet-and-confer sessions). For example, the parties may specify the topics for such discovery and the time period for which discovery will be sought. They may identify the various sources of such information within a party's control that should be searched for electronically stored information. They may discuss whether the information is reasonably accessible to the party that has it, including the burden or cost of retrieving and reviewing the information. *See* Rule 26(b)(2)(B). Rule 26(f)(3) explicitly directs the parties to discuss the form or

22      FEDERAL RULES OF CIVIL PROCEDURE

forms in which electronically stored information might be produced. The parties may be able to reach agreement on the forms of production, making discovery more efficient. Rule 34(b) is amended to permit a requesting party to specify the form or forms in which it wants electronically stored information produced. If the requesting party does not specify a form, Rule 34(b) directs the responding party to state the forms it intends to use in the production. Early discussion of the forms of production may facilitate the application of Rule 34(b) by allowing the parties to determine what forms of production will meet both parties' needs. Early identification of disputes over the forms of production may help avoid the expense and delay of searches or productions using inappropriate forms.

Rule 26(f) is also amended to direct the parties to discuss any issues regarding preservation of discoverable information during their conference as they develop a discovery plan. This provision applies to all sorts of discoverable information, but can be particularly important with regard to electronically stored information. The volume and dynamic nature of electronically stored information may complicate preservation obligations. The ordinary operation of computers involves both the automatic creation and the automatic deletion or overwriting of certain information. Failure to address preservation issues early in the litigation increases uncertainty and raises a risk of disputes.

The parties' discussion should pay particular attention to the balance between the competing needs

FEDERAL RULES OF CIVIL PROCEDURE          23

to preserve relevant evidence and to continue routine operations critical to ongoing activities. Complete or broad cessation of a party's routine computer operations could paralyze the party's activities. *Cf. Manual for Complex Litigation (4th)* § 11.422 ("A blanket preservation order may be prohibitively expensive and unduly burdensome for parties dependent on computer systems for their day-to-day operations.") The parties should take account of these considerations in their discussions, with the goal of agreeing on reasonable preservation steps.

The requirement that the parties discuss preservation does not imply that courts should routinely enter preservation orders. A preservation order entered over objections should be narrowly tailored. Ex parte preservation orders should issue only in exceptional circumstances.

Rule 26(f) is also amended to provide that the parties should discuss any issues relating to assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures for asserting claims of privilege or protection after production and whether to ask the court to enter an order that includes any agreement the parties reach. The Committee has repeatedly been advised about the discovery difficulties that can result from efforts to guard against waiver of privilege and work-product protection. Frequently parties find it necessary to spend large amounts of time reviewing materials requested through discovery to avoid waiving privilege. These efforts are necessary because materials subject

24      FEDERAL RULES OF CIVIL PROCEDURE

to a claim of privilege or protection are often difficult to identify. A failure to withhold even one such item may result in an argument that there has been a waiver of privilege as to all other privileged materials on that subject matter. Efforts to avoid the risk of waiver can impose substantial costs on the party producing the material and the time required for the privilege review can substantially delay access for the party seeking discovery.

These problems often become more acute when discovery of electronically stored information is sought. The volume of such data, and the informality that attends use of e-mail and some other types of electronically stored information, may make privilege determinations more difficult, and privilege review correspondingly more expensive and time consuming. Other aspects of electronically stored information pose particular difficulties for privilege review. For example, production may be sought of information automatically included in electronic files but not apparent to the creator or to readers. Computer programs may retain draft language, editorial comments, and other deleted matter (sometimes referred to as "embedded data" or "embedded edits") in an electronic file but not make them apparent to the reader. Information describing the history, tracking, or management of an electronic file (sometimes called "metadata") is usually not apparent to the reader viewing a hard copy or a screen image. Whether this information should be produced may be among the topics discussed in the Rule 26(f) conference. If it is, it may need to be reviewed to ensure that no privileged

FEDERAL RULES OF CIVIL PROCEDURE          25

information is included, further complicating the task of privilege review.

Parties may attempt to minimize these costs and delays by agreeing to protocols that minimize the risk of waiver. They may agree that the responding party will provide certain requested materials for initial examination without waiving any privilege or protection — sometimes known as a "quick peek." The requesting party then designates the documents it wishes to have actually produced. This designation is the Rule 34 request. The responding party then responds in the usual course, screening only those documents actually requested for formal production and asserting privilege claims as provided in Rule 26(b)(5)(A). On other occasions, parties enter agreements — sometimes called "clawback agreements"— that production without intent to waive privilege or protection should not be a waiver so long as the responding party identifies the documents mistakenly produced, and that the documents should be returned under those circumstances. Other voluntary arrangements may be appropriate depending on the circumstances of each litigation. In most circumstances, a party who receives information under such an arrangement cannot assert that production of the information waived a claim of privilege or of protection as trial-preparation material.

Although these agreements may not be appropriate for all cases, in certain cases they can facilitate prompt and economical discovery by reducing delay before the discovering party obtains access to documents, and by reducing the cost and burden of

26      FEDERAL RULES OF CIVIL PROCEDURE

review by the producing party. A case-management or other order including such agreements may further facilitate the discovery process.  Form 35 is amended to include a report to the court about any agreement regarding protections against inadvertent forfeiture or waiver of privilege or protection that the parties have reached, and Rule 16(b) is amended to recognize that the court may include such an agreement in a case-management or other order.  If the parties agree to entry of such an order, their proposal should be included in the report to the court.

Rule 26(b)(5)(B) is added to establish a parallel procedure to assert privilege or protection as trial-preparation material after production, leaving the question of waiver to later determination by the court.

**Rule 33.  Interrogatories to Parties**

\* \* \* \* \*

**(d) Option to Produce Business Records.**  Where the answer to an interrogatory may be derived or ascertained from the business records, including electronically stored information, of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business