# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 05-349-GMS ) |
| BAXTER INTERNATIONAL INC., and BAXTER HEALTHCARE CORPORATION, | ) Jury Trial Demanded ) ) |
| Defendants. | ) ) ) |
| BAXTER HEALTHCARE CORPORATION | ) ) |
| Counterclaimant, | ) REDACTED VERSION ) |
| v. | ) ) |
| TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, | ) ) ) |
| Counterclaim Defendants. | ) ) ) |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIM**

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020-1105

*Of Counsel for Counterclaim Defendant Bayer Healthcare LLC*
Redacted Version: December 11, 2006
Dated:  December 4, 2006

Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899-2207
(302) 658-9141
*Attorneys for Plaintiffs and Counterclaim Defendants*

# TABLE OF CONTENTS

|      |     |                                                                                                                                                                                           | PAGE |
|------|-----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| I.   |     | INTRODUCTION                                                                                                                                                                              | 1    |
| II.  |     | ARGUMENT                                                                                                                                                                                  | 1    |
|      | A.  | Defendants' Use of the Memorandum of Invention Violates This Court's August 17, 2006 Order and the Protective Order and Merits Sanctions From the Court                                   | 1    |
|      | B.  | Defendants Cannot Sustain Their Burden of Proving "Good Cause" Under the *Enzo* Case                                                                                                       | 3    |
| III. |     | CONCLUSION                                                                                                                                                                                | 4    |

I.  **INTRODUCTION**

In their reply brief (D.I. 182), Defendants impermissibly used the Memorandum of Invention, in violation of the Court's August 17, 2006 Order and the Protective Order. Defendants also for the first time addressed the dispositive "good cause" standard of Federal Rule of Civil Procedure 16 in their reply brief, despite having the burden to do so in their opening brief. They also relied upon the readily distinguishable *Enzo* case. Plaintiffs hereby submit this surreply to respond to the new matter, authority and arguments raised in Defendants' reply brief.

II. **ARGUMENT**

    A.    **Defendants' Use of the Memorandum of Invention Violates This Court's August 17, 2006 Order and the Protective Order and Merits Sanctions From the Court**

**REDACTED**

Were the Court to allow Defendants to amend their answer and counterclaim on the basis of briefing that unquestionably violates the Court's Orders, it could render such orders meaningless. Upholding inadvertent production orders is especially important in light of Federal Rules of Civil Procedure amended effective December 1, 2006, which, for example, allow the Court to incorporate any agreements between the parties regarding the waiver of privilege into its Scheduling Order. *See* Fed. R. Civ. P. 16(b)(6); *see also*

1

*comments thereto* ("...[F]or example, [the parties]...may agree that if privileged or protected information is inadvertently produced, the producing party may by timely notice assert the privilege or protection and obtain return of the materials without waiver....In most circumstances, a party who receives information under such an arrangement cannot assert that production of the information waived a claim of privilege...."); *see also comments* to Fed. R. Civ. P. 26(a)(5)(b) ("...order including such agreements entered under Rule 16(b)(6) may be considered when a court determines whether a waiver has occurred.").[1]

Defendants' use of the Memorandum of Invention is exactly the type of behavior that the Court's August 17, 2006 Order, the Protective Order, and the recently amended Federal Rules are designed to prevent. A party should not be permitted to capitalize upon the inadvertent production of an adversary's privileged materials, especially when there are Court Orders and Federal Rules in place that prohibit such a result. The Court should not allow Defendants to base substantive arguments in support of a motion on a document that they were not allowed to use in the first place, and then reward this violation by granting the motion.

Defendants' conduct merits an appropriate sanction. Since Defendants' impermissible use of the Memorandum of Invention was to support a motion to amend, the Court should deny Defendants leave to file their amended answer and counterclaim. Such a sanction is well within the legitimate exercise of discretion of the Court. Plaintiffs respectfully request that the Court grant such relief.

---

[1] Copies of the amended Federal Rules and comments thereto are attached as Exhibit 6 to the Mason Declaration.

2

### B. Defendants Cannot Sustain Their Burden of Proving "Good Cause" Under the *Enzo* Case

As the party seeking leave to file an Amended Answer and Counterclaim outside of the time set forth in the Scheduling Order, Defendants had the burden to address the "good cause" standard of Rule 16 in their Opening Brief. They failed to do so. For this reason alone, their Motion should be denied.

In any case, Defendants cannot raise their arguments on the good cause standard and the *Enzo* decision for the first time in their Reply Brief. *See* D. Del. LR. 7.1.3(c)(2). The *Enzo* case is distinguishable from the facts here for two reasons. First, Plaintiffs will be severely prejudiced if Defendants are granted leave to file their faulty proposed inequitable conduct claim. The *Enzo* case reaffirms the "pleading with particularity" requirement of Rule 9(b) – a requirement that Defendants have failed to meet. *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 489 (D. Del. 2003). Despite ample opportunities to do so, Defendants have failed to plead with particularity or even specify in their motion papers those individuals whom they are accusing of inequitable conduct. Indeed, Defendants' reply brief mentions nearly all of the attorneys deposed in this case, fails to specify which individuals are being accused of what particular actions, and thus further muddies the waters, rather than clarifying them. (D.I. 182 at 12.) Not only would Defendants' proposed Counterclaim be prejudicial, it is faulty on its face for failing to meet the requirements of Rule 9(b), and therefore also futile. Where a "likelihood of prejudice" exists, such a faulty amendment should not be allowed. *Id.* at 490.

Second, in *Enzo*, the Court based its decision on the fact that the inequitable conduct claim was based on facts "which were recently confirmed by the depositions of

[the inventors]." *Id.* at 489. Such is not true here. As fully set forth in Plaintiffs' Opposition Brief (D.I. 176 at 9), Defendants, *inter alia*, never asked Dr. Alonso about the prior art they now claim is a basis for inequitable conduct during his deposition. The facts upon which Defendants rely were never confirmed by the inventor in this case, despite Defendants' repeated refrain that his deposition was essential before they could amend their counterclaim.

For these reasons, the *Enzo* case is inopposite. Considering Defendants' abject failure to establish "good cause" and the fact that they seek to justify their amendment based on an argument foreclosed by two other orders of the Court, the Court should deny Defendants' motion for leave to file an amended answer and counterclaim.

## III. CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' motion for leave to amend (D.I. 165) for the reasons set forth herein and in Plaintiffs' opposition brief (D.I. 176).

Respectfully submitted,

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020-1105

*Of Counsel for Counterclaim Defendant Bayer Healthcare LLC*

Redacted Version: December 11, 2006
Dated: December 4, 2006

*/s/ Jeffrey B. Bove*
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141

*Attorneys for the Plaintiffs and Counterclaim Defendants*

**CERTIFICATE OF SERVICE**

I, Jeffrey B. Bove, hereby certify that on December 11, 2006, the within document was filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Philip A. Rovner, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
provner@potteranderson.com

**BY FEDEX AND E-MAIL**

Susan M. Spaeth, Esquire
Townsend and Townsend and Crew LLP
379 Lytton Avenue
Palo Alto, CA 94301
smspaeth@townsend.com

/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
Connolly Bove Lodge and Hutz LLP
1007 N. Orange Street
Wilmington, DE 19899
(302) 658-9141
jbove@cblh.com

5