IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, </br></br> Plaintiffs, </br></br> v. </br></br> BAXTER INTERNATIONAL INC., and BAXTER HEALTHCARE CORPORATION, </br></br> Defendants. </br></br> BAXTER HEALTHCARE CORPORATION </br></br> Counterclaimant, </br></br> v. </br></br> TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, </br></br> Counterclaim Defendants. | C.A. No. 05-349-GMS </br></br> **Jury Trial Demanded** </br></br></br> REDACTED VERSION DI 185 |

PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO
STRIKE PORTIONS OF DEFENDANTS' REPLY BRIEF AND FOR
SANCTIONS OR, IN THE ALTERNATIVE,
FOR LEAVE TO FILE A SURREPLY

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020-1105

*Of Counsel for Counterclaim Defendant
Bayer Healthcare LLC*

Dated: December 4, 2006

Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiffs and
Counterclaim Defendants*

## TABLE OF CONTENTS

|   |   | PAGE |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 1 |
|   | A. New Matter Relating to the Memorandum of Invention | 1 |
|   | B. New Authority and New Arguments Pertaining to Rule 16 | 3 |
| III. | LEGAL STANDARDS | 3 |
| IV. | SUMMARY OF THE ARGUMENT | 4 |
| V. | ARGUMENT | 4 |
|   | A. Defendants Violated the Court's August 17, 2006 Order and the Court's Local Rules By Using the Memorandum of Invention | 4 |
|   | B. Defendants Impermissibly Raise New Authority and New Arguments Pertaining to Rule 16 For the First Time in Their Reply Brief | 5 |
| VI. | CONCLUSION | 6 |

## TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Enzo Life Sciences, Inc. v. Digene Corp.*,
   270 F. Supp. 2d 484 (D. Del. 2003) ............................................................................ 3, 5

*In re Fleming Cos., Inc.*,
   316 B.R. 809 (D. Del. 2004) ......................................................................................... 4

*Isco Int'l, Inc. v. Conductus, Inc.*,
   279 F. Supp. 489 (D. Del. 2003) ............................................................................... 4, 5

*Symbol Techs., Inc. v. Hand Held Prods., Inc.*,
   2003 WL 22750145 at *4 (D. Del. Nov. 14, 2003) ....................................................... 3

*Watkins v. New Castle County*,
   374 F. Supp. 2d 379 (D. Del. 2005) .............................................................................. 3

I.  **INTRODUCTION**

Defendants' reply brief violates the Court's August 17, 2006 Order, the Protective Order and the Local Rules of this Court. It also contains new matter, new authority, and new arguments that should have been set forth in a full and fair opening brief. It uses the Memorandum of Invention in furthering an argument to support the motion to amend, flouting the Court's Order to (1) return the document under the terms of the Protective Order and (2) to first seek the Court's permission to use the document in any manner in this case. Defendants also address for the first time the "good cause" standard of Rule 16, citing new case law and advancing extensive legal argument that they failed to include in their opening brief.

The rules of this Court are designed to prevent exactly this type of conduct. Plaintiffs therefore respectfully ask the Court to strike from the record those portions of Defendants' reply brief that violate the Court's August 17, 2006 Order and the Local Rules, or in the alternative, to allow Plaintiffs to file a surreply in response to Defendants' late-breaking revelations and arguments.

II. **STATEMENT OF FACTS**

A.  **New Matter Relating to the Memorandum of Invention**

On August 17, 2006, the Court held a discovery teleconference to address, *inter alia*,[1] whether, under the terms of the Protective Order entered in this case, Defendants were obligated to return the inadvertently produced and privileged Memorandum of

---

[1] During the teleconference the Court also heard argument on Plaintiffs' Motion to Disqualify Defendants' counsel, which is *sub judice*.

1

Invention to Plaintiffs.[2] The Court ordered Defendants to return the Memorandum of Invention,

**REDACTED**

On August 18, 2006, Defendants' counsel indicated that they understood their obligations of compliance and would destroy any "extra copies, summaries of, and notes relating to" the Memorandum of Invention, and recognized the Court's order to "seek permission from the Court to use these documents at a later date." (Mason Dec., Ex. 2.) After further inquiry by Plaintiffs' counsel (*see* Mason Dec., Ex. 3), Defendants reiterated their obligation to obtain the Court's permission should they wish to use the document in this litigation (*id.*, Ex. 4).

