# UNREPORTED CASE

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22750145 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

C
Briefs and Other Related Documents
Symbol Technologies, Inc. v. Hand Held Products, Inc.D.Del.,2003.Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
SYMBOL TECHNOLOGIES, INC., Plaintiff,
v.
HAND HELD PRODUCTS, INC. and HHP-NC, Inc., Defendants.
No. Civ.A. 03-102-SLR.

Nov. 14, 2003.

Arthur G. Connolly, III, Connolly, Bove, Lodge & Hutz, Andre G. Bouchard, Bouchard, Margules & Friedlander, Wilmington, DE, for Plaintiff.
Donald F. Parsons, Jr., Mary B. Graham, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for Defendants.

MEMORANDUM ORDER
ROBINSON, J.

I. INTRODUCTION

*1 Currently before the court are the following motions by the defendants Hand Held Products, Inc. and HHP-NC, Inc. (collectively "HHP"): 1) motion to dismiss U.S. Patent No. 5,591,956 of Count II for lack of subject matter jurisdiction; 2) motion to dismiss U.S. Patent No. 5,130,520 of Count I from the action because HHP holds a valid license; 3) motion to dismiss plaintiff's infringement and noninfringement claims from Counts I and II pursuant to Fed.R.Civ.P. 8 and 12(b)(6) for failure to state a claim; 4) motion to dismiss Count II of the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction for failure to satisfy the jurisdictional requirements of 18 U.S.C. § 2201; 5) motion to dismiss plaintiff's invalidity and unenforceability claims from Count II pursuant to Fed.R.Civ.P. 8 and 12(b)(6) for failure to give notice of the bases for claims of invalidity and unenforceability; 6) motion to strike plaintiff's unenforceability allegations pursuant to Fed.R.Civ.P. 12(b)(6) for failure to plead fraud with particularity; and 7) motion for a more definite statement as to Counts I and II. (D.I.10) For the reasons and to the extent stated below, the court grants in part and denies in part HHP's motions.

II. BACKGROUND

Plaintiff Symbol Technologies, Inc. ("Symbol") and HHP are competitors in the hand-held optical scanner industry, each holding patents and manufacturing a variety of products. Symbol is the owner of U.S. Patent Nos. 5,029,183; 5,130,520; 5,157,687; 5,479,441; 5,521,366; 5,646,390; 5,702,059; 5,783,811; 5,818,028; 6,00,612; 6,019,286; and 6,105,871 (collectively, the "Symbol Patents"). HHP is the owner of U.S. Patent Nos. 5,286,960; 5,291,008; 5,391,182; 5,420,409; 5,463,214; 5,569,902; 5,591,956; 5,723,853; 5,723,868; 5,773,806; 5,773,810; 5,780,834; 5,784,102; 5,786,586; 5,793,967; 5,801,918; 5,825,006; 5,831,254; 5,837,985; 5,838,495; 5,900,613; 5,914,476; 5,929,418; 5,932,862; 5,942,741; 5,949,052; 5,949,054; 5,965,863; 6,015,088; 6,060,722; 6,161,760; 6,298,176; 6,491,223; D392,282; D400,199, and D400,872 (collectively the "HHP Patents").

In September 1999, HHP was acquired by Welch Allyn, Inc. ("Welch Allyn"), a direct competitor of Symbol. Later that fall, Welch Allyn announced that it intended to acquire another competitor of Symbol's, PSC, Inc., with whom Symbol was engaged in patent litigation.

