IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) Civil Action No.: 05-349-GMS ) ) <u>Jury Trial Demanded</u> ) ) ) ) ) |
| BAXTER HEALTHCARE CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Counterdefendants. | ) ) ) ) ) ) ) ) ) ) ) |

## NOTICE OF DEPOSITION OF ERWIN W. GELFAND, M.D.

PLEASE TAKE NOTICE that, pursuant to Rule 26(b)(4)(A) and Rule 30 of the Federal Rules of Civil Procedure, Defendant Baxter International Inc. and Defendant/Counterclaimant Baxter Healthcare Corporation (collectively "Baxter"), by and through their attorneys of record, will take the deposition of plaintiff-designated expert Erwin W. Gelfand, M.D. at the following date, time and location specified below:

| **Deponent** | **Date & Time** | **Location** |
|---|---|---|
| Erwin W. Gelfand, M.D. | February 14, 2007 <br> 9:30 a.m. | CONNOLLY BOVE LODGE & HUTZ, LLP <br> 1007 North Orange Street <br> P.O. Box 2207 <br> Wilmington, Delaware 19899-2207 |

The deposition will be taken at the above-referenced location on the date specified, or at such other place and time to which the parties may agree, and will continue day to day until completed. Pursuant to Rule 30(b)(2), the oral testimony will be taken before a person duly authorized to administer oaths and will be recorded by videographic and stenographic means, including the use of interactive real time transcription (*e.g.*, LiveNote).

PLEASE TAKE FURTHER NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Baxter requests that Erwin W. Gelfand, M.D. produce the documents, records, or other materials requested in Attachment A, on February 7, 2007, at Townsend and Townsend and Crew LLP, 379 Lytton Avenue, Palo Alto, CA 94301-1431, or at such other place and time to which the parties may agree.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND
CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: February 1, 2007

775794

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant*
*Baxter International Inc. and*
*Defendant/Counterclaimant*
*Baxter Healthcare Corporation*

# **ATTACHMENT A**

The definitions and instructions set forth below shall apply to each of the requests.

## **DEFINITIONS**

As used herein, the terms listed below shall be defined as follows:

1.  "TALECRIS" refers to Plaintiff and Counterdefendant Talecris Biotherapeutics, Inc. AND ALL predecessors, successors, subsidiaries, divisions, parents AND affiliates thereof, past OR present, joint ventures, AND other legal entities that are OR were wholly OR partially owned OR controlled by TALECRIS, either directly OR indirectly, AND ALL past OR present directors, principles, officers, owners, agents, representatives, attorneys AND others acting for OR on behalf of these same entities.

2.  "BAYER" refers to Plaintiff and Counterdefendant Bayer HealthCare, LLC. AND ALL predecessors, successors, subsidiaries, divisions, parents AND affiliates thereof, past OR present, joint ventures, AND other legal entities that are OR were wholly OR partially owned OR controlled by BAYER, either directly OR indirectly, including but not limited to Miles Laboratories, Inc., Cutter Laboratories, Inc., Bayer Corporation AND Bayer Yakuhin Limited, AND ALL past OR present directors, principles, officers, owners, agents, representatives, attorneys AND others acting for OR on behalf of these same entities.

3.  "BAXTER" refers to Defendant and Counterclaimant Baxter Healthcare Corporation and Defendant Baxter International Inc. collectively.

4.  "PERSON(S)" means ANY natural person, corporation, proprietorship, partnership, joint venture, association, firm, OR entity recognized in law, AND shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors AND successors of such person.

5. "PLAINTIFFS/COUNTERDEFENDANTS" refers to TALECRIS AND BAYER collectively.

6. "THIRD PARTY" OR "THIRD PARTIES" means anyone other than TALECRIS, BAYER OR BAXTER.

7. "YOU," "YOUR," OR "YOURS" refers to Erwin W. Gelfand, M.D. and present employees, consultants, AND ANY other PERSON acting on Dr. Gelfand's behalf.

8. "ALL DOCUMENTS" mean each AND every DOCUMENT that is known to YOU AND each AND every such DOCUMENT that can be located OR discovered by reasonably diligent efforts.

9. "COMMUNICATION" means ANY oral, electronic, OR written transmission of information from one PERSON to another, including but not limited to, discussions, conversations, negotiations, agreements, understandings, personal meetings, telephone conversations, facsimiles, letters, electronic mail, notes, memoranda, telegrams, advertisements, OR other forms of information exchanged.

