IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION,<br><br>Defendants. | Civil Action No. 05-349-GMS<br><br><u>Jury Trial Demanded</u> |
| BAXTER HEALTHCARE CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Counterdefendants. | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO PROHIBIT
ANY EVIDENCE OR ARGUMENT REGARDING OPINION OF COUNSEL**

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: April 23, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant
Baxter International Inc. and
Defendant/Counterclaimant
Baxter Healthcare Corporation*

No evidence or argument regarding opinion of counsel should be permitted in the jury's presence where, as here, a defendant asserts privilege and does not rely on that opinion. The only possible reason Plaintiffs seek to introduce such evidence or argument would be to insinuate that Baxter's assertion of privilege hides a negative opinion of counsel — the very adverse inference prohibited by the Federal Circuit in *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344-46 (Fed. Cir. 2004) (*en banc*). Hence, Defendants respectfully move *in limine* for an order prohibiting Plaintiffs and their counsel from mentioning, eliciting or introducing any evidence or argument regarding opinion of counsel or Defendants' claim of privilege.

## I. STATEMENT OF FACTS

Plaintiffs allege Baxter willfully infringed the '191 patent. (D.I. 25 at Ex. 1 ¶¶ 28, 37, 45.) Baxter asserts many defenses to this claim, but is not relying on an opinion of counsel. Baxter gave timely notice of this to Plaintiffs. (Declaration of Anne M. Rogaski ("Rogaski Decl.") at Ex. 1.)[1] Baxter has not waived the attorney-client privilege that protects its opinion of counsel regarding the patent-in-suit and seeks an order barring any reference to this at trial.

## II. ARGUMENT

Under the Federal Circuit's decision in *Knorr-Bremse*, Baxter's claim of privilege is protected and cannot be sullied. In *Knorr-Bremse*, the Federal Circuit held that "the assertion of attorney-client and/or work-product privilege and the withholding of the advice of counsel shall no longer entail an adverse inference as to the nature of the advice" that was previously given. *Knorr-Bremse*, 383 F.3d at 1345. Similarly, the Federal Circuit rejected any "evidentiary

---

[1] The Rogaski Decl. is submitted contemporaneously herewith in support of Baxter's Motions *In Limine* Nos. 1 through 5.

presumption" from the failure to obtain a legal opinion "that such an opinion would have been unfavorable." *Id.* at 1346. In its rationale for the two holdings, the Federal Circuit specifically noted concerns for transgressing the privilege: "the inference that withheld opinions are adverse to the client's actions *can distort the attorney-client relationship, in derogation* of the foundations of that relationship." *Id.* at 1344 (emphasis added). Specifically, in patent cases, the Federal Circuit explained (*id.*):

> There should be no risk of liability in disclosures to and from counsel in patent matters; such risk can intrude upon full communication and ultimately the public interest in encouraging open and confident relationships between client and attorney.

After *Knorr-Bremse*, a willfulness finding cannot be based on any potential negative inference from the absence of an opinion of counsel. *See, e.g., Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1368 (Fed. Cir. 2006; *Instituform Tech., Inc. v. Cat Contracting, Inc.*, 385 F.3d 1360 (Fed. Cir. 2004); *see also Union Carbide Chem. & Plastics Tech. Corp. v. Shell Oil Co.*, 425 F.3d 1366, 1380 (Fed. Cir. 2005) ("Shell's [the defendant's] decision to proceed without an opinion of counsel *does not affect the jury verdict* in this case") (emphasis added). This is made clear in *McKesson Information Solutions, Inc. v. Bridge Medical, Inc.*, 434 F. Supp. 2d 810 (E.D. Cal. 2006), where the Court, based on the dictates of *Knorr-Bremse*, granted a motion *in limine* identical to Baxter's instant motion. *Id.* at 811-12. In *McKesson*, the defendant obtained an opinion of counsel and then asserted attorney-client privilege during litigation. *Id.* at 812. The district court excluded any evidence and testimony regarding the privileged opinion since permitting any reference to the opinion of counsel would leave the jury "to speculate why [the defendant] would not reveal its counsel's opinion" and thus "[i]t is inescapable that the jury would likely conclude that [the defendant] received an unfavorable

2

opinion, otherwise [the defendant] would reveal it." *Id.* [2] Since any negative inference is impermissible under *Knorr-Bremse*, the district court excluded any evidence or argument regarding opinion of counsel. As the *McKesson* court recognized: "Indeed, how can the court honor the shield of the attorney-client privilege and then allow [the patentee] to use it as a sword to prove its case?" *McKesson*, 434 F. Supp. 2d at 812.

