IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION,<br><br>Defendants. | Civil Action No. 05-349-GMS<br><br><u>Jury Trial Demanded</u> |
| BAXTER HEALTHCARE CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Counterdefendants. | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO PROHIBIT
ANY EVIDENCE OR ARGUMENT REFERRING TO BAXTER'S PRIOR
ARGUMENTS ON CLAIM CONSTRUCTION AND SUMMARY JUDGMENT**

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: April 23, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant
Baxter International Inc. and
Defendant/Counterclaimant
Baxter Healthcare Corporation*

If this matter proceeds to trial, then at that trial Plaintiffs should be prohibited from arguing or introducing evidence asserting that they "won" or that Baxter's arguments were "rejected" regarding claim construction and/or summary judgment of invalidity. Such arguments or evidence have no bearing on the merits of this case and are highly prejudicial. Accordingly, pursuant to Federal Rules of Evidence ("Rule" or "Rules") 401, 402 and 403, Baxter respectfully moves *in limine* for an order prohibiting Plaintiffs' counsel and witnesses from mentioning, eliciting or introducing any evidence or argument regarding: (1) Baxter's prior arguments on claim construction and/or summary judgment on invalidity; and (2) who supposedly "won" or "lost" on those two issues.

## I.   BACKGROUND

The Court issued its Claim Construction Order on December 28, 2006, construing some of the disputed terms and finding that other disputed terms have their "plain and ordinary" meaning. (D.I. 199.) During expert discovery, Plaintiffs' counsel and some of its witnesses repeatedly stated that Baxter's arguments were "rejected" by the Court's Claim Construction Order. (Rogaski Decl. Ex. 3 at 61:14-62:2; *Id.* at Ex. 4 at 158:23-160:11; *Id.* at Ex. 5 at 78:22-81:12, 84:7-18, 86:17-87:7, 91:14-21.)  Consequently, Baxter believes at trial Plaintiffs will continue their tactics, *i.e.* attempt to introduce evidence or arguments to the jury that Baxter "lost" on claim construction according to the Claim Construction Order.

Similarly, should Baxter's pending motion for summary judgment (filed on March 8, 2007) be denied, Plaintiffs' counsel may argue that Baxter's evidence of invalidity was "rejected" by the denial of summary judgment.[1]

---

[1] If the Court grants Baxter's summary judgment motion before trial, this motion *in limine* (and all motions *in limine*) will be moot.

## II. ARGUMENT

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Rule 403 requires the exclusion of any evidence or argument where the "probative value" of that evidence "is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury." That is because improper arguments at trial "run the risk of infecting the entire trial." *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 308 F.3d 1167, 1183 (Fed. Cir. 2002) (citing the Third Circuit's decision in *United States v. Zehrbach*, 47 F.3d 1252, 1267 (3d Cir. 1995)). Hence, the Federal Circuit mandates: "the [district] court must police attorney trial tactics more carefully." *Id.*

It is improper at trial to reference who "won" or "lost" in a prior motion. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, No. CIV A 04-1371 JJF, 2006 WL 2724879, at *4 (D. Del. Sept. 20, 2006) (J. Farnan), attached as Exhibit 6 to Rogaski Decl. (". . . the Court agrees that reference to who 'won' or 'lost' the claim construction debate may not be appropriate to suggest that the Court favors one parties' position over another").[2] Likewise, references to prior judicial opinions have been found prejudicial for unduly influencing the jury. *See, e.g., Century Wrecker Corp. v. E.R. Buske Mfg. Co.*, 898 F. Supp. 1334, 1345 (N.D. Iowa 1995) ("the court finds that the prejudicial value of the court's prior ruling upon the jury's decisions on the remaining issues is excessive. The jury could conclude on the improper basis of the court's prior finding of infringement as a matter of law, that the patents infringed must be

---

[2] In *Power Integrations*, the court ultimately denied the motion *in limine* because the defendants had changed their claim construction positions several times, which itself was deemed relevant to willful infringement. In contrast, Baxter has never changed its position on claim construction.

valid. Furthermore, the jury could conclude on the improper basis of the court's prior finding of infringement as a matter of law, that the infringement must have been willful. Thus, the relevance of the prior decision is substantially outweighed by its prejudicial effect.") Hence, in this case, Plaintiffs and their counsel should not be permitted to introduce evidence or argument based on prior rulings.

