IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION,<br><br>Defendants.<br><br>———————————————————<br><br>BAXTER HEALTHCARE CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Counterdefendants. | Civil Action No. 05-349-GMS<br><br><u>Jury Trial Demanded</u><br><br>**PUBLIC VERSION** |

**DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO PROHIBIT ANY
EVIDENCE OR ARGUMENT REGARDING ALLEGED COMMERCIAL SUCCESS**

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: April 23, 2007
Public Version: April 28, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant
Baxter International Inc. and
Defendant/Counterclaimant
Baxter Healthcare Corporation*

I.   **INTRODUCTION**

Plaintiffs' expert witness, Christopher J. Bokhart, offers an opinion as to the alleged commercial success of Plaintiffs' Gamimune N S/D product that completely lacks foundation. In order to prove commercial success as a secondary indicia of nonobviousness, Plaintiffs must first demonstrate that they sold a product embodying the claims of the patent-in-suit ("the '191 patent"). They do not and cannot. For this reason, Baxter respectfully moves *in limine* for an order prohibiting Plaintiffs and their counsel from mentioning, eliciting or introducing any evidence or argument regarding the purported commercial success of Gamimune N S/D.

II.  **ALLEGED EVIDENCE OF COMMERCIAL SUCCESS SHOULD BE EXCLUDED**

The commercial success of an invention embodying the patent-in-suit may be a secondary indication that the invention is not obvious. *Merck & Co. v. Biocraft Labs., Inc.*, 874 F.2d 804, 809 n* (Fed. Cir. 1989) (evidence of commercial success was insufficient to avoid a finding of invalidity of the patent-in-suit). To prove commercial success, Plaintiffs need to establish: (1) they sell a product embodying the claimed invention of the '191 patent; (2) that their product is commercially successful; and (3) this commercial success was due to the patented features of the product, as opposed to factors unrelated to patented subject matter (e.g., superior marketing). *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1392 (Fed. Cir. 1988).

In his January 31, 2007 expert report, Mr. Bokhart provides a rebuttal opinion regarding the alleged commercial success of Gamimune N S/D, which Plaintiffs contend is the product that embodies the claims of the '191 patent. (*See* Rogaski Decl., Ex. 9 at 3.) For purposes of his

rebuttal report, Mr. Bokhart                    REDACTED

[1] (*See id.* at 4.) Conceding he is not qualified to render any opinion as to whether Gamimune N S/D practices the claims of the '191 patent, Mr. Bokhart relies on Plaintiffs' other witnesses to establish this essential element of the commercial success determination.[2] (*See id.*) However, none of them do.

Significantly, Plaintiffs' primary technical expert, Dr. Jeffrey Ravetch, testified at his deposition that he had *no* opinion as to whether Gamimune N S/D embodies the patented invention:

REDACTED

(*See* Rogaski Decl., Ex. 10 (Ravetch Depo.) at 219:18-23.)

Dr. Ravetch's lack of opinion on this foundational issue is revealing, though not surprising. Baxter's invalidity expert, Dr. Thomas J. Kindt, reported – based on his review of the testing results from four of Plaintiffs' batch records – that                    REDACTED

(*See* Rogaski Decl., Ex. 11, (January 10, 2007 Expert Report of Thomas J. Kindt) at 53-54.) For example, there is no evidence of any                    REDACTED

---

[1] Mr. Bokhart is apparently confused by the relationship between a patent and its commercial embodiment: A patent is embodied by a certain product or process, ***not*** the other way around.

[2] Mr. Bokhart apparently misapprehends the narrow invention disclosed in the '191 patent by broadly equating liquid IGIV using a solvent/detergent process with the '191 patent. (*See* Rogaski Decl., Ex. 9 at 6, 7.) The '191 patent is not nearly so far-reaching.

2

REDACTED .[3] Lacking these critical features, Gamimune N S/D simply cannot embody the '191 patent.

With no proof (from Dr. Ravetch or elsewhere) that Gamimune N S/D practices the '191 patent – an essential requirement to the commercial success determination – there is no basis for Mr. Bokhart's opinions on commercial success. Therefore, Mr. Bokhart's rebuttal report and any other evidence Plaintiffs attempt to introduce regarding commercial success should be excluded.

## III. CONCLUSION

For the foregoing reasons, Baxter's motion *in limine* to bar evidence and testimony regarding Plaintiffs' claim of commercial success of the '191 patent should be granted.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: April 23, 2007

Public Version: April 28, 2007

791916

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant
Baxter International Inc. and
Defendant/Counterclaimant
Baxter Healthcare Corporation*

---

[3] Dr. Ravetch also admits in his deposition that he does not opine as to whether Gamimune N S/D has an acceptable level of ACA suitable for intravenous administration, as disclosed in Claim 1 of the '191 patent. (*See* Rogaski Decl., Ex. 10 (Ravetch Depo.) at 222:21 - 223:4.)

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on April 28, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Jeffrey B. Bove, Esq.
Mary W. Bourke, Esq.
Mark E. Freeman, Esq.
Jaclyn Mason, Esq.
Donna Hallowell
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
jbove@cblh.com, mbourke@cblh.com
mfreeman@cblh.com, jmason@cblh.com
dhallowell@cblh.com; cjeffers@cblh.com;
dhammond@cblh.com; mlambert@cblh.com

**BY EMAIL**

Dana K. Hammond, Esq.
M. Curt Lambert, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19899
jhammond@cblh.com; mlambert@cblh.com

Christopher E. Jeffers, Esq.
Connolly Bove Lodge & Hutz LLP
1990 M. Street, NW
Washington, DC 20036-3425
cjeffers@cblh.com

I hereby certify that on April 28, 2007 I have sent by E-mail and Federal Express the foregoing document to the following non-registered participants:

>Bradford J. Badke, Esq.
>Gabrielle Ciuffreda, Esq.
>Ropes & Gray LLP
>1211 Avenue of the Americas
>New York, NY 10036-8704
>bradford.badke@ropesgray.com; gabrielle.ciuffreda@ropesgray.com

>/s/ Philip A. Rovner
>Philip A. Rovner (#3215)
>Potter Anderson & Corroon LLP
>Hercules Plaza
>P. O. Box 951
>Wilmington, DE 19899
>(302) 984-6000
>provner@potteranderson.com