IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION, <br><br> Defendants. | Civil Action No. 05-349-GMS <br><br> <u>Jury Trial Demanded</u> <br><br> **<u>PUBLIC VERSION</u>** |
| BAXTER HEALTHCARE CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Counterdefendants. | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO PROHIBIT
ANY EVIDENCE OR ARGUMENT REGARDING PLAINTIFFS'
<u>ALTERNATIVE, "NON-INJUNCTION" ROYALTY RATE</u>**

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND
CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: April 23, 2007
Public Version: April 28, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant
Baxter International Inc. and
Defendant/Counterclaimant
Baxter Healthcare Corporation*

I. INTRODUCTION

Plaintiffs' damages expert witness, Christopher J. Bokhart, never actually calculates an amount of money he claims defendants must pay for their alleged patent infringement. Rather, Mr. Bokhart proffers two different "reasonable" royalty rates that he claims the parties would have negotiated before any alleged infringement began. Mr. Bokhart's opinion regarding this alternative "non-injunction" royalty rate is inherently flawed, illogical and wholly at odds with the proper analysis for determining a reasonable royalty in a patent case. Indeed, Mr. Bokhart's calculation of two alternative royalty rates – an "injunction" rate and "non-injunction" rate – is something he admits he has never done before, and there are no reported cases approving this strained analysis. Further, Mr. Bokhart's "non-injunction" scenario requires the jury to speculate about a future event (i.e., whether a permanent injunction will issue) over which it has no control, thereby inviting jury confusion and unfair prejudice. Accordingly, Baxter respectfully moves *in limine* for an order prohibiting Plaintiffs' counsel and witnesses from mentioning, eliciting or introducing any evidence or argument regarding a "non-injunction" royalty rate.

II. BACKGROUND

Plaintiffs retained Christopher J. Bokhart to provide an expert opinion regarding damages. In his January 10, 2007 report, which assumes that the '191 patent is valid and infringed, Mr. Bokhart opines that the appropriate measure of damages is a royalty of 7.5% of Baxter's U.S. sales of Gammagard® Liquid, ***if a permanent injunction is granted*** barring future sales of Gammagard® Liquid. (*See* Rogaski Decl., Ex. 12 at 3, 32, 40.) Mr. Bokhart further opines that if the Court does ***not*** award a permanent injunction to Plaintiffs, then the jury should award a 12.5% royalty rate – nearly 70% higher than the 7.5% rate – on Gammagard® Liquid sales through the term of the '191 patent, which will expire on July 29, 2020. (*See id.* at 3, 40.)

III.   THE "NON-INJUNCTION" ALTERNATIVE RATE SHOULD BE EXCLUDED

   A.   Mr. Bokhart's Opinion Conflicts With The *Georgia-Pacific* Analysis

Under long-standing precedent, to determine a reasonable royalty the fact-finder assumes a hypothetical negotiation between the patent holder as a willing licensor and the infringer as a willing licensee prior to first infringement. *See Georgia-Pacific Corp. v. United States Plywood Corp.,* 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). This determination presumes the parties are willing to negotiate and agree to *one* royalty rate at the time of the hypothetical negotiations, without regard to after-the-fact assessments. *See Riles v. Shell Exploration and Prod. Co.,* 298 F.3d 1302, 1313 (Fed. Cir. 2002) ("A reasonable royalty determination for purposes of making a damages evaluation must relate to the time infringement occurred, and not be an after-the-fact assessment."). The fact that Mr. Bokhart proffers two different royalty rates – one rate under an "injunction scenario" and the other under a "non-injunction scenario" – indicates that the parties were *not* willing to come to an economic agreement over a royalty rate and thus undertook litigation. This is wholly inconsistent with the premise of a willing licensee and willing licensor in a hypothetical negotiation. For this reason alone, Mr. Bokhart's testimony of a "non-injunction" rate should be excluded.

Mr. Bokhart's opinion is further flawed under the *Georgia-Pacific* test, which he purports to rely upon and admits is "widely accepted." (*See* Rogaski Decl., Ex. 12 at 26-32.) This test sets out fifteen factors used in determining a reasonable royalty, none of which includes the effect of an injunction. *See Georgia-Pacific,* 318 F. Supp. at 1120. Nor could the parties have known whether an injunction would have occurred at the time of the hypothetical negotiation, let alone the timing of any such injunction. Indeed, the very premise of a negotiation is that the parties ultimately agree upon a royalty, so there would be no lawsuit and, of course, no

possibility of an injunction. Thus, Mr. Bokhart has created a hypothetical bargaining term that is *not* properly considered under *Georgia-Pacific*.

### B. *EBay* Does Not Support Mr. Bokhart's Non-Injunction Analysis

Mr. Bokhart justifies his alternative "non-injunction" royalty determination by relying on last year's Supreme Court decision in *eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006). In *eBay*, the Supreme Court held that the traditional four-factor test for granting or denying a permanent injunction applies to patent cases "no less than in other cases governed by such standards," so injunctions will not necessarily be granted. *eBay*, 126 S. Ct. at 1840-1. While Mr. Bokhart claims "[i]t's a decision that as a result of *eBay* results in two potential different negotiations," *see* Rogaski Decl., Ex. 13 (Bokhart Depo.) at 91:9-11, there is nothing in *eBay* or its progeny suggesting two different hypothetical negotiations or a higher royalty rate depending on whether an injunction is entered. Indeed, Baxter is unable to find any authority since or before *eBay* – in either patent or non-patent cases[1] – to support Mr. Bokhart's non-injunction analysis. Courts always have had the discretion to deny injunctions in patent cases even before *eBay*, so the Supreme Court's decision did not change the rules for calculating a reasonable royalty under *Georgia-Pacific*. *See, e.g., Roche Prods. v. Bolar Pharm. Co.*, 733 F.2d 858, 865 (Fed. Cir. 1984), *superseded on other grounds* ("[t]he trial court has considerable discretion in determining whether the facts of a situation require it to issue an injunction")

