IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., AND BAYER HEALTHCARE LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>BAXTER INTERNATIONAL INC., AND BAXTER HEALTHCARE CORPORATION,<br><br>    Defendants.<br><br>BAXTER HEALTHCARE CORPORATION,<br><br>    Counterclaimant,<br><br>v.<br><br>TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC,<br><br>    Counterdefendants. | C.A. NO. 05-349-GMS<br><br>**Jury Trial Demanded**<br><br>REDACTED VERSION DI 256 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 2 TO PRECLUDE EXPERT TESTIMONY REGARDING NON-INFRINGING ALTERNATIVES**

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
*Of Counsel for Plaintiff and Counterclaim Defendant Bayer Healthcare LLC*

Redacted Version Filed: April 30, 2007
Date: April 23, 2007

Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiffs and Counterclaim Defendants*

## INTRODUCTION

Plaintiffs Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC ("Plaintiffs") move *in limine*, under F.R.E. 702, to preclude Defendants Baxter International Inc. and Baxter Healthcare Corporation ("Baxter") from introducing any evidence or argument of "non-infringing alternatives". In his January 31, 2007 report, Baxter's damages expert, R. Bruce Den Uyl, hypothesized that there were "several acceptable, non-infringing substitutes to a product manufactured using the process disclosed in the '191 patent," (Mason Dec.[1] Ex. 1 at 18)

(*id.* at 18-19.)

**REDACTED**

. His report contains one conclusory statement that

**REDACTED**

(*Id.* at 19 n.98.) But Mr. Den Uyl did not know if these products are made using proprietary technologies. Mr. Den Uyl did not analyze why these technologies allegedly do not infringe (as he admits, he is not a technical expert), nor did he explain how these technologies were allegedly "available" to Baxter at the time of the hypothetical negotiation. **REDACTED**

**REDACTED** and therefore did not know if Baxter could access these processes and at what cost. Mr. Den Uyl did not explain how these technologies were "acceptable" to Baxter's customers or could provide the benefits of a 10% IGIV liquid, **REDACTED**

---

[1] The "Mason Dec." is the Declaration of Jaclyn M. Mason in Support of Plaintiffs' Motions in Limine Nos. 1-5, filed concurrently herewith.

REDACTED                                                     (Mason Dec. Ex. 2 at

13:16-18).

## LEGAL STANDARDS AND ARGUMENT

Federal Rule of Evidence 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if *(1) the testimony is based upon sufficient facts or data,* (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (emphasis added). Rule 702 charges the Court with a "gatekeeping obligation" to ensure the reliability and relevance of the expert testimony admitted into evidence, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999), by evaluating whether the opinions offered are sufficiently connected to the facts of the case. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993). Expert testimony should be excluded if "there is simply too great an analytical gap between the data and the opinion proffered." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

A non-infringing alternative must be both "available" and "acceptable." *Grain Processing Corp. v. American Maize-Prods. Co.*, 185 F.3d 1341, 1346-49 (Fed. Cir. 1999). A non-infringing alternative is "available" if the infringer "had all of the necessary equipment, know-how, and experience" to use the alternative during the time of infringement as well as the economic incentive to do so. *Id.* at 1354; *accord Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1123 (Fed. Cir. 2003). To be "acceptable," an alleged non-infringing alternative must have the advantages of the patented technology. *See Standard Havens Prods. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1373 (Fed. Cir. 1991). Courts exclude expert testimony on non-infringing

alternatives where the expert can identify no reliable factual basis for such an opinion. *See, e.g., EZ Dock, Inc. v. Schafer Sys., Inc.*, 2003 WL 1610781, at *6 (D. Minn. Mar. 8, 2003) (no reliable factual basis) (Mason Dec. Ex. 14).

There is no reliable factual basis for Mr. Den Uyl to testify

**REDACTED**

(Mason Dec. Ex. 1 at 19 n.98.) Mr. Den Uyl is not qualified to make such a technical determination. Indeed, as he and his counsel repeated pointed out, he is not a "technical expert." (Mason Dec. Ex. 2 at 34:14, 22; 36:4-5; 37:14-5, 25; 66:22; 67:8, 23-24; 68:11, 21; 69:12-3; 108:12-3.) Nor can Mr. Den Uyl rely on the testimony or analysis of another expert in support of his contention that

as no such testimony exists in the record.        **REDACTED**

In addition, Mr. Den Uyl has no basis for testifying that these technologies were available.         **REDACTED**
(Mason Dec. Ex. 1 at 19 n.98.)
His report contains no mention of whether Baxter had the necessary equipment, know-how, and experience to use these allegedly alternative manufacturing processes and the costs of doing so.

**REDACTED**

(Mason Dec. Ex. 2 at 143:2-12; 144:10-12.)

**REDACTED**                        (*id.* at 143:22-24),

3

**REDACTED**

(Mason Dec. Ex. 1 at 3; Mason Dec. Ex. 2 at 106:7-19.)

Mr. Den Uyl's allegation of non-infringing alternatives is not only insufficiently tied to the facts of the case, but plainly negated by his understanding of those facts. There is simply too great an analytical gap between the sweeping opinion Mr. Den Uyl is expected to proffer regarding these alleged non-infringing alternatives and the facts of record. Mr. Den Uyl's opinion is too speculative to satisfy the reliability threshold of Rule 702 and his testimony would invite conjecture and confusion rather than assist the jury.

## CONCLUSION

Because there is no support for Mr. Den Uyl's "opinions" that there were available and acceptable non-infringing alternatives to the '191 patent, Plaintiffs respectfully request that the Court grant its motion *in limine* under Rule 702 to preclude Baxter from presenting such expert testimony at trial

**REDACTED**

4

Respectfully submitted,

*/s/ Jeffrey B. Bove*
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19801
(302) 658-9141
*Attorneys for Talecris Biotherapeutics, Inc.
and Bayer Healthcare LLC*

Bradford J. Badke
Gabrielle Cuiffreda
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
*Attorneys for Bayer Healthcare LLC*

Redacted Version Filed: April 30, 2006
Date:   April 23, 2007

535897

## CERTIFICATE OF SERVICE

I hereby certify on this 23rd day of April, 2007 I electronically filed the foregoing **Plaintiffs' Memorandum of Law in Support of Their Motion *In Limine* No. 2 to Preclude Expert Testimony Regarding Non-Infringing Alternatives** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |
|---|---|

I also hereby certify that a true copy of the foregoing document was served upon the following in the manner indicated on April 23, 2007.

| **Via Hand Delivery and E-Mail**<br>Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | **Via Federal Express and E-Mail**<br>Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |
|---|---|

                                           */s/ Jeffrey B. Bove*
                                           Jeffrey B. Bove (#998)
                                           CONNOLLY BOVE LODGE & HUTZ LLP
                                           The Nemours Building
                                           1007 North Orange Street
                                           Wilmington, DE 19801
                                           Telephone: (302) 658-9141
                                           jbove@cblh.com
                                           *Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*

Bradford J. Badke
Gabrielle Ciuffreda
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020-1105
(212) 596-9000
*Attorneys for Bayer Healthcare LLC*

6