IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 05-349-GMS |
| BAXTER INTERNATIONAL INC., and BAXTER HEALTHCARE CORPORATION, | ) ) ) | **Jury Trial Demanded** |
| Defendants. | ) ) ) | REDACTED VERSION DI 258 |
| BAXTER HEALTHCARE CORPORATION, | ) ) | |
| Counterclaimant, | ) ) ) | |
| v. | ) ) | |
| TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, | ) ) ) | |
| Counterdefendants. | ) ) ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 3 TO EXCLUDE EXPERT TESTIMONY OF THOMAS J. KINDT, Ph.D. THAT IS INCONSISTENT WITH THE COURT'S CLAIM CONSTRUCTION**

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
*Of Counsel for Counterclaim Defendant Bayer Healthcare LLC*

Redacted Version Filed: April 30, 2007
Date: April 23, 2007

Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiffs and Counterclaim Defendants*

## INTRODUCTION

Plaintiffs and Counterclaim Defendants Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC (collectively, "Plaintiffs") hereby move *in limine* pursuant to Federal Rule of Evidence 702 to preclude Defendants Baxter International Inc. and Baxter Healthcare Corporation (collectively, "Baxter") from calling Dr. Thomas J. Kindt as a witness at trial to testify in any manner that is inconsistent with this Court's claim construction, as set out in its December 28, 2006 Order.

## LEGAL STANDARDS AND ARGUMENT

Federal Rule of Evidence 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Rule 702 charges the Court with a "gatekeeping obligation" to ensure the reliability and relevance of the expert testimony admitted into evidence, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999), by evaluating whether the opinions offered are sufficiently connected to the facts of the case, *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993). In particular, this Court has refused to admit expert opinions at trial that are "inconsistent" with the Court's claim construction. *LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 198, 210 (D. Del. 2006) (Robinson, C.J.).

### 1. Dr. Kindt ignored the Court's claim construction and based his opinions on Baxter's rejected constructions.

On December 28, 2006, the Court issued a Claim Construction order construing disputed terms in United States Patent No. 6,686,191 ("the '191 patent"), and rejected Baxter's proposed constructions. (*See* Docket Item (D.I.) 199, n.1-6 and 8-10.) Dr. Kindt ignored the Court's claim construction and based all of his invalidity opinions on Baxter's rejected constructions.

During claim construction, Baxter argued, for example, **REDACTED**

**REDACTED** (*See, e.g.,* Mason Dec.[1] Ex. 7 (emphasis added).) Plaintiffs countered that the claim term was clear, well understood in the art, and required no construction. Despite the Court's refusal to adopt Baxter's proposed construction, Dr. Kindt relied on Baxter's rejected definition, noting, "

**REDACTED** (Mason Dec. Ex. 8 at 28.) This rejected construction formed the basis for his opinion that the claims of '191 patent are invalid for lack of written description and enablement. (*Id.* at 56-59.) During his deposition, Dr. Kindt testified that

**REDACTED**

(Mason Dec. Ex. 9 at 61:21-62:2.)

---

[1] The "Mason Dec." is the Declaration of Jaclyn M. Mason in Support of Plaintiffs' Motions *in Limine* Nos. 1-5, filed concurrently herewith.

3

Dr. Kindt's Expert Report demonstrates that he relied on essentially all of Baxter's rejected constructions to form his opinions. (Mason Dec. Ex. 8 at 28-30.) Dr. Kindt testified:

**REDACTED**

(Mason Dec. Ex. 9 at 159:24 –160:14.)

Dr. Kindt's complete disregard for the Court's claim construction is improper. *See L.P. Matthews*, 458 F. Supp. 2d at 210 (excluding all experts opinions that are inconsistent with the Court's claim construction). It is the Court's duty to construe the claims of the patent and to instruct the jury accordingly at the close of evidence. Were the jury to hear testimony from Dr. Kindt, or any of Baxter's experts, that is inconsistent with the Court's claim construction, it would cause unnecessary prejudice and confusion. Further, such testimony is both unreliable and irrelevant, as the Court's claim construction constitutes the law of the case. Dr. Kindt should therefore be precluded from providing any testimony or opinions based on a claim construction that does not comport with the Court's December 28, 2006 Order.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant their motion *in limine* to preclude Dr. Kindt from testifying at trial in any manner inconsistent with the Court's December 28, 2006 claim construction.

Redacted Version Filed: April 30, 2007
Date: April 23, 2007

    Respectfully submitted,

    /s/ *Jeffrey B. Bove*
    Jeffrey B. Bove (#998)
    Mary W. Bourke (#2356)

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
*Of Counsel for Counterclaim Defendant Bayer Healthcare LLC*

535868

    Mark E. Freeman (#4257)
    Jaclyn M. Mason (#4737)
    Dana K. Hammond (#4869)
    Christopher E. Jeffers (*pro hac vice*)
    CONNOLLY BOVE LODGE & HUTZ LLP
    1007 North Orange Street, P.O. Box 2207
    Wilmington, DE 19899-2207
    (302) 658-9141
    *Attorneys for Plaintiffs and Counterclaim Defendants*

## CERTIFICATE OF SERVICE

I hereby certify on this 23rd day of April, 2007 I electronically filed the foregoing **Plaintiffs' Memorandum of Law in Support of Their Motion *In Limine* No. 3 to Exclude Expert Testimony of Thomas J. Kindt, Ph.D. That is Inconsistent With the Court's Claim Construction** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

I also hereby certify that a true copy of the foregoing document was served upon the following in the manner indicated on April 23, 2007.

| **Via Hand Delivery and E-Mail** | **Via Federal Express and E-Mail** |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

/s/ *Jeffrey B. Bove*
Jeffrey B. Bove (#998)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
jbove@cblh.com
*Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*

Bradford J. Badke
Gabrielle Ciuffreda
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020-1105
(212) 596-9000
*Attorneys for Bayer Healthcare LLC*