IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 05-349-GMS |
| BAXTER INTERNATIONAL INC., and BAXTER HEALTHCARE CORPORATION, | ) ) ) | Jury Trial Demanded |
| Defendants. | ) ) ) ) | REDACTED VERSION DI 260 |
| BAXTER HEALTHCARE CORPORATION, | ) ) | |
| Counterclaimant, | ) ) ) | |
| v. | ) ) | |
| TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, | ) ) ) | |
| Counterdefendants. | ) ) ) | |

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 4 TO EXCLUDE EXPERT TESTIMONY OF TERRENCE SNAPE, Ph.D. THAT IS INCONSISTENT WITH THE COURT'S CLAIM CONSTRUCTION

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
*Of Counsel for Counterclaim Defendant Bayer Healthcare LLC*

Redacted Version Filed: April 30, 2007
Date: April 23, 2007

Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiffs and Counterclaim Defendants*

# INTRODUCTION

Plaintiffs and Counterclaim Defendants Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC (collectively, "Plaintiffs") hereby move *in limine* pursuant to Federal Rule of Evidence 702 to preclude Defendants Baxter International Inc. and Baxter Healthcare Corporation (collectively, "Baxter") from calling Dr. Terrence Snape as a witness at trial to testify in any manner that is inconsistent with this Court's claim construction, as set out in its December 28, 2006 Order.

# LEGAL STANDARDS AND ARGUMENT

Federal Rule of Evidence 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Rule 702 charges the Court with a "gatekeeping obligation" to ensure the reliability and relevance of the expert testimony admitted into evidence, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999), by evaluating whether the opinions offered are sufficiently connected to the facts of the case, *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993). In particular, this Court has refused to admit expert opinions at trial that are "inconsistent" with the Court's claim construction. *LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 198, 210 (D. Del. 2006) (Robinson, C.J.).

**1. Dr. Snape ignored this Court's claim construction and based his opinions on Baxter's rejected constructions.**

On December 28, 2006, this Court issued a claim construction order construing disputed terms in United States Patent No. 6,686,191 ("the '191 patent"). (D.I. 199.) The Court's construction rejected Baxter's proposed constructions. (*Id.* at n.1-6 and 8-10.) Dr. Snape, however, ignored the Court's claim construction, basing most of his opinions on Baxter's rejected constructions. Dr. Snape even attempted to import additional limitations from the specification into the claims, contrary to the Court's Order. (*See id.*)

For example, Dr. Snape testified that        **REDACTED**

(Mason Dec.[1] Ex. 6 at 89:21-91:2.)   He acknowledged that
**REDACTED**

(*Id.* at 90:21-91:2.)

**REDACTED**

(*See id.* at 88:1-7; *see also* D.I. 199.)

In its claim construction briefs and during the oral argument, Baxter also argued that

**REDACTED**

(emphasis added). (*See, e.g.*, Mason Dec. Ex. 7.) Plaintiffs countered that the term was sufficiently clear and required no construction in light of the clear claim language, the teachings of the specification, and the knowledge of one of ordinary skill in the art. The Court agreed. (*See* Mason Dec. Ex. 10; D.I. 199.) Despite the Court's rejection of Baxter's proposed construction, Dr. Snape testified:

---

[1] The "Mason Dec." is the Declaration of Jaclyn M. Mason in Support of Plaintiffs' Motions in Limine Nos. 1-5, filed concurrently herewith.

3

**REDACTED**

(Mason Dec. Ex. 6 at 83:6-11; *see also id.* at 79-83.) When asked if he understood that the Court rejected this argument, he testified, **REDACTED**

(*Id.* at 80:14-17; 81:11-12.) **REDACTED**

(*See id.* at 78-94.)

In addition, despite the fact that the Court specifically ruled that the term "then incubating the solution of step a)" is construed such that "additional steps may be performed prior to said incubating," (D.I. 199 at 3, n.6), Dr. Snape insisted that **REDACTED**

(Mason Dec. Ex. 6 at 93:22-24; 94:15-96:14). These limitations find no support in the claims, the specification, or in the Court's claim construction order, and were invented merely to create a fictional "escape hatch" from infringement that did not exist in the language of the claims.

Dr. Snape's complete disregard for this Court's claim construction, his refusal to depart from Baxter's rejected arguments, and his attempts to warp the Court's claim construction order to fit his purposes is completely improper. *L.P. Matthews*, 458 F. Supp. 2d at 210 (excluding all opinions that are inconsistent with the Court's claim construction). It is the Court's duty to construe the claims of the patent and to instruct the jury accordingly at the close of evidence. Were the jury to hear testimony from Dr. Snape, or any of Baxter's experts, that is inconsistent with the Court's claim construction, it would cause unnecessary prejudice and confusion.

Further, such testimony is both unreliable and irrelevant, as the Court's claim construction constitutes the law of the case. Dr. Snape should therefore be precluded from providing any testimony or opinions based on a claim construction that does not comport with the Court's December 28, 2006 Order.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant their motion *in limine* to preclude Dr. Snape from testifying at trial in any manner inconsistent with the Court's December 28, 2006 claim construction.

Redacted Version Filed: April 30, 2007
Date: April 23, 2007

Respectfully submitted,

*/s/ Jeffrey B. Bove*
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
(302) 658-9141
*Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*

Bradford J. Badke
Gabrielle Ciuffreda
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
*Attorneys for Bayer Healthcare LLC*

535864

## CERTIFICATE OF SERVICE

I hereby certify on this 23rd day of April, 2007 I electronically filed the foregoing **Plaintiffs' Memorandum of Law in Support of Their Motion *In Limine* No. 4 to Exclude Expert Testimony of Terrence Snape, Ph.D. That is Inconsistent With the Court's Claim Construction** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE  19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |
|---|---|

I also hereby certify that a true copy of the foregoing document was served upon the following in the manner indicated on April 23, 2007.

| **Via Hand Delivery and E-Mail**<br>Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE  19899<br>(302) 984-6140<br>provner@potteranderson.com | **Via Federal Express and E-Mail**<br>Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |
|---|---|

      /s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
Telephone: (302) 658-9141
jbove@cblh.com
*Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*

Bradford J. Badke
Gabrielle Ciuffreda
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020-1105
(212) 596-9000
*Attorneys for Bayer Healthcare LLC*