IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 05-349-GMS |
| BAXTER INTERNATIONAL INC., and BAXTER HEALTHCARE CORPORATION, | ) ) ) | Jury Trial Demanded |
| Defendants. | ) ) ) ) | REDACTED VERSION DI 262 |
| BAXTER HEALTHCARE CORPORATION, | ) ) | |
| Counterclaimant, | ) ) | |
| v. | ) ) ) | |
| TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, | ) ) ) | |
| Counterdefendants. | ) ) ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION *IN LIMINE* NO. 5 TO PRECLUDE CERTAIN
EXPERT TESTIMONY OF THOMAS J. KINDT, Ph.D.**

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
*Of Counsel for Counterclaim Defendant
Bayer Healthcare LLC*


Redacted Version Filed: April 30, 2007
Date:  April 23, 2007

Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899-2207
(302) 658-9141
*Attorneys for Plaintiffs and
Counterclaim Defendants*

## INTRODUCTION

Plaintiffs and Counterclaim Defendants Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC (collectively, "Plaintiffs") hereby move *in limine* pursuant to Federal Rule of Evidence 702 to preclude Defendants Baxter International Inc. and Baxter Healthcare Corporation (collectively, "Baxter") from calling Dr. Thomas J. Kindt as a witness at trial to provide: (1) expert opinions on inherency, because he admitted that solvent detergent treatment does not inherently elevate ACA; (2) expert opinions on obviousness, as his analysis was based on improper hindsight; and (3) testimony on invalidity that relies on prior art that was not disclosed in deposition exhibits TAL 246 or TAL 262.

## LEGAL STANDARDS AND ARGUMENT

Dr. Kindt's opinions are inadmissible because they are irrelevant and unreliable pursuant to Federal Rule of Evidence 702 which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Under Rule 702, this Court acts as a "gatekeeper" through a preliminary determination that the proffered evidence is both relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999).

1. **The Court should exclude any opinions related to inherency because Dr. Kindt admitted that solvent detergent treatment does not inherently elevate ACA.**

In his expert report, Dr. Kindt opined that the claims of United States Patent No. 6,686,191 ("the '191 patent") were both anticipated and obvious. A critical element of these defenses is based on the assumption that solvent detergent treatments inherently elevate ACA.

2

(Mason Dec.[1] Ex. 8 at 31-41.)  For support, in his expert report Dr. Kindt relied on language from the Board of Patent Appeals and Interferences ("Board"), the '191 patent, and the prosecution history taken out of context.  (*Id.*)  But in his deposition Dr. Kindt admitted that solvent/detergent treatment does not inherently elevate ACA.  Dr. Kindt testified:

        A.


**REDACTED**


(Mason Dec. Ex. 9 at 151:20-152:3; *see also id.* at 155:1-5.)  Further, neither Baxter nor any of its witnesses or experts has ever opined that all solvent detergent treatments inherently elevate ACA.  In fact, several witnesses testified that inherency had not been determined in this case because many of the solvent detergent combinations known to the person of ordinary skill in the art had never even been evaluated for their effect on ACA.  (*See, e.g.*, Mason Dec. Ex. 11 at 20:4-12.)  Dr. Kindt should therefore be precluded from providing any testimony that all solvent detergent treatments inherently elevate ACA, as his deposition testimony is in direct conflict with his expert report.  As such, the opinions offered in his report are not based on sufficient facts or data, rendering them unreliable.

    2. **The Court should exclude any opinions related to the obviousness of the '191 patent, due to the improper legal standard used by Dr. Kindt.**

        In his expert report, Dr. Kindt opined that the '191 patent was invalid as obvious over a combination of references.  (Mason Dec. Ex. 8 at 30-56.)  During his deposition, Dr. Kindt

---

[1] The "Mason Dec." is the Declaration of Jaclyn M. Mason in Support of Plaintiffs' Motions *in Limine* Nos. 1-5, filed concurrently herewith.

explicitly admitted that he used hindsight reconstruction to perform his obviousness analysis. Dr.

