IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-349-GMS <br><br> <u>Jury Trial Demanded</u> |
| BAXTER HEALTHCARE CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Counterdefendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

**BAXTER'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION *IN LIMINE* NO. 3 TO EXCLUDE EXPERT TESTIMONY
OF THOMAS J. KINDT, Ph.D. THAT IS INCONSISTENT WITH
<u>THE COURT'S CLAIM CONSTRUCTION</u>**

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND
CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: May 7, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant
Baxter International Inc. and
Defendant/Counterclaimant
Baxter Healthcare Corporation*

I.  **INTRODUCTION**

Plaintiffs make the unfounded assertion that Dr. Kindt "disregarded" the Court's Claim Construction Order during his deposition when he identified a skilled artisan's understanding of the "plain and ordinary meaning" of certain claim terms in U.S. Patent No. 6,686,191 ("the '191 patent"). From this, Plaintiffs make the highly improper request that Dr. Kindt's testimony as to the "plain and ordinary meaning" of these terms should be precluded. This novel request is unsupported by both the facts and the law.

The Court expressly noted in its Claim Construction Order that certain claim terms should be given their "plain and ordinary meaning" but has not yet identified that meaning. DI 199. The "plain and ordinary meaning" of those claim terms is highly relevant to questions of infringement and invalidity of the asserted claims, so must be identified before questions of infringement and invalidity can be resolved. Thus, it will be critical to hear at trial evidence from experts regarding the understanding of a person of ordinary skill in the art regarding "plain and ordinary meaning." To date, Plaintiffs' experts have offered testimony regarding the "plain and ordinary meaning" of only one claim term – "any virus activity." As such, they cannot offer testimony at trial on the "plain and ordinary meaning" of other claim terms. Apparently realizing that they have nothing with which to counter Dr. Kindt's proper testimony, Plaintiffs filed this motion in an attempt to prevent the Court from hearing relevant and admissible evidence regarding the "plain and ordinary meaning" of claim terms. This is a highly inappropriate request. And, Plaintiffs have cited no law that would support such a result.

Even if Plaintiffs had submitted supporting law, the facts do not support Plaintiffs' motion. Contrary to Plaintiffs' assertions, Dr. Kindt did not "disregard" the Court's Claim Construction Order; rather, he followed it – providing information both in his expert report and during deposition from which the "plain and ordinary meaning" of the claim terms at issue could

1

be ascertained. Testimony regarding the understanding of a skilled artisan is highly relevant to the determination of the "plain and ordinary meaning" of claim terms. Moreover, Dr. Kindt's testimony at trial will be based on specialized knowledge and skill and will assist the Court in determining the "plain and ordinary meanings." As such, it is entirely proper under Federal Rule of Evidence ("Rule") 702. Plaintiffs' attempt to preclude it should be rejected.

## II. DR. KINDT'S OPINION ON THE "PLAIN AND ORDINARY" MEANING OF CERTAIN CLAIM TERMS IS HIGHLY RELEVANT

Rule 401 states that evidence is relevant if it has "*any tendency* to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). Dr. Kindt's opinion regarding the "plain and ordinary meaning" of claim terms at issue in this case is highly relevant. The "plain and ordinary meaning" of claim terms must be ascertained before either infringement or invalidity can be determined. Moreover, that "plain and ordinary meaning" is determined from the perspective of a person of ordinary skill in the art. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (*en banc*) ("We have made clear, moreover, that the ordinary and customary meaning of a claim term is the meaning that the term would have **to a person of ordinary skill in the art in question** at the time of the invention ... .") (emphasis added). Dr. Kindt's testimony regarding a person of ordinary skill's understanding of the "plain and ordinary" meaning of claim terms has direct bearing on the construction of those terms, as well as infringement and invalidity. It is unquestionably relevant.

Further, Dr. Kindt's testimony regarding the "plain and ordinary meaning" of claim terms is appropriate under Rule 702. His testimony will be based on his "knowledge, skill, experience, training [and] education," will be "based upon sufficient facts or data" and will "appl[y] the principles and methods reliably to the facts of the case." *See* Fed. R. Evid. 702. Plaintiffs have

2

not shown otherwise. Instead, they argue (nominally under Rule 702) that Dr. Kindt's expected testimony is somehow contrary to the Court's determination that certain claim terms should be given their "plain and ordinary meaning." This argument is both wrong and irrelevant under Rule 702.

