IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., AND BAYER HEALTHCARE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BAXTER INTERNATIONAL INC., AND BAXTER HEALTHCARE CORPORATION, <br><br> Defendants. <br><br> BAXTER HEALTHCARE CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, <br><br> Counterdefendants. | C.A. No. 05-349-GMS <br><br> **Jury Trial Demanded** |

**PLAINTIFFS' OPPOSITION TO BAXTER'S MOTION *IN LIMINE*
NO. 1 TO PROHIBIT ANY EVIDENCE OR
ARGUMENT REGARDING OPINION OF COUNSEL**

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
*Of Counsel for Plaintiff and Counterclaim
Defendant Bayer Healthcare LLC*

Date: May 7, 2007

Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899-2207
(302) 658-9141
*Attorneys for Plaintiffs and
Counterclaim Defendants*

## INTRODUCTION

Plaintiffs Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC ("Plaintiffs") hereby oppose the motion *in limine* filed by Defendants Baxter International Inc. and Baxter Healthcare Corporation ("Baxter") to prohibit any evidence or argument regarding opinion of counsel (Docket Item ["D.I."] 247.). Plaintiffs allege that Baxter is willfully infringing United States Patent No. 6,686, 191 ("the '191 patent"). (D.I. 25 at Ex.1 ¶¶ 28, 37, 45). Baxter has asserted the attorney-client privilege over its opinion of counsel and thus is not relying on advice of counsel as a defense to willful infringement. (*See* D.I. 252 at Ex. 1.) Baxter now moves *in limine* to preclude Plaintiffs from introducing "any evidence or argument regarding: (1) opinion of counsel as a factor for determining willfulness; (2) the absence of an opinion of counsel from the record presented to the jury; and (3) Baxter's claim of privilege over its opinion of counsel." (D.I. 247 at 3.) Plaintiffs do not intend to introduce any such "evidence or argument".

Plaintiffs never intended to, and will not, introduce affirmative evidence of Baxter's claim of privilege over its opinion of counsel at trial. Instead, Plaintiffs merely urge a jury instruction on willfulness, consistent with applicable law, that whether Baxter obtained and followed counsel's advice as part of the totality of the circumstances is one of the factors that the jury may consider in its willfulness analysis. This fully comports with Federal Circuit precedent and the 2004 Draft Uniform Jury Instructions for Patent Cases in the United States District of Delaware ("District of Delaware Model Instructions") (*see* Mason Dec.[1], Ex.1). It is an instruction on the applicable law. For these reasons, Baxter's Motion should be denied.

---

[1] The "Mason Dec." is the Declaration of Jaclyn M. Mason in Support of Plaintiffs' Oppositions to Baxter's Motions *in Limine* Nos. 1-5, filed concurrently herewith.

# ARGUMENT

In *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corporation*, 383 F.3d 1337 (Fed. Cir. 2004), the Federal Circuit held that it is not appropriate for the trier of fact to draw an adverse inference that an opinion of counsel was unfavorable in a willful infringement analysis based on a defendant's failure to obtain or produce an exculpatory opinion of counsel. *Id.* at 1344. The Federal Circuit, however, expressly declined to resolve the question of whether "the trier of fact, particularly a jury, can or should be told whether or not counsel was consulted (albeit without any inference as to the nature of the advice received) as part of the totality of the circumstances relevant to the question of willful infringement." *Id.* at 1347. Therefore, it follows that *Knorr-Bremse* left unresolved the present question relating to a simple jury instruction explicating applicable law.

Under *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992), one of the factors that the jury may consider in its willfulness analysis is "whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or not infringed." *Id.* at 827. The District of Delaware Model Instructions incorporate this language from the *Read Corp.* case as one of the factors the jury should consider, as follows:

> 2.   When Defendant became aware of the patent, whether Defendant formed a good faith belief that the patent was invalid or that the patent was not infringed, including whether Defendant obtained and followed the advice of a competent lawyer. Although the absence of an opinion of counsel does not require you to find willfulness, the obtaining and following of counsel's advice may be evidence that infringement was not willful.

