## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., AND<br>BAYER HEALTHCARE LLC,<br><br>      **Plaintiffs,**<br><br>   **v.**<br><br>BAXTER INTERNATIONAL INC., AND<br>BAXTER HEALTHCARE CORPORATION,<br><br>      **Defendants.**<br><br><br>BAXTER HEALTHCARE CORPORATION,<br><br>      **Counterclaimant,**<br><br>   **v.**<br><br>TALECRIS BIOTHERAPEUTICS, INC., and<br>BAYER HEALTHCARE LLC,<br><br>      **Counterdefendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **C.A. NO. 05-349-GMS**<br><br>    <u>**Jury Trial Demanded**</u> |

## PLAINTIFFS' OPPOSITION TO BAXTER'S MOTION *IN LIMINE* NO. 2 TO PROHIBIT ANY EVIDENCE OR ARGUMENT REFERRING TO BAXTER'S PRIOR ARGUMENTS ON CLAIM CONSTRUCTION AND SUMMARY JUDGMENT

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
*Of Counsel for Plaintiff and Counterclaim*
*Defendant Bayer Healthcare LLC*

Date: May 7, 2007

Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899-2207
(302) 658-9141
*Attorneys for Plaintiffs and*
*Counterclaim Defendants*

## INTRODUCTION

Plaintiffs Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC ("Plaintiffs") hereby oppose the motion *in limine* filed by Defendants Baxter International Inc. and Baxter Healthcare Corporation ("Baxter") to prohibit any evidence or argument referring to Baxter's prior arguments on claim construction and summary judgment (Docket Item ["D.I."] 248). Baxter now wants to have it both ways on claim construction – it wants its experts to rely on its rejected claim constructions and to also prevent Plaintiffs from impeaching them for doing so. Baxter's new arguments regarding claim construction demonstrate precisely why the Court should grant Plaintiffs' Motion *in Limine* Nos. 3 and 4 (D.I. 257 and 259) to prevent Baxter's experts from testifying in any manner that is inconsistent with (1) the Court's claim construction and (2) the decision of the Court in *LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 198 (D. Del. 2006) (Robinson, C.J.). Baxter's reliance on its rejected claim constructions would be highly prejudicial and confusing, and would require Plaintiffs to continually clarify the record during cross-examination of Baxter's experts. In the event Plaintiffs' Motion *In Limine* Nos. 3 and 4 are granted, Baxter's Motion will be moot, as Plaintiffs would have no need to argue the history of the Court's adjudication of claim construction before the jury, and the impropriety of Baxter's experts' opinions that do not adhere to the Court's claim construction Order (D.I. 199).

As to summary judgment, Baxter's Motion is wholly speculative and should be denied as moot. Plaintiffs do not intend to inform the jury that the Court denied Baxter's Motion for Summary Judgment of Indefiniteness.

## BACKGROUND

On April 23, 2007, Plaintiffs filed two motions *in limine* to prevent Baxter's experts from testifying in any manner inconsistent with the Court's claim construction at trial. *See LP*

*Matthews,* 458 F. Supp. 2d at 210 (refusing to admit expert opinions at trial that are "inconsistent" with the Court's claim construction).  Plaintiffs' Motions are based on the fact that the opinions of Baxter's experts, Dr. Snape and Dr. Kindt, both in their reports and during their depositions, (1) ignored the Court's December 28, 2006 claim construction Order (D.I. 199) and (2) were explicitly premised upon the claim constructions that Baxter argued to the Court and that the Court rejected (*see* D.I. 258 at 3-4, D.I. 260 at 3-5).  Allowing testimony inconsistent with the Court's claim construction, as set forth by Plaintiffs, is highly likely to confuse the jury, as the claim construction is the law of the case and they will be instructed upon it by the Court after the close of evidence.  (*See* D.I. 259 at 4, D.I. 260 at 5.)  Baxter's attempts to have their experts rely on a claim construction contrary to this Court's Order (D.I. 199) and then prevent Plaintiffs from pointing it out at trial should be rejected.

