IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BAXTER INTERNATIONAL INC., and BAXTER HEALTHCARE CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 05-349-GMS <br><br> <u>Jury Trial Demanded</u> <br><br> REDACTED VERSION DI 287 |
| BAXTER HEALTHCARE CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, <br><br> Counterdefendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO BAXTER'S MOTION
*IN LIMINE* NO. 3 TO BAR DR. RAVETCH FROM TESTIFYING REGARDING
<u>INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS</u>**

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
*Of Counsel for Counterclaim Defendant
Bayer Healthcare LLC*

Redacted Version Filed: May 10, 2007
Date: May 7, 2007

Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiffs and
Counterclaim Defendants*

## INTRODUCTION

Plaintiffs Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC ("Plaintiffs") hereby oppose the motion *in limine* filed by Defendants Baxter International Inc. and Baxter Healthcare Corporation ("Baxter") to prohibit Plaintiffs' expert, Dr. Jeffrey V. Ravetch from providing any evidence or argument regarding the Doctrine of Equivalents as applied to claims 10, 12, 15-18 (Docket Item ["D.I."] 249). Contrary to Baxter's assertion that Dr. Ravetch's opinions are "based merely on speculation," Dr. Ravetch's opinions are based upon two sets of data from Baxter's manufacturing facility in Lessines, Belgium. Dr. Ravetch clearly stated the basis for his opinion that Baxter's manufacturing process infringes the claims of the '191 patent, either literally, or under the doctrine of equivalents.[1] For these reasons, Baxter's Motion should be denied.

## ARGUMENT

Analysis of infringement under the doctrine of equivalents "focuses on whether the element in the accused device 'performs substantially the same function in substantially the same way to obtain the same result' as the claim limitation." *Aquatex Industries, Inc. v. Techniche Solutions*, 419 F.3d 1374 (Fed. Cir. 2005), citing *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950). The claims of the '191 patent are directed to processes and conditions that result in the lowering of anticomplement activity ("ACA") in an IGIV solution. The data in the '191 patent clearly demonstrate such a decrease in ACA. (Mason Dec.[2], Ex. 4, Tables 3, 5 and 7). Infringement of the '191 patent under the doctrine of equivalents turns on

---

[1] Plaintiffs reserve the right to argue that other claim elements are infringed under the doctrine of equivalents if the claim construction is altered on appeal.

[2] The "Mason Dec." is the Declaration of Jaclyn M. Mason in Support of Plaintiffs' Oppositions to Baxter's Motions *in Limine* Nos. 1-5, filed concurrently herewith.

2

whether the conditions of Baxter's accused process are sufficiently similar to the claimed process to function in the same way to achieve a lowering of ACA. In forming his opinion on infringement under the doctrine of equivalents Dr. Ravetch relied on two sets of data that demonstrate just such a decrease in ACA.

### 1. Claim 10 – Ionic Strength

Claim 10 of the '191 patent states, "The method of claim 1, wherein the ionic strength is less than about 0.001 M." (*Id.*)

**REDACTED**

. (*Id.*, Ex. 5, ¶ 79.)

**REDACTED**

(*Id.*, Ex. 6.)

(*Id.*, Ex. 5, ¶ 79.)

**REDACTED**

(*Id.*, Ex. 5, ¶ 78

(*Id.*, Ex. 7.)

**REDACTED**

(*Id.*, Exs. 8, 9

**REDACTED**

3

**REDACTED**

(*Id.*, Exs. 10-12.) These data formed the basis of Dr. Ravetch's opinion

**REDACTED**

Baxter's assertion that Dr. Ravetch's opinion is not based on data is wrong. Dr. Ravetch's opinion is based on two separate sets of data, one obtained by Plaintiffs and one obtained by Baxter.

Baxter also had ample opportunity to depose Dr. Ravetch about his opinions during his two-day deposition. Baxter failed to avail themselves of this opportunity. A search of the transcript of Dr. Ravetch's deposition does not yield a single mention of the phrase "ionic strength". Baxter should not now be allowed to plead "ignorance" of Dr. Ravetch's opinions in a transparent attempt to exclude damaging testimony.

2. **Claims 12 and 15-18 - Tonicity**

Baxter's criticism of Dr. Ravetch's opinions regarding tonicity are equally devoid of merit. Claims 12 and 15-18 contain limitations regarding the tonicity of the claimed solution. Dr. Ravetch opined that Baxter's manufacturing process infringed these claims either literally under the doctrine of equivalents. (*Id.*, Ex. 5.)

The osmolarity of the Baxter product is printed on their package insert. (*Id.*, Ex. 13.) Dr. Ravetch opined that tonicity and osmolarity are equivalent in biological systems. (*Id.*, Ex. 5 at ¶¶ 83, 89.) As such, the disclosed osmolarity of the solutions fall within the stated ranges of the '191 patent, and therefore infringe.

Baxter's assertion that Dr. Ravetch needs to experimentally determine the tonicity of Baxter's product is baseless

**REDACTED**                        (*Id.*, Ex. 5 at ¶¶ 82, 88 and 93.)

**REDACTED**

(*Id.*, Exs. 8, 9, 11, 12.)

The osmolality of the solution is sufficiently similar to the claimed range to function in the same way to achieve the same result (lowering of ACA).

## CONCLUSIONS

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Baxter's motion *in limine* No. 3. The jury should be permitted to hear Dr. Ravetch's opinions and testimony regarding infringement under the doctrine of equivalents. A proposed form of Order is attached hereto as Exhibit A.

Redacted Version Filed: May 10, 2007
Date: May 7, 2007

                                                                  Respectfully submitted,

| | |
|---|---|
| | /s/ Jeffrey B. Bove |
| | Jeffrey B. Bove (#998) |
| Bradford J. Badke, Esquire | Mary W. Bourke (#2356) |
| Gabrielle Ciuffreda, Esquire | Mark E. Freeman (#4257) |
| ROPES & GRAY LLP | Jaclyn M. Mason (#4737) |
| 1211 Avenue of the Americas | Dana K. Hammond (#4869) |
| New York, NY 10036 | Christopher E. Jeffers (*pro hac vice*) |
| *Of Counsel for Counterclaim Defendant* | CONNOLLY BOVE LODGE & HUTZ LLP |
| *Bayer Healthcare LLC* | 1007 North Orange Street, P.O. Box 2207 |
| | Wilmington, DE 19899-2207 |
| DC48039 | (302) 658-9141 |
| | *Attorneys for Plaintiffs and* |
| | *Counterclaim Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify on this 7th day of May, 2007 I electronically filed the foregoing **Plaintiffs' Opposition to Baxter's Motion *In Limine* No. 3 to Bar Dr. Ravetch From Testifying Regarding Infringement Under the Doctrine of Equivalents** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

I also hereby certify that a true copy of the foregoing document was served upon the following in the manner indicated on May 7, 2007.

| **Via Hand Delivery and E-Mail** | **Via Federal Express and E-Mail** |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

                                            /s/ Jeffrey B. Bove
                                            Jeffrey B. Bove (#998)
                                            CONNOLLY BOVE LODGE & HUTZ LLP
                                            The Nemours Building
                                            1007 North Orange Street
                                            Wilmington, DE 19801
                                            Telephone: (302) 658-9141
                                            jbove@cblh.com
                                            *Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*

Bradford J. Badke
Gabrielle Ciuffreda
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020-1105
(212) 596-9000
*Attorneys for Bayer Healthcare LLC*