# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., AND BAYER HEALTHCARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BAXTER INTERNATIONAL INC., AND BAXTER HEALTHCARE CORPORATION,<br><br>Defendants.<br><br>BAXTER HEALTHCARE CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC,<br><br>Counterdefendants. | C.A. NO. 05-349-GMS<br><br><u>Jury Trial Demanded</u><br><br>REDACTED VERSION DI 288 |

**PLAINTIFFS' OPPOSITION TO BAXTER'S MOTION *IN LIMINE* NO. 4 TO PROHIBIT ANY EVIDENCE OR ARGUMENT REGARDING COMMERCIAL SUCCESS**

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
*Of Counsel for Plaintiff and Counterclaim Defendant Bayer Healthcare LLC*

Redacted Version Filed: May 10, 2007
Date: May 7, 2007

Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiffs and Counterclaim Defendants*

## INTRODUCTION

Plaintiffs Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC ("Plaintiffs") hereby oppose the motion *in limine* filed by Defendants Baxter International Inc. and Baxter Healthcare Corporation ("Baxter") to prohibit any evidence or argument regarding commercial success (Docket Item ["D.I."] 250). The record in this case contains ample evidence that Plaintiffs made substantial sales of a product – namely, Gamimune® N S/D – that embodied the claims of the '191 patent-in-suit. Plaintiffs' document production and written discovery in this case provides a complete factual basis for the commercial success of Gamimune® N S/D and its nexus to the '191 patent.[1] From the technical standpoint, Plaintiffs' infringement and validity expert, Dr. Jeffrey V. Ravetch, also opined that the '191 patent encompasses the Gamimune® N S/D product. Plaintiffs' damages expert, Christopher J. Bokhart, opined that the Gamimune® N S/D product was, indeed, commercially successful in terms of the sales levels achieved. There is no question that Plaintiffs have established a triable issue relating to the nexus between the patented features of Gamimune® N S/D and its commercial success. For these reasons, Baxter's Motion should be denied.

## ARGUMENT

Commercial success is one of the well-established secondary indicia of non-obviousness. *KSR Int'l Co. v Teleflex Inc. et al.*, 550 U.S. ___, 2007 U.S. LEXIS 4745, at *5, *17 (U.S. Apr. 30, 2007) (Mason Dec.[2], Ex. 14); *see also Graham v. John Deere Co.*, 383 U.S. 1, 17-8 (1966). To prove commercial success, a patentee must establish the nexus between the patented features

---

[1] This evidence is in addition to evidence of Baxter's sales and projected sales of Baxter's own Gammagard® Liquid in the United States and Kiovig outside of the United States.

[2] The "Mason Dec." is the Declaration of Jaclyn M. Mason in Support of Plaintiffs' Oppositions to Baxter's Motions *in Limine* Nos. 1-5, filed concurrently herewith.

of the product and its sales. *P&G v. Paragon Trade Brands*, 989 F. Supp. 547, 593 (D. Del. 1997) (citing *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1392 (Fed. Cir. 1988)).

The record in this case contains, *inter alia*, the following evidence to establish that Gamimune® N S/D was manufactured using the claimed '191 patent invention, and that Gamimune® N S/D was, without question, commercially successful:

1. In response to Baxter's Interrogatory No. 2, Plaintiffs stated that Gamimune® N S/D embodies the claims of the '191 patent. (*See* Mason Dec., Ex. 15.)

2. **REDACTED**

(*See id.*, Ex. 16.)

**REDACTED**

4.  At column 2, lines 10-14 and lines 30-34, the '191 patent states, "We have discovered that the incubation step is necessary to achieve an acceptable level of ACA low enough to allow the ISG to be administered by intravenous injection. The incubation step should be conducted under controlled time, pH, temperature, and ionic strength." (*See id.*, Ex. 4.)

