IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., AND BAYER HEALTHCARE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BAXTER INTERNATIONAL INC., AND BAXTER HEALTHCARE CORPORATION, <br><br> Defendants. <br><br> BAXTER HEALTHCARE CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, <br><br> Counterdefendants. | C.A. NO. 05-349-GMS <br><br> **Jury Trial Demanded** <br><br><br> REDACTED VERSION 289 |

**PLAINTIFFS' OPPOSITION TO BAXTER'S MOTION *IN LIMINE* NO. 5 TO PROHIBIT ANY EVIDENCE OR ARGUMENT REGARDING PLAINTIFFS' NON-INJUNCTION SCENARIO**

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
*Of Counsel for Plaintiff and Counterclaim Defendant Bayer Healthcare LLC*

Redacted Version Filed: May 10, 2007
Date: May 7, 2007

Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiffs and Counterclaim Defendants*

## INTRODUCTION

Plaintiffs Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC ("Plaintiffs") hereby oppose the motion *in limine* filed by Defendants Baxter International Inc. and Baxter Healthcare Corporation ("Baxter") to prohibit any evidence or argument regarding Plaintiffs' non-injunction scenario (Docket Item ["D.I."] 251).

Plaintiffs' damages expert, Christopher J. Bokhart, provided a logical, well-reasoned and legally supported opinion regarding reasonable royalty rates in this case, which will prove helpful to both the jury and to the Court. Due to the Supreme Court's recent decision in *eBay*, Mr. Bokhart provided an opinion on a reasonable royalty in the event an injunction issues in this case ("the injunction scenario"), and he also provided an opinion on a reasonable royalty in the event an injunction does not issue in this case ("the non-injunction scenario"). Quite simply, the legal landscape with respect to injunctive relief in patent cases upon adjudication of validity and infringement has changed. Just because a new area of law is currently emerging does not mean that Mr. Bokhart's opinion regarding the non-injunction scenario is flawed or unreliable. It is the duty of litigants and expert witnesses to keep up with changes in the law in order to preserve their rights and make an appropriate record. In this case, it is appropriate for (1) the jury to hear Mr. Bokhart's opinion on the injunction and non-injunction scenarios as part of their fact findings on the *Georgia Pacific* factors and (2) the Court to hear Mr. Bokhart's testimony when making the ultimate determination on equitable relief. Baxter's Motion *in Limine* No. 5 should be denied.

## BACKGROUND

Mr. Bokhart provided extensive, well-founded and supported opinions both in the injunction and non-injunction scenarios, based on the *Georgia-Pacific* factors and the *Panduit*

test.

REDACTED

## ARGUMENT

**1. Mr. Bokhart's Opinion Properly Takes *eBay* Into Account As Part of the Changing Legal Landscape Relating to Patent Damages**

Baxter argues that, under *Georgia-Pacific*, the parties to a hypothetical negotiation are willing to negotiate and agree to *one* royalty rate at the time of the hypothetical negotiation. (D.I. 251 at 2 (emphasis in original).) Not only is this argument legally wrong, but Baxter also conveniently ignores the significant impact of the *eBay* decision on the patent damages landscape. The *eBay* Court criticized the Federal Circuit's "'general rule that courts will issue permanent injunctions against patent infringement absent exceptional circumstances.'" *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1839 (2006) (citation omitted). It is thus disingenuous for Baxter to suggest that, prior to *eBay*, the parties went to the hypothetical negotiation without certainty that an injunction would issue upon a finding of validity and infringement. Now, post-*eBay*, whether an injunction will issue is unknown. Numerous cases demonstrate the uncertainty borne by the *eBay* decision, and there is no question that this area of the law continues to evolve on a daily basis. *See Acumed L.L.C. v. Stryker Corp.*, No. 2006-

---

[1] The "Mason Dec." is the Declaration of Jaclyn M. Mason in Support of Plaintiffs' Oppositions to Baxter's Motions *in Limine* Nos. 1-5, filed concurrently herewith.

1260, 2007 U.S. App. LEXIS 8375, at *28-28 (Fed. Cir. Apr. 12, 2007) (vacating permanent injunction and remanding to District Court for reconsideration under *eBay*) (Mason Dec., Ex. 22); *Praxair, Inc. v. ATMI, Inc.*, No. 03-CV-1158, 2007 U.S. Dist. LEXIS 21589, at *12-13 (D. Del. Mar. 27, 2007) (Robinson, C.J.) (denying permanent injunction with leave to renew following appellate review of jury verdict) (*Id.*, Ex. 23); *but see Novozymes A/S v. Genencor Int'l, Inc.*, 474 F. Supp. 2d 592 (D. Del. 2007) (Jordan, J.) (granting permanent injunction); *see also Innogenetics, N.V. v. Abbott Labs.*, No. 05-C-0575-C, 2007 U.S. Dist. LEXIS 193, at *75 (W.D. Wis. Jan. 3, 2007) (reserving decision on permanent injunction pending evidentiary hearing on public interest factor) (*Id.*, Ex. 24); *Voda v. Cordis Corp.*, No. CIV-03-1512-L, 2006 U.S. Dist. LEXIS 63623, at *20 (D. Okla. Sept. 5, 2006) ("As the court has declined to issue a permanent injunction and defendant has indicated it will continue to infringe the patents-in-suit, the court must fashion a remedy for the continuing harm to plaintiff.") (*Id.*, Ex. 25).

