IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-349-GMS<br><br>Jury Trial Demanded |
| BAXTER HEALTHCARE CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Counterdefendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) **PUBLIC VERSION** |

**BAXTER'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION *IN LIMINE* NO. 2 TO PRECLUDE EXPERT TESTIMONY
REGARDING NON-INFRINGING ALTERNATIVES**

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND
CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400


Dated: May 7, 2007
Public Version: May 14, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant
Baxter International Inc. and
Defendant/Counterclaimant
Baxter Healthcare Corporation*

I.  **INTRODUCTION**

In their Motion *In Limine* No. 2, Plaintiffs seek to exclude all of Baxter's evidence or argument regarding non-infringing alternatives based on only ***two*** of ***many*** non-infringing alternatives discussed by Baxter's damages expert, Mr. Bruce Den Uyl. Plaintiffs cherry-pick one partial sentence from one footnote regarding    REDACTED    to support their motion and ignored more than fifteen pages of discussion on the IGIV market and the sales of non-infringing alternatives, including lyophilized products. Moreover, Plaintiffs plainly mischaracterize the applicable law. Because Plaintiffs' motion is without foundation in fact or law, Baxter respectfully requests that the Court deny the motion.

II. **ARGUMENT**

    A.    **Plaintiffs Have Mischaracterized The Record And Ignored Most Of Mr. Den Uyl's Statements Regarding Non-Infringing Alternatives**

Plaintiffs mischaracterize the record by insinuating that Mr. Den Uyl only had one statement regarding non-infringing alternatives in his expert report. The cornerstone for their motion *in limine* is one partial sentence in Footnote 98, which comes at the conclusion of the section on non-infringing alternatives in Mr. Den Uyl's expert report. For clarity, the entire footnote is reproduced below with Plaintiffs' quoted language in italics:

REDACTED

(Rogaski Opp. Decl. Ex. 1 ("Den Uyl Rebuttal Rep.") at 19 n.98.) The context makes clear that Mr. Den Uyl was only rebutting what Plaintiffs' expert, Mr. Bokhart, had the burden first to establish. *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1165 (Fed. Cir.

1

1991).[1]

Contrary to Plaintiffs' assertion, this footnote was not Mr. Den Uyl's only statement about      REDACTED      and there were other witnesses who identified the REDACTED as non-infringing alternatives. Plaintiffs' own expert, Mr. Bokhart, acknowledged in his expert report that      REDACTED

[2] (Id. at 6-7, 9-10, 34-35, 37-38.) In his rebuttal report, Mr. Den Uyl noted Mr. Bokhart's admission. (Den Uyl Rebuttal Rep. at 46.) In addition, Mr. Den Uyl discussed   REDACTED   when he analyzed market information. (Id. at 11-13, 18-22, 36.) Mr. Den Uyl also listed testimony from both parties' witnesses knowledgeable on marketing and sales issues that      REDACTED

(Id. at 18-19.)      REDACTED

More significant is Plaintiffs' utter disregard for the rest of Mr. Den Uyl's opinions on other non-infringing alternatives. Mr. Den Uyl discussed at length REDACTED

---

[1] Footnote 98 also refutes Plaintiffs' claim that Mr. Den Uyl believes   REDACTED   are not viable substitutes. (Mot. 3-4.) Clearly, Mr. Den Uyl thinks the two concentration levels are viable substitutes since      REDACTED   (Rogaski Opp. Decl. Ex. 1 at 19 n.98; see also id. at 18-19, 36, 41.)

[2] Under the market share allocation approach, Plaintiffs are not entitled to market shares of non-infringing alternatives. *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1578 (Fed. Cir. 1989). Mr. Bokhart apportioned      REDACTED

(Rogaski Opp. Decl. Ex. 6 ("Bokhart Rep.") at 34-35, 38 & Exs. 7.6, 7.7

REDACTED

In addition, Dr. Kindt opined that   REDACTED
(Id. at Ex. 10 at 10, 20, 33.)

                REDACTED                 (*Id.* at 11-16, 18-20, 41, 46).

Mr. Den Uyl also discussed Baxter's design-around     REDACTED

                                                              as a non-infringing alternative.

(*Id.* at 20-21, 41, 45-46.) Plaintiffs' motion ignores these facts.

    **B.**     **Plaintiffs Have Mischaracterized *Daubert* and Fed. R. Evid. 702**

    Against this weight of evidence that Plaintiffs have failed to acknowledge in their motion, Plaintiffs incredibly suggest that Mr. Den Uyl had "no reliable factual basis" for his opinions about non-infringing alternatives,     REDACTED     and seek to exclude all evidence on non-infringing alternatives. (Mot. at 3; *see also id.* at 1.) Governing authorities prohibit such exclusion. *Daubert* condones exclusion of unreliable ***scientific methodologies*** but reserves the issue of sufficient ***facts*** to the jury. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence"); *see also* Fed. R. Evid. 702, Adv. Comm. Notes, 2000 Amend. (discussing issue of reliability in the context of methodologies). Based on this correct understanding of *Daubert* and Rule 702, the District of Delaware has repeatedly denied motions *in limine* based on claims of unreliable or weak facts. *See, e.g., Inline Connection Corp. v. AOL Time Warner Inc.*, 470 F. Supp. 2d 435, 439 (D. Del. 2007) ("When the factual underpinning of an expert's opinion is weak, it is a matter affecting the weight and credibility of the testimony – a question to be resolved by the jury.") (M.J. Thynge); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2006 WL 2724879, at *2 (D. Del. Sept. 20, 2006) (same) (J. Farnan) (Rogaski Opp. Decl. Ex. 12). Similarly, this motion should be denied.

