IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION, <br><br> Defendants. | Civil Action No. 05-349-GMS <br><br> Jury Trial Demanded |
| BAXTER HEALTHCARE CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Counterdefendants. | PUBLIC VERSION |

**BAXTER'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION *IN LIMINE* NO. 4 TO EXCLUDE EXPERT TESTIMONY
OF TERRENCE SNAPE, Ph.D. THAT IS INCONSISTENT WITH
THE COURT'S CLAIM CONSTRUCTION**

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND
CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: May 7, 2007
Public Version: May 14, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant
Baxter International Inc. and
Defendant/Counterclaimant
Baxter Healthcare Corporation*

I.  **INTRODUCTION**

Plaintiffs make the unfounded assertion that Dr. Snape "paid no attention to" the Court's Claim Construction Order during his deposition when confirmed Dr. Kindt's opinions regarding a skilled artisan's understanding of the "plain and ordinary meaning" of certain claim terms in U.S. Patent No. 6,686,191 ("the '191 patent") and further provided his understanding of the Court's Claim Construction Order regarding other claim terms. From this, Plaintiffs make the highly improper request that Dr. Snape's testimony as to the meaning of certain claim terms should be precluded. This novel request is unsupported by facts or law.

The Court expressly noted in its Claim Construction Order that certain claim terms should be given their "plain and ordinary meaning" but has not yet identified that meaning. D.I. 199. The "plain and ordinary meaning" of those claim terms is highly relevant to questions of infringement and invalidity of the asserted claims, and so must be identified before questions of infringement and invalidity can be resolved. Thus, it will be critical to hear at trial evidence from experts regarding the understanding of a person of ordinary skill in the art regarding "plain and ordinary meaning." To date, Plaintiffs' experts have offered testimony regarding the "plain and ordinary meaning" of only one claim term – "any virus activity." As such, they cannot offer testimony at trial on the "plain and ordinary meaning" of other claim terms. Apparently realizing that they have nothing with which to counter Dr. Snape's proper testimony, Plaintiffs have filed this motion in an attempt to prevent the Court from hearing relevant and admissible evidence regarding the "plain and ordinary meaning" of claim terms. This is a highly inappropriate request. And, Plaintiffs have cited no law that would support such a result.

Even if Plaintiffs had supporting law, the facts do not support Plaintiffs' motion. Contrary to Plaintiff's assertions, Dr. Snape did not "pay no attention to" the Court's Claim Construction Order; rather, he followed it - providing information in both his expert report and

1

during deposition from which the "plain and ordinary meaning" of certain claim terms at issue could be ascertained. Dr. Snape intends to testify at trial consistent with the information he already provided. Testimony regarding the understanding of a skilled artisan is highly relevant to the determination of the "plain and ordinary meaning" of claim terms. Moreover, Dr. Snape's testimony at trial will be based on his specialized knowledge, skill, and experience and will assist the Court in determining the "plain and ordinary meaning" of key claim terms. As such, it is entirely proper under Federal Rule of Evidence ("Rule") 702. Plaintiffs' attempt to preclude it should be rejected.

## II. DR. SNAPE'S OPINION ON THE "PLAIN AND ORDINARY MEANING" OF CERTAIN CLAIM TERMS IS HIGHLY RELEVANT

Rule 401 states that evidence is relevant if it has "**any tendency** to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). Dr. Snape's opinion regarding the "plain and ordinary meaning" of certain claim terms is highly relevant. The "plain and ordinary meaning" of claim terms must be ascertained before either infringement or invalidity can be determined. Moreover, the "plain and ordinary meaning" of a claim term is determined from the perspective of a person of ordinary skill in the art. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (*en banc*) ("We have made clear, moreover, that the ordinary and customary meaning of a claim term is the meaning that the term would have **to a person of ordinary skill in the art in question** at the time of the invention... .") (emphasis added). Dr. Snape's testimony regarding a person of ordinary skill's understanding of the "plain and ordinary meaning" of claim terms has direct bearing on the construction of those terms, as well as infringement and invalidity. It is unquestionably relevant.

Further, Dr. Snape's testimony regarding the "plain and ordinary meaning" of claim terms is appropriate under Rule 702. His testimony will be based on his "knowledge, skill, experience, training [and] education," will be "based on sufficient facts or data" and "will appl[y] the principles and methods reliably to the facts of the case." *See* Fed. R. Evid. 702. Plaintiffs have not shown otherwise. Instead they argue (nominally under Rule 702) that Dr. Snape's expected testimony is somehow contrary to the Court's determination that certain claims are to be given their "plain and ordinary meaning." This argument is both wrong and irrelevant under Rule 702.

