# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION,<br><br>Defendants.<br><br>―――――――――――――――――――<br><br>BAXTER HEALTHCARE CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Counterdefendants. | Civil Action No. 05-349-GMS<br><br><u>Jury Trial Demanded</u> |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 1 TO PROHIBIT ANY EVIDENCE OR ARGUMENT <u>REGARDING OPINION OF COUNSEL</u>

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: May 14, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant*
*Baxter International Inc. and*
*Defendant/Counterclaimant*
*Baxter Healthcare Corporation*

I.  **INTRODUCTION**

Plaintiffs admit in the very first paragraph of their opposition that they do not intend to introduce "any such 'evidence or argument'" such as "opinion of counsel as a factor for determining willfulness." (Opp. at 1.) Yet, in the next paragraph, they "urge a jury instruction on willfulness" where opinion of counsel is a factor for consideration by the jury in determining willfulness. (*Id.*) Thus, what Plaintiffs clearly want is for the jury to consider opinion of counsel even though not a stitch of evidence regarding opinion of counsel will be proffered by either party. Jury instruction without any basis in the factual record invites the jury to speculate, which is improper. The only reason for such a speculation is to insinuate that Baxter obtained a negative opinion of counsel — the very adverse inference that was prohibited by the Federal Circuit in *Knorr-Bremse*. Hence, Baxter's motion *in limine* should be granted to exclude any evidence, argument or jury instruction on opinion of counsel.

II.  **JURY INSTRUCTION WITHOUT ANY BASIS IN THE FACTUAL RECORD IS IMPROPER AND PREJUDICIAL**

Plaintiffs should be held to their representations that they will not and do not intend to introduce any evidence or argument (1) of an opinion of counsel as a factor for determining willfulness, (2) the absence of an opinion of counsel from the record presented to the jury; and (3) Baxter's claim of privilege over its opinion of counsel. (Opp. at 1; *see id.* at 3-4.) Baxter will not introduce such evidence or argument. Then, the record before the jury will be devoid of any facts regarding opinion of counsel.

A jury instruction without any factual basis in the record is improper. *See Kovoor v. Sch. Dist. of Philadelphia*, 93 Fed. Appx. 356, 359 (3d Cir. Feb. 26, 2004) (affirming district court's refusal to give a jury instruction when there was no direct evidence on the issue)[1] (Rogaski Supp.

---

[1] The Third Circuit does not preclude citation to the non-precedential opinions. *In re Grand*

Decl., Ex. 15); *see also Matthews v. United States*, 485 U.S. 58, 63 (1988) (requiring instruction if there is sufficient evidence); *United States v. Branch*, 91 F.3d 699, 712 (5th Cir. 1996) ("We have insisted that the evidence be sufficient to raise a factual question for a reasonable jury.") This is because the purpose of a jury instruction is "to inform the jury as to the law of the case applicable *to the facts* in such a manner that the jury may not be *misled*, so that its attention will be directed to the specific issues that are to be determined . . . ." 89 C.J.S. Trial § 485 (Apr. 2007) (emphasis added). The purpose of a jury instruction is *not* to invite jury speculation of the facts. *United States v. Scout*, 112 F.3d 955, 961 (8th Cir. 1997). Yet, Plaintiffs seek just that. Their proposed jury instruction would invite the jury to improperly speculate,[2] to Baxter's prejudice as explained in Baxter's opening motion (D.I. 247 at 2-3).

### III. PLAINTIFFS' AUTHORITIES DO NOT SUPPORT THEIR POSITION AND THEY FAIL TO DISTINGUISH BAXTER'S AUTHORITIES ON POINT

None of Plaintiffs' authorities supports their position. In both *Read* and *Third Wave*, there was evidence of opinion letters to support jury instructions because the defendants had waived their privilege. *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 829 (Fed. Cir. 1992); *Third Wave Techol., Inc. v. Stratagene Corp.*, 405 F. Supp. 2d 991, 1016 (W.D.Wis. 2005). That is not the case here; nor was it in *McKesson Info. Solutions, Inc. v. Bridge Med. Inc.*, 434 F. Supp. 2d

---

Footnote continued from previous page

*Jury Investigation*, 445 F.3d 266, 276 (3d Cir. 2006). This is unlike the Federal Circuit which explicitly precludes citation to non-precedential opinions except for use as law of the case or as claim or issue preclusion. *See* Fed. Cir. R. 47.6.; *see also Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1319 n.4 (Fed. Cir. 2004). Thus, it was improper for Plaintiffs to cite to *Engineered Prods. Co. v. Donaldson Co.*, 147 Fed. Appx. 979, 991 (Fed. Cir. Aug. 31, 2005). Moreover, *Engineered Products* is distinguishable because (1) the accused infringer failed to obtain an opinion and (2) the accused infringer did not object to the jury instruction. Here, Baxter is claiming privilege of an opinion obtained and does object to any instruction regarding opinion of counsel.

[2] Plaintiffs' requested jury instruction is based on a draft model instruction that pre-dates *Knorr-Bremse* and was based on prior law that allowed an adverse finding. Such instruction is outdated and improper.

810, 812 (E.D. Cal. 2006), discussed in Baxter's motion, or in *Telcordia Technol., Inc. v. Lucent Technol., Inc.*, No. 04-875 GMS, slip. op. at 10-11 (D. Del. filed Apr. 24, 2007) (Sleet, J.) (Rogaski Supp. Decl., Ex. 16.). In both *McKesson* and *Telcordia*, the courts specifically distinguished the facts in *Third Wave* from the facts here and granted motions *in limine* to exclude evidence of opinion of counsel where the defendant had claimed privilege over that opinion. Plaintiffs failed in their opposition to acknowledge – let alone address – *McKesson* or any other case cited in Baxter's motion on page 2. They did not because they could not.

## IV. CONCLUSION

The *McKesson* holding remains uncontested: any reference to opinion of counsel, even with a cautionary instruction of no adverse inference, would nevertheless leave the jury to speculate as to why the defendant would not reveal its attorney's opinion and create a negative inference prohibited by *Knorr-Bremse*. *McKesson*, 434 F. Supp. 2d at 812; *see also Telcordia*, slip. op. at 11. Hence, this Court should grant Baxter's motion.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

*Attorneys for Defendant Baxter International Inc. and Defendant/Counterclaimant Baxter Healthcare Corporation*

Dated: May 14, 2007

795253

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 14, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Jeffrey B. Bove, Esq.
Mary W. Bourke, Esq.
Mark E. Freeman, Esq.
Jaclyn Mason, Esq.
Donna Hallowell
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
jbove@cblh.com, mbourke@cblh.com
mfreeman@cblh.com, jmason@cblh.com
dhallowell@cblh.com; cjeffers@cblh.com;
dhammond@cblh.com; mlambert@cblh.com

**BY EMAIL**

Dana K. Hammond, Esq.
M. Curt Lambert, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19899
jhammond@cblh.com; mlambert@cblh.com

Christopher E. Jeffers, Esq.
Connolly Bove Lodge & Hutz LLP
1990 M. Street, NW
Washington, DC 20036-3425
cjeffers@cblh.com

I hereby certify that on May 14, 2007 I have sent by E-mail and Federal Express the foregoing document to the following non-registered participants:

> Bradford J. Badke, Esq.
> Gabrielle Ciuffreda, Esq.
> Ropes & Gray LLP
> 1211 Avenue of the Americas
> New York, NY 10036-8704
> bradford.badke@ropesgray.com; gabrielle.ciuffreda@ropesgray.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com