IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION,<br><br>Defendants. | Civil Action No. 05-349-GMS<br><br>Jury Trial Demanded |
| BAXTER HEALTHCARE CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Counterdefendants. | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION *IN LIMINE* NO. 2 TO PROHIBIT ANY EVIDENCE OR ARGUMENT
REFERRING TO BAXTER'S PRIOR ARGUMENTS ON CLAIM CONSTRUCTION
AND SUMMARY JUDGMENT**

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: May 14, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant
Baxter International Inc. and
Defendant/Counterclaimant
Baxter Healthcare Corporation*

I.  **INTRODUCTION**

Plaintiffs' opposition hypocritically states, "Baxter now wants to have it both ways on claim construction." In fact, it is Plaintiffs who want it both ways. Plaintiffs want to be free to argue to the jury that Baxter's claim construction position was "unsuccessful" and that Baxter's experts should not be permitted to testify about the "plain and ordinary meaning" of certain claim terms. At the same time, Plaintiffs have just disclosed that they intend to offer testimony on the "plain and ordinary meaning" of certain claim terms. By now seeking to offer their own expert opinions regarding "plain and ordinary meaning," Plaintiffs effectively concede that the "plain and ordinary meaning" of certain claim terms remains to be determined and that claim construction is not complete, defeating their own arguments.

II.  **PLAINTIFFS NOW CONCEDE THAT CLAIM CONSTRUCTION IS NOT COMPLETE BUT SEEK TO CHANGE THE APPLICABLE RULES**

Plaintiffs' recent actions alone should defeat Plaintiffs' motions *in limine* Nos. 3 and 4 and their opposition to this motion *in limine*. Though Plaintiffs previously contended that the Court rejected Baxter's claim construction arguments and that claim construction is complete, Plaintiffs recently contradicted that very argument when they made the untimely assertion that Baxter surmised all along, that they intend to offer testimony from Drs. Jeffrey Ravetch and Erwin Gelfand regarding the "plain and ordinary meaning" of certain claim terms. (Rogaski Supp. Decl., Ex. 17, pp. 3 and 7.) Consequently, Plaintiffs cannot now argue that Baxter's experts' testimony with respect to those claim terms should be precluded.

This Court fully construed some claim terms; for others, the Court determined the claim terms should have their "plain and ordinary meaning." Plaintiffs now concede the inquiry does not end there. By way of example, terms such as "acceptable level suitable for intravenous administration" do not have a common, English language meaning that requires no further

analysis (even though the individual words in isolation may be understood by a layperson). The "plain and ordinary meaning" of these claim terms depend on context (in the patent and file history) and have special (technical) meaning to persons of ordinary skill in the art. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (*en banc*). As such, "the ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." *Id.* Evidence of what those terms mean to the skilled artisan remains to be introduced.

Consistent with Federal Circuit law, Baxter's experts opined during expert discovery about the understanding of skilled artisans of the "plain and ordinary meaning" of certain claim terms. Plaintiffs' experts did not. Realizing their mistake, Plaintiffs now seek to introduce after-the-fact testimony of their experts – or, since that is improper, to exclude Baxter's experts from offering proper testimony. Barring that, Plaintiffs intend to suggest to the jury that Baxter's experts are doing something improper by providing their opinions regarding the "plain and ordinary meaning." Plaintiffs' positions are improper, find no support in the law and should be rejected.

In a desperate attempt to find support for their position, Plaintiffs rely on *Telcordia Techs., Inc. v. Lucent Techs., Inc.*, No. 04-874-GMS, 2007 U.S. Dist. LEXIS 31960 (D. Del. May 1, 2007). D.I. 290, Mason Declaration, Ex. 3. The facts of *Telcordia*, however, are readily distinguishable, as that court was not faced with identifying the "plain and ordinary meaning" of claim terms. Similarly, the court in *LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 198 (D. Del. 2006), did not deal with the "plain and ordinary meaning" of claim terms. Consequently, neither case provides guidance for the present case.

### III.   BAXTER WOULD SUFFER PREJUDICE IF THIS MOTION WERE DENIED

Plaintiffs' opposition makes no effort to identify any probative value in, or to address

2

Baxter's showing of prejudice that Baxter would suffer from, characterizing Baxter's claim construction positions as "rejected" at trial. Instead, Plaintiffs assert they will be prejudiced if they cannot argue that Baxter's claim construction positions were "rejected." Not so. First, Baxter's experts do not intend to offer testimony inconsistent with the Court's constructions, so are offering no "rejected" positions, but rather will offer testimony to assist in identifying "plain and ordinary meanings" from the perspective of a skilled artisan. Second, if Plaintiffs disagree with Baxter's experts' opinions, the proper course is to demonstrate why the proffered "plain and ordinary meanings" are purportedly incorrect, not to mischaracterize the experts' opinions as having already been rejected by the Court.

Most importantly, it would be highly prejudicial to Baxter if Plaintiffs were to state that Baxter's claim construction positions were "rejected" when Plaintiffs have effectively admitted that the claim construction inquiry is not over and the "plain and ordinary meaning" still has to be identified. Plaintiffs' arguments clearly aim to hamstring Baxter's experts from offering well-supported opinions during trial. No legal authority permits such conduct.

For the foregoing reasons, Baxter's motion *in limine* No. 2 should be granted.

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

*Attorneys for Defendant
Baxter International Inc. and
Defendant/Counterclaimant
Baxter Healthcare Corporation*

Dated: May 14, 2007

795262

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 14, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Jeffrey B. Bove, Esq.
Mary W. Bourke, Esq.
Mark E. Freeman, Esq.
Jaclyn Mason, Esq.
Donna Hallowell
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
jbove@cblh.com, mbourke@cblh.com
mfreeman@cblh.com, jmason@cblh.com
dhallowell@cblh.com; cjeffers@cblh.com;
dhammond@cblh.com; mlambert@cblh.com

**BY EMAIL**

Dana K. Hammond, Esq.
M. Curt Lambert, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19899
jhammond@cblh.com; mlambert@cblh.com

Christopher E. Jeffers, Esq.
Connolly Bove Lodge & Hutz LLP
1990 M. Street, NW
Washington, DC 20036-3425
cjeffers@cblh.com

I hereby certify that on May 14, 2007 I have sent by E-mail and Federal Express the foregoing document to the following non-registered participants:

Bradford J. Badke, Esq.
Gabrielle Ciuffreda, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
bradford.badke@ropesgray.com; gabrielle.ciuffreda@ropesgray.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com