# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION, <br><br> Defendants. | Civil Action No. 05-349-GMS <br><br> <u>Jury Trial Demanded</u> |
| BAXTER HEALTHCARE CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Counterdefendants. | |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 5 TO PROHIBIT ANY EVIDENCE OR ARGUMENT REGARDING PLAINTIFFS' ALTERNATIVE, "NON-INJUNCTION" ROYALTY RATE

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: May 14, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant*
*Baxter International Inc. and*
*Defendant/Counterclaimant*
*Baxter Healthcare Corporation*

Plaintiffs concede there is absolutely no precedent for the "alternative" royalty rate opinions proffered by their damages expert, Christopher Bokhart. Plaintiffs seek refuge with the Supreme Court's decision in *eBay Inc. v. MercExchange L.L.C.*, 126 S. Ct. 1837 (2006), by arguing that *eBay*'s holding on injunctive relief for patent cases has so dramatically altered the "legal landscape" that well-settled principles governing patent damages must be revisited as well. Nothing in *eBay*, its progeny or anything else justifies this fanciful and erroneous analysis.

The Supreme Court decided *eBay* one year ago (May 15, 2006). Despite Plaintiffs' acknowledgement of the growing body of law interpreting and applying *eBay*, there is not one case since *eBay* providing any support whatsoever for Mr. Bokhart's "alternative" royalty rates analysis.[1] Moreover, despite citing a litany of post-*eBay* cases that allegedly show all "the sweeping changes post-*eBay*" (Opp. at 2-3), **none** of these cases refers to *eBay*'s impact on patent infringement damages, much less on royalty rates. Plaintiffs offer no explanation.

Instead, Plaintiffs boldly assert that damages experts like Mr. Bokhart "would be **remiss** if [they] did not provide a comprehensive opinion in both the injunction and non-injunction scenarios, especially in light of the varied judicial views on the application of *eBay*." (Opp. at 3 (emphasis added).) Taking Plaintiffs' argument at face value, all damages experts in patent cases for the past year since *eBay* was decided are negligent if they fail to proffer damages opinions in both injunction and non-injunction scenarios. Baxter has scoured the caselaw post-*eBay* and cannot find one example of a damages expert rendering separate royalty rates that depend on the existence or non-existence of an injunction. Nor can Plaintiffs as they fail to cite any cases even remotely supporting what Mr. Bokhart has done.

---

[1] To date, there are at least 85 decisions citing *eBay*. Among those decisions, at least half of them are patent cases.

Attempting to justify the total absence of supporting caselaw, Plaintiffs incorrectly assert that *eBay* is an entirely "new area of law." (Opp. at 1.) The Supreme Court announced otherwise. In its holding, the Supreme Court emphasized that the "traditional" and "historically employed" four-factor test governing injunctive relief for centuries should apply "in patent disputes no less than in other cases governed by such standards." *eBay*, 126 S. Ct. at 1841. In fact, the Justices refer to the four-factor test alternatively as "historical," "traditional," "well-established," "familiar," long recognized" and similar variations **no less than 20 times** throughout the short majority and two concurring opinions, which altogether span less than six pages of the Supreme Court Reporter. In other words, the Supreme Court has returned the law of equity in patent cases back to where it has been for hundreds of years in all other cases.

If Plaintiffs' rationale were correct, one would expect to find numerous examples of damages experts in non-patent cases providing separate damages opinions for both injunction and non-injunction scenarios. None exists. For example, the familiar four-factor test has long governed trademark cases. *See, e.g., Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 170-71 (3d. Cir. 2001). Moreover, reasonable royalty analyses are routinely used in trademark cases as a measure of damages. *See, e.g., Sands, Taylor & Wood v. Quaker Oats Co.*, 34 F.3d 1340, 1345-46 (7th Cir. 1994). Yet there are no trademark decisions where a damages expert has proffered separate royalty rates based on injunction and non-injunction scenarios.[2]

In fact, the opposite is true. In one trademark case cited in Baxter's motion, the plaintiff's damages expert calculated a royalty by opining about past royalties and future royalties, which

---

[2] Similarly, trade secrets litigation is another area of law where: (1) the traditional four-factor test for injunctive relief is applied; and (2) a reasonable royalty is a common measure of damages. *See Vermont Microsystems, Inc. v. Autodesk, Inc.*, 138 F.3d 449, 450 (2d Cir. 1998); *The Continental Group., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 356-57 (3d Cir. 1980). The trade secrets cases also provide *no* support for Mr. Bokhart's "alternative" royalty rate analysis.

"assume[ed] that no injunction would be entered." *Simon Property Group, L.P. v. mySimon, Inc.*, 2001 U.S. Dist. LEXIS 852, *67, n.12 (S.D. Ind. Jan. 24, 2001) (D.I. 252, Rogaski Decl., Ex. 14). For both past and future royalties – i.e., a non-injunction scenario – the royalty rate was the ***same***: "2 percent of gross revenues." *Id.* In their opposition, Plaintiffs do not even acknowledge – must less respond to – the *Simon Property* case, which also analyzed and granted injunctive relief requested by the plaintiff. *See id.* at *55-*65.

Mr. Bokhart's unprecedented alternative royalty analysis is unauthorized by any applicable law and asks the jury to do the impossible: render a verdict based upon a guess as to whether the Court will or will not enjoin the sale of GAMMAGARD Liquid. Moreover, it completely undermines the fundamental premise of the hypothetical negotiation: that a willing licensee and willing licensor agree to one royalty rate. Because Plaintiffs' "alternative" damage model is improper, Baxter respectfully requests that the Court exercise its gatekeeping powers to exclude Mr. Bokhart's unreliable, unsupported and illogical alternative royalty rates analysis.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: /s/ Philip A. Rovner

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant*
*Baxter International Inc. and*
*Defendant/Counterclaimant*
*Baxter Healthcare Corporation*

Dated: May 14, 2007

795284

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on May 14, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Jeffrey B. Bove, Esq.
Mary W. Bourke, Esq.
Mark E. Freeman, Esq.
Jaclyn Mason, Esq.
Donna Hallowell
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
jbove@cblh.com, mbourke@cblh.com
mfreeman@cblh.com, jmason@cblh.com
dhallowell@cblh.com; cjeffers@cblh.com;
dhammond@cblh.com; mlambert@cblh.com

**BY EMAIL**

Dana K. Hammond, Esq.
M. Curt Lambert, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19899
jhammond@cblh.com; mlambert@cblh.com

Christopher E. Jeffers, Esq.
Connolly Bove Lodge & Hutz LLP
1990 M. Street, NW
Washington, DC 20036-3425
cjeffers@cblh.com

I hereby certify that on May 14, 2007 I have sent by E-mail and Federal Express the foregoing document to the following non-registered participants:

> Bradford J. Badke, Esq.
> Gabrielle Ciuffreda, Esq.
> Ropes & Gray LLP
> 1211 Avenue of the Americas
> New York, NY 10036-8704
> bradford.badke@ropesgray.com; gabrielle.ciuffreda@ropesgray.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com