### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC., <br><br> Plaintiffs, <br><br> v. <br><br> BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Civil Action No. 05-349-GMS <br><br> **Jury Trial Demanded** |
| BAXTER HEALTHCARE CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Counterdefendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

### PLAINTIFFS' PROPOSED SPECIAL VERDICT FORM

We, the jury, unanimously find as follows:

**1.**   **PATENT INFRINGEMENT**

    (a)   Has Talecris proven by a preponderance of the evidence that Baxter literally infringes any of the following claims of United States Patent No. 6,686,191?

|  | YES, infringement | NO, no infringement |
|---|---|---|
| Claim 1 | _____ | _____ |
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 9 | _____ | _____ |
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| Claim 19 | _____ | _____ |
| Claim 20 | _____ | _____ |

    (b)   Has Talecris proven by a preponderance of the evidence that Baxter infringes, under the doctrine of equivalents, any of the following claims of the '191 patent?

|  | YES, infringement | NO, no infringement |
|---|---|---|
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |

## 2. **WILLFUL INFRINGEMENT**

Please answer question 2 if you find that Baxter infringes any claim of the '191 patent.

Question No. 2: Willful Infringement

Has Talecris proven by clear and convincing evidence that Baxter willfully infringed the '191 patent?

      YES, willful infringement____      NO, no willful infringement ___

**3.    INVALIDITY**

No matter how you answered questions 1 and 2, please answer the following questions regarding invalidity.

**A.    Anticipation**

Question No. 3(a)

Has Baxter proven by clear and convincing evidence that any of the following asserted claims of the '191 patent are invalid because the claim is anticipated by the prior art?

|          | YES, invalid | NO, valid |
|----------|--------------|-----------|
| Claim 1  | _____ | _____ |
| Claim 7  | _____ | _____ |
| Claim 8  | _____ | _____ |
| Claim 9  | _____ | _____ |
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| Claim 19 | _____ | _____ |
| Claim 20 | _____ | _____ |

Please go on to the next question.

**B.     Obviousness**

Question No. 3(b)

Has Baxter proven by clear and convincing evidence that any of the following asserted claims of the '191 patent are invalid because the claim is obvious?

|  | YES, invalid | NO, valid |
|---|---|---|
| Claim 1 | _____ | _____ |
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 9 | _____ | _____ |
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| Claim 19 | _____ | _____ |
| Claim 20 | _____ | _____ |

Please go on to the next question.

    **C.**    **Written Description**

Question No. 3(c)

    Has Baxter proven by clear and convincing evidence that any of the following asserted claims of the '191 patent are invalid because the claim lacks written description?

|  | YES, invalid | NO, valid |
|---|---|---|
| Claim 1 | _____ | _____ |
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 9 | _____ | _____ |
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| Claim 19 | _____ | _____ |
| Claim 20 | _____ | _____ |

Please go on to the next question.

**D.     Indefiniteness**

Question No. 3(d)

Has Baxter proven by clear and convincing evidence that any of the following asserted claims of the '191 patent are invalid because the claim is indefinite?

|          | YES, invalid | NO, valid |
|----------|--------------|-----------|
| Claim 1  | _____ | _____ |
| Claim 7  | _____ | _____ |
| Claim 8  | _____ | _____ |
| Claim 9  | _____ | _____ |
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| Claim 19 | _____ | _____ |
| Claim 20 | _____ | _____ |

Please go on to the next question.

## 4. DAMAGES

If you find that Baxter has infringed any valid claim of the '191 patent, please answer the following questions.

Question No. 4(a)

What amount of damages, if any, has Talecris proven it is entitled to receive from Baxter based on sales of GAMMAGARD® LIQUID from September 26, 2005 to the present date?

$ _____

Question No. 4(b)

What reasonable royalty, if any, has Talecris proven by a preponderance of the evidence?

_____ %

\*    \*    \*

Each juror must sign this verdict form to reflect that a unanimous decision has been reached.

Dated:

_____   _____
FOREPERSON

_____   _____


_____   _____


_____   _____

## CERTIFICATE OF SERVICE

I hereby certify on this 14th day of May, 2007 I electronically filed the foregoing **Plaintiffs' Proposed Special Verdict Form** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE  19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

I also hereby certify that a true copy of the foregoing document was served upon the following in the manner indicated on May 14, 2007.

| **Via Hand Delivery and E-Mail** | **Via Federal Express and E-Mail** |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE  19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

   /s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
Telephone: (302) 658-9141
jbove@cblh.com
*Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*