IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **TALECRIS BIOTHERAPEUTICS, INC. and** BAYER HEALTHCARE LLC., | ) ) ) |
| | ) |
| Plaintiffs, | ) ) |
| | ) |
| v. | ) ) |
| BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION, | ) Civil Action No.  05-349-GMS ) ) |
| | ) <u>Jury Trial Demanded</u> |
| Defendants. | ) ) |

| | |
|---|---|
| BAXTER HEALTHCARE CORPORATION, | ) ) |
| | ) |
| Counterclaimant, | ) ) |
| | ) |
| v. | ) ) |
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, | ) ) ) |
| | ) |
| Counterdefendants. | ) |

## <u>BAXTER'S PROPOSED SPECIAL VERDICT FORM</u>

We, the jury, unanimously find as follows:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **TALECRIS BIOTHERAPEUTICS, INC. and** BAYER HEALTHCARE LLC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION, | ) ) ) | Civil Action No.  05-349-GMS |
| Defendants. | ) ) ) | <u>Jury Trial Demanded</u> |
| | | |
| BAXTER HEALTHCARE CORPORATION, | ) ) ) | |
| Counterclaimant, | ) ) | |
| v. | ) ) ) | |
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, | ) ) ) ) | |
| Counterdefendants. | ) ) | |

## <u>BAXTER'S PROPOSED SPECIAL VERDICT FORM</u>

We, the jury, unanimously find as follows:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **TALECRIS BIOTHERAPEUTICS, INC. and** BAYER HEALTHCARE LLC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION, | ) ) ) |
| Defendants. | ) ) ) |

Civil Action No.  05-349-GMS

Jury Trial Demanded

|  |  |
|---|---|
| BAXTER HEALTHCARE CORPORATION, | ) ) |
| Counterclaimant, | ) ) |
| v. | ) ) |
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, | ) ) ) |
| Counterdefendants. | ) ) |

## BAXTER'S PROPOSED SPECIAL VERDICT FORM

We, the jury, unanimously find as follows:

1. **PATENT INFRINGEMENT/NON-INFRINGEMENT**

   (a)  Has Talecris proven by a preponderance of the evidence that Baxter literally infringes Claim 1 of United States Patent No. 6,686,191?

   YES, infringement ____          NO, no infringement ___

   (b)  If you answered "no" to Question (a), proceed to Question 3.  If you answered "yes" to Question (a) above, then proceed to answer the following question.  Has Talecris proven by a preponderance of the evidence that Baxter literally infringes any of the following claims of the '191 patent?

   YES, infringement                    NO, no infringement

   Claim 7    _____              _____
   Claim 8    _____              _____
   Claim 9    _____              _____
   Claim 10 _____              _____
   Claim 12 _____              _____
   Claim 15 _____              _____
   Claim 16 _____              _____
   Claim 17 _____              _____
   Claim 18 _____              _____
   Claim 19 _____              _____
   Claim 20 _____              _____

   (c)  If you answered "no" to Question (a), proceed to Question 3.  If you answered "yes" to Question (a) above, then proceed to answer the following question.  Has Talecris proven by a preponderance of the evidence that Baxter infringes by equivalents any of the following claims of the '191 patent?

   YES, infringement                    NO, no infringement

   Claim 10 _____              _____
   Claim 12 _____              _____
   Claim 15 _____              _____
   Claim 16 _____              _____

1.    **PATENT INFRINGEMENT/NON-INFRINGEMENT**

(a)    Has Talecris proven by a preponderance of the evidence that Baxter literally infringes Claim 1 of United States Patent No. 6,686,191?

YES, infringement _____          NO, no infringement ____

(b)    If you answered "no" to Question (a), proceed to Question 3.  If you answered "yes" to Question (a) above, then proceed to answer the following question.  Has Talecris proven by a preponderance of the evidence that Baxter literally infringes any of the following claims of the '191 patent?

