IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION, <br><br> Defendants. | ) ) ) ) Civil Action No. 05-349-GMS ) ) Jury Trial Demanded ) ) ) ) ) ) |
| BAXTER HEALTHCARE CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Counterdefendants. | ) **PUBLIC VERSION** ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION *IN LIMINE* NO. 3 TO BAR DR. RAVETCH FROM TESTIFYING
REGARDING INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND
CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: May 14, 2007
Public Version: May 17, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant
Baxter International Inc. and
Defendant/Counterclaimant
Baxter Healthcare Corporation*

I.  **INTRODUCTION**

Dr. Ravetch's statements in his expert report regarding infringement under the doctrine of equivalents are "unsupported speculation" and are therefore inadmissible expert opinions. Nothing proffered by Plaintiffs in their opposition brief shows otherwise. Therefore, as Baxter requested in its opening brief, the portions of Dr. Ravetch's Expert Report concerning infringement under the doctrine of equivalents of Claims 10, 12, and 15-18 should be stricken, and he should be barred from testifying at trial concerning the same. *See* Fed. R. Evid. 702.

II.  **ARGUMENT**

   A.  **Ravetch's Opinions on Equivalence Fail to Address Each Limitation of the Claims at Issue, In Contravention of Governing Federal Circuit Law**

In their opposition brief, Plaintiffs argue that infringement under the doctrine of equivalents "turns on whether the conditions of Baxter's accused process are sufficiently similar to the claimed process…" (Opp. at 2-3.) However, comparison of the overall effect of the accused process to the claimed process is improper. *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997) ("Each element contained in a patent claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole"). Doctrine of equivalents analysis requires that *individual elements* of the accused process perform "substantially the same function in substantially the same way to obtain the same result" ("function-way-result"). *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950) (internal citations omitted). In contrast, Dr. Ravetch's Expert Reports and Plaintiffs' opposition brief contain no evidence that the function-way-result of the ionic strength or osmolality in Baxter's process is substantially the same as that of the elements described in the claims at issue.

This is why Dr. Ravetch's unfounded opinions on ionic strength and tonicity fail. Regarding the equivalence of the ionic strength in Claim 10, Dr. Ravetch's opinions are devoid of any information about the function-way-result of ionic strength in the claimed process. As Plaintiffs' opposition brief makes clear, Dr. Ravetch's opinion on the equivalence of ionic strength boils down to an assertion that the overall effect of the claimed process and Baxter's process are equivalent. (Opp. at 3-4.) In a similar vein, Dr. Ravetch never discusses the function-way-result of tonicity, a required element of Claims 12, 15 and 16. His opinions are merely an assertion that the overall effect of the claimed process and Baxter's process are equivalent. (D.I. 287 at 4-5.) As none of Dr. Ravetch's doctrine of equivalents opinions even addresses the function-way-result requirement of *Graver Tank*, his testimony to the same should be barred at trial. *See Graver Tank*, 172 U.S. at 608.

**B.    Ravetch's Opinions on Equivalence Are Inadmissible Because They Are Not Based On Any Facts**

In addition, Dr. Ravetch's assertions about the equivalency of ionic strength and tonicity are inadmissible evidence because they are *not* "based on sufficient facts or data." Fed. R. Evid. 702; *see also, Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993).

REDACTED

Thus, as Baxter argued in its original motion on this issue, Dr. Ravetch's opinion on the equivalence of ionic strength is a subjective belief, which makes it wholly inadmissible evidence. (Opp. at 3-4.)

Similarly irrelevant is Plaintiffs' proffer of the numerical range of osmolality from the GAMMAGARD® Liquid package insert. (Opp. at 4.) Claims 15 and 16 discuss tonicity, as does

2

the rest of the '191 patent. (D.I. 252, Ex. 8 at Col. 12:14-17, 22-30.)

REDACTED

Thus, Dr. Ravetch's opinions regarding infringement of Claims 12, 15, and 16 are not based on any facts or data and, as such, they are inadmissible evidence.[1] *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 590.

### III. CONCLUSION

Dr. Ravetch's opinions regarding infringement under the doctrine of equivalents are "unsupported speculation" which is insufficient to support a finding of infringement under the doctrine of equivalents. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 590; *Graver Tank*, 172 U.S. at 608. Consequently, the Court should strike Dr. Ravetch's opinions regarding equivalents from his Expert Report and bar testimony from Dr. Ravetch concerning the same.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| James G. Gilliland, Jr.<br>Susan M. Spaeth<br>Anne M. Rogaski<br>TOWNSEND AND TOWNSEND AND CREW LLP<br>379 Lytton Avenue<br>Palo Alto, California 94301<br>(650) 326-2400<br><br>Dated: May 14, 2007<br>Public Version: May 17, 2007<br>796133 | By: /s/ Philip A. Rovner<br>Philip A. Rovner (#3215)<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, Delaware 19899-0951<br>(302) 984-6000<br>Email: provner@potteranderson.com<br><br>*Attorneys for Defendant*<br>*Baxter International Inc. and*<br>*Defendant/Counterclaimant*<br>*Baxter Healthcare Corporation* |

---

[1] This is unlike Plaintiffs' assertion in their motion *in limine* to exclude the testimony of Mr. Bruce Den Uyl. In that instance, the parties agree that Mr. Den Uyl's opinions are based on facts and data, but Plaintiffs are trying to exclude these opinions based on claims that the facts are "unreliable." That is *not* the proper standard under Rule 702, which is concerned with "sufficient facts or data" and "reliable principles and methods." Fed. R. Evid. 702. Mr. Den Uyl's opinions are based on ample facts and well-established, reliable principles.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 17, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Jeffrey B. Bove, Esq.
Mary W. Bourke, Esq.
Mark E. Freeman, Esq.
Jaclyn Mason, Esq.
Donna Hallowell
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
jbove@cblh.com, mbourke@cblh.com
mfreeman@cblh.com, jmason@cblh.com
dhallowell@cblh.com; cjeffers@cblh.com;
dhammond@cblh.com; mlambert@cblh.com

**BY EMAIL**

Dana K. Hammond, Esq.
M. Curt Lambert, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19899
jhammond@cblh.com; mlambert@cblh.com

Christopher E. Jeffers, Esq.
Connolly Bove Lodge & Hutz LLP
1990 M. Street, NW
Washington, DC 20036-3425
cjeffers@cblh.com

I hereby certify that on May 17, 2007 I have sent by E-mail and Federal Express the foregoing document to the following non-registered participants:

Bradford J. Badke, Esq.
Gabrielle Ciuffreda, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
bradford.badke@ropesgray.com; gabrielle.ciuffreda@ropesgray.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com