IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., AND BAYER HEALTHCARE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BAXTER INTERNATIONAL INC., AND BAXTER HEALTHCARE CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. NO. 05-349-GMS <br><br> <u>Jury Trial Demanded</u> |
| BAXTER HEALTHCARE CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, <br><br> Counterdefendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | ) REDACTED VERSION DI 306 |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 1
TO PRECLUDE BAXTER FROM PRESENTING TESTIMONY
<u>REGARDING ALLEGED "DESIGN AROUNDS"</u>**

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
*Of Counsel for Plaintiff and Counterclaim
Defendant Bayer Healthcare LLC*

Redacted Version Filed: May 21, 2007
Date: May 14, 2007

Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiffs and
Counterclaim Defendants*

## INTRODUCTION

Baxter's opposition to Plaintiffs' Motion *in Limine* No. 1 is deafeningly silent on Plaintiffs' main point – that there are *no facts of record upon which Mr. Den Uyl relied in fashioning in his "opinion" on alleged "design arounds"*. Baxter never disclosed its design around during fact discovery and did not produce or identify a single document relating to it. Moreover, Baxter's own technical expert – upon whom Mr. Den Uyl allegedly relied for his opinion – completely undermines Baxter's proposed "design around" theory. Plaintiffs' Motion should therefore be granted.

## ARGUMENT

**1.     Dr. Snape's Deposition Testimony Entirely Undermines the Asserted Basis of Mr. Den Uyl's Opinion**

There was nothing abstract about the questions posed to Dr. Snape about Baxter's alleged design around, in response to which he opined that it was ill-advised and not feasible:

**REDACTED**

(D.I. 263, Ex. 6 at 152:7-22; 153:8-22.) Dr. Snape was specifically asked about the removal of the low pH hold step – not, as Baxter misrepresents, the general "removal of steps" (D.I. 279 at 4) – in order to investigate the conversation he had with Mr. Den Uyl. Dr. Snape's testimony is powerful evidence that the alleged "design around" is not technically feasible or sensible, just as

he testified. It completely undermines Mr. Den Uyl's opinion. This testimony is more than just an inconsistency between the experts. Dr. Snape abrogated the asserted basis of Mr. Den Uyl's opinion, essentially cutting the legs off of Mr. Den Uyl's design around chair.[1] In this situation, it is proper to exclude such opinion and testimony at trial.

2.  **There is No Independent Factual Basis For Mr. Den Uyl's Opinion And Baxter Failed to Identify Such During Discovery**

Baxter claims that Mr. Den Uyl relied on "many" sources for his design-around opinion. (D.I. 279 at 1.) But none of these so-called "sources" have independent factual corroboration in the record. As pointed out in Plaintiffs' Motion, Baxter never produced documents to support their new "design-around" theory (D.I. 254 at 1) and **REDACTED**

**REDACTED** Therefore, Plaintiffs have no way of knowing from where any of Mr. Den Uyl's sources – Dr. Schiff or anyone – are obtaining their information. This fundamental foundational failure cannot be excused on the ground that Mr. Den Uyl "is a rebuttal expert". (D.I. 279 at 2.) He is not. Mr. Den Uyl is Baxter's primary expert on the subject of reasonable royalty and damages, and independently expressed opinions on both, taking into account the alleged "design around."

That Dr. Schiff was referred to in depositions hardly means that Plaintiffs were "well aware" that he had relevant knowledge to this case about the undisclosed design around (*id.* at 1), especially since Baxter failed to produce any documents regarding an alleged "design-around", despite being asked in discovery for all documents relating to what Baxter may contend is a reasonable royalty and a summary of the expected testimony of each trial witness. None of

---

**REDACTED**

[2] The "Mason Dec." is the Declaration of Jaclyn M. Mason in Support of Plaintiffs' Reply Briefs in Support of Their Motions *in Limine* Nos. 1-5, filed concurrently herewith.

Baxter's fact witnesses alluded to such a design around. (*See* D.I. 279 at 2.) Indeed, Mr. Fazio only referred to Dr. Schiff in conjunction with clinical affairs. (D.I. 284, Ex. 3.) The documents in which Dr. Schiff's name appears have no connection to any alleged "design around". (*See* D.I. 279 at 2.)

Plaintiffs' argument for exclusion is not limited to mere unreliability of Mr. Den Uyl's opinion – it is based on a total absence of *any foundational facts in the record*. Baxter's argument that Mr. Den Uyl "correctly applied all of the facts made known to him" to the appropriate law ignores that he did not *identify facts of record*. This is not a situation where the jury should be permitted to assess the sufficiency of the evidence – there is a complete absence of facts and therefore nothing for the jury to weigh. Without any factual basis in the record, Mr. Den Uyl's proposed testimony does not meet the requirement of "sufficient facts" under Rule 702 and it is proper for the Court to exclude it. Mr. Den Uyl's design around theory is nothing more than rank speculation.

### 3.   Baxter's Remaining Arguments Are Ill-Founded

Baxter's "blame the other person" arguments are wrong. All of the witnesses identified in Mr. Bokhart's expert report (unlike Dr. Schiff) were deposed by Baxter during fact discovery.[3] Therefore, Baxter had ample opportunity to explore their knowledge and all of the facts underlying Mr. Bokhart's opinion. There is no hypocrisy – Plaintiffs met their discovery obligations, Baxter did not.

Plaintiffs respectfully request that the Court grant their Motion *in Limine* No. 1 for the foregoing reasons, and those set forth in Plaintiffs' Memorandum of Law in Support of Their Motion *in Limine* No. 1 (D.I. 254).

---

[3] **REDACTED**

3

Respectfully submitted,


/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE  19801
(302) 658-9141
*Attorneys for Talecris Biotherapeutics, Inc.
and Bayer Healthcare LLC*

Bradford J. Badke
Gabrielle Cuiffreda
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036
(212) 596-9000
*Attorneys for Bayer Healthcare LLC*

Redacted Version Filed: May 21, 2007
Date:   May 14, 2007
540337

4

## CERTIFICATE OF SERVICE

I hereby certify on this 14th day of May, 2007 I electronically filed the foregoing **Plaintiffs' Reply Brief in Support of Their Motion *In Limine* No. 1 to Preclude Baxter From Presenting Testimony Regarding Alleged "Design Arounds"** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

I also hereby certify that a true copy of the foregoing document was served upon the following in the manner indicated on May 14, 2007.

| **Via Hand Delivery and E-Mail** | **Via Federal Express and E-Mail** |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

                                     */s/ Jeffrey B. Bove*
Jeffrey B. Bove (#998)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
jbove@cblh.com
*Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*

Bradford J. Badke
Gabrielle Ciuffreda
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020-1105
(212) 596-9000
*Attorneys for Bayer Healthcare LLC*