IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 05-349-GMS |
| BAXTER INTERNATIONAL INC., and BAXTER HEALTHCARE CORPORATION, | ) ) ) ) | **Jury Trial Demanded** |
| Defendants. | ) ) ) | |
| BAXTER HEALTHCARE CORPORATION, | ) ) | REDACTED VERSION DI 309 |
| Counterclaimant, | ) ) ) | |
| v. | ) ) | |
| TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, | ) ) ) ) | |
| Counterdefendants. | ) ) | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 4 TO EXCLUDE EXPERT TESTIMONY OF TERRENCE SNAPE, Ph.D. THAT IS INCONSISTENT WITH THE COURT'S CLAIM CONSTRUCTION**

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
*Of Counsel for Counterclaim Defendant Bayer Healthcare LLC*

Redacted Version Filed: May 21, 2007
Date: May 14, 2007

Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiffs and Counterclaim Defendants*

## INTRODUCTION

Plaintiffs Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC ("Plaintiffs") hereby reply to Defendants' Baxter International Inc. and Baxter Healthcare Corporation ("Baxter") opposition to the motion *in limine* filed by Plaintiffs to prohibit Baxter's expert, Dr. Terrence Snape from providing any opinions that are inconsistent with this Court's claim construction. In the claim construction briefs and Markman hearing, the Court was presented with a choice between the "plain and ordinary" meaning of certain claim terms and proposed constructions offered by Baxter. (Mason Dec.[1], Exs. 3 and 4.) The Court unambiguously found that Baxter's proposed constructions were either seeking to import limitations from the specification into the claims or not consistent with the plain and ordinary meaning as understood by one of ordinary skill in the art. (D.I. 199; Mason Dec., Ex. 5.) Baxter now attempts to re-litigate the claims construction by improperly attempting to re-introduce the rejected constructions in the form of a "plain and ordinary meaning" of the claim elements, despite the fact that they never argued that these constructions constituted the "plain and ordinary meaning" at any time in the claims construction process. This Court's claim construction is the "law of the case" and any opinions offered by Baxter's experts that are based on the rejected constructions should be excluded as a violation of that well-established doctrine.

## ARGUMENT

Contrary to Baxter's assertions, Plaintiffs do not contend that the introduction of expert testimony on the "plain and ordinary" meaning in the proper circumstances is incorrect. However, here, it is completely improper to attempt to re-introduce proposed constructions that have already been rejected by the Court, and which are therefore contrary to the Court's Order.

---

[1] The "Mason Dec." is the Declaration of Jaclyn M. Mason in Support of Plaintiffs' Reply Briefs in Support of Their Motions *in Limine*, filed concurrently herewith.

1

Baxter failed to present its constructions as "plain and ordinary" meaning. Now, it is trying to dust off the rejected constructions, and to repackage them as the "plain and ordinary" meaning of the claim terms. The Court has explicitly ruled that the disputed claim terms do NOT have the meanings ascribed to them by Baxter, either because the meaning is so clear that it is "readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words," *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (citing *Brown v. 3M*, 265 F.3d 1349, 1352 (Fed. Cir. 2001)), or because the proposed constructions violate the Federal Circuit's prohibition on importing limitations from the specification. (D.I. 199; Mason Dec., Ex. 5 at f.n. 2-4, 9, 10.) As such, the Court's rejection of certain proposed constructions is law of the case, which should govern for the remainder of this proceeding." *Christianson et al. v. Colt Industries Operating Corp.*, 486 U.S. 800, 815 (1988), *see also, Ethicon v. U.S. Surcical Corp.*, 149 F.3d. 1309, 1315 (Fed. Cir. 1998).

Baxter attempts to distinguish the *LP Matthews* case by stating that that "court was not faced with the question of whether an expert could opine regarding the "plain and ordinary meaning" of certain construed terms at trial and is thus allegedly inapposite. This is incorrect. As in *LP Matthews,* the issue here is not the appropriateness of testimony on "plain and ordinary meaning", but whether Baxter's experts can issue opinions that are based on claim constructions contrary to the Court's order. *LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 198 (D. Del. 2006) (excluding all experts opinions that are inconsistent with the Court's claim construction). As such, the case is directly on point, and its holding that the expert reports should be excluded is also appropriate here.

Baxter asserts that Plaintiffs have not provided any expert testimony on the "plain and ordinary" meaning of the disputed claim terms. This is untrue. As an initial matter, the language of the claims is so clear, even to a layperson, that little expert testimony is needed.

**REDACTED**

There is no disclosure in the patent or prior art references to justify Dr. Snape's belated modification of the Court's claim construction which Baxter did not even argue during claim construction. Any opinions based on this new construction should therefore be excluded. The Court has clearly ruled on Baxter's proposed claim constructions, and that Order is now law of the case. To allow Baxter to re-argue the same rejected constructions or modify them is improper. The Court should therefore grant Plaintiffs' Motion *in Limine* No. 4 and exclude any expert testimony by Dr. Snape that is based on Baxter's rejected or modified constructions.

Redacted Version Filed: May 21, 2007
Date: May 14, 2007

                                                    Respectfully submitted,

                                                    /s/ *Jeffrey B. Bove*

| | |
|---|---|
| Bradford J. Badke, Esquire | Jeffrey B. Bove (#998) |
| Gabrielle Ciuffreda, Esquire | Mary W. Bourke (#2356) |
| ROPES & GRAY LLP | Mark E. Freeman (#4257) |
| 1211 Avenue of the Americas | Jaclyn M. Mason (#4737) |
| New York, NY 10036 | Dana K. Hammond (#4869) |
| *Of Counsel for Counterclaim Defendant* | Christopher E. Jeffers (*pro hac vice*) |
| *Bayer Healthcare LLC* | CONNOLLY BOVE LODGE & HUTZ LLP |
| | 1007 North Orange Street, P.O. Box 2207 |
| DC48231 | Wilmington, DE 19899-2207 |
| | (302) 658-9141 |
| | *Attorneys for Plaintiffs and Counterclaim Defendants* |

4

## CERTIFICATE OF SERVICE

I hereby certify on this 14th day of May, 2007 I electronically filed the foregoing **Plaintiffs' Reply Brief In Support of Their Motion *In Limine* No. 4 to Exclude Expert Testimony of Terrence Snape, Ph.D. That is Inconsistent With the Court's Claim Construction** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

I also hereby certify that a true copy of the foregoing document was served upon the following in the manner indicated on May 14, 2007.

| **Via Hand Delivery and E-Mail** | **Via Federal Express and E-Mail** |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
jbove@cblh.com
*Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*

Bradford J. Badke
Gabrielle Ciuffreda
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020-1105
(212) 596-9000
*Attorneys for Bayer Healthcare LLC*