IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., | ) |
| Plaintiff | ) |
| v. | ) C.A. No. 05-349 GMS |
| BAXTER INTERNATIONAL INC., et al., | ) |
| Defendants | ) |
| BAXTER HEALTHCARE CORP., | ) |
| Counterclaimant | ) |
| v. | ) |
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, | ) |
| Counter-defendants | ) |

## MEMORANDUM ORDER

At Wilmington this 7th day of June, 2007, having reviewed and duly considered the defendants' motion to amend its Answer, and the plaintiff's motion to strike, and the responses thereto;

IT IS ORDERED that the defendants' motion to amend its Answer (D.I. 165) is GRANTED. Although the defendants make the frequent mistake of not distinctly addressing the Rule 16 standard in seeking leave to amend after the date set forth in the Scheduling Order for amendments, courts often evaluate whether a movant has shown good cause by considering the movant's articulated reasons under the Rule 15 standard. *See, e.g., Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 490 (D. Del. 2003). The court finds that the defendants have met the standards of Rules 15 and 16 of the Federal Rules of Civil Procedure. With respect to the defendants' amendment, however, the court strongly

cautions the defendants against pursuing an inequitable conduct claim at trial that is dependent upon a claim construction theory that the court has rejected.

IT IS FURTHER ORDERED that the plaintiff's motion to strike (D.I. 184) is DENIED. The court finds that the defendants did not violate the court's August 17, 2006 Order, and did not improperly raise new argument and authority in their reply brief.

    /s/ Gregory M. Sleet
UNITED STATES DISTRICT JUDGE