IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., <br><br> Plaintiff <br><br> v. <br><br> BAXTER INTERNATIONAL INC., et al., <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 05-349 GMS |
| BAXTER HEALTHCARE CORP., <br><br> Counterclaimant <br><br> v. <br><br> TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br> Counterdefendants | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**<u>MEMORANDUM</u>**

I.   INTRODUCTION

The plaintiff, Talecris Biotherapeutics, Inc., ("Talecris") filed the above-captioned action against Baxter International Inc. and Baxter Healthcare Corporation (collectively, "Baxter") on June 1, 2005, asserting U.S. Patent No. 6,686,191 (the "'191 patent"). (D.I. 1.) On August 31, 2005, Baxter answered Talecris's complaint and counterclaimed against Talecris and Bayer Healthcare LLC for a declaratory judgment of noninfringement and invalidity. (D.I. 5.) In this memorandum, the court will address Talecris's motion to disqualify Baxter's counsel. Susan M.

Spaeth, Esquire, of Townsend and Townsend and Crew LLP ("Townsend") represents Baxter. The case is set for a seven-day trial before this court on July 9, 2007.

Talecris argues that Townsend violated Rule 1.9 of the Model Rules of Professional Conduct by representing the defendant and counterclaimant Baxter in this action against the counterdefendant Bayer Healthcare LLC ("Bayer Healthcare"), after representing Bayer Healthcare's parent in a previous action. In response, Baxter argues that there is no conflict of interest with Townsend's representation of Baxter, fourteen years after Townsend represented a company that is not a party to the above-captioned action, on a patent not asserted in this action, accusing infringement of a product not accused in this action. For the reasons that follow, the court will deny Talecris's motion to disqualify Baxter's counsel.

II.     BACKGROUND[1]

Talecris is the exclusive licensee of the '191 patent. The asserted claims of the '191 patent are directed to methods of treating a solution of antibodies to make an intravenously injectable immunoglobulin G solution ("IGIV"). Among its defenses, Baxter asserts that the '191 patent is obvious in view of U.S. Patent No. 4,396,608 (the "Tenold patent").

From as early as June 1, 1992 until at least January 15, 1993, Townsend represented Miles, Inc. ("Miles"). During this time, Townsend represented Miles against Alpha Therapeutic Corporation ("Alpha") in the United States District Court for the Northern District of California (the "Alpha Action" or "prior litigation"). The Alpha Action was a patent infringement case in which Bayer asserted the Tenold patent against Alpha's Venoglobulin-S product. Ms. Spaeth was a junior associate on a litigation team of four from Townsend, who represented Miles. In

---

[1] The recited factual background is gleaned from the parties' letter briefs (D.I. 76 and 98) and includes those facts that do not appear to be in dispute.

1995, Miles became Bayer Corporation. Bayer Healthcare is a wholly owned subsidiary of Bayer Corporation. Bayer Corporation is not a named party to the instant action.

### III. LEGAL STANDARD

An attorney's conduct is measured by the ethical standards of the court before which the attorney appears. *See In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 160 (3d Cir. 1984). Pursuant to Local Rule 83.6(d)(2), the District of Delaware has adopted the Model Rules of Professional Conduct. The court has the power to supervise the professional conduct of attorneys appearing before it. *See United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). This includes the power to disqualify an attorney. *Id.* Nevertheless, motions to disqualify are generally disfavored. *See Cohen v. Oasin,* 844 F. Supp. 1065, 1067 (E.D. Pa. 1994). The party seeking disqualification must clearly demonstrate that "continued representation would be impermissible." *Id.*

The ABA's Model Rules of Professional Conduct provide that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation." Model Rules of Professional Conduct Rule 1.9(a) (1983). Rule 1.9 prohibits a lawyer from taking a position adverse to a former client in the same or a related matter unless the former client consents after consultation. *See In re Pressman-Gutman Co., Inc.*, 459 F.3d 383, 402 (3d Cir. 2006).

