

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
(302) 984-6140   Direct Phone
(302) 658-1192   Fax

June 21, 2007

**BY E-FILE**

The Honorable Gregory M. Sleet
United States District Court
U.S. Courthouse
844 North King Street
Wilmington, DE  19801

      Re:   Talecris Biotherapeutics, Inc. v. Baxter International Inc. and Baxter Healthcare Corporation, D. Del., C.A. No. 05-349-GMS

Dear Judge Sleet:

    I write on behalf of Baxter Healthcare Corporation and Baxter International Inc. (collectively, "Baxter") in response to Plaintiffs' letter brief of earlier today (D.I. 347) seeking to exclude the trial testimony of Lawrence Guiheen, the President of the BioPharmaceuticals unit of Baxter BioScience.

    Plaintiffs' request should denied.  As a preliminary matter, Mr. Guiheen was disclosed on Baxter's witness list, which was timely filed with the Court on May 14, 2007 as part of Schedule D of the Joint Pretrial Order.  (Ex. A, at 8.)  Plaintiffs' claims of prejudice, therefore, ring hollow.  Moreover, at the Pretrial Conference last week, Plaintiffs made a similar request that Baxter not call Mr. Guiheen as a witness at trial.  (Ex. B, Pretrial Conference Tr., at 101:18-102:5).  That request was rejected.  Instead, Your Honor allowed Baxter to offer a proffer of Mr. Guiheen's testimony and, if Plaintiffs were not satisfied with that proffer, gave them the opportunity to conduct a deposition of Mr. Guiheen.  (*Id.* at 101:20-102:3).  As set forth below, Baxter timely complied with that directive; indeed, Baxter did more than it was required to do as it gave as much detail as possible of Mr. Guiheen's expected testimony.

    By way of background, as Plaintiffs acknowledge, Plaintiffs designated Mr. Larry Stern (Talecris' CEO) as a trial witness "late in the game."  (Ex. B, Pretrial Conference Tr., at 101:18-19 and 101:20-21.)  Baxter agreed to allow Mr. Stern to be designated belatedly as Plaintiffs' trial witness if Plaintiffs agreed to allow Mr. Guiheen to be on Baxter's trial witness list (even though both Mr. Guiheen and Mr. Stern were not disclosed on the parties' respective initial

disclosures). Then, over one month later – on June 18 (Monday of this week) – Plaintiffs sent a letter to Baxter indicating they would not call Mr. Stern as a witness. (Ex. C.) In the interim, Baxter had been preparing Mr. Guiheen to testify as its witness.

In its June 18 letter, Plaintiffs further requested that Baxter provide "a summary of Mr. Guiheen's expected trial testimony on June 20, 2007." (Ex. C.) Baxter complied. (Ex. D.) Baxter not only identified, with specificity, the subjects about which Mr. Guiheen would testify, but also indicated to Plaintiffs which of the Baxter's 30(b)(6) deponents already had testified on these subjects. (Ex. D.) (Had Baxter's summary been too generalized, Plaintiffs undoubtedly would complain at trial that they did not receive enough specificity regarding Mr. Guiheen's testimony!)

Having agreed to allow Mr. Guiheen to testify at trial, Plaintiffs now backtrack and claim "unfairness" and "prejudice." (D.I. 347, at 2.) These claims are without merit for numerous reasons. First, Plaintiffs will have a full opportunity to depose Mr. Guiheen before trial based on the detailed roadmap of his testimony provided by Baxter. Indeed, Plaintiffs already served a notice yesterday for Mr. Guiheen's deposition to occur on June 27 in Delaware. As the Court is aware, Baxter is not opposed to Plaintiffs' post-cutoff deposition of Mr. Guiheen (just as Plaintiffs are doing with respect to the June 30, 2007 deposition of Mr. James Giblin.)

Second, contrary to Plaintiffs' assertions, Mr. Guiheen's expected testimony is not "materially at odds" with Baxter's representations to the Court and Plaintiffs. (D.I. 347, at 2.) As Baxter indicated at the Pretrial Conference last week, Mr. Guiheen would "be introducing Baxter and providing some information about Baxter." (Pretrial Conference Tr., at 102:15-16.) As set forth in Baxter's letter yesterday, Topics 1-3 provide merely background information about Baxter – i.e., its involvement with blood and plasma products (including the accused product, Gammagard Liquid), its acquisition of Immuno A.G. in 1997, and its ownership of plasma collection centers, respectively. (*See* Ex. D.) Topic 4, which refers to the limited supply of plasma and IVIG products despite strong demand in the marketplace, is not controversial and undoubtedly true since all parties agree that the IVIG supply cannot keep up with the current demand. And Topics 5 and 6 are merely administrative tasks of sponsoring and authenticating relevant trial exhibits.[1] (*Id.*) Thus, there is nothing at odds with Baxter's representations regarding Mr. Guiheen's expected testimony.

Third, it is far more efficient to have one witness (i.e., Mr. Guiheen) testify for 30 minutes than to have three or four different witnesses who would have to fly to trial in Delaware from all over the United States to provide the same evidence in piecemeal fashion.[2] As Baxter

---

[1] Because the parties reached a stipulation regarding authenticity and given the fact that Court has (for now) overruled all objections to trial objections, Plaintiffs should have no concern about these latter two topics.

[2] Though Mr. Guiheen, as President of Baxter's BioPharmaceuticals unit, was not designated as the person most knowledgeable on a particular Rule 30(b)(6) topic (since others with line responsibility had more knowledge on those specific topics), he does have sufficient knowledge of each topic to testify at a high level.

The Honorable Gregory M. Sleet
June 21, 2007
Page 3

noted in its June 20 letter, the foregoing topics were already generally covered by at least four Baxter deponents. (Ex. D.) This further undermines Plaintiffs' claims of prejudice or unfairness.

      This is a prime example of no good deed going unpunished. In an effort to streamline the trial testimony for the jury's benefit, to provide as much detail as possible of Mr. Guiheen's testimony for Plaintiffs' benefit, and to reduce the witness list for everybody's benefit, Baxter is now unfairly attacked. Plaintiffs will suffer no prejudice from Mr. Guiheen's testimony since he was on Baxter's witness list, which was timely filed with the Court on May 14, 2007, and since Plaintiffs will soon depose him[3] on his testimony as outlined in detail by Baxter. Accordingly, Plaintiffs' request to preclude Baxter from calling Mr. Guiheen should be denied.

Respectfully,

Philip A. Rovner
provner@potteranderson.com

PAR/mes/803309
Enclosure
cc:     Jeffrey B. Bove, Esq. (by e-mail and hand delivery)
         Bradford J. Badke, Esq. (by email)

---

[3] The date, time and place of the deposition may need to be revised, but there is no dispute that it will occur.