

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Philip A. Rovner
Partner
provner@potteranderson.com
(302) 984-6140   Direct Phone
(302) 658-1192   Fax

June 18, 2007

Public Version June 25, 2007

**BY E-FILE**

The Honorable Gregory M. Sleet
United States District Court
U.S. Courthouse
844 North King Street
Wilmington, DE 19801

**PUBLIC VERSION**

Re: Talecris Therapeutics, Inc. v. Baxter International, Inc., et al.
C.A. No. 05-349-GMS

Dear Judge Sleet:

  I am writing in response to Jeff Bove's June 15, 2007 letter to you. While Baxter appreciates that Mr. Giblin has commitments during the time of trial, traveling to provide testimony at trial is an inconvenience that virtually every witness in this case must endure. Indeed, most of Baxter's witnesses must travel from Europe and put their responsibilities of work and family on hold for a much longer period of time than does Mr. Giblin. It is not feasible, however, for additional depositions to be taken of all witnesses who find coming to Court inconvenient. Mr. Giblin's commitments are surely important to him; but the commitments of other witnesses are no less important to them. Yet, Plaintiffs' request would permit Mr. Giblin to be excused when other witnesses are not.

  Plaintiffs cannot claim to be surprised by the request to have Mr. Giblin appear live at trial. The parties in this case have been aware of the trial date and the length of the trial since April 3, 2006 when the parties submitted their Proposed Scheduling Order (D.I. 17), approved by the Court on September 19, 2006. Mr. Giblin was listed on Defendants' Initial Disclosures, served on April 6, 2006. Plaintiffs identified Mr. Giblin on every one of their trial witness lists, beginning on April 13, 2007. Baxter also identified Mr. Giblin on its trial witness list disclosed to Plaintiffs on April 30, 2007. In short, Plaintiffs were well aware that Mr. Giblin's presence at trial was likely for at least many months, if not over a year, and should have secured Mr. Giblin's availability long before last week.

  Baxter respectfully requests that Mr. Giblin be required to appear live at trial. As represented during the pretrial conference, Baxter will be flexible to minimize the time Mr.

The Honorable Gregory M. Sleet
June 18, 2007 – Public Version – June 25, 2007
Page 2

Giblin is away from his other obligations. Mr. Giblin should be able to travel to Delaware and return to California in two days. Baxter proposes that Mr. Giblin testify on Monday, July 16th, which would permit him to travel to Delaware on a Sunday, reducing the time he would be away from his commitments to a single day. Given the significance of the allegations Plaintiffs have asserted against Baxter, Baxter should be entitled to put forth its best defense, which includes offering Mr. Giblin's live testimony. Consequently, Baxter requests that Plaintiffs' request be denied.

                                    Respectfully,

                                    /s/ Philip A. Rovner

                                    Philip A. Rovner
                                    provner@potteranderson.com

PAR/mes/803580
cc:    Jeffrey B. Bove, Esq. (by e-mail and hand delivery)
        Bradford J. Badke, Esq. (by email and Federal Express)