

**CONNOLLY BOVE LODGE & HUTZ LLP**

ATTORNEYS AT LAW

Jaclyn M. Mason
Associate

TEL (302) 888-6433
FAX (302) 255-4275
EMAIL jmason@cblh.com
REPLY TO Wilmington Office

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

1875 Eye Street, NW,
Suite 1100
Washington DC 20006
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

*Via E-Mail*

June 18, 2007

Megan Chung, Esquire
Townsend and Townsend and Crew LLP
Two Embarcadero Center
Eighth Floor
San Francisco, CA 94111

    Re:   *Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC v. Baxter International Inc. and Baxter Healthcare Corp.*, No. 05-CV-349 (GMS) (D. Del.)

Dear Megan:

    This responds to your June 15 letter. We will provide you with revised final jury instructions on Monday, June 25, no later than 9:00 a.m. PDT. We are available for the meet and confer on June 26 beginning at 3:00 p.m. EDT. Please let us know what time you would like to start.

    Now that Judge Sleet has overruled all of the parties' objections to trial exhibits, it seems more efficient and practical for us to discuss any objections at the time the actual trial exhibits are exchanged, pursuant to our agreement in Paragraph 2(c)(ii) of the Pretrial Order. This approach is also consistent with the Court's guidance and practice, as discussed during the pretrial conference. (Tr. from Pretrial Conf. at 75-6.) That being said, we will provide you with a revised exhibit list by 5 p.m. EDT on Friday, June 22.

    At this point, we do not think it is an efficient use of either party's time to re-designate all of the deposition transcripts set forth in Schedule F of the Pretrial Order. We have agreed to identify which witnesses we expect to call live at trial on June 20, and we have also agreed to provide 48 hours notice before the morning of the day a witness is expected to testify. We believe that these notice provisions provide the parties with enough time to identify and narrow any deposition designations prior to their use at trial. In other words, once a witness is identified as testifying via deposition, then it makes sense for the parties to meet and confer as to the appropriate scope of the designations and objections thereto.


**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Page 2
June 18, 2007

      Finally, we would like to discuss the revised preliminary jury instructions (which you received via email on June 15) and footnote 2 of the Pretrial Order during our meet and confer on June 26.

Sincerely,

Jaclyn M. Mason

cc:    Jeffrey B. Bove, Esq. (via email)
        Philip Rovner, Esq. (via email)

545491

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Palo Alto

379 Lytton Avenue
Palo Alto, California 94301-1431
Tel 650.326.2400
Fax 650.326.2422

June 19, 2007

VIA EMAIL

Jaclyn M. Mason
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

      Re:    *Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC v.*
             *Baxter International Inc. and Baxter Healthcare Corp.*
             No. 05-CV-349 (GMS) (D.Del.)

Dear Jaclyn:

      This letter responds to your June 18 letter.

      We are available to meet and confer on the preliminary and final jury instructions on Tuesday, June 26, at 1:00 p.m. (PDT) or 4:00 p.m. (EDT). Please provide a call-in number.

      Provided that Plaintiffs' trial exhibit list is *significantly* reduced, we agree that it would be practicable and more efficient for us to discuss any objections to the trial exhibits after the actual trial exhibits to be used with a witness are disclosed closer to trial. However, our prior agreement does not provide enough time for us to meet and confer on the objections. According to our agreement, if a witness is scheduled to testify on Wednesday, then a binder of exhibits for that witness is to be delivered to the opposing side by at least 7 p.m. on the preceding Monday. It is impracticable and would be too late to meet to discuss the objections Tuesday evening. Therefore, we propose a modification to our agreement. We propose that the binder of trial exhibits be provided at the same time as the written list of witnesses, that is at least 48 hours before the morning of the day the witness is expected to testify. (Pretrial Order ¶ 2(d).) (Our proposal does not change the schedule for disclosing demonstratives.) Then, we can meet and confer less than 24 hours after disclosure of witness and corresponding exhibits. Hence, in continuing the example, the binder of exhibits will be provided by 7 p.m. on Sunday at the same time the witness is disclosed and we will meet and confer on Monday evening to discuss the objections.

      Our proposed schedule should also apply to any deposition designations to be used at trial. We have already agreed to identify and disclose which witnesses we expect to call live or *by deposition* at trial. (Pretrial Order ¶ 2(d).) Thus, if a witness will be called by deposition,

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Jaclyn M. Mason
June 19, 2007
Page 2

then we propose that the opening deposition designations be disclosed by 7 p.m. at least 48 hours before the morning of the day the witness is expected to testify at the same time the witness is identified. We further propose that the opposing party disclose the counterdesignations by 7 p.m. at least 24 hours before the morning of the day the witness is expected to testify and that we meet and confer regarding any objections the day before the deposition designations are to be introduced at trial. Hence, if the witness is scheduled to testify on Wednesday by deposition, then by 7 p.m. on Sunday, the opposing party will receive the name of the witness and the deposition designations to be used. By 7 p.m. on Monday, the opposing party will disclose the counterdesignations and the parties will meet and confer as to the objections to any designations on Tuesday.

Based on our proposal, the schedule for disclosure and meet and confer would be:

| | **Sunday** | **Monday** | **Tuesday** | **Wednesday** |
|---|---|---|---|---|
| | o Disclose identity of witness to be called on Wednesday | | | Witness is called live or by deposition |
| | o Serve binder of trial exhibits to be used with that witness on Wednesday | o Meet and confer re objections to trial exhibits | | |
| | o Serve deposition designation for use on Wednesday | o Serve counterdesignations for use on Wednesday | o Meet and confer re objections to designations | |
| | | o Serve binder of demonstratives to be used with the witness on Wednesday | | |
| 7 p.m. | | | | |

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

Jaclyn M. Mason
June 19, 2007
Page 3

     Finally, we propose that this schedule apply also to rebuttal witnesses. This would ensure that all the objections for trial exhibits as well as deposition designations can be addressed between the parties in accordance with the Court's request at the Pretrial Conference.

                    Sincerely yours,

                    Megan Chung

61079683 v1



# CONNOLLY BOVE LODGE & HUTZ LLP

ATTORNEYS AT LAW

Jaclyn M. Mason
Associate

TEL (302) 888-6433
FAX (302) 255-4275
EMAIL jmason@cblh.com
REPLY TO Wilmington Office

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

1875 Eye Street, NW,
Suite 1100
Washington DC 20006
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

*Via E-Mail*

June 20, 2007

Megan Chung, Esquire
Townsend and Townsend and Crew LLP
Two Embarcadero Center
Eighth Floor
San Francisco, CA 94111

Re: *Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC v. Baxter International Inc. and Baxter Healthcare Corp.*, No. 05-CV-349 (GMS) (D. Del.)

Dear Megan:

This responds to your June 19 letter.

We agree with your proposed modification to our previous agreement regarding exchange of witnesses and trial exhibits, with the understanding that it does not change the schedule for disclosing demonstratives as set forth in paragraph 2(c)(ii) of the Pretrial Order. The parties are now in agreement that they will proceed according to the schedule set forth on page 2 of your June 19 letter.

However, we do not agree that the schedule applies to rebuttal witnesses. By their very nature, rebuttal witnesses cannot be identified in advance, which is why the Court's form Final Pretrial Order states in footnote 4 that "each party reserves the right to call rebuttal witnesses (who are not presently identifiable) as may be necessary, without prior notice to the opposing party." We therefore propose that we proceed according to the Court's practice.

Sincerely,

Jaclyn M. Mason

cc: Jeffrey B. Bove, Esq. (via email)
    Philip Rovner, Esq. (via email)

546125