

Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
(302) 984-6140   Direct Phone
(302) 658-1192   Fax

June 27, 2007

**BY E-FILE**

The Honorable Gregory M. Sleet
United States District Court
U.S. Courthouse
844 North King Street
Wilmington, DE  19801

Re:    Talecris Biotherapeutics, Inc. v. Baxter International Inc. and Baxter
       Healthcare Corporation, D. Del., C.A. No. 05-349-GMS

Dear Judge Sleet:

       I write on behalf of Baxter Healthcare Corporation and Baxter International Inc.
(collectively, "Baxter") in response to Plaintiffs' most recent attempt to exclude the trial
testimony of Lawrence Guiheen, the President of the BioPharmaceuticals unit of Baxter
BioScience (D.I. 355).  Professionalism and simple common sense should not be abandoned
merely because we are days from trial.  Mr. Bove's conduct in staging a deposition for which he
was on notice could not proceed today and his subsequent letter demonstrate that he has lost
sight of those bedrock principles.[1]

       In his zeal to exclude Mr. Guiheen from testifying, Mr. Bove incorrectly contends that
Baxter has "elected to evade the duly noticed deposition of Mr. Guiheen."  On June 22 by email
and as set forth in letters of June 25 and June 26 from Jim Gilliland to Talecris counsel, Talecris
was put on notice that Mr. Guiheen is in Europe and unable to appear for a deposition today
(letters attached as Exs. A and B, respectively).  Baxter further alerted Mr. Bove that Mr.
Guiheen's first business day back in this country is Monday, July 2.  To accommodate Talecris'
counsel and Mr. Guiheen (who lives in California), Baxter offered a number of alternative dates

---

[1] It is unfortunate that Talecris continues to belabor the subject of Mr. Guiheen testifying at trial.
As the court noted at the pretrial conference, Mr. Guiheen's testimony is "pretty straightforward
stuff and not controversial."  Indeed, in granting Talecris leave to take the deposition, Your
Honor even noted that, "[h]opefully [the deposition] won't be necessary.  It seems to me you
have plenty else to do."  Ex. C, Pretrial Conference Tr. at 102:20-103:6.

The Honorable Gregory M. Sleet
June 27, 2007
Page 2

and locations for his deposition.  Specifically, Baxter proposed that Talecris conduct his deposition in Los Angeles on either July 2, July 5 or July 6.  Baxter's suggestion of a deposition in California is not "manifestly unreasonable" as Mr. Bove contends.  Indeed, Baxter's suggestion is based, in part, on the fact that Talecris' counsel will already be in California for the trial deposition of James Giblin, the individual who Talecris claims cannot attend any day of trial and whose deposition they assert must be conducted on Saturday, June 30.

Baxter's proposal to conduct Mr. Guiheen's deposition the very next business day, Monday, July 2, is not only reasonable, it is a convenient date and location for all concerned, including counsel.  Simply stated, Talecris' refusal even to consider accommodating Mr. Guiheen and Baxter's counsel is hypocritical to say the least when compared to its "take it or leave it" position with respect to scheduling Mr. Giblin's trial deposition for Saturday, June 30.  Finally, as previously indicated, Mr. Guiheen is also available for deposition date in Wilmington on Sunday, July 8,  Monday, July 9 or Tuesday, July 10.  Talecris rejected all of Baxter's proposals, preferring instead to stage a deposition for a date (today) on which it knew Mr. Guiheen was out of the country.

Even putting aside Talecris' inequitable approach to deposition scheduling, this Court should reject Talecris' transparent attempts to preclude Baxter from calling Mr. Guiheen at trial.  Baxter has offered numerous dates and locations for Mr. Guiheen's deposition.  Baxter respectfully requests that, if Talecris truly wishes to take Mr. Guiheen's pre-trial deposition, it promptly contact Baxter so that the parties can agree on a suitable date and time for the deposition to proceed.

Respectfully,

Philip A. Rovner
provner@potteranderson.com

PAR/mes/804123
Enclosure
cc:    Jeffrey B. Bove, Esq. (by e-mail and hand delivery)
       Bradford J. Badke, Esq. (by email)

# EXHIBIT A

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

**San Francisco**

Two Embarcadero Center
Eighth Floor
San Francisco, California 94111-3834
Tel 415.576.0200
Fax 415.576.0300

June 25, 2007

*VIA E-MAIL AND U.S. MAIL*

Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE  19899

    Re:    Talecris Biotherapeutics v. Baxter Healthcare

Dear Jaclyn:

    As promised, I spoke today with Mr. Lawrence Guiheen about his availability for deposition.  I told him the deposition likely would be 2-3 hours.

