IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-349-GMS<br>)<br>) <u>Jury Trial Demanded</u><br>)<br>)<br>)<br>) |
| BAXTER HEALTHCARE CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC,<br><br>Counterdefendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT BAXTER INTERNATIONAL INC. AND DEFENDANT/COUNTERCLAIMANT BAXTER HEALTHCARE CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR MOTION TO EXCLUDE DR. TERENCE SNAPE'S NON-INFRINGEMENT OPINIONS**

Defendant Baxter International Inc. and Defendant/Counterclaimant Baxter Healthcare Corporation ("Baxter") submit this Opposition to Plaintiffs' Motion for Leave to file their Motion to Exclude Dr. Terence Snape's Non-Infringement Opinions.

Baxter understands the Court has ruled that Dr. Snape (and all other witnesses) cannot testify that: the Alonso patent requires ACA to increase to an "unacceptable level" after solvent detergent treatment; incubation must cause ACA to be reduced "from unacceptable to acceptable;" or the solvent/detergent treatment need not reduce "every" virus (or "all viruses"). Dr. Snape will not provide such testimony at trial. Rather, he will provide testimony

consistent with this Court's rulings. For example, the Court's claim constructions do not prevent Dr. Snape from apprising the jury, *inter alia*,[1] that: Baxter's solvent/detergent treatment does not increase ACA at all; during the GAMMAGARD® Liquid process ACA is lower before incubation (the final stage in the process) than it was before the earlier solvent/detergent treatment step; or that, in Baxter's process, ACA is below its FDA release limits at every step of the process. Nothing in the Court's orders provides a basis to preclude Dr. Snape from so testifying at trial. Indeed, it is crucial to Baxter's infringement defense that Dr. Snape be permitted to provide such testimony at trial. Should Plaintiffs have specific objections to Dr. Snape's testimony, they will have ample opportunity to raise such objections at trial, during Dr. Snape's testimony.

So as not to burden the Court, Baxter has limited its response to Plaintiffs' motion for leave to file a motion to exclude. Therefore, Baxter has not submitted a substantive response addressing the points set out in Exhibit A to Plaintiffs' Motion for Leave to File. For the foregoing reasons, Baxter submits there is no merit to Plaintiffs' motion and that leave to file should be denied. However, if the Court is inclined to entertain Plaintiffs' motion, Baxter reserves the right to file a short substantive response.

---

[1] Dr. Snape is the only expert from either side with experience in manufacturing and purifying immunoglobulins under regulatory-approved processes for use by patients. As such and in accordance with his expert report and deposition testimony, and in addition to his opinions regarding Baxter's noninfringement of Claim 7 (which will not violate the Court's Claim Construction and Motion *in Limine* rulings), Dr. Snape may provide testimony regarding: the relevant background technology, including how the industry tests for ACA; Baxter's historic ACA testing and knowledge; Baxter's solvent/detergent and virus reduction experience and knowledge; Baxter's GAMMAGARD Liquid manufacturing process and the GAMMAGARD Liquid product itself; the parties' ACA and C1q testing for this lawsuit, and his analysis of the same; and non-willfulness, including Baxter's reasonable basis for believing its manufacturing process did not infringe the Alonso patent. Dr. Snape may also rebut any topics raised by Plaintiffs' experts or other witnesses. None of these topics are precluded by any of the Court's orders.

OF COUNSEL:

James G. Gilliland, Jr.
Susan M. Spaeth
Anne M. Rogaski
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400

Dated: June 28, 2007

804479

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant*
*Baxter International Inc. and*
*Defendant/Counterclaimant*
*Baxter Healthcare Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on June 28, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Jeffrey B. Bove, Esq.
Mary W. Bourke, Esq.
Mark E. Freeman, Esq.
Jaclyn Mason, Esq.
Donna Hallowell
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
jbove@cblh.com, mbourke@cblh.com
mfreeman@cblh.com, jmason@cblh.com
dhallowell@cblh.com; cjeffers@cblh.com;
dhammond@cblh.com; mlambert@cblh.com

**BY EMAIL**

Dana K. Hammond, Esq.
M. Curt Lambert, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19899
jhammond@cblh.com; mlambert@cblh.com

Christopher E. Jeffers, Esq.
Connolly Bove Lodge & Hutz LLP
1990 M. Street, NW
Washington, DC 20036-3425
cjeffers@cblh.com

I hereby certify that on June 28, 2007 I have sent by E-mail and Federal Express the foregoing document to the following non-registered participants:

> Bradford J. Badke, Esq.
> Gabrielle Ciuffreda, Esq.
> Ropes & Gray LLP
> 1211 Avenue of the Americas
> New York, NY 10036-8704
> bradford.badke@ropesgray.com; gabrielle.ciuffreda@ropesgray.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com