# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BAXTER INTERNATIONAL INC., and BAXTER HEALTHCARE CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 05-349-GMS<br>)<br>) **Jury Trial Demanded**<br>)<br>)<br>)<br>)<br>) |
| BAXTER HEALTHCARE CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC,<br><br>Counterdefendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION TO EXCLUDE DR. TERENCE SNAPE'S NON-INFRINGEMENT OPINIONS

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
*Of Counsel for Counterclaim Defendant Bayer Healthcare LLC*

Date: June 27, 2007

Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiffs and Counterclaim Defendants*

## INTRODUCTION

Plaintiffs and Counterclaim Defendants Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC (collectively, "Plaintiffs") hereby move to preclude Defendants Baxter International Inc. and Baxter Healthcare Corporation (collectively, "Baxter") from calling Dr. Terence Snape as a witness at trial to provide any opinions related to Baxter's alleged non-infringement of U.S. Patent No. 6,686,191 ("the '191 patent").

## STATEMENT OF COMPLIANCE WITH D. DEL. LR. 7.1.1

On June 26, 2007, Plaintiffs attempted to reach an agreement with Baxter regarding the subject matter of this motion, but were unable to do so. (Mason Dec.[1], Ex. 1.)

## ARGUMENT

**1. The Court has ruled that Baxter is precluded from providing any testimony that is inconsistent with the Court's claim construction Order.**

On June 14, 2007, this Court granted Plaintiffs' Motion *in Limine* No. 4. (Mason Dec., Ex. 2.) As a result, Baxter is precluded from calling Dr. Terence Snape at trial to provide any opinions that are contrary to the Court's claim construction, specifically, any opinions that are based on claim constructions that were previously rejected by the Court. (D.I. 353 at 27:5-21.)

**2. To allow Dr. Snape to provide any opinions on these construed claim elements is prejudicial to Plaintiffs, because Plaintiffs have had no notice of his opinions.**

As detailed below, *all* of Dr. Snape's non-infringement opinions are based on proposed claim constructions that were previously rejected by the Court. As such, Dr. Snape should be precluded from providing any non-infringement opinions at trial. To now allow Dr. Snape to provide *any* opinions on non-infringement, which will necessarily be different from those in his

---

[1] The "Mason Dec." is the Declaration of Jaclyn M. Mason in Support of Plaintiffs' Motion for Leave to File Plaintiffs' Motion to Exclude Dr. Terence Snape's Noninfringement Opinions, filed concurrently herewith.

2

expert report and on which he was deposed, would be severely prejudicial to Plaintiffs, as Plaintiffs have not had any prior notice or the opportunity to depose Dr. Snape on these "new" opinions. Such "trial by ambush" tactics are improper.[2]

### 3. All of Dr. Snape's non-infringement opinions are based on claim constructions that were previously rejected by the Court.

On pages 8 and 111-127 of his expert report, Dr. Snape outlines his non-infringement opinions as they relate to claims 1 and 7 of the '191 patent. Dr. Snape's non-infringement opinions are based on the following disputed claim elements:

    i. *"Any Virus Activity"*

**REDACTED**

    ii. *"increased level of anticomplement activity"*

**REDACTED**

Dr. Snape's interpretation is exactly the same as Baxter's proposed claim construction (D.I. 162 at 25-28) that was rejected by the Court because "the Defendants' construction invites the Court to import a limitation from the preferred embodiment into the claims." (D.I. 199 at n. 4.)

---

[2] Further, objecting to Dr. Snape's testimony on a "question-by-question" basis at trial would disrupt the trial process, require numerous sidebar conferences, and ultimately confuse the jury.

    iii. *"under conditions…resulting in an increased level of anticomplement activity"*

**REDACTED**

Thus, Dr. Snape's non-infringement opinion of "under conditions…resulting in an increased level of anticomplement activity" relies upon Baxter's previously rejected construction of "increased level of anticomplement activity." As such, this opinion is improper.

    iv. *"then incubating the solution of step a)"*

**REDACTED**

This interpretation is essentially based on Baxter's rejected argument that no additional processing steps are permitted because they may impact the ACA of the solution. (D.I. 162 at 29).

    v. *"the increased level of anticomplement activity of the solution"*

**REDACTED**

This opinion relies upon Baxter's rejected claim construction of "increased anticomplement activity" that the ACA must rise from an "acceptable" level to an "unacceptable" level. (D.I. 162 at 28.) As a result of the Court's claim construction Order, there is no requirement that the ACA of the solution be "unacceptable" prior to incubation. As such, the fact that the ACA may or may not be "acceptable" prior to

incubation is immaterial to the issue of non-infringement,

**REDACTED**

*vi. "acceptable level suitable for intravenous administration"*

**REDACTED**

This is precisely the construction proposed by Baxter in their claim construction arguments (D.I. 162 at 34-38), which was subsequently rejected by the Court (D.I. 199).

### vii. Summary

All of Dr. Snape's non-infringement opinions are based on claim constructions that were previously rejected by the Court. As such, Dr. Snape should be precluded from offering *any* non-infringement opinions at trial.

### 4. Any prejudice to Baxter is a direct result of its litigation strategy, the result of which should not be borne by Plaintiffs.

Baxter stated at the Pretrial Conference that preclusion of Dr. Snape's non-infringement opinions would "make it very difficult" to present their non-infringement case. (D.I. 353 at 30:18-20.) However, any prejudice to Baxter is a result of its own litigation choices and strategy. The Court issued its claim construction Order on December 28, 2006, two weeks before opening expert reports were due (on January 10, 2007). Baxter had multiple options open to it at that point. For example, Baxter could have requested an extension of time to prepare its expert reports, prepared reports using alternative claim constructions, or filed expert reports consistent with the Court's claim construction. Baxter instead elected to do none of the above and filed reports relying on its previously rejected constructions, under the guise of "plain and ordinary meaning". Given that Baxter's choices created this situation, it should bear the consequences.

5

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant their motion to preclude Dr. Snape from providing any opinions on non-infringement at trial.

Date: June 27, 2007

Respectfully submitted,

/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (pro hac vice)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
(302) 658-9141
Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC

Bradford J. Badke
Gabrielle Ciuffreda
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
Attorneys for Bayer Healthcare LLC

547643

## CERTIFICATE OF SERVICE

I hereby certify on this 27th day of June, 2007 I electronically filed the foregoing **Plaintiffs' Motion to Exclude Dr. Terence Snape's Noninfringement Opinions** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

I also hereby certify that a true copy of the foregoing document was served upon the following in the manner indicated on June 27, 2007.

| **Via Hand Delivery and E-Mail** | **Via Federal Express and E-Mail** |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
jbove@cblh.com
*Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*

Bradford J. Badke
Gabrielle Ciuffreda
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020-1105
(212) 596-9000
*Attorneys for Bayer Healthcare LLC*