# EXHIBIT 1

# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

Mary W. Bourke
Partner

TEL (302) 888-6305
FAX: (302) 252-4208
PERSONAL FAX (302) 255-4305
EMAIL mbourke@cblh.com
REPLY TO Wilmington Office

June 26, 2007

**BY E-MAIL**
James G. Gilliland, Jr., Esquire
Townsend and Townsend and Crew LLP
Two Embarcadero Center, Eighth Floor
San Francisco, CA 94111-3834

Re: **Talecris Biotherapeutics, Inc. v. Baxter International Inc. and Baxter Healthcare Corporation, D.Del., C. A. No. 05-349-GMS**

Dear Jim:

You will recall that during the pre-trial conference I raised the issue of the impact of the Court's ruling on Talecris' Motion in Limine No. 4 To Exclude The Expert Testimony of Dr. Snape That Is Inconsistent With The Court's Claim Construction. Specifically, I requested the Court's guidance on whether Dr. Snape should be precluded from offering any non-infringement opinions at trial. The Court indicated that counsel for Baxter should "be given an opportunity to consider the Court's ruling and reconsider its position in the case, its defense for noninfringement." (6/14/07 Tr. at 30-31) (Ex. A hereto).

As I have not heard from you, we write to request Baxter's confirmation that Dr. Snape will not provide any non-infringement opinions at trial. If you believe that Dr. Snape is not so precluded, please let us know by the close of business tomorrow (5 P.M. EST). Otherwise, we will be filing a motion to preclude Dr. Snape from offering any non-infringement opinions at trial. We write this letter in advance of trial as a courtesy recognizing that Dr. Snape must travel here from the U.K.

Very truly yours,

Mary

Mary W. Bourke

MWB/pmd
Attachment
cc: Philip Rovner, Esquire
    Jeffrey B. Bove, Esquire
#547192v1

```
                IN THE UNITED STATES DISTRICT COURT

               IN AND FOR THE DISTRICT OF DELAWARE

                              - - -

TALECRIS BIOTHERAPEUTICS,      :    Civil Action
INC.,                          :
                               :
         Plaintiff,            :
                               :
    v.                         :
                               :
BAXTER INTERNATIONAL INC.      :
and BAXTER HEALTHCARE          :
CORPORATION,                   :
                               :
         Defendants.           :    No. 05-349-GMS
                              - - -

BAXTER HEALTHCARE              :
CORPORATION,                   :
                               :
         Counterclaimant,      :
                               :
    v.                         :
                               :
TALECRIS BIOTHERAPEUTICS,      :
INC. and BAYER HEALTHCARE      :
LLC,                           :
                               :
         Counterdefendants.    :
                              - - -

                     Wilmington, Delaware
                   Thursday, June 14, 2007
                          9:30 a.m.
                      Pretrial Conference
                              - - -

    BEFORE: HONORABLE GREGORY M. SLEET, U.S.D.C.J.
```

2

```
 1   APPEARANCES:

 2          JEFFREY B. BOVE, ESQ.,
            MARY W. BOURKE, ESQ.,
 3          JACLYN M. MASON, ESQ., and
            DANA K. HAMMOND, ESQ.
 4          Connolly Bove Lodge & Hutz LLP
                      -and-
 5          BRADFORD J. BADKE, ESQ.
            Ropes & Gray
 6          (New York, N.Y.)

 7                      Counsel for Plaintiff and
                        Counterdefendants
 8
            PHILIP A. ROVNER, ESQ.
 9          Potter Anderson & Corroon LLP
                   -and-
10          JAMES G. GILLILAND, JR., ESQ.,
            SUSAN M. SPAETH, ESQ.,
11          ANNE M. ROGASKI, ESQ., and
            MEGAN M. CHUNG, ESQ.
12          Townsend and Townsend and Crew
            (Palo Alto, CA)
13
                        Counsel for Defendants and
14                      Counterclaimant

15
                              - - -
16

17

18

19

20

21

22

23

24

25
```

1  nothing to preclude you from standing up if you feel that
2  the expert is offering an improper opinion, inconsistent
3  with the Court's ruling, to object.
4      But, counsel, do you want to address this at
5  all?
6      MR. GILLILAND:  Well, if there were a motion to
7  strike the entirety of our noninfringement case, we would
8  like an opportunity to respond to it.
9      THE COURT:  It almost sounds like that is what
10 it is.  We are talking about Dr. Snape.  Right?
11     MS. BOURKE:  In this instance, yes.
12     THE COURT:  Do you accept the characterization
13 that he is your principal noninfringement case?
14     MR. GILLILAND:  That's correct.
15     THE COURT:  It would have the impact, were I to
16 grant the motion that has just been made, of I guess doing
17 just what you said.
18     MR. GILLILAND:  It would make it very difficult
19 for Baxter to present evidence on its noninfringement case
20 if we were not able to have Dr. Snape's testimony.
21     THE COURT:  Counsel has heard the Court's
22 ruling.  Counsel, we know, is going to abide by the Court's
23 ruling.  So I think it fair for counsel for Baxter to be
24 given an opportunity to consider the Court's ruling and
25 reconsider its position in the case, its defense for

1  noninfringement.
2         Anything else?
3         MR. GILLILAND: I do have one other question
4  that I think is more in the line of a clarification, which
5  is that, since the Court has ruled plain and ordinary
6  meaning is the claim construction, I take it that no parties
7  will be testifying about what that means, neither the
8  defendants' experts nor the plaintiff's experts.
9         THE COURT: We forecasted this would come up.
10 Go ahead.
11        MS. BOURKE: Sure. To the extent that it's what
12 an expert would testify about plain and ordinary meaning is
13 consistent with the Court's claim construction, in other
14 words, not testifying to an argument that was rejected, I
15 should think it would be proper to explain to the jury what
16 that expert understands --
17        THE COURT: I would expect counsel would agree
18 with that, to the extent there is no inconsistency with the
19 Court's claim construction.
20        Or would you? Maybe not.
21        MR. GILLILAND: I am afraid it puts us right
22 back in the same soup. For example, the question of any
23 virus activity, that was one of the disputed issues, what is
24 meant by the word any, Baxter argued in claim construction
25 that any means all. So if I were to say I have a patent on