IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BAXTER INTERNATIONAL INC., and BAXTER HEALTHCARE CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 05-349-GMS <br><br> **Jury Trial Demanded** |
| BAXTER HEALTHCARE CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> TALECRIS BIOTHERAPEUTICS, INC., and BAYER HEALTHCARE LLC, <br><br> Counterdefendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' OPPOSITION TO BAXTER'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION FOR SUMMARY JUDGMENT THAT THE CLAIMS OF THE '191 PATENT ARE NOT INDEFINITE**

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036

*Of Counsel for Counterclaim Defendant Bayer Healthcare LLC*

Date: July 8, 2007

Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141

*Attorneys for Plaintiffs and Counterclaim Defendants*

## I. INTRODUCTION

On June 18, 2007, the Court denied Baxter's motion for summary judgment that the '191 patent was invalid for indefiniteness and granted summary judgment in favor of Talecris Biotherapeutics, Inc and Bayer Healthcare LLC (collectively, "Plaintiffs") that United States Patent No. 6,686,191 ("the '191 patent) is not indefinite as a matter of law. On July 2, 2007, Defendants Baxter International Inc. and Baxter Healthcare Corporation (collectively, "Baxter") filed a motion for reconsideration of the Court's Order granting summary judgment that the claims of the '191 patent are not indefinite ("Baxter's Motion for Reconsideration"). (D.I. 361). Baxter has not met the legal threshold for reconsideration in the District of Delaware. Moreover, the Court did not err as a matter of law in granting summary judgment in favor of Talecris. For the reasons set forth below, Baxter's Motion for Reconsideration should be denied.

## II. LEGAL STANDARDS

As a general rule, motions for reconsideration are granted only "sparingly." *Tristrata Tech., Inc. v. ICN Pharms., Inc.*, 313 F. Supp. 2d 405, 407 (D. Del. 2004). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the Court issued its order; or (3) the need to correct a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that the Court rethink a decision already made. *Block Drug Co., Inc. v. Sedona Labs., Inc.*, No. 06-CV-350 (KAJ), 2006 WL 3694622, at *1 (D. Del. Dec. 14, 2006) (citation omitted). Motions for reconsideration

1

should not be used to rehash arguments already briefed. *See Quaker Alloy Casting v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) ("This Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."); *see also Block Drug*, 2006 WL 3694622, at *2 ("[I]t is not appropriate for parties to make a motion for reconsideration to relitigate matters that have already been determined.") (citations omitted).

Summary judgment is a "method for promptly disposing of actions…in which only a question of law is involved," such as indefiniteness pursuant to 35 U.S.C. § 112. *See* 10A Wright, Miller & Kane, Federal Practice and Procedure § 2712 at 198; *see also MicroStrategy Inc. v. Business Objects Ams.*, 2007 WL 1842701, at *1 (Fed. Cir. June 25, 2007). "A District Court may grant summary judgment in favor of a non-movant where it believes that the movant has had adequate notice of grounds for that judgment, and where there is clear support for such judgment." *Holzschuh v. UNUM Life Ins. Co. of Am.*, Civ. No. 02-1035, 2002 U.S. Dist. LEXIS 13205, at *27 n.10 (E.D. Pa. July 17, 2002). "Where one party has invoked the power of the Court to render a summary judgment against an adversary, Fed. R. Civ. P. 54(c) and 56, when read together, give the Court the power to render a summary judgment for the adversary if it is clear that the case warrants that result, even though the adversary has not filed a cross-motion for summary judgment." *Peiffer v. Lebanon School Dist.*, 673 F. Supp. 147, 151-152 (M.D. Pa. 1987), *aff'd*, 848 F.2d 44 (3d Cir. 1988). Further,

> [t]he weight of the authority…is that summary judgment may be rendered in favor of the opposing party even though the opponent has made no formal cross-motion under Rule 56….***The practice of allowing summary judgment to be entered for the nonmoving party in the absence of a formal cross-motion is appropriate.*** It is keeping with the objective of Rule 56 to expedite the disposition of cases and, somewhat more remotely, with the mandate of Rule 54(c) requiring the court to grant the relief to which a party is entitled "even if the party has not demanded such relief in the pleadings."

10A Wright, Miller & Kane, Federal Practice and Procedure § 2720 at 347-352 (3 ed. 1998).

2

## III. ARGUMENT

### A. Baxter Has Not Met the Legal Requirements for Reconsideration

The law in the District of Delaware is clear that motions for reconsideration are granted sparingly, *see* D. Del. LR. 7.1.5, and only when the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the Court issued its order; or (3) the need to correct a manifest injustice. *Max's Seafood*, 176 F.3d at 677. Baxter has made no such showing, and is instead impermissibly using the vehicle of reconsideration to express its dissatisfaction with the Court's decision on summary judgment. Reconsideration should be denied for this reason alone.

