## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC., <br><br>Plaintiffs, <br><br>v. <br><br>BAXTER INTERNATIONAL INC. and BAXTER HEALTHCARE CORPORATION, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br>Civil Action No. 05-349-GMS <br><br>**<u>Jury Trial Demanded</u>** |
| BAXTER HEALTHCARE CORPORATION, <br><br>Counterclaimant, <br><br>v. <br><br>TALECRIS BIOTHERAPEUTICS, INC. and BAYER HEALTHCARE LLC, <br><br>Counterdefendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

### **<u>JOINT PROPOSED SPECIAL VERDICT FORM</u>**

We, the jury, unanimously find as follows:

PDF created with pdfFactory trial version www.pdffactory.com

**1.    PATENT INFRINGEMENT**

      Has Talecris proven by a preponderance of the evidence that Baxter literally infringes claim 7 of United States Patent No. 6,686,191 ("the '191 patent")?

      YES (for Talecris)      NO (for Baxter)

      _____      _____

PDF created with pdfFactory trial version www.pdffactory.com

**2.  <u>WILLFUL INFRINGEMENT</u>**

Please answer question 2 if you answered YES to question 1.

<u>Question No. 2: Willful Infringement</u>

Has Talecris proven by clear and convincing evidence that Baxter willfully infringed the '191 patent?

  YES (for Talecris)    NO (for Baxter)

  _____    _____

PDF created with pdfFactory trial version www.pdffactory.com

**3.    INVALIDITY**

No matter how you answered questions 1 and 2, please answer the following questions.

    **A.    Anticipation**

Question No. 3(a)

Has Baxter proven by clear and convincing evidence that either of the following claims of the '191 patent are invalid because they are anticipated by the prior art?

    YES (for Baxter)        NO (for Talecris)

Claim 1 _____        _____

Claim 7 _____        _____

    Please go on to the next question.

PDF created with pdfFactory trial version www.pdffactory.com

**B.     Obviousness**

Question No. 3(b)

Has Baxter proven by clear and convincing evidence that either of the following claims of the '191 patent are invalid because they are obvious?

      YES (for Baxter)        NO (for Talecris)

Claim 1 _____        _____

Claim 7 _____        _____

Please go on to the next question.

PDF created with pdfFactory trial version www.pdffactory.com

**C.    Written Description**

Question No. 3(c)

Has Baxter proven by clear and convincing evidence that either of the following claims of the '191 patent are invalid because they lack written description?

    YES (for Baxter)        NO (for Talecris)

Claim 1  _____                    _____

Claim 7  _____                    _____

Please go on to the next question.

PDF created with pdfFactory trial version www.pdffactory.com

**4.     INEQUITABLE CONDUCT**

      Has Baxter proven by clear and convincing evidence that the '191 patent is unenforceable due to inequitable conduct?

      YES (for Baxter)      NO (for Talecris)

      _____      _____

PDF created with pdfFactory trial version www.pdffactory.com

**5.    DAMAGES**

If you find that Baxter has infringed claim 7 of the '191 patent, that claim 7 is valid, and that the '191 patent is enforceable, please answer the following questions.

Question No. 5(a)

What amount of damages, if any, has Talecris proven it is entitled to receive from Baxter based on sales of GAMMAGARD® LIQUID from September 26, 2005 to the present date?

$ _____

Question No. 5(b)

**[What reasonable royalty, if any, has Talecris proven by a preponderance of the evidence, for a license that allows Baxter to continue using the '191 patent for the entire life of the patent?]**[1]

_____ %

Question No. 5(c)

**[What reasonable royalty, if any, has Talecris proven by a preponderance of the evidence, for a license that allows Baxter to use the '191 patent through the time of trial?]**[2]

---

[1] **Baxter objects to the question on alternative royalty rates as contrary to reasonable royalty analysis under *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970) and for the reasons stated in Baxter's Motion In Limine No. 5 (D.I.  251 and 354). Without waiving these objections, if the Court is inclined to give any question to the jury on alternative royalty rates, Baxter agrees to the language as written.**

[2] **Baxter objects to the question on alternative royalty rates as contrary to reasonable royalty analysis under *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970) and for the reasons stated in Baxter's Motion In Limine No. 5 (D.I.  251 and 354). Without waiving these objections, if the Court is inclined to give any question to the jury on alternative royalty rates, Baxter agrees to the language as written.**

PDF created with pdfFactory trial version www.pdffactory.com

_____%

\*      \*      \*

PDF created with pdfFactory trial version www.pdffactory.com

Each juror must sign this verdict form to reflect that a unanimous decision has been reached.

Dated:

_____   _____
FOREPERSON


_____   _____


_____   _____

PDF created with pdfFactory trial version www.pdffactory.com

## CERTIFICATE OF SERVICE

I, Jeffrey B. Bove, hereby certify that on this 9th day of July, 2007, I electronically filed the foregoing **Joint Proposed Special Verdict Form** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Philip A. Rovner, Esquire | Susan Spaeth, Esquire |
| Potter Anderson & Corroon LLP | Townsend&Townsend&Crew LLP |
| Hercules Plaza | 379 Lytton Avenue |
| P.O. Box 951 | Palo Alto, CA 94301-1431 |
| Wilmington, DE 19899 | (415) 576-0200 |
| (302) 984-6140 | smspaeth@townsend.com |
| provner@potteranderson.com | |

I also hereby certify that a true copy of the foregoing document was served upon the following in the matter indicated on July 9, 2007.

| **Via Hand Delivery and Email** | **Via FedEx and E-mail** |
|---|---|
| Philip A. Rovner, Esquire | Susan Spaeth, Esquire |
| Potter Anderson & Corroon LLP | Townsend&Townsend&Crew LLP |
| Hercules Plaza | 379 Lytton Avenue |
| P.O. Box 951 | Palo Alto, CA 94301-1431 |
| Wilmington, DE 19899 | (415) 576-0200 |
| (302) 984-6140 | smspaeth@townsend.com |
| provner@potteranderson.com | |

                                        */s/ Jeffrey B. Bove*
                                        Jeffrey B. Bove (#998)
                                        Connolly Bove Lodge & Hutz LLP
                                        1007 N. Orange Street
                                        Wilmington, DE 19801
                                        (302) 658-9141
                                        jbove@cblh.com

551364

PDF created with pdfFactory trial version www.pdffactory.com