On November 27, 2006, Defendants filed their reply brief (Docket Item ["D.I."] 182) in support of their motion for leave to file an Amended Answer and Counterclaim (D.I. 165, 166).

**REDACTED**

---

[2] The Court entered the Joint Protective Order on July 19, 2006. (*See* Declaration of Jaclyn Mason in Support of Plaintiffs' Motion to Strike Portions of Defendants' Reply Brief, or, in the alternative, for Leave to File a Surreply ["Mason Dec."], Ex. 5.)
[3] At the time of the teleconference, no inequitable conduct claim was asserted in the case. (Mason Dec., Ex. 1 at 9:9-24.)

2

REDACTED

Defendants' use of the Memorandum of Invention occurred without the requisite permission from this Court.[4] (D.I. 166 at 5-6 n.3.)

### B. New Authority and New Arguments Pertaining to Rule 16

Despite having the burden to do so as the moving party, Defendants for the first time address the "good cause" standard of Federal Rule of Civil Procedure 16 in Section II of their reply brief. (*See* D.I. 182 at 1-3.) In particular, Defendants cite new authority – *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484 (D. Del. 2003) – and set forth extensive new arguments based on *Enzo* that appeared nowhere in their opening brief (D.I. 166). Plaintiffs have not had the opportunity to respond to this new matter.[5]

## III. LEGAL STANDARDS

With respect to reply briefs, the Local Rules of this Court state that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." D. Del. LR. 7.1.3(c)(2). Including new matter and new authorities in a reply brief violates the mandate of Local Rule 7.1.3(c)(2). *Watkins v. New Castle County*, 374 F. Supp. 2d 379, 394 (D. Del. 2005) (agreeing that inclusion of new matter in reply brief violates mandate of D. Del. LR. 7.1.3(c) and refusing to consider such matter in rendering decision); *In re Fleming Cos., Inc.*, 316

---

[4] Plaintiffs' substantive arguments in opposition to the new matter and new authorities raised by Defendants in their reply brief are set forth in Plaintiffs' proposed Surreply, attached to Plaintiffs' Motion as Exhibit A. However, Plaintiffs note that a motion to strike is appropriate where, as here, an inequitable conduct claim is not plead with particularity. *Symbol Techs., Inc. v. Hand Held Prods., Inc.*, 2003 WL 22750145 at *4 (D. Del. Nov. 14, 2003). Among other fatal defects in their proposed Counterclaim, Defendants still have not specified the attorneys they are accusing of inequitable conduct.

[5] Plaintiffs distinguish *Enzo* from the facts of this case in their proposed Surreply.

3

B.R. 809, 815 n.3 (D. Del. 2004) (where "new matter, new authorities, and new evidence" are included in reply brief, motion to strike is appropriate). "In any case, the court will not belabor an argument raised for the first time in a reply brief." *Isco Int'l, Inc. v. Conductus, Inc.*, 279 F. Supp. 489, 510 (D. Del. 2003).

## IV.   SUMMARY OF THE ARGUMENT

Defendants failed to comply with the Court's August 17, 2006 Order and did not first seek permission to use the Memorandum of Invention in arguments in their reply. Further, had Defendants filed a "full and fair opening brief" in connection with their motion for leave to file an Amended Answer and Counterclaim, they should have fully addressed the "good cause" standard to vacate the Court's Scheduling Order under Rule 16. Instead, Defendants waited until Plaintiffs pointed out this fundamental, dispositive omission to address it in the reply. By waiting until the reply, Defendants have left no alternative but a Motion to Strike and for sanctions.

The Court should therefore strike the portions of Defendants' reply brief that violate D. Del. LR. 7.1.3(c)(2) and the Court's August 17, 2006 Order and sanction Defendants by denying their facially defective motion for leave to amend, or, in the alternative, grant Plaintiffs' leave to file a Surreply that substantively responds to Defendants' belated "good cause" contentions and presents further reasons why sanctions are appropriate.