On March 13, 2000, Welch Allyn's in-house counsel sent an email to Symbol's in-house patent counsel indicating that certain Welch Allyn patents might "present problems" to Symbol's Golden Eye product line. (D.I.19)

On June 6, 2000, Welch Allyn began negotiating with Symbol on behalf of Welch Allyn's newly acquired subsidiary, PSC, Inc. (*Id.*) Later that month, a meeting was held between Symbol and Welch Allyn to discuss the licensing of certain patents held by HHP relating to the Golden Eye product line. At that meeting, a list of twenty-three (23) patents was presented to Symbol which Welch Allyn viewed as relevant. (*Id.*)

*2 On June 28, 2000, a second list was provided to Symbol by HHP in response to a request made at the earlier meeting. This second list contained only ten

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 2
Not Reported in F.Supp.2d, 2003 WL 22750145 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

(10) patents, eight of which were previously listed on the first list, and two of which were new additions. The June 28 letter indicated that these patents should be the topic of further licensing discussions between the parties. (*Id.*)

On November 30, 2000, Symbol acquired Telxon, a Texas company that was at the time engaged in patent-related disputes with Welch Allyn. Previously that year, Welch Allyn had sent a list of patents to Telxon, identical to the first list sent to Symbol, and suggested that Telxon's products might be infringing. Welch Allyn had also previously raised infringement issues with Metanetics, a Telxon subsidiary. (*Id.*)

Relations between Symbol and Welch Allyn deteriorated completely when Welch Allyn filed a lawsuit against Symbol in North Carolina regarding a certain contract that they shared to provide products to the United States Postal Service. (*Id.*)

On January 21, 2003, Symbol filed a two-count complaint alleging that HHP has infringed the Symbol Patents and seeking declaratory judgment that the HHP Patents are not infringed, invalid and/or unenforceable. (D.I.1)

In Count I of the complaint, Symbol alleges that "HHP infringed and continues to infringe, has induced and continues to induce others to infringe, and/or has committed and continues to commit acts of contributory infringement of, one or more claims of each of the Symbol Patents." (D.I. 1 at 6) In Count II of the complaint, Symbol seeks a declaratory judgment that the HHP Patents are noninfringed, invalid, and unenforceable. (*Id.*)

III. DISCUSSION

A. HHP's Motion to Dismiss U.S. Patent No. 5,591,956

HHP contends that the court is without subject-matter jurisdiction as to U.S. Patent No. 5,591,956 (" '956 patent"). (D.I.11) At oral arguments before the court on October 28, 2003, HHP's counsel affirmatively stated that the '956 patent is dedicated to the public; therefore, this patent will be dismissed from the complaint.

B. HHP's Motion to Dismiss U.S. Patent No. 5,130,520

HHP contends that U.S. Patent No. 5,130,520 (" '520 patent") should be dismissed because it is the subject of a valid license from Symbol. Symbol contends that there is a license for the '520 patent, but that it pertains to a narrow field of use. It is established law that a licensee that exceeds the scope of its license may be held liable for infringement. *See General Talking Pictures Co.*, 304 U.S. 175, 58 S.Ct. 849, 82 L.Ed. 1273 (1938); *Eli Lily & Co. v. Genentech Inc.*, 17 U.S.P.Q.2d 1531, 1534 (S.D.Ind.1990). Consequently, HHP's motion to dismiss the '520 patent will be denied.

C. HHP's Motion to Dismiss Infringement and Noninfringement Claims from Count I and II for Failure to State a Claim, Motion to Dismiss Symbol's Claims of Invalidity and Unenforceability, and Motion for a More Definite Statement

*3 HHP contends that Symbol's complaint is facially defective under Fed.R.Civ.P. 8(a), as it fails to provide sufficient notice of which of HHP's products infringe claims under the Symbol Patents and which of Symbol's products may infringe HHP Patents. (D.I. 11 at 16) HHP, however, has failed to cite any precedent binding upon this court that requires a complaint to identify the basis of an infringement claim with such particularity.[FN1] It is established law that liberal pleading requirements are designed to put the parties on notice generally as to the nature of the cause of action. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Weston v. Pennsylvania*, 251 F.3d 420, 429 (3d Cir.2001). Particularly in complex litigation, it is through the discovery process that the parties refine and focus their claims. At this stage in the litigation, the court declines to dismiss Symbol's claims until adequate discovery has been completed.