10. "DOCUMENT" OR "DOCUMENTS" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure AND means ANY written, printed, recorded OR graphic matter, computer memory, computer tapes AND diskettes, tapes, films, photographs, drawings, OR ANY other tangible means by which information is contained, stored OR displayed, of every kind OR description, however produced OR reproduced, whether draft OR final, original OR reproduction, signed OR unsigned, AND regardless of whether approved, signed, sent, received, redrafted, OR executed, including without limitation written AND electronic COMMUNICATIONS, letters, correspondence, notes, memoranda of telephone conversations OR meetings, diaries, desk calendars, interoffice COMMUNICATIONS, fax

messages, E-mail messages, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, invoices, requisitions, studies, summaries, analyses, statistical AND financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure DOCUMENTS, patent applications AND drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers, journals, microfiche, microfilm, photographic film, videotapes, surveys, forms, printed brochures OR material similar to ANY of the foregoing, however denominated, by whomever prepared, AND to whomever addressed, which are in YOUR possession, custody OR control OR to which YOU have, have had, OR can obtain access. If the DOCUMENT bears ANY marks, including but not limited to initials, stamped indicia, comments OR notations that are not part of the original text OR photographic reproduction thereof, these should be provided in a separate copy of the document.

11. "DATE" means the exact day, month AND year, if ascertainable, AND if the exact day, month AND year are not ascertainable, then the best approximation thereof.

12. "PERTAINING TO," "PERTAIN TO," "RELATING TO," AND "RELATE TO" mean constituting, embodying, comprising of, consisting of, referring to, discussing, evidencing, supporting, establishing, contradicting, reflecting, summarizing, involved with, included in, showing, describing OR resulting from the matter specified.

13. "RELATED PATENT(S)" OR "RELATED APPLICATION(S)" means ANY patent OR application whether foreign OR domestic, whether a continuation, continuation-in-part OR divisional application, OR whether a reissue OR reexamination application, OR ANY extension of the first application from which the application or patents or extension take priority.

14. "THE '191 PATENT" refers to U.S. Patent No. 6,686,191.

15.  "EXPERT REPORT" means the Expert Report of Erwin W. Gelfand executed on "January 10, [sic] 2007" and served on January 10, 2007.

16.  "THIS LITIGATION" means the case of *Talecris Biotherapeutics, Inc. v. Baxter International Inc.*, Civil Action No. 05-349-GMS (D. Del.).

17.  Miscellaneous: "AND" AND "OR" shall each be considered as either conjunctive OR disjunctive, whichever is more inclusive in content. The terms "ANY" AND "ALL" shall be considered to include "each and every." The singular form of a noun OR pronoun shall be considered to include within its meaning the plural form of the noun OR pronoun so used, AND vice versa. The use of one gender shall include the other as are appropriate in the context.

### INSTRUCTIONS

Please respond in accordance with the following instructions:

1.  If ANY DOCUMENT covered by this request is withheld on the basis that it is privileged, subject to work product immunity, OR otherwise excludable from discovery, YOU are requested to list each such DOCUMENT, grouped by request number, AND to state the following information:

    (a)  the type of DOCUMENT (*e.g.*, letter, memorandum, contract);

    (b)  its title;

    (c)  its DATE;

    (d)  its number of pages;

    (e)  its subject matter;

    (f)  the name(s), address(es), AND present occupation of the PERSON(S) now in possession of it;

4

(g) the name, present address, AND occupation at the time of preparation of the PERSON(S) who prepared it;

(h) the name, present address, AND occupation at the time of dissemination of the addressee(s) who had access thereto;

(i) the basis upon which the DOCUMENT is withheld; AND such other particulars as would enable BAXTER to assess the applicability of the asserted privilege OR protection.

2. If ANY request is objected to as overly broad OR unduly burdensome, YOU are instructed to produce those DOCUMENTS which are unobjectionable AND specifically identify AND state the basis for the objection.

3. If a DOCUMENT OR THING is no longer in YOUR possession, custody OR control, OR it has been destroyed or disposed of, state whether it is: (a) missing OR lost; (b) has been destroyed; (c) has been transferred, voluntarily OR involuntarily, to others; OR (d) has been disposed of in some other manner, describing the method of disposal. In each instance of such DOCUMENTS, please provide the following information:

(a) explain the circumstances surrounding AND authorization for the nonavailability, destruction, OR disposition thereof;

(b) state the DATE OR approximate DATE thereof;

(c) state the name AND title of the author(s), sender(s), AND recipient(s) thereof;

(d) state the name(s) AND address(es) of ALL PERSONS having knowledge of the nonavailability, destruction, OR disposition thereof;

(e) state the name(s) AND address(es) of ALL PERSONS responsible for the nonavailability, destruction OR disposition thereof; AND

5

(f)     if applicable, state the name(s) AND address(es) of ALL PERSONS that now possess, have custody thereof, OR control the DOCUMENT OR THING.

4.     Under no circumstances are YOU to refuse to provide ANY DOCUMENT merely because YOU consider it duplicative.

5.     Unless the parties otherwise agreed in writing, all electronic data responsive to these requests are to be translated as necessary into usable form. For ANY electronic document, worksheet, spreadsheet OR file used to perform mathematical calculations or graphic displays, YOU are instructed to produce a copy in electronic form on a computer disk, as well as a hard-copy version. In addition, provide a detailed description of the software used and how the data was stored such that the formula, derivations or assumptions can be seen or ascertained.