Moreover, it would be highly prejudicial (with no relevant information) to introduce any evidence or argument regarding: (1) opinion of counsel as a factor for determining willfulness; (2) the absence of an opinion of counsel from the record presented to the jury; and (3) Baxter's claim of privilege over its opinion of counsel. The only conceivable purpose for Plaintiffs to introduce these categories of evidence or argument would be to potentially (and improperly) mislead the jury to draw an adverse inference that Baxter obtained a negative opinion of counsel or failed to obtain an opinion of counsel. Such negative inference and intrusion upon attorney-client privilege are exactly what *Knorr-Bremse* prohibits. *Knorr-Bremse*, 383 F.3d at 1344-46. Based on Federal Rule of Evidence 403, such prejudicial evidence should be excluded.

## III. CONCLUSION

Baxter has asserted the attorney-client privilege and will not rely on an opinion of counsel as a defense to willfulness. Accordingly, evidence and argument regarding opinion of

---

[2] The *McKesson* court specifically distinguished the facts in *IMX, Inc. v. Lendingtree, LLC*, 2006 WL 38918 (D. Del. Jan. 6, 2006) (J. Robinson) (allowing the jury to hear the fact that no opinion of counsel regarding infringement was obtained because the defendant waived privilege with respect to legal opinions on invalidity). (Rogaski Decl. Ex. 2.) In *IMX*, the defendant obtained a legal opinion as to the issue of invalidity (which it disclosed) but not as to the issue of infringement. Thus, the question was whether plaintiff could argue that the defendant obtained such an opinion on invalidity but not infringement to the jury. The district court allowed the jury to consider such evidence under the totality of the circumstances test with a specific jury instruction that no adverse inference could be drawn. *Id.* at * 1; *IMX, Inc. v. Lendingtree, LLC*, 469 F. Supp. 2d 203, 218-19 (D. Del. 2007).

3

counsel have no place in the upcoming trial. The jury should not be instructed regarding opinion of counsel as a factor in the willfulness determination. No evidence or testimony regarding opinion of counsel should be permitted. No argument regarding opinion of counsel should be mentioned before the jury.

|  |  |
|---|---|
| OF COUNSEL:<br><br>James G. Gilliland, Jr.<br>Susan M. Spaeth<br>Anne M. Rogaski<br>TOWNSEND AND TOWNSEND AND CREW LLP<br>379 Lytton Avenue<br>Palo Alto, California 94301<br>(650) 326-2400<br><br>Dated: April 23, 2007<br><br>790948 | POTTER ANDERSON & CORROON LLP<br><br>By: /s/ Philip A. Rovner<br>Philip A. Rovner (#3215)<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, Delaware 19899-0951<br>(302) 984-6000<br>Email: provner@potteranderson.com<br><br>*Attorneys for Defendant*<br>*Baxter International Inc. and*<br>*Defendant/Counterclaimant*<br>*Baxter Healthcare Corporation* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on April 23, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Jeffrey B. Bove, Esq.
Mary W. Bourke, Esq.
Mark E. Freeman, Esq.
Jaclyn Mason, Esq.
Donna Hallowell
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
jbove@cblh.com, mbourke@cblh.com
mfreeman@cblh.com, jmason@cblh.com
dhallowell@cblh.com; cjeffers@cblh.com;
dhammond@cblh.com; mlambert@cblh.com

**BY EMAIL**

Dana K. Hammond, Esq.
M. Curt Lambert, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19899
jhammond@cblh.com; mlambert@cblh.com

Christopher E. Jeffers, Esq.
Connolly Bove Lodge & Hutz LLP
1990 M. Street, NW
Washington, DC 20036-3425
cjeffers@cblh.com

I hereby certify that on April 23, 2007 I have sent by E-mail and Federal Express the foregoing document to the following non-registered participants:

Bradford J. Badke, Esq.
Gabrielle Ciuffreda, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
bradford.badke@ropesgray.com; gabrielle.ciuffreda@ropesgray.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com