### A. References And Characterization of Prior Rulings Have No Relevance To the Merits of This Case Before The Jury

Who "won" or "lost" on claim construction or a summary judgment motion has no probative value or relevance to the merits of this case. The only possible reason Plaintiffs' counsel or witnesses could seek to introduce such evidence or argument would be to suggest that the Court favors one party over another. Baxter will be severely prejudiced should the jury improperly infer such favoritism or that Baxter argued wrongly in the past. Consequently, any such evidence or argument should be barred under Rule 402.

### B. Baxter Would Be Prejudiced By Any Evidence Or Argument That It "Lost" On Claim Construction

Plaintiffs' attorneys and witnesses should not be permitted to argue or introduce evidence or testimony that they "won" on claim construction or that Baxter's arguments were "rejected." The Court found that certain claim terms have their "plain and ordinary" meaning. (D.I. 199.) Accordingly, evidence of what those terms mean to the skilled artisan remains to be introduced. Yet, if Plaintiffs are allowed to argue or introduce evidence that they "won" on claim construction and that Baxter's arguments were "rejected," the jury would be improperly misled to believe that the construction of what constitutes "plain and ordinary" meaning from the perspective of a skilled artisan had already been determined by the Court in favor of Plaintiffs. Such misconception could infect the underlying factual questions on infringement and invalidity that the jury must decide and result in those questions being improperly resolved.

3

### C. Baxter Would Be Prejudiced By Any Evidence Or Argument That It "Lost" On Summary Judgment of Invalidity

Baxter will also be highly prejudiced should Plaintiffs be allowed to introduce any evidence or argument that Baxter "lost" its summary judgment motion on invalidity if the Court denies the pending motion. The jury may infer from denial of summary judgment that Baxter's arguments were implicitly rejected on the merits and that the jury's fact findings should be consistent with what it perceives as the Court's ruling. That is wrong. Rather than a rejection on the merits, a denial of a summary judgment motion means the Court wanted the jury to decide a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The jury should not be misled into believing that the Court's decision already had found Baxter's evidence unpersuasive or wrong.

In addition, the risk is great that any reference to a denial of Baxter's summary judgment motion (or even the fact that Baxter filed a summary judgment motion) on indefiniteness could extend beyond that limited scope to implicate Baxter's other positions on invalidity (*e.g.* anticipation, obviousness and written description). Baxter's motion for summary judgment addresses only indefiniteness. The jury should not be misled into mistakenly concluding that denial of Baxter's summary judgment motion means the '191 patent must be valid. Such a mistaken belief would greatly prejudice Baxter's other invalidity positions. Based on Rule 403, such prejudicial evidence should be excluded.

### III. CONCLUSION

There is no probative value to the jury hearing evidence or argument regarding who won or lost claim construction or summary judgment. Introduction of such evidence or argument would greatly prejudice Baxter because the jury will likely infer from such a reference that the Court favors Plaintiffs and that the jury must make factual findings consistent with the Court's rulings on claim construction and summary judgment as characterized by Plaintiffs. For the foregoing reasons, Plaintiffs' counsel and witnesses should be prohibited under Rules 402 and 403 from mentioning, eliciting or introducing any evidence or argument in front of the jury regarding (1) Baxter's prior arguments on claim construction and summary judgment on invalidity, and (2) who supposedly "won" or "lost" on those two issues.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND
CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: April 23, 2007

790949

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant
Baxter International Inc. and
Defendant/Counterclaimant
Baxter Healthcare Corporation*

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on April 23, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Jeffrey B. Bove, Esq.
Mary W. Bourke, Esq.
Mark E. Freeman, Esq.
Jaclyn Mason, Esq.
Donna Hallowell
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
jbove@cblh.com, mbourke@cblh.com
mfreeman@cblh.com, jmason@cblh.com
dhallowell@cblh.com; cjeffers@cblh.com;
dhammond@cblh.com; mlambert@cblh.com

**BY EMAIL**

Dana K. Hammond, Esq.
M. Curt Lambert, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19899
jhammond@cblh.com; mlambert@cblh.com

Christopher E. Jeffers, Esq.
Connolly Bove Lodge & Hutz LLP
1990 M. Street, NW
Washington, DC 20036-3425
cjeffers@cblh.com

I hereby certify that on April 23, 2007 I have sent by E-mail and Federal Express the foregoing document to the following non-registered participants:

Bradford J. Badke, Esq.
Gabrielle Ciuffreda, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
bradford.badke@ropesgray.com; gabrielle.ciuffreda@ropesgray.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com