---

[1] The Supreme Court in *eBay* announced that injunctive relief determinations in patent cases should be governed by the same standards as non-patent cases. Therefore, if Mr. Bokhart's methodology were appropriate, one would expect to find damages experts in non-patent cases proffering similar opinions about alternative "injunction" and "non-injunction" royalty rates. Baxter is unable to find any such example. Indeed, the opposite appears to be true. *See, e.g., Simon Property Group, L.P. v. mySimon, Inc.*, 2001 U.S. Dist. LEXIS 852, *67, n.12 (S.D. Ind. Jan. 24, 2001) (attached as Exhibit 14 to the Rogaski Declaration) (noting that plaintiff's expert made two royalty calculations – one for past royalties and one for future royalties, which "assume[d] that no injunction would be entered" – but the royalty was the *same* (2%) in each scenario).

3

(quoted in *eBay*, 126 S. Ct. at 1841); *see also* 35 U.S.C. § 283 (the trial court "*may* grant injunctions in accordance with the principles of equity") (emphasis added).

### C. Mr. Bokhart's "Non-Injunction" Scenario Is Illogical, Confusing And Unfairly Prejudicial

Mr. Bokhart's alternative rate analysis is simply illogical and nonsensical. Asking a jury to determine an appropriate royalty rate depending on whether a permanent injunction is entered requires the jury to speculate about a future event over which it has no control. The determination, if any, of whether an injunction should issue will be made by the Court, not the jury, at a post-trial hearing – well after the jury has rendered its verdict.

Further, Mr. Bokhart's unsound approach will likely confuse the jury and be unfairly prejudicial. *See* Fed. R. Evid. 403. Not only will the jury need to weigh competing damages theories presented by the parties in this complicated patent infringement case, the jury will also need to consider and distinguish the alternative royalty rates proffered by Mr. Bokhart. While his expert report implies the opposite, Mr. Bokhart appears to concede that the 7.5% rate only applies to past damages and future damages through 2007     REDACTED
and that the 12.5% rate only applies to future damages starting in 2008 if an injunction is *not* issued. (*See* Rogaski Decl., Ex. 13 at 145:20-146:6 and 149:18-151:4.) Even with a curative jury instruction for these hypothetical scenarios, there is significant danger of jury confusion and unfair prejudice, especially since the permanent injunction determination will occur *after* the jury's verdict.[2]

---

[2] Another source of jury confusion is that Mr. Bokhart admits that lost profits damages are *not* appropriate here because     REDACTED     but he then relies on a lost profits analysis for his royalty calculations in his "non-injunction" scenario. (*Compare* Rogaski Decl. Ex. 12 at 16-17, *with id*. at 32-40.)

4

### D. Mr. Bokhart's Analysis Is Not Based On Generally-Accepted Economic Principles

Finally, Mr. Bokhart concedes that he has never provided an opinion in which he has offered two different royalty rates that depend on whether or not an injunction is entered. (*See* Rogaski Decl. Ex. 13 at 27:9-13.) There is no established precedent (nor justification) for a separate "non-injunction" rate even in view of *eBay* since *eBay* merely holds that the traditional four-factor test for injunctive relief applies to patent cases as well. Proffering alternative royalty rates based on a conditional event after the jury's verdict is neither generally-accepted nor based on reliable principles and methods. *See* Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152-53 (1999); *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 589 (1993) ("trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable"). Mr. Bokhart's opinion, therefore, does not withstand *Daubert* scrutiny.

### IV. CONCLUSION

For all the foregoing reasons, Baxter's motion *in limine* to bar evidence and testimony regarding plaintiffs' "non-injunction" alternative royalty rate should be granted.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND
CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: April 23, 2007
Public Version: April 28, 2007

791921

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant
Baxter International Inc. and
Defendant/Counterclaimant
Baxter Healthcare Corporation*

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on April 28, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

| **BY HAND DELIVERY AND E-MAIL** | **BY EMAIL** |
|---|---|
| Jeffrey B. Bove, Esq.<br>Mary W. Bourke, Esq.<br>Mark E. Freeman, Esq.<br>Jaclyn Mason, Esq.<br>Donna Hallowell<br>Connolly Bove Lodge & Hutz LLP<br>1007 N. Orange Street<br>P. O. Box 2207<br>Wilmington, DE 19899-2207<br>jbove@cblh.com, mbourke@cblh.com<br>mfreeman@cblh.com, jmason@cblh.com<br>dhallowell@cblh.com; cjeffers@cblh.com;<br>dhammond@cblh.com; mlambert@cblh.com | Dana K. Hammond, Esq.<br>M. Curt Lambert, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>1007 N. Orange Street<br>Wilmington, DE 19899<br>jhammond@cblh.com; mlambert@cblh.com<br><br>Christopher E. Jeffers, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>1990 M. Street, NW<br>Washington, DC 20036-3425<br>cjeffers@cblh.com |

I hereby certify that on April 28, 2007 I have sent by E-mail and Federal Express the foregoing document to the following non-registered participants:

Bradford J. Badke, Esq.
Gabrielle Ciuffreda, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
bradford.badke@ropesgray.com; gabrielle.ciuffreda@ropesgray.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com