Kindt testified that

**REDACTED**

(Mason Dec. Ex. 9 at 244:1-10; *see also* 242-244.) Such hindsight

analysis is improper. The Federal Circuit has clearly stated in numerous cases that the

"determination of obviousness can not be based on the hindsight combination of components

selectively culled from the prior art to fit the parameters of the patented invention." *ATD Corp.*

*v. Lydall, Inc.,* 159 F.3d 534, 546 (Fed. Cir. 1998); *see also In re Gorman*, 933 F.2d 982, 987

(Fed. Cir. 1991) ("It is impermissible, however, simply to engage in a hindsight reconstruction of

the claimed invention, using the applicant's structure as a template and selecting elements from

references to fill the gaps."). Dr. Kindt should therefore be precluded from providing any

testimony related to the obviousness of the '191 patent, as it is legally corrupt, unreliable, and

highly likely to confuse the jury when the Court instructs them on the proper law regarding

obviousness.

3. **The Court should exclude all opinions based on prior art not listed in Exhibits TAL 246 and TAL 262.**

In his expert report, Dr. Kindt opined that the claims of the '191 patent were invalid

because they were obvious in light of numerous prior art references. (Mason Dec. Ex. 8 at 30-

56.) Due to the large number of references cited, and literally hundreds of possible combinations

and permutations, Plaintiffs provided Dr. Kindt with blank paper during his deposition and

requested that he list all prior art combinations that formed the basis for his opinion that claims of

the '191 patent are obvious. Dr. Kindt testified that

**REDACTED**                    (Mason Dec. Ex. 9 at

204:18-205:1, 244:13-245:7.) Dr. Kindt should therefore be precluded from providing any

4

testimony that relies on any combination of references other than those listed in TAL 246 for

claim 1 and TAL 262 for claim 7.  (*See* Mason Dec. Exs. 12-13.)

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant their motion *in*

*limine* to exclude the following testimony of Dr. Kindt:  (1) expert opinions on inherency,

because he admitted that solvent detergent treatment does not inherently elevate ACA; (2) expert

opinions on obviousness, as his analysis was based on improper hindsight; and (3) testimony on

invalidity that relies on prior art that was not disclosed in exhibits TAL 246 or TAL 262.

Redacted Version Filed: April 30, 2007
Date:  April 23, 2007                                              Respectfully submitted,


                                                                   */s/ Jeffrey B. Bove*
Bradford J. Badke, Esquire                                         Jeffrey B. Bove (#998)
Gabrielle Ciuffreda, Esquire                                       Mary W. Bourke (#2356)
ROPES & GRAY LLP                                                   Mark E. Freeman (#4257)
1211 Avenue of the Americas                                        Jaclyn M. Mason (#4737)
New York, NY 10036                                                 Dana K. Hammond (#4869)
*Of Counsel for Counterclaim Defendant*                            Christopher E. Jeffers (*pro hac vice*)
*Bayer Healthcare LLC*                                             CONNOLLY BOVE LODGE & HUTZ LLP
                                                                   1007 North Orange Street, P.O. Box 2207
                                                                   Wilmington, DE  19899-2207
                                                                   (302) 658-9141
                                                                   *Attorneys for Plaintiffs and*
                                                                   *Counterclaim Defendants*

535881

## CERTIFICATE OF SERVICE

I hereby certify on this 23rd day of April, 2007 I electronically filed the foregoing **Plaintiffs' Memorandum of Law in Support of Their Motion *In Limine* No. 5 to Preclude Certain Expert Testimony of Thomas J. Kindt, Ph.D.** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

I also hereby certify that a true copy of the foregoing document was served upon the following in the manner indicated on April 23, 2007.

| **Via Hand Delivery and E-Mail** | **Via Federal Express and E-Mail** |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

*/s/ Jeffrey B. Bove*
Jeffrey B. Bove (#998)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
jbove@cblh.com
*Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*

Bradford J. Badke
Gabrielle Ciuffreda
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020-1105
(212) 596-9000
*Attorneys for Bayer Healthcare LLC*