In their motion *in limine*, Plaintiffs offer a fragment of Dr. Kindt's deposition testimony and use it to argue that he did not follow the Claim Construction Order. However, a full reading of that testimony illustrates that Dr. Kindt **did** follow the Claim Construction Order. Specifically, Dr. Kindt stated:

> A:   The term "any virus activity" **is construed to have its plain and ordinary meaning.** I would have to say that plain and ordinary meaning of any virus activity would mean all virus activities.

(Mason Dec. Ex. 9 at 61:21-62:2, emphasis added.) As this testimony shows, Dr. Kindt properly applied the Court's Claim Construction Order and offered specialized knowledge under Rule 702. The Court has not yet identified the "plain and ordinary meaning" of certain claim terms. The *Phillips* decision requires that this meaning be determined from the perspective of a person of ordinary skill in the art. Dr. Kindt's opinion, thus, is critical to fully educating the Court regarding a skilled artisan's understanding of the "plain and ordinary meaning" of the claim terms in the '191 patent. Consequently, Rule 702 provides no basis upon which to preclude his testimony.

The *LP Matthews* case cited by Plaintiffs does not compel the result Plaintiffs seek because it presents different facts than those in this case. *LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 198 (D. Del. 2006). While the *LP Matthews* court excluded expert testimony inconsistent with the court's claim construction, the court did not consider whether to exclude expert testimony about the "plain and ordinary meaning" of disputed claim terms that

3

had not been fully construed. In fact, nowhere in that decision is there any discussion of the "plain and ordinary meaning" of claim terms. Rather, in the *LP Matthews* case, the meaning of the claim terms (whether "plain and ordinary" or otherwise) had already been completely determined by the court. Therefore, the *LP Matthews* court was not faced with the question of whether an expert could opine regarding the "plain and ordinary meaning" of certain construed terms at trial. As such, it is inapposite here.

### III. CONCLUSION

For the foregoing reasons, there is no basis upon which to exclude Dr. Kindt's testimony regarding a skilled artisan's understanding of the "plain and ordinary meaning" of claim terms at trial. His testimony is appropriate under Rule 702 and would assist the Court. Plaintiffs seek to exclude it only because their experts failed to offer opinions regarding the "plain and ordinary meaning" of most of the claim terms at issue. Consequently, they cannot offer such opinions at trial, and seek to preclude Baxter from doing so as well. But Baxter and its experts followed the rules and informed Plaintiffs of Dr. Kindt's expected trial testimony. There is absolutely no basis upon which to exclude his opinions regarding the "plain and ordinary meaning" of the claim terms at issue. As such, Baxter respectfully requests the Court deny Plaintiffs' motion *in limine*.

4

|  | POTTER ANDERSON & CORROON LLP |
|---|---|
| OF COUNSEL: | By: /s/ Philip A. Rovner |
| James G. Gilliland, Jr.<br>Susan M. Spaeth<br>Anne M. Rogaski<br>TOWNSEND AND TOWNSEND AND<br>CREW LLP<br>379 Lytton Avenue<br>Palo Alto, California 94301<br>(650) 326-2400 | Philip A. Rovner (#3215)<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, Delaware 19899-0951<br>(302) 984-6000<br>Email: provner@potteranderson.com |
| Dated: May 7, 2007 | *Attorneys for Defendant<br>Baxter International Inc. and<br>Defendant/Counterclaimant<br>Baxter Healthcare Corporation* |

793739

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 7, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Jeffrey B. Bove, Esq.
Mary W. Bourke, Esq.
Mark E. Freeman, Esq.
Jaclyn Mason, Esq.
Donna Hallowell
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
jbove@cblh.com, mbourke@cblh.com
mfreeman@cblh.com, jmason@cblh.com
dhallowell@cblh.com; cjeffers@cblh.com;
dhammond@cblh.com; mlambert@cblh.com

**BY EMAIL**

Dana K. Hammond, Esq.
M. Curt Lambert, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19899
jhammond@cblh.com; mlambert@cblh.com

Christopher E. Jeffers, Esq.
Connolly Bove Lodge & Hutz LLP
1990 M. Street, NW
Washington, DC 20036-3425
cjeffers@cblh.com

I hereby certify that on May 7, 2007 I have sent by E-mail and Federal Express the foregoing document to the following non-registered participants:

Bradford J. Badke, Esq.
Gabrielle Ciuffreda, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
bradford.badke@ropesgray.com; gabrielle.ciuffreda@ropesgray.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com