(Mason Dec., Ex.1 at ¶ 3.13.)   This language does not run afoul of the Federal Circuit's decision in *Knorr-Bremse*. *Knorr-Bremse* was grounded on protecting the sanctity of the

attorney-client privilege, and it, therefore, prohibits the trier of fact from drawing an adverse inference that an opinion of counsel was unfavorable in a willfulness analysis when a defendant has obtained but failed to produce an exculpatory opinion of counsel. *Knorr-Bremse* did not, however, eliminate opinion of counsel as a factor for determining willfulness. Indeed, subsequent cases applying *Knorr-Bremse* have allowed the trier of fact to consider opinion of counsel as a factor for determining willfulness. *See Third Wave Tech. v. Stratagene Crop.*, 405 F. Supp. 2d 991, 1016-17 (W.D. Wis. 2005) (*Knorr-Bremse* "did not say that it was improper for a jury to infer from [the] infringer's failure to consult counsel that the infringer had no prior knowledge of its opponent's patent or that it had not acted properly in other respects. The Court's ruling was limited to its concern for protecting the attorney-client privilege."); *see also Engineered Prods. Co. v. Donaldson, Co., Inc.*, 147 Fed. Appx. 979, 991 (Fed. Cir. Aug. 31, 2005) (unpublished) (finding no error in the instructions submitted to the jury "because the instructions merely directed the jury to consider whether [defendant] sought a legal opinion as one factor in assessing whether, under the totality of the circumstances, infringement by the [product] was willful") (Mason Dec., Ex. 2).

     Plaintiffs never intended to, and will not, introduce affirmative evidence that Baxter obtained an opinion of counsel and declined to rely on it by asserting a claim of privilege over its opinion. Rather, Plaintiffs have only included reference to reliance on advice of counsel in their proposed jury instructions on willfulness based on the applicable law and the District of Delaware Model Instructions. Plaintiffs request the Court to instruct the jury on the applicable law only, namely, that as part of the totality of the circumstances, obtaining and following of counsel's advice may be evidence that infringement was not willful. By doing so, the jury is fully apprised of all of the willfulness factors. Further, such an instruction would not unduly prejudice

Baxter and strikes the appropriate balance between protecting Baxter's right to assert the attorney-client privilege (and avoid an adverse inference based on the assertion of privilege) while simultaneously permitting the jury to be charged on the applicable law.

## CONCLUSION

Plaintiffs will not introduce affirmative evidence or argument at trial of Baxter's decision to assert the attorney-client privilege to protect its opinion of counsel. Instead, Plaintiffs have included a reference to reliance on advice of counsel in their proposed jury instructions on willfulness based on the District of Delaware Model Instructions, which comport with the spirit and letter of the *Knorr-Bremse* opinion. Plaintiffs simply ask that the jury be instructed according to the controlling Federal Circuit law on willfulness under the objectives of *Knorr-Bremse*. For the foregoing reasons, Plaintiffs respectfully request that the Court deny Baxter's Motion *in Limine* No. 1. A proposed form of Order is attached hereto as Exhibit A.

                                              Respectfully submitted,

                                              /s/ Jeffrey B. Bove
                                              Jeffrey B. Bove (#998)
                                              Mary W. Bourke (#2356)
                                              Mark E. Freeman (#4257)
                                              Jaclyn M. Mason (#4737)

Bradford J. Badke, Esquire                  Dana K. Hammond (#4869)
Gabrielle Ciuffreda, Esquire                 Christopher E. Jeffers (*pro hac vice*)
ROPES & GRAY LLP                           CONNOLLY BOVE LODGE & HUTZ LLP
1211 Avenue of the Americas               1007 North Orange Street, P.O. Box 2207
New York, NY 10036                              Wilmington, DE 19899-2207

*Of Counsel for Counterclaim Defendant*      *Attorneys for Plaintiffs and*
*Bayer Healthcare LLC*                          *Counterclaim Defendants*

Date: May 7, 2007
536544v1

**CERTIFICATE OF SERVICE**

I hereby certify on this 7th day of May, 2007 I electronically filed the foregoing **Plaintiffs' Opposition to Baxter's Motion *In Limine* No. 1 to Prohibit Any Evidence or Argument Regarding Opinion of Counsel** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE  19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

I also hereby certify that a true copy of the foregoing document was served upon the following in the manner indicated on May 7, 2007.

| **Via Hand Delivery and E-Mail** | **Via Federal Express and E-Mail** |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE  19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

      /s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
Telephone: (302) 658-9141
jbove@cblh.com
*Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*