## ARGUMENT

### 1. Baxter's Motion as to Claim Construction Should be Denied as Moot, or in the Alternative, Denied.

As illustrated once again, Baxter has taken every available opportunity to run away from the fact that the Court properly construed the majority of the disputed claim terms in accordance with their plain and ordinary meaning and contrary to Baxter's arguments.  (*See* D.I. 199.) Baxter has reargued claim construction in its summary judgment briefing contrary to the Court's recent opinion in *Telcordia Techs., Inc. v. Alcatel S.A.*, No. 04-874-GMS, 2007 U.S. Dist. LEXIS 31960, at *16-*18 (D. Del. May 1, 2007) (Mason Dec.[1], Ex. 3), and its experts have effectively tried to do the same in their reports and during their depositions (*see* D.I. 258 at 3-4, D.I. 260 at 3-5).  Baxter should be required to adhere to the Court's Order.

---

[1] The "Mason Dec." is the Declaration of Jaclyn M. Mason in Support of Plaintiffs' Oppositions to Baxter's Motions *in Limine* Nos. 1-5, filed concurrently herewith.

First, it is entirely improper to allow Baxter's experts to testify on the basis of claim constructions that were previously proposed by Baxter in its claim construction briefing, testimony that is inconsistent with the Court's claim construction Order. Baxter's concern that allowing Plaintiffs to mention the Court's Order and rejection of Baxter's arguments would suggest that the Court favors one party over another is easily addressed by granting Plaintiffs' Motion *in Limine* Nos. 3 and 4, thereby preventing both parties from addressing the rejected claim constructions.

Second, if the Court does not grant Plaintiffs' Motion *in Limine* Nos. 3 and 4, it would be highly prejudicial to prevent Plaintiffs from eliciting testimony that Baxter's experts are opining on the basis of a claim construction that is not the law of the case. That Baxter's claim construction arguments were unsuccessful is a concrete fact that need not be concealed from the jury, and such facts would be necessary to ameliorate any confusion amongst the jurors when the Court instructs them on the proper meaning of the claims after the close of evidence. The need to prevent jury confusion substantially outweighs any perceived prejudice to Baxter that results from informing the jury about a historical fact concerning the course of the litigation.

Therefore, Plaintiffs propose that the appropriate remedy in this situation is for the Court to grant Plaintiffs' Motions *in Limine* Nos. 3 and 4 and deny Baxter's Motion as moot. In the alternative, Baxter's Motion should be denied, as Plaintiffs will be severely prejudiced if they are unable to present any evidence to the jury that Baxter's experts are opining on the basis of a claim construction that is not the law of the case.

## 2. Baxter's Motion as to Summary Judgment Should be Denied as Moot.

Baxter's motion *in limine* with respect to summary judgment is purely speculative, as the motion for summary judgment of indefiniteness is *sub judice*. However, Plaintiffs will not

mention at trial the fact that the Court denied Baxter's motion for summary judgment. Therefore, Baxter's motion *in limine* as to this point should be denied as moot.

## <u>CONCLUSION</u>

Baxter's experts have completely disregarded this Court's Order on claim construction and refused to depart from Baxter's rejected arguments. Such conduct is improper. *L.P. Matthews*, 458 F. Supp. 2d at 210. Were the jury to hear testimony from any of Baxter's experts that is inconsistent with the Court's Order, it would cause unnecessary prejudice and confusion. Further, such testimony is both unreliable and irrelevant, as the Court's claim construction Order constitutes the law of the case.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion *in Limine* Nos. 3 and 4 and deny Baxter's Motion *in Limine* No. 2 as moot. A proposed form of Order is attached hereto as Exhibit A.

Respectfully submitted,


/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE  19801
(302) 658-9141
*Attorneys for Talecris Biotherapeutics, Inc.*
*and Bayer Healthcare LLC*

Bradford J. Badke
Gabrielle Cuiffreda
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036
(212) 596-9000
*Attorneys for Bayer Healthcare LLC*

Date:   May 7, 2007
536178v1

## CERTIFICATE OF SERVICE

I hereby certify on this 7th day of May, 2007 I electronically filed the foregoing **Plaintiffs' Opposition to Baxter's Motion *In Limine* No. 2 to Prohibit Any Evidence or Argument Referring to Baxter's Prior Arguments on Claim Construction and Summary Judgment** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

I also hereby certify that a true copy of the foregoing document was served upon the following in the manner indicated on May 7, 2007.

| **Via Hand Delivery and E-Mail** | **Via Federal Express and E-Mail** |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

  */s/ Jeffrey B. Bove*
Jeffrey B. Bove (#998)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
jbove@cblh.com
*Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*

Bradford J. Badke
Gabrielle Ciuffreda
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020-1105
(212) 596-9000
*Attorneys for Bayer Healthcare LLC*