5.  In his rebuttal report, Plaintiffs' infringement and validity expert, Dr. Ravetch, opined as follows in response to the contrary opinion of Baxter's invalidity expert, Thomas J. Kindt (*see* D.I. 250 at 2), that the '191 patent encompasses the Gamimune® N S/D product:

**REDACTED**

(*See id.*, Ex. 19.)

6.  Mr. Bokhart, Plaintiffs' damages expert, provided a rebuttal report that clearly sets forth the financial success of Gamimune® N S/D. (*See id.*, Ex. 20.)
**REDACTED**
(*See id.*, Ex. 20 at 5.)

Baxter's argument is premised on the faulty assertion that "none" of Plaintiffs' experts opined that the '191 patent encompasses the Gamimune® N S/D product. (D.I. 250 at 2.) However, as set forth above, Dr. Ravetch plainly opined that it does. This alone is enough to defeat Baxter's Motion.[3]

---

[3] Baxter misleads the Court by quoting only Dr. Ravetch's deposition testimony to support its Motion, despite the fact that his expert report succinctly sets forth the basis for his opinion that the '191 patent encompasses the Gamimune® N S/D product. Baxter may use Dr. Ravetch's

3

That Baxter's invalidity expert, Dr. Kindt, opined that Gamimune® N S/D does not embody the patent (*see id.*; D.I. 263, Ex. 8 at 53) is hardly enough to preclude Plaintiffs from presenting any evidence of commercial success. What we have here is a classic battle of the experts on the issue of commercial success – not a situation where Plaintiffs should be peremptorily precluded from having its experts testify on this key secondary indicium of non-obviousness.[4] The jury should be allowed to hear Plaintiffs' fact witnesses and experts testify regarding commercial success and to properly weigh the evidence on this disputed factual point.[5] *See, e.g., Telcordia Techs., Inc. v. Alcatel S.A.*, No. 04-874-GMS, 2007 U.S. Dist. LEXIS 31960, at *16-*18 (D. Del. May 1, 2007) (denying summary judgment because case should go to the jury when there is a "classic battle of the experts" on a key factual point) (Mason Dec., Ex. 3).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Baxter's motion *in limine* No. 4. The jury should be permitted to hear evidence and testimony regarding Plaintiffs' claim of commercial success of the process claimed in the '191 patent, based on both Plaintiffs' product and Baxter's product. A proposed form of Order is attached hereto as Exhibit A.

---

deposition testimony at trial in any case, but it is not enough to preclude Plaintiffs from presenting evidence of commercial success.

[4] REDACTED

(Mason Dec., Ex. 20 at 7).

[5] Also in dispute are Baxter's assertions found footnote 2 of its Motion that the invention disclosed in the '191 patent is "narrow". Again, the jury should be permitted to assess the evidence on this fact. Finally, footnote 3 of Baxter's Motion completely mischaracterizes Dr. Ravetch's testimony (as explained in Plaintiffs' brief in opposition to Baxter's motion for summary judgment (*see* D.I. 238 at 12)) and is wholly irrelevant to the issue of commercial success.

Respectfully submitted,


/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19801
(302) 658-9141
*Attorneys for Talecris Biotherapeutics, Inc.
and Bayer Healthcare LLC*

Bradford J. Badke
Gabrielle Cuiffreda
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
*Attorneys for Bayer Healthcare LLC*

Redacted Version Filed: May 10, 2007
Date: May 7, 2007
538329

5

## CERTIFICATE OF SERVICE

I hereby certify on this 7th day of May, 2007 I electronically filed the foregoing **Plaintiffs' Opposition to Baxter's Motion *In Limine* No. 4 to Prohibit Any Evidence or Argument Regarding Alleged Commercial Success** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

I also hereby certify that a true copy of the foregoing document was served upon the following in the manner indicated on May 7, 2007.

| **Via Hand Delivery and E-Mail** | **Via Federal Express and E-Mail** |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
jbove@cblh.com
*Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*

Bradford J. Badke
Gabrielle Ciuffreda
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020-1105
(212) 596-9000
*Attorneys for Bayer Healthcare LLC*