Given the sweeping changes post-*eBay*, Mr. Bokhart properly took the case into consideration as part of his extensive and well-reasoned *Georgia-Pacific* analysis (*see* Mason Dec., Ex. 26) – nothing in *Georgia-Pacific* prohibits him from opining in this manner. Indeed, Plaintiffs would be remiss if their damages expert did not provide a comprehensive opinion in both the injunction and non-injunction scenarios, especially in light of the varied judicial views on the application of *eBay*, as set forth above.

### 2. Mr. Bokhart's Non-Injunction Scenario Is Well-Reasoned and Will Ultimately Prove Helpful to Both the Jury and the Court

Just because Mr. Bokhart is admittedly applying a developing body of law with his non-injunction scenario doesn't mean that his opinion is unreliable or prejudicial. His opinion will ultimately prove helpful to the jury during its consideration of the appropriate royalty rate to apply in this case, and to the Court when fashioning the appropriate equitable remedy post-trial

3

upon a finding of validity and infringement. In any case, Mr. Bokhart's non-injunction opinion does not meet the threshold for exclusion under Federal Rule of Evidence 403. That "the jury will need to consider and distinguish the alternative royalty rates proffered by Mr. Bokhart" (D.I. 251 at 4) succinctly sets forth exactly the type of factual issues that should go to the jury in a post-*eBay* world. Consideration of the injunction and non-injunction royalty rates simply adds one consideration to the jury's deliberations, not, as Baxter grossly overstates, a "significant danger" of jury confusion.[2] (*Id.*) As for the Court, Mr. Bokhart's opinion provides a basis upon which to value a patentee's right to permanent injunctive relief, which the Court will surely consider when making an equitable determination post-trial.

### 3. Mr. Bokhart's Analysis Withstands *Daubert* Scrutiny

**REDACTED**

As stated *supra*, the law in this area is evolving daily, and Mr. Bokhart's opinion ensures that Plaintiffs stay abreast of those changes and properly create their record regarding a reasonably royalty in this case. Contrary to Baxter's assertions, Mr. Bokhart's non-injunction scenario is based on well-known and generally accepted case law and reliable principle and methods – namely, *Georgia-Pacific* and *Panduit* –

**REDACTED**

(*See* Mason Dec., Exs. 26, 27.)

Mr. Bokhart's opinion therefore withstands *Daubert* scrutiny and is admissible under Federal Rule of Evidence 702.

---

[2] In footnote 2, Baxter claims that another source of jury confusion is that Mr. Bokhart relies on a lost profits analysis for his royalty calculations in the "non-injunction" scenario. Mr. Bokhart clearly explained the reasons for this analysis in his report and during his deposition, and the jury will understand his opinion **REDACTED**

(*See* Mason Dec., Ex. ___.)

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Baxter's motion *in limine* No. 5. A proposed form of Order is attached hereto as Exhibit A.

Respectfully submitted,

*/s/ Jeffrey B. Bove*
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19801
(302) 658-9141
*Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*

Bradford J. Badke
Gabrielle Cuiffreda
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
*Attorneys for Bayer Healthcare LLC*

Redacted Version Filed: May 10, 2007
Date: May 7, 2007
538340

## CERTIFICATE OF SERVICE

I hereby certify on this 7th day of May, 2007 I electronically filed the foregoing **Plaintiffs' Opposition to Baxter's Motion *In Limine* No. 5 to Prohibit Any Evidence or Argument Regarding Plaintiffs' Non-Injunction Scenario** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

I also hereby certify that a true copy of the foregoing document was served upon the following in the manner indicated on May 7, 2007.

| **Via Hand Delivery and E-Mail** | **Via Federal Express and E-Mail** |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

                                           /s/ Jeffrey B. Bove
                                           Jeffrey B. Bove (#998)
                                           CONNOLLY BOVE LODGE & HUTZ LLP
                                           The Nemours Building
                                           1007 North Orange Street
                                           Wilmington, DE 19801
                                           Telephone: (302) 658-9141
                                           jbove@cblh.com
                                           *Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*

Bradford J. Badke
Gabrielle Ciuffreda
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020-1105
(212) 596-9000
*Attorneys for Bayer Healthcare LLC*