    Nothing in *EZ Dock, Inc. v. Schafer Sys., Inc.*, 2003 WL 1610781 (D. Minn. Mar. 8, 2003), warrants a contrary decision. *EZ Dock* excluded the testimony of the patentee's expert on

lost profits because he applied the improper test (a two-supplier market test) for a market he identified as having at least four suppliers and did not have any evidence to show the *absence* of non-infringing alternatives. *Id.* at * 6. In contrast to the expert in *EZ Dock*, Mr. Den Uyl applied the well-established *Panduit* test and appropriately accounted for the multiple suppliers in the IGIV market from both the consumer and sellers' perspectives. (Den Uyl Rebuttal Rep. at 11-16, 18, 35-36, 40, 46.)

### C. Plaintiffs Have Mischaracterized Governing Law On Non-Infringing Alternatives

Plaintiffs' arguments concerning the acceptability and the availability of REDACTED misapply the fundamental law of burdens of production and proof regarding non-infringing alternatives and lost profits. Plaintiffs have the first burden of production to establish absence of acceptable, non-infringing alternatives for the patented product as well as the ultimate burden of proof. *Joy Techns., Inc. v. Flakt, Inc.*, 954 F. Supp. 796, 803 (D. Del. 1996); *see also SmithKline*, 926 F.2d at 1165. Only once Plaintiffs establish that factor does the burden of production shift to Baxter. *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999). Thus, it is Mr. Bokhart and Plaintiffs who have the burden — not Mr. Den Uyl and Baxter's burden — to first answer the questions raised by Plaintiffs regarding infringement and acceptability. Mr. Bokhart and Plaintiffs' witnesses answered that REDACTED. Thus, Plaintiffs' own expert and witnesses show that REDACTED

Plaintiffs also mischaracterize the law concerning availability for non-infringing alternatives. A third party's product is available as a non-infringing alternative if there is demand for the product in the market or the product is being sold. *See SmithKline*, 926 F.2d at

4

1166; *Grain Processing*, 185 F.3d at 1352. Only in the case of a design-around option does the technology need to be available to the accused infringer.[3] *See Grain Processing*, 185 F.3d at 1355. In this motion, however,  REDACTED

Thus, it is erroneous to require that these technologies be available to Baxter in order for them to be non-infringing alternatives.

## III. CONCLUSION

There is ample evidence in Mr. Den Uyl's expert report to support several acceptable and available non-infringing alternatives,  REDACTED  To exclude all of Baxter's evidence regarding non-infringing alternatives based on gross mischaracterizations of fact and law is to err. Hence, Plaintiffs' Motion *In Limine* No. 2 should be denied.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: May 7, 2007
Public Version: May 14, 2007

794703

By: /s/ Philip A. Rovner
  Philip A. Rovner (#3215)
  Hercules Plaza
  P.O. Box 951
  Wilmington, Delaware 19899-0951
  (302) 984-6000
  Email: provner@potteranderson.com

*Attorneys for Defendant*
*Baxter International Inc. and*
*Defendant/Counterclaimant*
*Baxter Healthcare Corporation*

---

[3] As Mr. Den Uyl stated  REDACTED.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 14, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Jeffrey B. Bove, Esq.
Mary W. Bourke, Esq.
Mark E. Freeman, Esq.
Jaclyn Mason, Esq.
Donna Hallowell
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
jbove@cblh.com, mbourke@cblh.com
mfreeman@cblh.com, jmason@cblh.com
dhallowell@cblh.com; cjeffers@cblh.com;
dhammond@cblh.com; mlambert@cblh.com

**BY EMAIL**

Dana K. Hammond, Esq.
M. Curt Lambert, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19899
jhammond@cblh.com; mlambert@cblh.com

Christopher E. Jeffers, Esq.
Connolly Bove Lodge & Hutz LLP
1990 M. Street, NW
Washington, DC 20036-3425
cjeffers@cblh.com

I hereby certify that on May 14, 2007 I have sent by E-mail and Federal Express the foregoing document to the following non-registered participants:

> Bradford J. Badke, Esq.
> Gabrielle Ciuffreda, Esq.
> Ropes & Gray LLP
> 1211 Avenue of the Americas
> New York, NY 10036-8704
> bradford.badke@ropesgray.com; gabrielle.ciuffreda@ropesgray.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com