In their motion *in limine*, Plaintiffs offer fragments of Dr. Snape's deposition testimony and use them to argue that he disregarded the Court's claim construction order. However, a full reading of Dr. Snape's testimony shows that Dr. Snape not only considered the Court's Claim Construction Order, but that Dr. Snape considered this order to be **an essential foundation** of his opinions. Specifically, Dr. Snape testified that             REDACTED

(Rogaski Opp. Decl., Ex. 9 at 74:5-6.) Although Plaintiffs' counsel repeatedly beleaguered Dr. Snape with questions about whether he was aware that the Court had "rejected" this or that claim construction, Dr. Snape was consistently clear that       REDACTED


(*See id.* at 94:8-10.)

In his expert report and deposition, Dr. Snape properly applied the Court's Claim Construction Order and offered specialized knowledge under Rule 702. The Court has not yet identified the "plain and ordinary meaning" of certain claim terms. The *Phillips* decision requires that this meaning be determined from the perspective of a person of ordinary skill in the art. Dr. Snape's opinion, thus, is critical to fully educate the Court regarding a skilled artisan's understanding of the "plain and ordinary meaning" of the claim terms of the '191 patent.

3

Consequently, it is admissible under Rule 702.

The *LP Matthews* case cited by Plaintiffs does not compel the result Plaintiffs seek because it presents different facts than those in this case. *LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 198 (D. Del. 2006). While the *LP Matthews* court excluded expert testimony inconsistent with the court's claim construction, the court did not consider whether to exclude expert testimony about the "plain and ordinary meaning" of disputed claim terms that had not been fully construed. In fact, nowhere in that decision is there any discussion of the "plain and ordinary meaning" of claim terms. Rather, in the *LP Matthews* case, the meaning of the claim terms (whether "plain and ordinary" or otherwise) had already been determined by the court. Therefore, the *LP Matthews* court was not faced with the question of whether an expert could opine regarding the "plain and ordinary meaning" of certain construed claims at trial; as such, it is inapposite.

Plaintiffs also mistakenly argue that Dr. Snape attempted to abrogate the Court's Claim Construction Order when he offered his understanding of the construed claim term "then incubating the solution of step a)." In fact, Dr. Snape embraced the Court's construction of this claim term and his testimony merely clarifies how one of skill in the art would apply the Court's construction of this claim term. For example, the Court's construction permits processing steps between step (a) and step (b), but did not address the impact on the claim if those processing steps change the ACA level from step (a). Rather than conflict with the Court's construction, Dr. Snape's testimony sought to apply it as would one of ordinary skill in the art. Because Dr. Snape's opinions are not inconsistent with the Court's Claim Construction Order, *LP Matthews* does not apply and Plaintiffs' motion to exclude Dr. Snape's opinions is misplaced.

4

### III. CONCLUSION

For the foregoing reasons, there is no basis upon which to exclude Dr. Snape's testimony regarding the "plain and ordinary meaning" of claim terms at trial or his opinions regarding processing steps between step (a) and step (b). His testimony is relevant, appropriate under Rule 702 and would assist the Court. Since Plaintiffs' request to exclude finds no support in either law or the facts, Baxter respectfully requests that the Court deny Plaintiffs' motion *in limine* No. 4.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: May 7, 2007
Public Version: May 14, 2007

794732

By: /s/ Philip A. Rovner
  Philip A. Rovner (#3215)
  Hercules Plaza
  P.O. Box 951
  Wilmington, Delaware 19899-0951
  (302) 984-6000
  Email: provner@potteranderson.com

*Attorneys for Defendant
Baxter International Inc. and
Defendant/Counterclaimant
Baxter Healthcare Corporation*

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 14, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Jeffrey B. Bove, Esq.
Mary W. Bourke, Esq.
Mark E. Freeman, Esq.
Jaclyn Mason, Esq.
Donna Hallowell
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
jbove@cblh.com, mbourke@cblh.com
mfreeman@cblh.com, jmason@cblh.com
dhallowell@cblh.com; cjeffers@cblh.com;
dhammond@cblh.com; mlambert@cblh.com

**BY EMAIL**

Dana K. Hammond, Esq.
M. Curt Lambert, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19899
jhammond@cblh.com; mlambert@cblh.com

Christopher E. Jeffers, Esq.
Connolly Bove Lodge & Hutz LLP
1990 M. Street, NW
Washington, DC 20036-3425
cjeffers@cblh.com

I hereby certify that on May 14, 2007 I have sent by E-mail and Federal Express the foregoing document to the following non-registered participants:

> Bradford J. Badke, Esq.
> Gabrielle Ciuffreda, Esq.
> Ropes & Gray LLP
> 1211 Avenue of the Americas
> New York, NY 10036-8704
> bradford.badke@ropesgray.com; gabrielle.ciuffreda@ropesgray.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com