YES, infringement                    NO, no infringement

Claim 7    _____          _____
Claim 8    _____          _____
Claim 9    _____          _____
Claim 10 _____          _____
Claim 12 _____          _____
Claim 15 _____          _____
Claim 16 _____          _____
Claim 17 _____          _____
Claim 18 _____          _____
Claim 19 _____          _____
Claim 20 _____          _____

(c)    If you answered "no" to Question (a), proceed to Question 3.  If you answered "yes" to Question (a) above, then proceed to answer the following question.  Has Talecris proven by a preponderance of the evidence that Baxter infringes by equivalents any of the following claims of the '191 patent?

YES, infringement                    NO, no infringement

Claim 10 _____          _____
Claim 12 _____          _____
Claim 15 _____          _____
Claim 16 _____          _____

1.    **PATENT INFRINGEMENT/NON-INFRINGEMENT**

(a)    Has Talecris proven by a preponderance of the evidence that Baxter literally infringes Claim 1 of United States Patent No. 6,686,191?

YES, infringement _____          NO, no infringement ____

(b)    If you answered "no" to Question (a), proceed to Question 3.  If you answered "yes" to Question (a) above, then proceed to answer the following question.  Has Talecris proven by a preponderance of the evidence that Baxter literally infringes any of the following claims of the '191 patent?

| | YES, infringement | NO, no infringement |
|---|---|---|
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 9 | _____ | _____ |
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| Claim 19 | _____ | _____ |
| Claim 20 | _____ | _____ |

(c)    If you answered "no" to Question (a), proceed to Question 3.  If you answered "yes" to Question (a) above, then proceed to answer the following question.  Has Talecris proven by a preponderance of the evidence that Baxter infringes by equivalents any of the following claims of the '191 patent?

| | YES, infringement | NO, no infringement |
|---|---|---|
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |

2.     **WILLFUL INFRINGEMENT CLAIM**

Only answer question 2 if you find Baxter infringed at least Claim 1 of the '191 patent.

Question No. 2: Willful Infringement

Has Talecris proven by clear and convincing evidence that Baxter willfully infringed the '191 patent?


YES, willful infringement _____          NO, no willful infringement ____

2.    **WILLFUL INFRINGEMENT CLAIM**

Only answer question 2 if you find Baxter infringed at least Claim 1 of the '191 patent.

Question No. 2: Willful Infringement

Has Talecris proven by clear and convincing evidence that Baxter willfully infringed the '191 patent?

YES, willful infringement _____          NO, no willful infringement ____

2.    **WILLFUL INFRINGEMENT CLAIM**

Only answer question 2 if you find Baxter infringed at least Claim 1 of the '191 patent.

Question No. 2: Willful Infringement

Has Talecris proven by clear and convincing evidence that Baxter willfully infringed the '191 patent?

YES, willful infringement _____          NO, no willful infringement ____

3.    **INVALIDITY/VALIDITY**

No matter how you answered questions 1 and 2, please answer the following questions regarding invalidity/validity.

A.    **Anticipation**

Question No. 3(a)

Has Baxter proven by clear and convincing evidence that any asserted claim of the '191 patent is invalid because the claim is anticipated by the prior art?  If so, what claims has Baxter proven are invalid on this basis?

|  | YES, invalid | NO, not invalid |
|---|---|---|
| Claim 1 | _____ | _____ |
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 9 | _____ | _____ |
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| Claim 19 | _____ | _____ |
| Claim 20 | _____ | _____ |

Go on to the next question.

3.    **INVALIDITY/VALIDITY**

No matter how you answered questions 1 and 2, please answer the following questions regarding invalidity/validity.

A.    **Anticipation**

Question No. 3(a)

Has Baxter proven by clear and convincing evidence that any asserted claim of the '191 patent is invalid because the claim is anticipated by the prior art?  If so, what claims has Baxter proven are invalid on this basis?

|  | YES, invalid | NO, not invalid |
|---|---|---|
| Claim 1 | _____ | _____ |
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 9 | _____ | _____ |
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| Claim 19 | _____ | _____ |
| Claim 20 | _____ | _____ |

Go on to the next question.