### IV. DISCUSSION

Disqualification is not automatic. *See Elonex I.P. Holdings, Ltd. v. Apple Computer, Inc.*, 142 F. Supp. 2d 579, 583 (D. Del. 2001) ("Although disqualification is ordinarily the result of a finding that an ethical rule has been violated, disqualification is never automatic.") (*quoting*

*Miller*, 624 F.2d at 1201.)  Indeed, the court has "wide discretion in framing its sanctions to be just and fair to all parties involved." *Id*.

In *In re Corn Derivatives Antitrust Litigation*, the Third Circuit indicated that it had "often employed a balancing test in determining the appropriateness of disqualification of an attorney." *Corn Derivatives*, 748 F.2d at 162.  In the *Miller* case, the Third Circuit noted that:

> [T]he court should disqualify an attorney only when it determines, on the facts of a particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule.  It should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain counsel of his choice and enabling attorneys to practice without excessive restrictions.

*Miller*, 624 F.2d at 1201.

The purposes of Rule 1.9 are to prevent even the potential that a former client's confidences may be used against him, to maintain public confidence in the integrity of the bar, and to fulfill a client's rightful expectation of the loyalty of his attorney in the matter for which he is retained.  *In re Corn Derivatives,* 748 F.2d 157, 162 (3d Cir. 1984).  Disqualification under Rule 1.9 requires an analysis of whether the matter is "substantially related" to the matter involved in the former representation.  Courts have routinely considered three factors when performing the substantial relationship analysis: 1) the nature and scope of the prior representation; 2) the nature and scope of the current representation; and, 3) during the prior representation, the possibility that the client disclosed confidences to his attorney which could be relevant to the current action and detrimental to the former client in the course of the current litigation.  *See, e.g., Commonwealth Ins. Co. v. Graphix Hot Line, Inc.,* 808 F. Supp. 1200, 1204 (E.D. Pa. 1992) *(citing Richardson v. Hamilton Int'l Corp.,* 469 F.2d 1382, 1385 (3d Cir. 1972), *cert. denied,* 411 U.S. 986 (1973).

Although the court does not place much weight on the party distinctions Baxter emphasizes given the familial and historical relationship between Miles and Bayer Healthcare, the court finds that Talecris does not meet its burden in establishing that a substantial relationship exists between the prior and current litigation. With regard to the nature and scope of the prior representation, the court observes that Townsend's representation of Miles in the prior litigation was brief in nature and distant in time, approximately six months in length and 15 years ago. The prior litigation concerned the Tenold patent, asserted against Alpha's immunoglobulin product. In representing Miles, Ms. Spaeth was a third year associate on a team of four lawyers from Townsend. Ms. Spaeth affirms that she devoted "little time" to the previous litigation and has "very little recollection of any substantive involvement." (D.I. 98, Ex. 2 at 2.) The record reflects that Ms. Spaeth interacted with Miles in the early stages of discovery in the Alpha Action. (*See* D.I. 107, Exs. 15, 18, 20, 24, 25, 28.) The dates of those interactions range from September 17, 1992 to October 13, 1992. The matter settled on November 30, 1992. (D.I. 75 at 19.) The evidentiary record is not inconsistent with Ms. Spaeth's affidavit with regard to her involvement in the previous litigation. Furthermore, Ms. Spaeth is an officer of the court and her representations are given appropriate weight in the court's consideration of this issue.

With regard to the nature and scope of the current litigation, the court notes that Ms. Spaeth is lead counsel in defending Baxter against infringement allegations concerning the '191 patent, which lists on its face the previously litigated Tenold patent. Baxter contends that the Tenold patent is invalidating prior art to the '191 patent. There is no doubt that the two litigations overlap to some degree. As the comments to Rule 1.9 instruct, however, "the underlying question is whether the lawyer was so involved in the matter that the subsequent

5

representation can be justly regarded as a changing of sides in the matter in question." Based on the nature and scope of the two litigations and Ms. Spaeth's involvement in the previous litigation, the court does not find the problematic "changing of sides" in this matter. Thus, the court finds that the first two factors militate against disqualification.