    Mr. Guiheen will be in Europe this week and California next.  He could sit for deposition in Los Angeles on July 2 in the afternoon or evening, July 5 in the afternoon or evening, or July 6, morning or afternoon.  In addition, Mr. Guiheen will be Baxter's corporate representative at trial.  Consequently, he could sit for deposition in Wilmington on Monday night, July 9, or Tuesday night, July 10.  Depending upon the length of plaintiffs' case-in-chief, my guess is that Mr. Guiheen will testify the morning of Thursday, July 12, 2007.

                    Sincerely yours,

                    James G. Gilliland, Jr.

JGG/sst
61085714 v1

cc:    Lawrence Guiheen
       Philip A. Rovner, Esq.

# EXHIBIT B

TOWNSEND
*and*
TOWNSEND
*and*
CREW
L.L.P

**San Francisco**

Two Embarcadero Center
Eighth Floor
San Francisco, California 94111-3834
Tel  415.576.0200
Fax 415.576.0300

June 26, 2007

*VIA E-MAIL & FACSIMILE*

Jeffrey B. Bove, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE  19899

Re:    Talecris Biotherapeutics, Inc. v. Baxter International Inc., *et al.*
U.S.D.C. Dist. of Delaware, Action No. 05-349-GMS
Our Reference No. 018652-004000

Dear Jeff:

Your letter to me, and my letter to Jaclyn Mason, regarding the deposition of Lawrence Guiheen crossed over the Internet yesterday afternoon.  As you will have learned from my letter, Mr. Guiheen cannot be in Wilmington tomorrow for a deposition, as he is in Europe.  I propose the deposition of Mr. Guiheen occur on July 2, since:

1.      You or someone from your firm will be in California this weekend since Baxter has accommodated Talecris' requested and agreed to proceed with the deposition of James Giblin on Saturday, June 30.

2.      Connolly Bove has an office in Los Angeles; and

3.      Mr. Guiheen's first business day after his return from Europe is Monday, July 2.

I will try to arrange the deposition to occur as early as possible on July 2 so you, or whoever is taking the deposition, can get back to Delaware on July 2.

Sincerely yours,

James G. Gilliland, Jr.

JGG/sst
61086096 v1

cc:    Lawrence Guiheen
Philip A. Rovner, Esq.

# EXHIBIT C

**1**

```
              IN THE UNITED STATES DISTRICT COURT

           IN AND FOR THE DISTRICT OF DELAWARE

                                -  -  -

 4   TALECRIS BIOTHERAPEUTICS,      :   Civil Action
     INC.,                         :
 5                                 :
              Plaintiff,           :
 6                                 :
         v.                        :
 7                                 :
     BAXTER INTERNATIONAL INC.     :
 8   and BAXTER HEALTHCARE         :
     CORPORATION,                  :
 9                                 :
              Defendants.          :   No. 05-349-GMS
10                                 :
                                -  -  -
11                                 :
     BAXTER HEALTHCARE             :
12   CORPORATION,                  :
                                   :
13            Counterclaimant,     :
                                   :
14       v.                        :
                                   :
15   TALECRIS BIOTHERAPEUTICS,     :
     INC. and BAYER HEALTHCARE     :
16   LLC,                          :
                                   :
17            Counterdefendants.   :
18                              -  -  -

19                  Wilmington, Delaware
                  Thursday, June 14, 2007
20                       9:30 a.m.
                    Pretrial Conference
21
                                -  -  -
22
     BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J.
```

**2**

```
 1   APPEARANCES:

 2       JEFFREY B. BOVE, ESQ.,
         MARY W. BOURKE, ESQ.,
 3       JACLYN M. MASON, ESQ., and
         DANA K. HAMMOND, ESQ.
 4       Connolly Bove Lodge & Hutz LLP
              -and-
 5       BRADFORD J. BADKE, ESQ.
         Ropes & Gray
 6       (New York, N.Y.)

 7            Counsel for Plaintiff and
              Counterdefendants
 8
         PHILIP A. ROVNER, ESQ.
 9       Potter Anderson & Corroon LLP
              -and-
10       JAMES G. GILLILAND, JR., ESQ.,
         SUSAN M. SPAETH, ESQ.,
11       ANNE M. ROGASKI, ESQ., and
         MEGAN M. CHUNG, ESQ.
12       Townsend and Townsend and Crew
         (Palo Alto, CA)
13
              Counsel for Defendants and
14            Counterclaimant

                     -  -  -
```

**3**

THE COURT: Good morning. Please take your seats. This is an office conference. We will dispense with the formalities of Court, unless counsel prefer to stand up and speak on your feet. Some do, and that is fine. But feel free to sit at counsel table as we discuss the issues that we need to talk about today.