### B. The Court Did Not Commit a Manifest Error of Law in Granting Summary Judgment to Plaintiffs

"The weight of the authority… is that summary judgment may be rendered in favor of the opposing party even though the opponent has made no formal cross-motion under Rule 56."[1] 10A Wright, Miller & Kane, Federal Practice and Procedure § 2720 at 347. The issue is whether the Court provided Baxter with sufficient notice of its intention to enter summary judgment and an adequate opportunity to demonstrate why summary judgment should not be entered. *Id.*, § 2720 at 339.

Because the issue on summary judgment here is one purely of law, Baxter had a reasonable opportunity to present issues related to indefiniteness in its initial motion for summary judgment. Therefore, the Court was within its discretion to enter summary judgment in favor of Plaintiffs, and against Baxter.

---

[1] The majority of case law presented by Baxter is prior to the final substantive revisions to Rule 56 in 1963 and should not be relied upon. *See* 10A Wright, Miller & Kane, Federal Practice and Procedure § 2711 at 195-97.

3

The Court also did not rely upon Baxter's assertion that there were not any genuine issues of material fact. It simply agreed with Baxter that there are not issues of material fact with respect to indefiniteness.

### C. Both Indefiniteness and Definiteness are Pure Questions of Law, Which Are Entirely Appropriate for the Court to Decide Summarily

Indefiniteness is a question of law. *MicroStrategy Inc. v. Business Objects Americas*, 2007 WL 1842701, at *1 (Fed. Cir. June 25, 2007). "The definiteness requirement of 35 U.S.C. § 112, ¶ 2 is a ***legal requirement*** based on the Court's role as construer of patent claims...." *Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448, 453 (Fed. Cir. 1985) (emphasis added).

Moreover, summary judgment is a "method for promptly disposing of actions in which there is a genuine issue as to any material fact ***or in which only a question of law is involved.***" 10A Wright, Miller & Kane, Federal Practice and Procedure § 2712 at 198 (emphasis added). The Federal Circuit has rejected a party's interpretation that "the issue of indefiniteness turns on an underlying factual dispute." *Fisher-Price, Inc. v. Graco Children's Products, Inc.*, 154 Fed. Appx. 903, 906, 2005 WL 2899289, at *2 (Fed. Cir. 2005). Additionally, the District of Delaware has recognized that "as the construer of patent claims, the Court may reach the merits of the indefiniteness question" on a motion for summary judgment. *Enzo Life Sciences, Inc. v. Digene Corp.*, 305 F. Supp. 2d 406, 408 (D. Del. 2004).

In stating that there are other examples that would have precluded summary judgment for definiteness, Baxter relies on its expert's potential testimony for indefiniteness. (Baxter's Motion for Reconsideration, p. 7). Baxter's argument that "factual disputes may preclude summary judgment of *definiteness* at the same time that there are not disputes of facts to preclude summary judgment of *indefiniteness*" is circular. (Baxter's Motion for Reconsideration, p.1).

4

There is no practical or legal difference between a motion for summary judgment of indefiniteness and a motion for summary judgment of definiteness – either one is a pure question of law and therefore entirely appropriate for the Court to decide summarily.

## IV. CONCLUSION

The Court properly decided that the claims of the '191 patent-in-suit were definite as a matter of law. For the foregoing reasons, Plaintiffs respectfully request that the Court deny Baxter's Motion for Reconsideration of Order Granting Motion for Summary Judgment That The Claims of the '191 Patent Are Not Indefinite.

Respectfully submitted,

/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Mark E. Freeman (#4257)
Jaclyn M. Mason (#4737)
Dana K. Hammond (#4869)
Christopher E. Jeffers (*pro hac vice*)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street, P.O. Box 2207
Wilmington, DE 19899-2207

Bradford J. Badke, Esquire
Gabrielle Ciuffreda, Esquire
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036

*Of Counsel for Counterclaim Defendant Bayer Healthcare LLC*

*Attorneys for Plaintiffs and Counterclaim Defendants*

Date: July 8, 2007
551258v1

## CERTIFICATE OF SERVICE

I hereby certify on this 8th day of July, 2007 I electronically filed the foregoing PLAINTIFFS' BRIEF IN OPPOSITION TO BAXTER'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION FOR SUMMARY JUDGMENT THAT THE CLAIMS OF THE '191 PATENT ARE NOT INDEFINITE with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE  19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

I also hereby certify that a true copy of the foregoing document was served upon the following in the manner indicated on July 8, 2007.

| **Via Hand Delivery and E-Mail** | **Via Federal Express and E-Mail** |
|---|---|
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE  19899<br>(302) 984-6140<br>provner@potteranderson.com | Susan Spaeth, Esquire<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301-1431<br>(415) 576-0200<br>smspaeth@townsend.com |

/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
Telephone: (302) 658-9141
jbove@cblh.com
*Attorneys for Talecris Biotherapeutics, Inc. and Bayer Healthcare LLC*