## V.   ARGUMENT

   A.   **Defendants Violated the Court's August 17, 2006 Order and the Court's Local Rules By Using the Memorandum of Invention**

**REDACTED**

**REDACTED**

Defendants themselves *twice* recognized their obligation to do so. (Mason Dec., Exs. 2 and 4.) Yet, incredibly, Defendants failed to seek the Court's permission and waited until filing their reply brief to use the Memorandum of Invention to advance an argument. This violates both the Court's August 17, 2006 Order and D. Del. LR. 7.1.3(c)(2).

Section III of Defendants' reply brief (D.I. 182) should be stricken from the record in light of Defendants' violation of the Court's August 17, 2006 Order and D. Del. LR. 7.1.3(c)(2). In the alternative, Plaintiffs should be permitted to file their proposed Surreply and arguments relating to why Defendants should be sanctioned.

    **B.**    **Defendants Impermissibly Raise New Authority and New Arguments Pertaining to Rule 16 For the First Time in Their Reply Brief**

Defendants are seeking leave to file an Amended Answer and Counterclaim outside of the time set forth in the Court's Scheduling Order. As the moving party, they have the burden of addressing the "good cause" standard of Federal Rule of Civil Procedure 16. As Plaintiffs pointed out in their opposition brief (D.I. 176), Defendants failed to address the good cause standard in their opening brief. Surely a full and fair opening on a motion for leave to amend would have addressed Rule 16.

Defendants, however, waited to raise new authority and new arguments on the good cause standard for the first time in their reply brief. In doing so, Defendant sought to ensure that their extensive legal arguments based on the *Enzo* case would go unanswered by Plaintiffs (even though the facts in *Enzo* are easily distinguishable from this case). This Court has recognized that it "will not belabor an argument raised for the first time in a reply brief." *Isco Int'l*, 279 F. Supp. at 510. The Court should not do so here.

Section II (pages 1-3) of Defendants' Reply Brief should be stricken from the record for violating D. Del. LR. 7.1.3(c)(2), or, in the alternative, Plaintiffs should be permitted to file their proposed Surreply distinguishing *Enzo* and responding to Defendants' new arguments on Rule 16.

## VI. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant their Motion to Strike portions of Defendants' Reply Brief (D.I. 182), specifically, Section II (pages 1-3) and Section III, and for sanctions. In the alternative, Plaintiffs respectfully request that the Court grant their Motion for leave to file a Surreply (attached as Exhibit A to Plaintiffs' Motion) to respond to the new arguments and authorities raised in Defendants' Reply Brief.

Respectfully submitted,

/s/ *Jeffrey B. Bove*

| | |
|---|---|
| Bradford J. Badke, Esquire<br>Gabrielle Ciuffreda, Esquire<br>ROPES & GRAY LLP<br>1251 Avenue of the Americas<br>New York, NY 10020-1105<br><br>*Of Counsel for Counterclaim Defendant*<br>*Bayer Healthcare LLC*<br><br>Redacted Version: December 11, 2006<br>Dated: December 4, 2006 | Jeffrey B. Bove (#998)<br>Mary W. Bourke (#2356)<br>Mark E. Freeman (#4257)<br>Jaclyn M. Mason (#4737)<br>Christopher E. Jeffers (*pro hac vice*)<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899-2207<br>(302) 658-9141<br><br>*Attorneys for the Plaintiffs and*<br>*Counterclaim Defendants* |

6

## CERTIFICATE OF SERVICE

I, Jeffrey B. Bove, hereby certify that on December 11, 2006, the within document was filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Philip A. Rovner, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
provner@potteranderson.com

**BY FEDEX AND E-MAIL**

Susan M. Spaeth, Esquire
Townsend and Townsend and Crew LLP
379 Lytton Avenue
Palo Alto, CA 94301
smspaeth@townsend.com

/s/ *Jeffrey B. Bove*
Jeffrey B. Bove (#998)
Connolly Bove Lodge and Hutz LLP
1007 N. Orange Street
Wilmington, DE 19899
(302) 658-9141
jbove@cblh.com

7