> FN1. The court notes that HHP attempts to bootstrap Fed.R.Civ.P. 11 requirements into Rule 8, without actually alleging that Symbol's complaint is frivolous. (D.I. 11 at 9-10) In the absence of an actual motion by HHP to the contrary, the court will assume that Symbol's counsel has complied with their ethical obligations under Fed.R.Civ.P. 11.

In the alternative, HHP moves the court to require Symbol to provide a more definite statement pursuant to Fed.R.Civ.P. 12(e). A motion under Rule 12(e) is

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 3
Not Reported in F.Supp.2d, 2003 WL 22750145 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

to correct a pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The purpose, however, of Rule 12(e) is not to make it easier for the moving party to prepare its case. Fed.R.Civ.P. 12 advisory committee's note. In this case, the crux of HHP's motion is that Symbol's complaint is simply too large. There are, however, a finite number of claims and a finite number of infringing products. Consequently, the court finds that traditional mechanisms of discovery are the proper tools to refine the scope of this litigation. HHP's motions in this regard will be denied.

D. HHP's Motions to Dismiss Count II for Lack of Subject Matter Jurisdiction

HHP contends that the court is without subject matter jurisdiction as to the HHP Patents, as there is not an actual controversy within the meaning of § 2201. (Id.) See Vectra Fitness, Inc. v. TNWK Corp., 162 F.3d 1379, 1383 (Fed.Cir.1998).

Declaratory judgment pursuant to 28 U.S.C. § 2201 requires that there be "(1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." BP Chemicals Ltd. v. Union Carbide Corp., 4 F.3d 975, 978 (Fed.Cir.1993). In reaching its conclusion, the court must apply a totality of the circumstances standard. See C.R.Bard, Inc. v. Schwartz, 716 F.2d 874, 880 (Fed.Cir.1983).

The recent contentious and litigious history between the parties weighs in favor of a finding that Symbol has a reasonable apprehension of suit. In EMC Corp. v. Norand Corp., 89 F.3d 807 (Fed.Cir.1996), the Federal Circuit stated that the "test for finding a 'controversy' for jurisdictional purposes is a pragmatic one and cannot turn on whether the parties use polite terms in dealing with one another or engage in more bellicose saber rattling." Id. at 811. The Court of Appeals continued and emphasized that "the question is whether the relationship between the parties can be considered a 'controversy,' and that inquiry does not turn on whether the parties have used particular 'magic words' in communicating with one another." Id. at 812. Therefore, the absence of an explicit threat of suit, while a factor, is not dispositive. See BP Chemicals Ltd. v. Union Carbide Corp., 4 F.3d 975, 979 (Fed.Cir.1993) ("Declaratory judgment jurisdiction does not require direct threats.").

*4 Further, it is relevant under Federal Circuit precedent that at oral argument HHP did not affirmatively state that it would not bring suit. In C.R. Bard Inc., the Court of Appeals held that a plaintiff had a reasonable apprehension of suit when the defendant in a declaratory judgment declined to affirmatively state at oral arguments that he would not bring a suit for infringement against the plaintiff.[FN2] 716 F.2d at 881.

> FN2. The court is not entirely comfortable with the notion that a plaintiff might bring a declaratory judgment against a defendant for the purpose of forcing an admission of the defendant's intent to enforce its patent rights. The court is also uncomfortable with the notion that a defendant might plead that the plaintiff has no reasonable apprehension of suit, and then file in another forum once the declaratory judgment has been dismissed for want of subject matter jurisdiction. Nonetheless, the Federal Circuit in C.R. Bard made it clear that the failure to deny an intent to sue for infringement is a factor to be considered.

Having concluded that the totality of circumstances sufficiently demonstrates a reasonable apprehension of suit, nonetheless, Symbol has not established a reasonable apprehension of suit with respect to each of the named HHP Patents. At most, the affidavit and accompanying documents filed to support the complaint suggest that only those patents referenced in the June 28, 2000 correspondence from Welch Allyn are proper subjects of a declaratory judgment suit.[FN3] Consequently, the court will dismiss without prejudice those HHP Patents which were not the subject of the June 28, 2000 correspondence.