6.     ALL DOCUMENTS should be produced as they are kept in the ordinary course of business OR organized and designated to correspond to the categories in the requests.

7.     ALL associated file labels, file headings, file folders, binder spines, binder tabs AND binders containing any responsive documents shall be produced together with the responsive documents from each file.

8.     ALL questions regarding the meaning of interpretation of these requests should be directed to Baxter's counsel Megan Chung, Two Embarcadero Center, 8th Floor, San Francisco, CA, 94111 at (415) 576-0200.

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**REQUEST NO. 1:**

ALL DOCUMENTS reviewed, considered OR relied upon in forming the opinions that are the subject of the EXPERT REPORT, including but not limited to: (a) ALL DOCUMENTS

AND COMMUNICATIONS explicitly mentioned in the EXPERT REPORT; (b) ALL DOCUMENTS explicitly listed in Exhibit B of the EXPERT REPORT; AND (c) ALL DOCUMENTS AND COMMUNICATIONS not identified in the EXPERT REPORT, including any such materials or information that YOU chose not to include in the EXPERT REPORT.

**REQUEST NO. 2:**

ALL reports AND declarations proffered by YOU as well as ALL deposition transcripts AND trial transcripts for prior testimony given by YOU, as an expert witness, including but not limited to those reports, declarations and transcripts from cases expressly listed on page 18 of the EXPERT REPORT.

**REQUEST NO. 3:**

ALL DOCUMENTS RELATING TO COMMUNICATIONS between YOU and ANY current OR former representative, officer or employee of TALECRIS, BAYER AND their counsel with respect to the subject matter of the opinions expressed or incorporated as part of the opinions in the EXPERT REPORT.

**REQUEST NO. 4:**

ALL DOCUMENTS provided to YOU by ANY consulting OR testifying experts OR their employees AND ALL DOCUMENTS RELATING TO COMMUNICATIONS between YOU AND ANY consulting OR testifying experts OR ANY other PERSON acting on their behalf with respect to the subject matter of the opinions expressed or incorporated as part of the opinions in the EXPERT REPORT.

**REQUEST NO. 5:**

ALL data, calculations, worksheets, formulas, graphical representations OR mathematical models created, reviewed, considered OR relied upon in forming the opinions that are the subject

of the EXPERT REPORT, including but not limited to ALL DOCUMENTS PERTAINING TO ANY numbers expressed in the EXPERT REPORT.

**REQUEST NO. 6:**

ALL DOCUMENTS, including but not limited to, work papers, notes, records, analysis, statements, memoranda AND the like, whether written OR recorded, in electronic OR graphical form, that were reviewed, considered OR relied upon in preparing the EXPERT REPORT, but excluding drafts of the EXPERT REPORT.

**REQUEST NO. 7:**

ALL DOCUMENTS PERTAINING TO the amount of time, expenses, AND fees billed by YOU in THIS LITIGATION, including ANY invoices, billing records, OR timesheets submitted in conjunction with this action.

**REQUEST NO. 8:**

ALL presentations, articles, books chapters of books, pamphlets, booklets, manuals, publications AND outlines authored by YOU, including those RELATING TO immunoglobulins, the development of ANY method OR portion of method to fractionate, purify, formulate OR manufacture immunoglobulins; ANY method to inactivate OR reduce viruses in ANY solution containing immunoglobulins; methods OR protocols to test OR measure, directly OR indirectly (through *e.g.*, C1q assay) the amount of anticomplement activity of a solution containing immunoglobulins; ANY method measuring antibody activity level OR test results; ANY testing of the level or measurement of the ionic strength of a solution containing antibodies; ANY testing of the level OR measurement of tonicity OR osmolality of a solution containing immunoglobulins.

**REQUEST NO. 9:**

ALL DOCUMENTS PERTAINING TO whether there is an insubstantial difference between ANY solution containing immunoglobulins having an ionic strength of about 0.004 M AND a solution containing immunoglobulins having an ionic strength of less than about 0.001 M.

**REQUEST NO. 10:**

ALL DOCUMENTS, including but not limited to publications, articles, presentations, etc. REGARDING ANY relationship between anticomplement activity AND ANY adverse events.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on February 1, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Jeffrey B. Bove, Esq.
Mary W. Bourke, Esq.
Mark E. Freeman, Esq.
Jaclyn Mason, Esq.
Donna Hallowell
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
jbove@cblh.com, mbourke@cblh.com
mfreeman@cblh.com, jmason@cblh.com
dhallowell@cblh.com

I hereby certify that on February 1, 2007 I have sent by E-mail and Federal Express the foregoing document to the following non-registered participants:

Bradford J. Badke, Esq.
Gabrielle Ciuffreda, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
bradford.badke@ropesgray.com
gabrielle.ciuffreda@ropesgray.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com