3. **INVALIDITY/VALIDITY**

No matter how you answered questions 1 and 2, please answer the following questions regarding invalidity/validity.

A. **Anticipation**

Question No. 3(a)

Has Baxter proven by clear and convincing evidence that any asserted claim of the '191 patent is invalid because the claim is anticipated by the prior art? If so, what claims has Baxter proven are invalid on this basis?

|  | YES, invalid | NO, not invalid |
|---|---|---|
| Claim 1 | _____ | _____ |
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 9 | _____ | _____ |
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| Claim 19 | _____ | _____ |
| Claim 20 | _____ | _____ |

Go on to the next question.

**B.     Obviousness**

<u>Question No. 3(b)</u>

Has Baxter proven by clear and convincing evidence that any asserted claim of the '191 patent is invalid because the claim is obvious?  If so, what claims has Baxter proven are invalid on this basis?

|  | YES, invalid | NO, not invalid |
|---|---|---|
| Claim 1 | _____ | _____ |
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 9 | _____ | _____ |
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| Claim 19 | _____ | _____ |
| Claim 20 | _____ | _____ |

Go on to the next question.

**B.**    **Obviousness**

Question No. 3(b)

Has Baxter proven by clear and convincing evidence that any asserted claim of the '191 patent is invalid because the claim is obvious?  If so, what claims has Baxter proven are invalid on this basis?

|  | YES, invalid | NO, not invalid |
|---|---|---|
| Claim 1 | _____ | _____ |
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 9 | _____ | _____ |
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| Claim 19 | _____ | _____ |
| Claim 20 | _____ | _____ |

Go on to the next question.

**B.      Obviousness**

<u>Question No. 3(b)</u>

Has Baxter proven by clear and convincing evidence that any asserted claim of the '191 patent is invalid because the claim is obvious?  If so, what claims has Baxter proven are invalid on this basis?

<table>
<tr><td></td><td>YES, invalid</td><td>NO, not invalid</td></tr>
<tr><td>Claim 1</td><td>_____</td><td>_____</td></tr>
<tr><td>Claim 7</td><td>_____</td><td>_____</td></tr>
<tr><td>Claim 8</td><td>_____</td><td>_____</td></tr>
<tr><td>Claim 9</td><td>_____</td><td>_____</td></tr>
<tr><td>Claim 10</td><td>_____</td><td>_____</td></tr>
<tr><td>Claim 12</td><td>_____</td><td>_____</td></tr>
<tr><td>Claim 15</td><td>_____</td><td>_____</td></tr>
<tr><td>Claim 16</td><td>_____</td><td>_____</td></tr>
<tr><td>Claim 17</td><td>_____</td><td>_____</td></tr>
<tr><td>Claim 18</td><td>_____</td><td>_____</td></tr>
<tr><td>Claim 19</td><td>_____</td><td>_____</td></tr>
<tr><td>Claim 20</td><td>_____</td><td>_____</td></tr>
</table>

Go on to the next question.

**C.     Written Description**

<u>Question No. 3(c)</u>

Has Baxter proven by clear and convincing evidence that any asserted claim of the '191 patent is invalid because the claim lacks written description?  If so, what claims has Baxter proven are invalid on this basis?

|  | YES, invalid | NO, not invalid |
|---|---|---|
| Claim 1 | _____ | _____ |
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 9 | _____ | _____ |
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| Claim 19 | _____ | _____ |
| Claim 20 | _____ | _____ |

Go on to the next question.

**C.     Written Description**

Question No. 3(c)

       Has Baxter proven by clear and convincing evidence that any asserted claim of the '191 patent is invalid because the claim lacks written description?  If so, what claims has Baxter proven are invalid on this basis?

|  | YES, invalid | NO, not invalid |
|---|---|---|
| Claim 1 | _____ | _____ |
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 9 | _____ | _____ |
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| Claim 19 | _____ | _____ |
| Claim 20 | _____ | _____ |

Go on to the next question.