The third factor in the substantial relationship test queries whether, during the prior representation, might the client have disclosed confidences to his attorney which could be relevant to the current action and detrimental to the former client in the course of the current litigation. In determining whether a "substantial relationship" exists, "the court need not, nor should it, inquire into whether an attorney actually acquired confidential information during the prior representation related to the current representation. Rather, the court's primary concern is whether 'confidential information that might have been gained in the first representation [may be] used to the detriment of the former client in the subsequent action.'" *Commonwealth Ins. Co. v. Graphix Hot Line, Inc.,* 808 F. Supp. 1200, 1204 (E.D. Pa. 1992) (*citing Realco Servs., Inc. v. Holt,* 479 F. Supp. 867, 871 (E.D. Pa.1979)). When resolving this third question, "the court should not allow its imagination to run free with a view to hypothesizing conceivable but unlikely situations in which confidential information 'might' have been disclosed which would be relevant to the present suit." *INA Underwriters v. Nalibotsky*, 594 F. Supp. 1199, 1206 (E.D. Pa. 1984).

As Baxter points out, the relevance of the Tenold patent is evident from the face of the '191 patent and its prosecution history. As such, it cannot be reasonably inferred that Baxter's reliance on the Tenold patent is a result of Ms. Spaeth's involvement in the prior litigation. Given that it is the validity of the '191 patent, and not the validity of the Tenold patent, that is at issue in the present litigation, any confidential information Townsend might have learned about

6

the Tenold patent during its brief representation of Miles is not relevant to the validity of the '191 patent. The court thus finds that the substantive relationship between the two litigations is tenuous.[2] The plaintiffs have not shown that Townsend's continued representation of Baxter would be impermissible.[3]

IV. CONCLUSION

For the foregoing reasons, the court will deny Talecris's motion to disqualify Ms. Spaeth and Townsend.


Dated: June 14, 2007                                    /s/ Gregory M. Sleet_____
                                                          UNITED STATES DISTRICT JUDGE

---

[2] Talecris also contends that Townsend had knowledge from the previous litigation of individuals who are witnesses in the instant litigation, as well as access to confidential licensing agreements that were subject matter of the prior litigation and are now subject matter of the instant litigation. Talecris does not, however, provide any evidence that, but for Townsend's previous representation, such witnesses and licensing agreements would not have become known and available through the normal course of discovery. Vague and unsupported allegations are not sufficient to meet the standard that requires a party moving to disqualify to clearly show that continued representation would be impermissible. *See Cohen v. Oasin,* 844 F. Supp. 1065, 1067 (E.D. Pa. 1994).

[3] The court does note, nonetheless, that potential conflicts, however remote, should be avoided, so as to fulfill the purposes of preserving integrity and loyalty that are contemplated by Rule 1.9. In this case, the prudent course of action would have been for Ms. Spaeth, upon identifying Bayer as a "potentially adverse party," to provide notice to Bayer of the potential conflict and request a waiver.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 05-349 GMS |
| BAXTER INTERNATIONAL INC., et al., ) | |
| ) | |
| Defendants ) | |
| ) | |
| BAXTER HEALTHCARE CORP., ) | |
| ) | |
| Counterclaimant ) | |
| ) | |
| v. ) | |
| ) | |
| TALECRIS BIOTHERAPEUTICS, INC. ) | |
| and BAYER HEALTHCARE LLC, ) | |
| ) | |
| Counterdefendants ) | |

**ORDER**

For the reasons set forth in the court's memorandum of this same date, IT IS HEREBY

ORDERED that:

    Talecris's motion to disqualify Baxter's counsel (D.I. 76) is DENIED.

Dated: June 14, 2007                  /s/ Gregory M. Sleet
                                                  UNITED STATES DISTRICT JUDGE