Why don't we start with a round of reintroductions, beginning with plaintiff's table.

MR. BOVE: Good morning, Your Honor. Jeff Bove for Talecris and Bayer. And I have my co-lead counsel and partner, Mary Bourke, my associate, Jaclyn Mason, my associate, Dana Hammond, and also counsel for Bayer, Jim Badke from Ropes & Gray.

THE COURT: Good morning.

(Counsel respond "Good morning.")

THE COURT: Mr. Rovner.

MR. ROVNER: Good morning, Your Honor. With me from my left is Susan Spaeth, Megan Chung, Jim Gilliland, Anne Rogaski, all from Townsend and Townsend and Crew. And behind me is Jane Choi from Baxter.

THE COURT: It is good to see, we are seeing more and more in-house counsel come, and I think that is a good thing, having served as in-house counsel at one point.

MR. BOVE: Your Honor, I also wish to introduce, so as not to forget, Chris Jeffers and Mark Freeman, also

**4**

associates at my firm.

THE COURT: Good morning.

It just happened, I don't know if you have seen it yet, the ruling on the disqualification. There is a summary judgment issue outstanding.

I am going to reject the notion that the claim is indefinite. There will be an opinion issued forthwith.

Let me just tell you how we are going to proceed today. We are going to first address motions in limine. We will have, hopefully, reasonably limited discussion about these motions. Two of them, I think 3 and 4, Plaintiff's 3 and 4, which may encompass another motion, I am going to deal with rather summarily. I will read a ruling into the record. So I am not going to entertain argument on those motions.

We will, not necessarily in this order, talk about other things after the motions in limine, like voir dire. We will address in some detail preliminary instructions today. Time permitting, I want to discuss with you the final jury instructions as well, to the extent that we can. I don't know if there is a more recent iteration that has been developed post the PTO submission. I have at least in summary fashion read through your proposed final jury instructions, and do have some thoughts about that.

Yes, Mr. Bove.

101

11:48:57 1  fact witnesses only.

11:48:58 2      THE COURT: That is fine.

11:49:01 3      Why don't you pull out your joint proposed final

4  jury instructions. I think, unless there are any other

11:49:07 5  issues, I am prepared to try to quickly at least go through

11:49:10 6  the tabs.

11:49:13 7      MS. MASON: That is fine, Your Honor. We again

11:49:15 8  have spoken with Baxter. We have agreed to have a further

11:49:18 9  meet-and-confer on these.

11:49:19 10      THE COURT: With that said, would counsel prefer

11:49:22 11 to have another crack?

11:49:23 12      MS. MASON: I believe, Your Honor. I think it

11:49:26 13 would be a much more efficient use of Your Honor's time.

11:49:28 14      THE COURT: Agreed.

11:49:28 15      MR. GILLILAND: Yes.

11:49:30 16      THE COURT: That's fine.

11:49:33 17      MR. BOVE: Your Honor, one other unrelated

11:49:35 18 point. There were two witnesses identified late in the

11:49:40 19 game. One was for Talecris Mr. Larry Stern, the other for

11:49:45 20 Baxter Mr. Larry Goheen (phonetic). Since they were late in

11:49:52 21 the game, and frankly were not on any initial disclosures,

11:49:56 22 or even identified during fact discovery, I had proposed to

11:50:01 23 Baxter in our meet-and-confer on Tuesday evening that we

11:50:04 24 simply obviate the issue, that we were prepared to withdraw

07 25 Mr. Stern if they were prepared to withdraw Mr. Goheen,

102

11:50:11 1  because we don't know what either will be saying. And

11:50:14 2  Baxter was equivocal on this point.

11:50:17 3      I wanted to raise it now while we were all here,

11:50:20 4  because if Baxter is unwilling to withdraw Mr. Goheen, I

11:50:24 5  would like to take his deposition, a short deposition.

11:50:29 6      THE COURT: Ms. Rogaski.