> FN3. Those patents are: U.S. Patent Nos. 5,286,960; 5,900,613; 5,723,868; 5,780,834; 5,784,102; 5,825,006; 5,831,254; 6,060,722; 5,929,418; and 5,965,863.

With respect to the remaining HHP Patents, the court finds that Symbol satisfies the "present activity" requirement of § 2201. It is sufficient that Symbol engages in the manufacture and production of products sufficiently similar to HHP's patents. See Millipore Corp. v. Univ. Patents, Inc., 682 F.Supp.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 4
Not Reported in F.Supp.2d, 2003 WL 22750145 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

227, 232 (D.Del.1987). Moreover, the fact that HHP's own correspondence to Symbol suggests that licensing of its patents may be needed is sufficient for the court to conclude that there is "present activity" as required under § 2201.

### E. HHP's Motion to Strike Symbol's Allegations of Unenforceability for Failure to Plead with Particularity

The court will dismiss Symbol's claims for unenforceability without prejudice. Fraud is a clear exception to the otherwise broad notice-pleading standards under Fed.R.Civ.P. 9. A claim of patent unenforceability is premised upon inequitable conduct before the Patent & Trademark Office ("PTO"), which is a claim sounding in fraud. A plaintiff alleging unenforceability, therefore, must plead with particularity those facts which support the claim the patent holder acted fraudulently before the PTO. As Symbol has failed to adequately plead its bases for unenforceability of the remaining HHP Patents, that portion of Count II will be dismissed without prejudice.

### IV. CONCLUSION

At Wilmington this 14th day of November, 2003, having held oral argument and reviewed HHP's motion to dismiss pursuant to Fed.R.Civ.P. 8(a), 9, 12(b)(1), 12(b)(6) and 12(f), or in the alternative for a more definite statement pursuant to Rule 12(e) (D.I.10), and Symbol's response thereto;

IT IS ORDERED that:

1. HHP's motion to dismiss Count II of Symbol's complaint with respect to U.S. Patent No. 5,591,956 is granted. (D.I.10-1)

2. HHP's motion to dismiss U.S. Patent No. 5,130,520 of Count I is denied. (D.I.10-2)

3. HHP's motion to dismiss infringement and noninfringement claims from Counts I and II of the complaint pursuant to Fed.R.Civ.P. 8 and 12(b)(6) is denied. (D.I.10-3)

*5 4. HHP's motion to dismiss Count II of the complaint pursuant to Fed. R. Civ P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction is granted with respect to U.S. Patent Nos. 5,291,008; 5,391,182; 5,420,409; 5,463,214; 5,5697,902; 5,723,853; 5,773,806; 5,773,810; 5,786,586; 5,793,967; 5,801,918; 5,837,985; 5,838,495; 5,914,476; 5,932,862; 5,942,741; 5,949,052; 5,949,054; 6,015,088; 6,161,760; 6,298,176; 6,491,223; D392, 282; D400,199; and D400,872, and is denied with respect to U.S. Patent Nos. 5,286,960; 5,900,613; 5,723,868; 5,780,834; 5,784,102; 5,825,006; 5,831,254; 6,060,722; 5,929,418; and 5,965,863. (D.I.10-4)

5. HHP's motion pursuant to Fed.R.Civ.P. 8 and 12(b)(6) to dismiss Symbol's invalidity and unenforceability claims from Count II is denied. (D.I.10-5)

6. HHP's motion to strike Symbol's allegations of unenforceability pursuant to Fed.R.Civ.P. 12(b)(6) or 12(f) is granted. (D.I.10-6)

7. HHP's motion for a more definite statement is denied. (D.I.10-7)

D.Del.,2003.
Symbol Technologies, Inc. v. Hand Held Products, Inc.
Not Reported in F.Supp.2d, 2003 WL 22750145 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00102 (Docket) (Jan. 21, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.