**C.     Written Description**

Question No. 3(c)

        Has Baxter proven by clear and convincing evidence that any asserted claim of the '191 patent is invalid because the claim lacks written description?  If so, what claims has Baxter proven are invalid on this basis?

| | YES, invalid | NO, not invalid |
|---|---|---|
| Claim 1 | _____ | _____ |
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 9 | _____ | _____ |
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| Claim 19 | _____ | _____ |
| Claim 20 | _____ | _____ |

Go on to the next question.

**D.      Indefiniteness**

Question No. 3(d)

Has Baxter proven by clear and convincing evidence that any asserted claim of the '191 patent is invalid because the claim is indefinite?  If so, what claims has Baxter proven are invalid on this basis?

|  | YES, invalid | NO, not invalid |
|---|---|---|
| Claim 1 | _____ | _____ |
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 9 | _____ | _____ |
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| Claim 19 | _____ | _____ |
| Claim 20 | _____ | _____ |

Go on to the next question.

**D.    Indefiniteness**

<u>Question No. 3(d)</u>

Has Baxter proven by clear and convincing evidence that any asserted claim of the '191 patent is invalid because the claim is indefinite?  If so, what claims has Baxter proven are invalid on this basis?

|  | YES, invalid | NO, not invalid |
|---|---|---|
| Claim 1 | _____ | _____ |
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 9 | _____ | _____ |
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| Claim 19 | _____ | _____ |
| Claim 20 | _____ | _____ |

Go on to the next question.

**D.     Indefiniteness**

<u>Question No. 3(d)</u>

Has Baxter proven by clear and convincing evidence that any asserted claim of the '191 patent is invalid because the claim is indefinite?  If so, what claims has Baxter proven are invalid on this basis?

|  | YES, invalid | NO, not invalid |
|---|---|---|
| Claim 1 | _____ | _____ |
| Claim 7 | _____ | _____ |
| Claim 8 | _____ | _____ |
| Claim 9 | _____ | _____ |
| Claim 10 | _____ | _____ |
| Claim 12 | _____ | _____ |
| Claim 15 | _____ | _____ |
| Claim 16 | _____ | _____ |
| Claim 17 | _____ | _____ |
| Claim 18 | _____ | _____ |
| Claim 19 | _____ | _____ |
| Claim 20 | _____ | _____ |

Go on to the next question.

**[4**.    <u>INEQUITABLE CONDUCT – IF COURT SENDS QUESTION TO THE JURY</u>]

Has Baxter proven by clear and convincing evidence that the inventor or any one of the prosecuting attorneys obtained the '191 patent by intentionally misleading or intentionally withholding information from the Patent Office with knowledge that such information was material to the patentability of the invention:

YES, inequitable conduct _____        NO, no inequitable conduct _____

Go on to the next question.

[**4**.    **INEQUITABLE CONDUCT – IF COURT SENDS QUESTION TO THE JURY**]

Has Baxter proven by clear and convincing evidence that the inventor or any one of the prosecuting attorneys obtained the '191 patent by intentionally misleading or intentionally withholding information from the Patent Office with knowledge that such information was material to the patentability of the invention:

YES, inequitable conduct _____          NO, no inequitable conduct _____

Go on to the next question.

**[4**. <u>**INEQUITABLE CONDUCT – IF COURT SENDS QUESTION TO THE JURY**</u>**]**

Has Baxter proven by clear and convincing evidence that the inventor or any one of the prosecuting attorneys obtained the '191 patent by intentionally misleading or intentionally withholding information from the Patent Office with knowledge that such information was material to the patentability of the invention:

YES, inequitable conduct _____          NO, no inequitable conduct _____

Go on to the next question.

5. **DAMAGES**

If you have found that Baxter has infringed any claim of the '191 patent ("yes" answer to any part of questions 1(a) or (b) or (c)) and that any one or more of any infringed claims has not been proven invalid ("no" answer to the corresponding parts of questions 3(a) – 3(d)) or the '191 patent has not been proven unenforceable ("no" answer to question 4), please answer the following questions.