11:50:30 7      MS. ROGASKI: Your Honor, neither party raised

11:50:32 8  an objection to either of those witnesses being included on

11:50:36 9  the witness list. This objection was just raised this week.

11:50:43 10 We offered to exchange one-paragraph summaries about the

11:50:48 11 expected subject matter of the witness' testimony. Neither

11:50:50 12 of these witnesses, I don't think, or at least Larry Goheen

11:50:55 13 is not going to be a technical witness diving into the deep

11:51:00 14 issues in this case.

11:51:02 15      He will be introducing Baxter and providing some

11:51:06 16 information about Baxter. We are more than happy to provide

11:51:12 17 a one-paragraph summary to plaintiffs. If Your Honor

11:51:15 18 believes that a deposition is required, of course, we will

11:51:18 19 comply with that. We think it's pretty --

11:51:20 20      THE COURT: Why don't I leave -- it's sounding

2 21 to me like what you are going to say is it's pretty

11:51:25 22 straightforward stuff and not controversial. Perhaps, with

11:51:30 23 the provision of the summary, you can make an assessment. I

11:51:36 24 will grant leave, should counsel agree, without further

11:51:39 25 application to the Court, that if you feel, Ms. Rogaski has

103

11:51:44 1  indicated, if you want to take a deposition, Mr. Bove, take

11:51:47 2  a deposition. You have the permission of the Court to do

11:51:50 3  that.

11:51:51 4      MR. BOVE: Thank you, Your Honor.

11:51:52 5      THE COURT: Hopefully, it won't be necessary.

11:51:53 6  It seems to me you have plenty else to do.

11:51:57 7      The last subject, and certainly not the least,

11:52:01 8  that I want to address is to be brought up to date on what

11:52:05 9  if any additional efforts are being made to settle this

11:52:08 10 matter.

11:52:09 11      MR. BOVE: Your Honor, if I may address that.

11:52:11 12      As the Court may or may not be aware, we did

11:52:14 13 spend a day with Magistrate Judge Thynge.

11:52:16 14      THE COURT: I am aware of that.

11:52:17 15      MR. BOVE: And put an effort into this.

11:52:22 16 Magistrate Judge Thynge did contact us by e-mail. I presume

11:52:28 17 she did as well to Baxter.

11:52:30 18      THE COURT: I am sure she did.

11:52:32 19      MR. BOVE: But I don't know that. And I have

11:52:33 20 subsequently conferred at length with Magistrate Judge

11:52:37 21 Thynge. She then was provided information that she

11:52:42 22 requested from us, and indicated that she would basically

11:52:46 23 get back to me with any further response to that

11:52:52 24 information. That's where it was left. I believe this was

11:52:56 25 about two weeks ago, give or take. That's where we stand.

104

11:53:01 1      THE COURT: Baxter's perspective?

11:53:02 2      MR. GILLILAND: Baxter did receive the e-mail

11:53:04 3  from Magistrate Thynge, asking us for further questions,

11:53:08 4  issues, ideas about settlement. We have responded. We have

11:53:12 5  not yet heard back from the Court.

11:53:14 6      THE COURT: Are there any efforts independent of

11:53:16 7  the Magistrate Judge currently under way, perhaps by

11:53:22 8  principals or others?

11:53:24 9      It was interesting, a couple of weeks ago, I had

11:53:31 10 Dyson versus Hoover-Maytag-Whirlpool, that matter here. On

11:53:39 11 the morning of trial, unbeknownst to trial counsel, one of

11:53:46 12 the parties -- this was the Lucent matter. This was not

11:53:52 13 Dyson. This was Lucent, Telcordia. And Lucent settled out.

11:54:08 14 Mr. Powers was left holding the bag. He lost. That is a

11:54:16 15 whole other story. He is coming back soon. He is going to

11:54:21 16 get me for that. Great lawyer, though.

11:54:26 17      So I just inquire for that reason, as to whether

11:54:31 18 you know of any other efforts.

11:54:32 19      MR. GILLILAND: Your Honor, to the best of my

11:54:34 20 knowledge, the principals have not spoken with each other

11:54:36 21 recently. I think that the guidance that both sides were

11:54:40 22 expecting to receive from the Magistrate Judge is whether

11:54:44 23 the parties are within shouting distance of one another that

11:54:47 24 would make it worthwhile to talk further.

11:54:49 25      THE COURT: It's a point of information for us.