Question No. 5(a)

What amount of damages, if any, has Talecris proven it is entitled to receive from Baxter based on sales of GAMMAGARD® LIQUID from September 26, 2005 to the present date?

$ _____

Question No. 5(b)

What reasonable royalty, if any, has Talecris proven by a preponderance of the evidence?

_____ %

\*          \*          \*

5.    **<u>DAMAGES</u>**

If you have found that Baxter has infringed any claim of the '191 patent ("yes" answer to any part of questions 1(a) or (b) or (c)) and that any one or more of any infringed claims has not been proven invalid ("no" answer to the corresponding parts of questions 3(a) – 3(d)) or the '191 patent has not been proven unenforceable ("no" answer to question 4), please answer the following questions.

Question No. 5(a)

What amount of damages, if any, has Talecris proven it is entitled to receive from Baxter based on sales of GAMMAGARD® LIQUID from September 26, 2005 to the present date?

$ _____

Question No. 5(b)

What reasonable royalty, if any, has Talecris proven by a preponderance of the evidence?

_____ %

\*            \*            \*

5.    **DAMAGES**

If you have found that Baxter has infringed any claim of the '191 patent ("yes" answer to any part of questions 1(a) or (b) or (c)) and that any one or more of any infringed claims has not been proven invalid ("no" answer to the corresponding parts of questions 3(a) – 3(d)) or the '191 patent has not been proven unenforceable ("no" answer to question 4), please answer the following questions.

Question No. 5(a)

What amount of damages, if any, has Talecris proven it is entitled to receive from Baxter based on sales of GAMMAGARD® LIQUID from September 26, 2005 to the present date?

$ _____

Question No. 5(b)

What reasonable royalty, if any, has Talecris proven by a preponderance of the evidence?

_____ %

*          *          *

Each juror must sign this verdict form to reflect that a unanimous decision has been reached.

Dated:


_____          _____
FOREPERSON


_____          _____


_____          _____


_____          _____

61038623 v1

Each juror must sign this verdict form to reflect that a unanimous decision has been reached.

Dated:

_____                    _____
FOREPERSON


_____                    _____


_____                    _____


_____                    _____

61038623 v1

Each juror must sign this verdict form to reflect that a unanimous decision has been reached.

Dated:

_____                    _____
FOREPERSON

_____                    _____

_____                    _____

_____                    _____

61038623 v1

## CERTIFICATE OF SERVICE

I hereby certify on this 14th day of May, 2007 I electronically filed the foregoing **Baxter's Proposed Special Verdict Form** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

I also hereby certify that a true copy of the foregoing document was served upon the following in the manner indicated on May 14, 2007.

| **Via Hand Delivery and E-Mail** | **Via Federal Express and E-Mail** |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

      _/s/ Jeffrey B. Bove_____
Jeffrey B. Bove (#998)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
jbove@cblh.com
*Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*

## CERTIFICATE OF SERVICE

I hereby certify on this 14th day of May, 2007 I electronically filed the foregoing **Baxter's Proposed Special Verdict Form** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE  19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

I also hereby certify that a true copy of the foregoing document was served upon the following in the manner indicated on May 14, 2007.

| **Via Hand Delivery and E-Mail** | **Via Federal Express and E-Mail** |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE  19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

_/s/ Jeffrey B. Bove_____
Jeffrey B. Bove (#998)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
Telephone: (302) 658-9141
jbove@cblh.com
*Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*

## CERTIFICATE OF SERVICE

I hereby certify on this 14th day of May, 2007 I electronically filed the foregoing **Baxter's Proposed Special Verdict Form** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE  19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

I also hereby certify that a true copy of the foregoing document was served upon the following in the manner indicated on May 14, 2007.

| **Via Hand Delivery and E-Mail** | **Via Federal Express and E-Mail** |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE  19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

_/s/ Jeffrey B. Bove_
Jeffrey B. Bove (#998)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
Telephone: (302) 658-9141
jbove@cblh.com
*Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*